# PRICKETT, JONES & ELLIOTT
A PROFESSIONAL ASSOCIATION
### 1310 KING STREET, BOX 1328
## WILMINGTON, DELAWARE 19899
### TEL: (302) 888-6500
### FAX: (302) 658-8111
http://www.prickett.com

Writer's Direct Dial:
(302)888-6521
Writer's Telecopy Number::
(302)888-6554
Writer's E-Mail Address:
EMMcgeever@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

February 16, 2006

By Electronic Filing and Hand Delivery

The Honorable Kent A. Jordan
United States District Judge
For the District of Delaware
844 King Street
Wilmington, DE 19801

> **Re:    In re TriCor Antitrust Litigation**
> **C.A. Nos. 05-340 (KAJ) and 05-360 (KAJ)**

Dear Judge Jordan:

Pursuant to this Court's Scheduling Order[1], the Direct Purchaser Plaintiffs and the Indirect Purchaser Plaintiffs are attaching as Exhibit A a copy of the Protective Order which they are requesting be entered. The only difference between Plaintiffs' and Defendants' proposed Protective Orders is that Defendants' proposal requires the parties to disclose potential experts and consultants prior to having made a decision on whether to use the expert as a testifying expert.[2] Such a provision is an invasion of attorney work-product. Given the

---

[1] Pursuant to the terms of this Court's Scheduling Order, the parties should have filed the competing versions of the Protective Order with the Court two months ago. However, through on-going discussions over the past several months, the parties have been able to reduce the points of disagreement to one issue. Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs an enlargement of time to file this letter brief.

[2] Specifically, in Paragraph D.1(d), Defendants have included language that requires an expert or consultant to be disclosed in accordance with Paragraph D.4. Paragraph D.4 provides in pertinent part:

> Before disclosing Confidential or Highly Confidential or Restricted Pricing Material to any authorized person identified in (d) in Section D.1. above, the party seeking to make such disclosure shall first give five (5) business days prior written notice to counsel for the producing party of the name and address of the person to whom disclosure is to be made, including a current resume disclosing such person's prior or present relationship, if any, with the parties and any involvement that the person has had in Competitive Fenofibrate Activities and an executed copy of the Confidentiality Agreement attached as Exhibit A. If the producing party reasonably believes it would be harmed by the disclosure of any Highly Confidential or Restricted Pricing Material any person proposed above, it may object in writing to such disclosure within five (5) business days after receipt of the notice. In the event of an objection, the parties shall promptly confer to attempt to resolve the concerns giving rise to the objection. If the parties are unable to reach agreement regarding such disclosure, the party objecting to disclosure may, prior to the time

19638.1\297691v1

The Honorable Kent A. Jordan
February 16, 2006
Page 2

stringent requirements elsewhere in the protective order proposed by both Plaintiffs and Defendants, this invasion into attorney-work product is unjustified.

The parties are prohibited by both Plaintiffs' and Defendants' proposed protective orders from disclosing Confidential and Highly Confidential documents to an expert or consultant who is engaged in Competitive Fenofibrate Activities.[3] Plaintiffs' Proposed Protective Order at Paragraph D.1.(d). "Competitive Fenofibrate Activities" is defined broadly in the protective order as: "(i) competitive decision making activities (e.g., advising on decisions concerning marketing, pricing and design) relating to any fenofibrate product and (ii) any involvement in the prosecution of patent applications relating to any fenofibrate product. "Competitive decision making" activities also include involvement with the preparation of any (a) NDA or ANDA or paper NDA (21 U.S.C. 355(b)(2)) relating to fenofibrate or (b) Paragraph III or IV certification letters referencing any Abbott NDA relating to fenofibrate. Plaintiffs' Proposed Protective Order at Paragraph A.6. This definition of Competitive Fenofibrate Activities defines the scope of experts or consultants which Defendants could legitimately object to seeing their confidential documents. Plaintiffs are prohibited from showing Defendants' confidential documents to such people. Thus, even though there will be a handful of consultants/experts who will have access to Confidential and Highly Confidential documents pursuant to the terms of the Protective Order, the potential for any competitive harm has been removed because these people will not be engaged in Competitive Fenofibrate Activities.

