# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
302 658 9200
302 658 3989 Fax

Mary B. Graham
302 351 9287
302 425 4674 Fax
mgraham@mnat.com

February 16, 2006

**VIA E-FILING AND HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

    Re:    *In re TriCor® Antitrust Litigations*
           C.A. Nos. 02-1512, 03-120, 05-340 and 05-360 (KAJ)

Dear Judge Jordan:

    I write on behalf of Abbott and Fournier to request entry of our proposed Protective Order (attached as Exhibit A). There is only one issue in dispute with plaintiffs on the order: disclosure of outside experts and consultants. Our proposal includes a provision requiring a party who wishes to disclose another party's confidential information to an outside expert to (1) identify that expert, and (2) give the owner of the confidential information a five business day window to object to the expert before disclosure can be made. *See* Exhibit A, Sections D.1(d) and D.5 (pages 9 and 12-13). Plaintiffs have rejected this provision and instead seek the ability to disclose Abbott's and Fournier's confidential information to any number of undisclosed experts whom they unilaterally decide meet the requirements of acceptable "experts" for the purposes of the Protective Order.

    Abbott and Fournier are producing in this litigation large volumes of highly confidential and commercially sensitive information, including trade secrets. To protect this information from improper disclosure and to allow for monitoring of dissemination of the information, outside experts who are to receive confidential information must be identified. The proposed procedure allows the party who owns the confidential information to make its own determination as to whether a proposed expert is objectionable (*e.g.*, a possible conflict) prior to disclosure. The procedure also allows a party to have some knowledge of who and how many experts have access to its confidential information and trade secrets. This is particularly important in this litigation involving many parties because the "experts" may be numerous.

The Honorable Kent A. Jordan
February 16, 2006
Page 2

Plaintiffs have proffered three arguments in opposition to the disclosure of the identities of experts prior to giving them access to confidential information of another party. First, the identity of their experts is protected by the work-product privilege. Second, plaintiffs are able on their own to make the determination of whether an expert is qualified to receive confidential information under the Protective Order (*e.g.*, by determining whether a consultant is involved in "Competitive Fenofibrate Activities"). Finally, testifying experts will eventually be disclosed in accordance with Fed. R. Civ. P. 26(b)(4). None of these arguments overcomes the customary protection afforded in protective orders to confidential and trade secret information.

Plaintiffs' claims of work-product are misdirected in that defendants are not asking for disclosure of every expert being consulted or of the specific documents that will be provided to an expert. Defendants' request is simply for advance identification of those experts to whom defendants' confidential information will be disclosed. To the extent any work-product protection might be implicated by a requirement to identify experts, it is certainly outweighed by Abbott's and Fournier's interest in protecting the improper dissemination of their confidential information and trade secrets.

Plaintiffs' second argument is also unavailing. Plaintiffs' ability to select experts who do not pose a risk of disclosure is not the issue. If Abbott and Fournier do not have the chance to object *before* disclosure is made to an expert, they will not have a chance to prevent the harm attendant to improper disclosure. Moreover, while presumably plaintiffs will try to select experts in good faith, there is always the possibility that defendants will know something about an expert that makes it inappropriate for the expert to receive their confidential information.

Finally, plaintiffs' eventual disclosures in accordance with Fed. R. Civ. P. 26(b)(4) are insufficient to protect Abbott's and Fournier's interests. The disclosures will occur well after confidential information has been provided to the experts; and only testifying experts will be identified, not every expert who has received confidential information.

Provisions requiring advance expert disclosure in a protective order are standard where, as here, commercially sensitive and trade secret information will be produced. Some of the plaintiffs have recognized the propriety of advance expert disclosure in this instance and have already identified their experts rather than waiting for this last remaining issue to be resolved. For the reasons set forth above, we respectfully ask the Court to resolve the expert disclosure issue in our favor and enter the Protective Order attached as Exhibit A.

Respectfully,

/s/ *Mary B. Graham*

Mary B. Graham

MBG/dam
Enclosure
cc:   Clerk of Court (by hand and e-filing)
      All counsel of record (by electronic mail)
507135

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 16, 2006, the foregoing were caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on February 16, 2006 upon the following parties:

| | |
|---|---|
| REPRESENTING DIRECT PARTY PLAINTIFFS (C.A. 05-340): | Jeffrey S. Goddess<br>**jgoddess@rmgglaw.com** |
| | Bruce E. Gerstein<br>**bgerstein@garwingerstein.com** |
| | Barry S. Taus<br>**btaus@garwingerstein.com** |
| | Adam M. Steinfeld<br>**asteinfeld@garwingerstein.com** |
| | Daniel Berger<br>**danberger@bm.net** |
| | Eric L. Cramer<br>**ecramer@bm.net** |
| | Peter Kohn<br>**pkohn@bm.net** |
| | Linda P. Nussbaum<br>**lnussbaum@cmht.com** |
| | Steig D. Olson<br>**solson@cmht.com** |
| REPRESENTING WALGREEN, ECKERD, KROGER, MAXI, CVS, RITE AID (C.A. 05-340): | Elizabeth M. McGeever<br>**emmcgeever@prickett.com** |
| | Scott E. Perwin<br>**sperwin@kennynachwalter.com** |
| | Joseph T. Lukens<br>**jlukens@hangley.com** |

