UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) ) | C.A. No. 05-360 (KAJ) (consolidated) |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND and RICHARD G. WILDE, C.A. No. 05-360 (KAJ) | ) ) ) ) | |
| VISTA HEALTH PLAN, INC. and ROSS LOVE, C.A. No. 05-365 (KAJ) | ) ) ) | |
| PENNSYLVANIA EMPLOYEES BENEFIT TRUST FUND, C.A. No. 05-390 (KAJ) | ) ) ) | |
| ALLIED SERVICES DIVISION WELFARE FUND and HECTOR VALDES, C.A. No. 05-394 (KAJ) | ) ) ) ) | |
| DIANA KIM, C.A. No. 05-426 (KAJ) ELAINE M. PULLMAN, NEIL PERLMUTTER, HELENA PERLMUTTER and LULA RAMSEY, C.A. No. 05-450 (KAJ) | ) ) ) ) ) | |
| PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, C.A. No. 05-467 (KAJ) | ) ) ) ) | |
| CINDY CRONIN, C.A. No. 05 482 (KAJ) CHARLES SHAIN and SANDRA KRONE, C.A. No. 05-475 (KAJ) | ) ) ) ) | |
| LOCAL 28 SHEET METAL WORKERS, C.A. No. 05-516 (KAJ) ALBERTO LITTER, C.A. No. 05-695 (KAJ) | ) ) ) ) | |

# BRIEF IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION TO APPOINT CLASS COUNSEL

**CHIMICLES & TIKELLIS LLP**
Pamela S. Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4439)
Robert R. Davis (#4536)
P.O. Box 1035
One Rodney Square
Wilmington, DE 19899
Tel: 302-656-2500
Fax: 302-656-9053
*Liaison Counsel for End-Payor Plaintiffs*

Dated: May 8, 2006

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

I.   NATURE AND STAGE OF THE PROCEEDING ................................................... 1

II.  SUMMARY OF ARGUMENT ................................................................................... 1

III. STATEMENT OF FACTS .......................................................................................... 3

IV.  ARGUMENT ................................................................................................................ 3

V.   CONCLUSION ............................................................................................................ 7

# TABLE OF AUTHORITIES

*In re Relafen Antitrust Litig.*,
    231 F.R.D. 52 (D. Mass. 2005) ........................................................................................4

*In re Terazosin Hydrochloride Antitrust Litig.*,
    220 F.R.D. 672 (S.D. Fla. 2004) ......................................................................................4

*In re Warfarin Sodium Antitrust Litig.*,
    391 F.3d 516 (3d Cir. 2004) .............................................................................................5

Indirect Purchaser Plaintiffs ("End-Payor Plaintiffs" or "Plaintiffs") hereby submit this brief in support of their motion in support of the appointment of class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## I. NATURE AND STAGE OF THE PROCEEDING

End-Payor Plaintiffs are consumers and third-party payors ("TPPs") who purchased, paid and/or reimbursed for fenofibrate products, including TriCor® ("TriCor") tablets and capsules. TriCor is the brand name by which defendant Abbott Laboratories, Inc. ("Abbott") markets cholesterol-lowering drugs containing the active pharmaceutical ingredient fenofibrate. End-Payor Plaintiffs' Consolidated Class Action Complaint [D.I. 24] (the "End-Payor Complaint") alleges that to fend off generic competition and unlawfully maintain a monopoly in the market for fenofibrate products, Abbott and defendants Fournier Industrie et Sante and Laboratoires Fournier, S.A. (together, "Fournier" and collectively with Abbott, "Defendants") have employed a variety of tactics in executing an overall strategic scheme to make it impossible for generic competitors to market, or for consumers or TPPs to purchase or pay for, lower-cost generic fenofibrate products.

Defendants' motion to dismiss the End-Payor Complaint and the claims of all other plaintiffs and counterclaim plaintiffs in the coordinated *Tricor Antitrust Litigation* are currently *sub judice*. End-Payor Plaintiffs' motion in support of class certification is being submitted simultaneously herewith.

