IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br> PAINTERS' DISTRICT COUNCIL NO.30 HEALTH AND WELFARE FUND and RICHARD G. WILDE, C.A. No. 05-360 (KAJ) <br><br> VISTA HEALTH PLAN, INC. and ROSS LOVE, C.A. No. 05-365 (KAJ) <br><br> PENNSYLVANIA EMPLOYEES BENEFIT TRUST FUND, C.A. No. 05-390 (KAJ) <br><br> ALLIED SERVICES DIVISION WELFARE FUND and HECTOR VALDES, C.A. No. 05-394 (KAJ) <br><br> DIANA KIM, C.A. No. 05-426 (KAJ) <br><br> ELAINE M. PULLMAN, NEIL PERLMUTTER, HELENA PURLMUTTER and LULA RAMSEY, C.A. No. 05-450 (KAJ) <br><br> PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, C.A. No. 05-467 (KAJ) <br><br> CINDY CRONIN, C.A. No. 05 482 (KAJ) <br><br> CHARLES SHAIN and SANDRA KRONE, C.A. No. 05-475 (KAJ) <br><br> LOCAL 28 SHEET METAL WORKERS, C.A. No. 05-516 (KAJ) <br><br> ALBERTO LITTER, C.A. No. 05-695 (KAJ) | C.A. No. 05-360 (KAJ) <br> (consolidated) |

**DECLARATION OF PATRICK E. CAFFERTY IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR APPOINTMENT OF CLASS COUNSEL**

PATRICK E. CAFFERTY hereby declares as follows:

1. I am a member of the Michigan and Illinois bars and a partner in the firm Miller Faucher and Cafferty LLP, which has been designated as co-lead counsel for the Indirect Purchaser Class Plaintiffs. I submit this affidavit in support of the *End-Payor Plaintiffs' Motion For Appointment of Class Counsel*. I have personal knowledge of the facts set forth herein and, if called as a witness, I could competently testify to the matters set forth herein.

2. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, a court that certifies a class must appoint class counsel. An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class. In appointing class counsel, the court must consider:

- the work counsel has done in identifying and investigating potential claims in the action,
- counsel's experience in handling class actions, other complex litigation, and the claims of the type asserted in the action,
- counsel's knowledge of applicable law, and
- the resources counsel will commit to representing the class.

Rule 23(g)(1)(i).

3. Here, there are approximately twenty-seven (27) law firms representing End-Payors Plaintiffs in these consolidated class actions. By *Pretial Order No. 1 Regarding Consolidation of Indirect Purchaser Class Actions an d Coordination of Indirect Purchaser Class Actions with Direct Purchaser Actions and Direct Purchaser Individual Actions* [Doc. No. 9, SO ORDERED 07/29/2005], the Court designated: (1) Liaison Counsel for the Indirect Purchaser Class Actions (*i.e.*, Chimicles & Tikellis LLP); and (2) Co-Lead Counsel for the

-1-

Indirect Purchaser Class Actions (*i.e.*, Miller Faucher and Cafferty LLP, Labaton Sucharow & Rudoff LLP (f/k/a Goodkind Labaton Rudoff & Sucharow LLP), Hagens Berman Sobol Shapiro LLP and Spector, Roseman and Kodroff, P.C.).

4. Each of the designated firms has considerable experience in pharmaceutical antitrust class actions and complex litigation. The resume of each of these firms is attached as follows:

| Firm | Resume attached as Exhibit: | website |
|---|---|---|
| Chimicles & Tikellis LLP | A | www.chimicles.com |
| Miller Faucher and Cafferty LLP | B | www.millerfaucher.com |
| Labaton Sucharow & Rudoff LLP | C | www.labaton.com |
| Hagens Berman Sobol Shapiro LLP | D | www.hbsslaw.com |
| Spector, Roseman and Kodroff, P.C. | E | www.srk-law.com |

5. Counsel for various End-Payor Plaintiffs began investigating the claims alleged in this action in early 2005. This investigation included review of publically available court papers in the *Abbott v Teva* patent infringement litigation (No. 02-1512 (KAJ)), discussions with counsel for generic manufacturers and research concerning the National Drug Data File. The first End-Payor class action was filed on June 6, 2005. Even before the Court designated Co-Lead Counsel and Liaison Counsel, End Payor Plaintiffs' counsel organized themselves for the efficient prosecution of these actions in coordination with generic manufacturers and direct purchaser plaintiffs.

6. The firms representing End-Payor Plaintiffs have considerable experience in handling complex class actions in general, and antitrust class actions against pharmaceutical manufacturers in particular. For example, one or more of the firms designated as Co-Lead