Additionally, pursuant to the terms of the proposed Protective Order, before a consultant or expert is shown Confidential or Highly Confidential documents, that person is required to sign the Confidentiality Agreement, which is attached as Exhibit A to the Protective Order. By signing the Confidentiality Agreement, the consultant/expert agrees (under the threat of being subject to contempt) to be bound by the terms of the Protective Order and to subject himself/herself to the jurisdiction of this Court for purposes of enforcing the Protective Order. Given these restrictions, Defendants' request that Plaintiffs be required to disclose potential experts to them is nothing more than Defendants' request that they be allowed to supervise Plaintiffs' compliance with the terms of the Protective Order. No such supervision is

---

of the intended disclosure, request this Court to issue an order prohibiting the disclosure. No disclosure shall be made pending the ruling of the Court. The Court may impose additional restrictions on such disclosure as a condition of issuing such order. The parties hereby agree that any expert who submitted an expert report in connection with C.A. No. 02-1512 (KAJ) or 03-120 (KAJ) cannot be objected to and need only execute the Confidentiality Agreement in Exhibit A.

[3] The Protective Orders that were entered in the patent litigation between Abbott/Fournier and Teva and Abbott/Fournier and Impax did not prohibit the disclosure of Confidential and Highly Confidential documents to consultants or experts engaged in Competitive Fenofibrate Activity. Thus, this Court's entry of Protective Orders in the patent cases that required the disclosure of the identity of consultants and experts to opposing counsel prior to the disclosure of confidential documents to consultants and experts does not address whether such disclosure is necessary in the context of the proposed Protective Order in this case.

The Honorable Kent A. Jordan
February 16, 2006
Page 3

---

necessary.[4]   The terms and timing of expert disclosure should be governed by the Court's October 27, 2005 Scheduling Order.  Accordingly, Plaintiffs respectfully submit that their form of the proposed Protective Order be entered by the Court.

Respectfully,

Elizabeth M. McGeever
(DE Bar ID No. 2057)

cc:    Counsel on the Attached Service List

---

[4] Indeed, it appears that what Defendants are seeking to do under the guise of protecting the confidentiality of their documents is gain access to Plaintiffs' counsels' strategies, thought processes and work-product by forcing Plaintiffs to disclose consultants and experts and their expertise long before the dates for expert disclosures established by the Scheduling Order entered by the Court.  Given the absence of a legitimate need for such disclosures, Plaintiffs' counsels' work-product should remain protected.