- 2 -

| | |
|---|---|
| REPRESENTING PACIFICARE<br>(C.A. 05-340): | Jonathan L. Parshall<br>**jonp@msllaw.com**<br><br>William Christopher Carmody<br>**bcarmody@susmangodfrey.com**<br><br>John Turner<br>**jturner@susmangodfrey.com**<br><br>Shawn Rabin<br>**srabin@susmangodfrey.com**<br><br>Justin Nelson<br>**jnelson@susmangodfrey.com**<br><br>Cindy Tijerina<br>**ctijerina@susmangodfrey.com**<br><br>Ken Zylstra<br>**kzylstra@sbclasslaw.com**<br><br>Lyle Stamps<br>**lstamps@sbclasslaw.com**<br><br>Steve Connolly<br>**sconnolly@sbclasslaw.com**<br><br>Mark Sandman<br>**mms@rawlingsandassociates.com**<br><br>Jeffrey Swann<br>**js5@rawlingsandassociates.com** |
| REPRESENTING INDIRECT PARTY PLAINTIFFS<br>(C.A. 05-360): | Pamela S. Tikellis<br>Thomas M. Sobol<br>Patrick E. Cafferty<br>Jeffrey L. Kodroff<br>Bernard J. Persky<br>Mike Gottsch<br>A. Zachary Naylor<br>Robert Davis<br>Brian Clobes<br>Michael Tarringer<br>Tim Fraser<br>David Nalven<br>Greg Matthews<br>Christopher McDonald<br>Kellie Safar<br>Theodore M. Lieverman<br>Pat Howard<br><br>**tricor@chimicles.com** |

| | |
|---|---|
| REPRESENTING TEVA PHARMACEUTICALS<br>(C.A. 02-1512): | Josy W. Ingersoll<br>Karen E. Keller<br>Bruce M. Gagala<br>Christopher T. Holding<br>Ken Cohen<br>Elaine Blais<br><br>**tricor@ycst.com** |
| REPRESENTING IMPAX LABORATORIES<br>(C.A. 03-120): | Mary Matterer<br>**mmatterer@morrisjames.com**<br><br>John C. Vetter<br>**jvetter@kenyon.com**<br><br>Asim Bhansali<br>**abhansali@kvn.com** |
| REPRESENTING FOURNIER<br>(ALL CASES): | Frederick L. Cottrell, III<br>Anne Shea Gaza<br>Steven C. Sunshine<br>Matthew P. Hendrickson<br>Bradley J. Demuth<br>Maggie DiMoscato<br>Timothy C. Bickham<br><br>**tricor@rlf.com** |

The undersigned also hereby certifies that on February 16, 2006, true and correct copies of the foregoing were caused to be served by hand upon the following local counsel:

Jeffrey S. Goddess, Esquire
ROSENTHAL, MONHAIT, GROSS & GODDESS, PA
P.O. Box 1070
Wilmington, DE 19899

Michael I. Silverman, Esquire
SILVERMAN & MCDONALD
1010 North Bancroft Parkway
Suite 22
Wilmington, DE 19805

Lynn A. Iannone, Esquire
SILVERMAN & MCDONALD
1010 North Bancroft Parkway
Suite 22
Wilmington, DE 19805

A. Zachary Naylor, Esquire
CHIMICLES & TIKELLIS LLP
One Rodney Square, P.O. Box 1035
Wilmington, DE 19899

Patrick Francis Morris, Esquire
MORRIS & MORRIS
1105 North Market Street
Suite 803
Wilmington, DE 19801

Jonathan L. Parshall, Esquire
MURPHY, SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805

- 4 -

| | |
|---|---|
| Elizabeth M. McGeever, Esquire<br>PRICKETT JONES & ELLIOTT, P.A.<br>1310 King Street<br>P.O. Box 1328<br>Wilmington, DE  19899 | Frederick L. Cottrell, III, Esquire<br>RICHARDS, LAYTON & FINGER<br>One Rodney Square; P.O. Box 551<br>Wilmington, DE  19899 |
| Josy W. Ingersoll, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | Mary B. Matterer, Esquire<br>MORRIS JAMES HITCHENS & WILLIAMS LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE  19801 |

/s/ Mary B. Graham
_____
Mary B. Graham (#2256)

494469