## II. SUMMARY OF ARGUMENT

1.  Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, "a court that certifies a class must appoint class counsel." The criteria the Court must consider under the

Rule support the appointment of Hagens Berman Sobol Shapiro LLP ("HBSS"), Labaton Sucharow & Rudoff LLP ("Labaton Sucharow", f/k/a Goodkind Labaton Rudoff & Sucharow LLP), Miller Faucher and Cafferty LLP ("Miller Faucher"), and Spector Roseman & Kodroff, P.C. ("Spector Roseman") as class counsel. These four firms, as co-lead counsel on behalf of End-Payor Plaintiffs ("Co-Lead Counsel"), have done considerable work in identifying, investigating and prosecuting claims on behalf of the putative class. Each firm is experienced in handling complex class actions involving antitrust and consumer protection claims, specifically including claims involving the pharmaceutical industry. Each firm has committed significant resources to the prosecution of this action on behalf of End-Payor Plaintiffs and the putative class. These firms should thus be appointed as class counsel in the event the Court grants End-Payor Plaintiffs' motion for class certification.

2.      Similarly, the firm of Chimicles & Tikellis LLP ("Chimicles & Tikellis"), which has been acting as liaison counsel on behalf of End-Payor Plaintiffs, should continue in that role on behalf of any certified class of end-payors.

3.      Finally, although the prospect of settlement has not yet been broached, Co-Lead Counsel have designated counsel to separately represent the interests of consumers and TPPs in the event that settlement negotiations conducted by Co-Lead Counsel result in the establishment of a settlement fund to be distributed to members of the class. *See In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533 (3d Cir. 2004). Co-Lead Counsel have selected Fine, Kaplan and Black, R.P.C. to represent consumers, and Charfoos & Christensen, P.C. to represent TPPs.

2

### III. STATEMENT OF FACTS

There are approximately twenty-seven law firms representing End-Payor Plaintiffs in these consolidated class actions.[1] By *Pretrial Order No. 1 Regarding Consolidation of Indirect Purchaser Class Actions and Coordination of Indirect Purchaser Class Actions with Direct Purchaser Actions and Direct Purchaser Individual Actions* [D.I. 9] ("PTO #1"), the Court designated HBSS, Labaton Sucharow, Miller Faucher, and Spector Roseman to act as interim class counsel on behalf of End-Payor Plaintiffs. The Court also appointed Chimicles & Tikellis to act as liaison counsel on behalf of End-Payor Plaintiffs. *Id.* Concurrent with the filing of this motion, End-Payor Plaintiffs are filing a motion for class certification.

### IV. ARGUMENT

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, a court that certifies a class must appoint class counsel. An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class. In appointing class counsel, the court "must consider" the following criteria:

- the work counsel has done in identifying and investigating potential claims in the action,

- counsel's experience in handling class actions, other complex litigation, and the claims of the type asserted in the action,

- counsel's knowledge of applicable law, and

- the resources counsel will commit to representing the class.

Rule 23(g)(1)(i). Co-Lead Counsel meet the above criteria and should therefore be appointed as class counsel should the Court grant Plaintiffs' motion for class certification.

---

[1] *See* the declaration of Patrick E. Cafferty dated May 5, 2006 (the "Cafferty Declaration") ¶ 3.

Co-Lead Counsel have worked extensively to identify, investigate and prosecute claims in this action on behalf of End-Payor Plaintiffs and the putative class.[2] Co-Lead counsel have vast experience in successfully handling class actions and other complex litigation, and particularly claims of the type asserted in this action. For instance, in a recent opinion granting final approval to the settlement in *In re Relafen Antitrust Litig.*, 231 F.R.D. 52 (D. Mass. 2005), which involved three Co-Lead Counsel here the court commented that "Class counsel here exceeded my expectations in these respects [*i.e.*, experienced, competent, and vigorous] in every way." *Id.* at 85; *see also id.* at 80 ("The Court has consistently noted the exceptional efforts of class counsel."). Likewise, in approving a $90 million settlement to a class of end-payors of the drug BuSpar, Judge John G. Koeltl commended co-lead counsel in *In re Buspirone Antitrust Litigation*, MDL No. 1413 (S.D.N.Y. 2001), including Labaton Sucharow, as follows: "Let me say that the lawyers in this case have done a stupendous job. They really have." Given their experience in cases such as those listed above, Co-Lead Counsel have developed in depth knowledge of the applicable law.[3]

Co-Lead Counsel also have the financial and professional resources necessary to prosecute the claims asserted on behalf of End-Payor Plaintiffs. Representing class plaintiffs in complex antitrust class action litigation easily can cost millions of dollars, even prior to certification, all of which class counsel must fund. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (approving class counsel pursuant to

---

[2] *See* Cafferty Declaration ¶¶ 2-5.