Counsel have been involved at the leadership level in most end-payor antitrust class action over the past decade. These cases include:

| Case | Firms | Result |
|---|---|---|
| *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 85 (D. Mass. 2005) (http://www.relafensettlement.com) | •Hagens Berman Sobol Shapiro LLP – Co-Lead Counsel<br>•Specter Roseman & Kodroff P.C. – Co-Lead Counsel<br>•Miller Faucher and Cafferty LLP – Co-Lead Counsel | Settlement: $75,000,000 |
| *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231 (D. Del. 2002), *aff'd*, 391 F.3d 516 (3d Cir. 2004) (http://www.coumadinsettlement.com) | •Labaton Rudoff & Sucharow LLP – Co-Lead Counsel<br>• Miller Faucher and Cafferty LLP – Co-Lead Counsel<br>• Chimicles & Tikellis LPP – Liaison Counsel | Settlement: $44,500,000 |
| *In re Lupron Marketing and Sales Practices Litig.*, 228 F.R.D. 75 (D. Mass. 2005) (http://www.lupronclaims.com). | • Hagens Berman Sobol Shapiro LLP – Co-Lead Counsel<br>• Specter Roseman & Kodroff P.C. – Co-Lead Counsel | Settlement: $150,000,000 |
| *Nichols v. SmithKline Beecham Corp.*, No. 00-6222, 2005 WL 950616 (E.D. Pa. April 22, 2005) (http://www.paxilclaims.com) | • Miller Faucher and Cafferty LLP – Co-Lead Counsel | Settlement $65,000,000 |
| *In re Buspirone Patent Litig.*, MDL No. 1410 (S.D.N.Y.) | • Labaton Rudoff & Sucharow LLP – Co-Lead Counsel | Settlement: $100,000,000 (for consumers in most states and state agencies by attorneys general); $90,000,000 ($74,000,000 for third-party payors; and $16,000,000 for consumers in remaining states) |
| *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369 (D.D.C. 2002) | • Labaton Rudoff & Sucharow LLP – Co-Lead Counsel<br>• Miller Faucher and Cafferty LLP – Consumer Counsel | Settlement: $135,285,600 ($72,000,000 for consumers and $28,000,000 for state agencies; $25,285,600 for third-party payors in *Illinois Brick* repealer states; and $10,000,000 for TPPs in non-*Illinois Brick* repealer states) |
| *In re Synthroid Marketing Litig.*, 264 F.3d 712 (7th Cir. 2001) | • Miller Faucher and Cafferty LLP – Co-Lead Counsel | Settlement: $87,400,000 |

| | | |
|---|---|---|
| *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003), *app. dismissed*, 391 F.3d 812 (6th Cir. 2004) (http://www.cardizemsettlement.com) | • Labaton Rudoff & Sucharow LLP – Executive Committee<br>• Miller Faucher and Cafferty LLP – Executive Committee | Settlement: $80,000,000 ($7,000,000 state agencies; $40,150,000 third party payors; and $32,850,000 consumers) |

7.  Given the experience in the cases such as those listed above, counsel for the End-Payor Plaintiffs have developed in depth knowledge of the applicable law. In the opinion granting final approval to the settlement in *Relafen* (which involved Hagens Berman Sobol Shapiro LLP, Spector Roseman & Kodroff P.C. and Miller Faucher and Cafferty LLP as class counsel), for example, Judge William G. Young commented that "Class counsel here exceeded my expectations in these respects [*i.e.*, experience, competence, and vigor] in every way." *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 85 (D. Mass. 2005); *see also id.* at 80 ("The Court has consistently noted the exceptional efforts of class counsel."). Likewise, in approving a $90 million settlement to a class of end-payors of the drug BuSpar, Judge John G. Koeltl commended co-lead counsel in *In re Buspirone Antitrust Litigation*, MDL No. 1413 (S.D.N.Y.), including Labaton Sucharow and Rudoff LLP, as follows: "Let me say that the lawyers in this case have done a stupendous job. They really have."

8.  Counsel for the End-Payor Plaintiffs have also committed the resources necessary to efficiently prosecute this litigation for the benefit of the End-Payor Class. For example, a litigation fund has been established to cover common costs and comprehensive document reviews are proceeding in the New York offices of Labaton Rudoff & Sucharow LLP and in the Cambridge, Massachusetts offices of Hagens Berman Sobol Shapiro LLP. Counsel for all of the firms representing in End-Payor Plaintiffs have been invited to participate. End-Payor Plaintiffs have also retained Dr. Charles King III, an economist specializing in microeconomics, industrial

organization, marketing and econometrics, develop economic methodologies to demonstrate class-wide impact and damages. In sum, there can be no doubt that Class Counsel will commit the resources necessary to adequately and effectively represent the interests of the End-Payor Class.

9. Finally, the Third Circuit has held that "any potential for conflicts of interest between and among consumers and TPPs [*i.e.*, third-party payors] that may have arisen prior to and during the settlement negotiations [are] adequately represented by the presence of separate counsel for consumers and TPPs." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533 (3d Cir. 2004). Although the prospect of settlement has not yet been broached, Co-Lead Counsel have designating separate counsel to lead in the representation of consumer and TPP interests, in the event that an allocation of judgment or settlement proceeds becomes necessary or appropriate, as follows:

| Firm | Representing | Plaintiff/ Client | Resume attached as Exhibit: | website |
|---|---|---|---|---|
| Fine, Kaplan and Black, R.P.C. | Consumers | Diana Kim | F | www.finekaplan.com |
| Charfoos & Christensen, P.C. | TPPs | Local 28 Sheet Metal Workers | G | http://www.charfooschristensenpc.com |

The Court and/or Co-Lead Counsel may also require or adopt additional structural protections, as circumstances may require.

This declaration is executed at Ann Arbor, Michigan on May 5, 2006, under penalties of perjury pursuant to the laws of the United States.

                                         /s/ Patrick E. Cafferty