19638.1\297691v1

## SERVICE LIST

| | |
|---|---|
| Steven C. Sunshine, Esquire<br>Maria M. DiMoscato, Esquire<br>Cadwalader, Wickersham & Taft LLP<br>1201 F Street, N.W., Suite 1100<br>Washington, D.C. 20004 | Mary B. Graham, Esquire<br>Morris, Nichols, Arsht & Tunnell<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, DE 19899 |
| William F. Cavanaugh, Jr., Esquire<br>Chad J. Petterman, Esquire<br>Patterson Belknap Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036-6710 | Frederick L. Cottrell, III, Esquire<br>Anne Shea Gaza, Esquire<br>Richards, Layton & Finger<br>One Rodney Square, P.O. Box 551<br>Wilmington, DE 19899 |
| Asim Bhansali, Esquire<br>Keker & Van Nest LLP<br>710 Sansome Street<br>San Francisco, CA 94111 | Mary B. Matterer, Esquire<br>Morris, James, Hitchens & Williams<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19801 |
| Josy W. Ingersoll, Esquire<br>Karen E. Keller, Esquire<br>Young, Conaway, Stargatt &Taylor<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | Kenneth A. Cohen, Esquire<br>Elaine Herrman Blais, Esquire<br>Christopher T. Holding, Esquire<br>Goodwin Proctor LLP<br>Exchange Place, 53 State Street<br>Boston, MA 02109 |
| Jeffrey S. Goddess, Esquire<br>Rosenthal Monhait Gross & Goddess<br>P.O. Box 1070<br>Wilmington, DE 19899 | Bruce Gerstein, Esquire<br>Barry S. Taus, Esquire<br>Adam Steinfeld, Esquire<br>Garwin Gerstein & Fisher, LLP<br>1501 Broadway, Suite 1416<br>New York, NY 10036 |
| Patrick E. Cafferty, Esquire<br>Bryan L. Clobes, Esquire<br>Michael S. Tarringer, Esquire<br>Timothy M. Fraser, Esquire<br>Miller Faucher & Cafferty, LLP<br>One Logan Square, Suite 1700<br>18th & Cherry Streets<br>Philadelphia, PA 19103 | Bernard Persky, Esquire<br>Christopher J. McDonald, Esquire<br>Kellie Safar, Esquire<br>Labaton Sucharow & Rudoff, LLP<br>100 Park Avenue<br>New York, NY 10017 |
| Bruce M. Gagala, Esquire<br>Leydig Voit & Mayer Ltd.<br>Two Prudential Plaza, Suite 4900<br>180 N. Stetson Avenue<br>Chicago, IL 60601 | William Christopher Carmody, Esquire<br>John W. Turner, Esquire<br>Shawn J. Rabin, Esquire<br>Justin Nelson, Esquire<br>Cindy Tijerina, Esquire<br>Susman Godfrey LLP<br>901 Main Street, Suite 5100<br>Dallas, TX 75202-3775 |

| | |
|---|---|
| John C. Vetter, Esquire<br>Kenyon & Kenyon<br>333 West Can Carlos Street, Suite 600<br>San Jose, CA 95110 | Matthew P. Hendrickson, Esquire<br>Bradley J. Demuth, Esquire<br>Cadwalader Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY 10281 |
| Thomas M. Sobol, Esquire<br>David Nalven, Esquire<br>Gregory H. Matthews, Esquire<br>Hagens Berman Sobol Shapiro LLP<br>One Main Street, 4th Floor<br>Cambridge, MA 02142 | Timothy C. Bickham, Esquire<br>Steptoe & Johnson LLP<br>1330 Connecticut Ave., NW<br>Washington, DC 20036 |
| Jeffrey L. Kodroff, Esquire<br>Theodore M. Lieverman, Esquire<br>Pat Howard, Esquire<br>Spector Roseman & Kodroff, PC<br>1818 Market Street, Suite 2500<br>Philadelphia, PA 19103 | Jonathan L. Parshall, Esquire<br>Murphy Spadaro & Landon<br>824 N. Market Street, Suite 700<br>Wilmington, DE 19801 |
| Kendall S. Zylstra, Esquire<br>Lyle Stamps, Esquire<br>Schiffrin & Barroway LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | Mark Sandman, Esquire<br>Jeffrey Swann, Esquire<br>Rawlings & Assoc.<br>1700 Watterson Trail<br>Louisville, KY 40299 |
| Scott E. Perwin ,Esquire<br>Kenny Nachwalter, PA<br>1100 Miami Center<br>201 S. Biscayne Blvd.<br>Miami, FL 33131 | Joseph T. Lukens, Esquire<br>Hangley Aronchick Segal & Pudlin PC<br>One Logan Square<br>18th & Cherry Streets, 27th Fl.<br>Philadelphia, PA 19103-6933 |
| Elizabeth M. McGeever, Esquire<br>Prickett Jones & Elliott PA<br>1310 King Street<br>Wilmington, DE 19801 | Pamela S. Tikellis, Esquire<br>Chimicles & Tikellis LLP<br>One Rodney Square<br>Wilmington, DE 19801 |
| Michael I. Silverman, Esquire<br>Silverman & McDonald<br>1010 N. Bancroft Parkway<br>Suite 22<br>Wilmington, DE 19805 | Patrick Francis Morris, Esquire<br>Morris & Morris LLC<br>4001 Kennett Pike, Suite 300<br>Wilmington, DE 19807 |