[3] *See* Cafferty Declaration ¶ 6-7 & Exhs. B through E (firm resumes). *See also* www.hbsslaw.com; www.labaton.com; www.millerfaucher.com, and; www.srk-law.com.

4

Rule 23(g) and noting that proposed class counsel had "already [spent] approximately $1,000,000 in prosecuting this action [prior to certification] and will continue to bear substantial expenses to represent" the class). The four Co-Lead Counsel firms are among the most experienced and most successful plaintiffs class action firms in the country. Therefore, they clearly have the resources and demonstrated capability needed to effectively prosecute the class claims, and have committed the resources necessary to efficiently prosecute this litigation.[4]

Per PTO #1, the firm of Chimicles & Tikellis has been acting as liaison counsel on behalf of End-Payor Plaintiffs. In light of their experience generally and their familiarity with this action in particular, Chimicles & Tikellis should continue in that role in the event the Court grants End-Payor Plaintiffs' motion for class certification.[5]

Finally, the Third Circuit has held that "any potential for conflicts of interest between and among consumers and TPPs that may have arisen prior to and during the settlement negotiations [are] adequately represented by the presence of separate counsel for consumers and TPPs." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533 (3d Cir. 2004). Although the prospect of settlement has not yet been broached, Co-Lead Counsel have designated separate counsel to represent the interests of consumers and TPPs in the event that settlement negotiations conducted by Co-Lead Counsel result in the establishment of a settlement fund to be distributed to members of the class. Fine, Kaplan and Black, R.P.C.

---

[4] *See* Cafferty Declaration ¶ 8.
[5] *See* Cafferty Declaration ¶ 3 & Exh. A (firm resume). *See also* www.chimicles.com.

has been selected to represent consumers, and Charfoos & Christensen, P.C. has been selected to represent TPPs.[6]

---

[6] *See* Cafferty Declaration ¶ 9 & Exhs. F and G (firm resumes). *See also* www.finekaplan.com and http://www.charfooschristensenpc.com.

## V. CONCLUSION

End-Payor Plaintiffs respectfully request that, should their motion for class certification be granted, the Court enter an Order: (i) appointing Hagens Berman Sobol Shapiro LLP, Labaton Sucharow & Rudoff LLP, Miller Faucher and Cafferty LLP, and Spector Roseman and Kodroff, P.C. as class counsel pursuant to Rule 23(g), and; (ii) appointing Chimicles & Tikellis LLP as liaison counsel on behalf of the class.

Dated: May 8, 2006

**CHIMICLES & TIKELLIS LLP**

*/s/ R. Zachary Naylor*

Pamela S. Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4439)
Robert R. Davis (#4536)
P.O. Box 1035
One Rodney Square
Wilmington, DE 19899
Tel: 302-656-2500
Fax: 302-656-9053
*Liaison Counsel for End-Payor Plaintiffs*

**LABATON SUCHAROW & RUDOFF LLP**
Bernard Persky
Christopher J. McDonald
Kellie C. Safar
100 Park Avenue
New York, NY 10001

**SPECTOR ROSEMAN & KODROFF, P.C.**
Jeffrey L. Kodroff
Theodore M. Lieverman
Simon B. Paris
1818 Market Street, Suite 2500
Philadelphia, PA 19103

| | |
|---|---|
| **MILLER FAUCHER<br>  and CAFFERTY LLP**<br>Bryan L. Clobes<br>William R. Kane<br>One Logan Square<br>18 & Cherry Streets, Suite 1700<br>Philadelphia, PA 19103<br> -and-<br>Patrick E. Cafferty<br>101 N. Main Street, Suite 450<br>Ann Arbor, MI 48101<br> -and-<br>Marvin A. Miller<br>Jennifer W. Sprengel<br>30 N. LaSalle St. Suite 3200<br>Chicago, IL 60602 | **HAGENS BERMAN<br>  SOBOL SHAPIRO LLP**<br>Thomas M. Sobol<br>David S. Nalven<br>One Main Street, 4th Floor<br>Cambridge, MA 02142<br> -and-<br>Steve W. Berman<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA 98101 |

*Interim Co-Lead Counsel for End-Payor Plaintiffs*