# EXHIBIT 48

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE TRICOR INDIRECT PURCHASER
ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:
C.A. NOS. 05-360; 05-365; 05-390; 05-394;
05-426; 05-450; 05-467; 05-475; 05-482;
05-516 AND 05-695

C.A. No. 05-360 (KAJ)
(consolidated)

## EXHBIT 48 TO THE DECLARATION OF CHRISTOPHER J. MCDONALD
## IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION
## FOR CLASS CERTIFICATION

**CHIMICLES & TIKELLIS LLP**
Pamela S. Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4439)
Robert R. Davis (#4536)
P.O. Box 1035
One Rodney Square
Wilmington, DE 19899
Tel: 302-656-2500
Fax: 302-656-9053
*Liaison Counsel for End-Payor Plaintiffs*

Dated: May 8, 2006

## TABLE OF CONTENTS
## TO EXHIBIT 48

Tab

Twenty-Three Jurisdiction Survey of
Statutory Claims for Indirect
Purchaser Recovery of Damages
for Antitrust Injuries ...............................................................................................................A

Fifty-One Jurisdiction Survey of
State Unjust Enrichment Laws.................................................................................................B

Forty-Three Jurisdiction Survey of
State Consumer Protection
Statutes....................................................................................................................................C

Unreported Decisions...............................................................................................................D

# TAB A

Exhibit 48 (Tab A)

## TWENTY-THREE JURISDICTION SURVEY OF STATUTORY CLAIMS
## FOR INDIRECT PURCHASER RECOVERY OF DAMAGES FOR ANTITRUST INJURIES

| Jurisdiction | Indirect purchaser standing under antitrust(*) or consumer protection statute (**) | Harmonization with Federal Antitrust Standards | Indirect Purchaser Class Certified for Purposes of Litigation |
|---|---|---|---|
| Arizona* | *Bunker's Glass Co. v. Pilkington PLC*, 75 P.3d 99 (Ariz. 2003) (upholding indirect purchaser standing under Ariz. Rev. Stat. Ann. § 44-1408B. | Ariz. Rev. Stat. § 44-1412 ("It is the intent of this legislature that in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes."). | *In re Relafen Antitrust Litig.*, 221 F.R.D. 260 (D. Mass. 2004); *Ferrell v. Wyeth-Ayerst Labs v. Wyeth-Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004); *Friedman v. Microsoft Corp.*, No. 2000-000722, slip op. (Az. Super. Ct., Maricopa Cty. Nov. 14, 2000). |
| California* ** | An "antitrust injury" under the Cartwright Act Section 16750(a) provides for lawsuits by injured persons who dealt either "directly or indirectly" with the antitrust law offenders. Cal. Bus. & Prof. Code §§ 17200-17208. | *Vinci v. Waste Management, Inc.*, 36 Cal.App.4th 1811, 1814 n.1(1st Dist. Ct. App. 1995) (" Because the Cartwright Act has objectives identical to the federal antitrust acts, the California courts look to cases construing the federal antitrust laws for guidance in interpreting the Cartwright Act."). | *In re Relafen*, 221 F.R.D. at 283; *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004); *Coordination Proceeding Special Title (Rule 1550(b)) Microsoft I-V Cases*, No. J.C.C.P. No. 4106, Order re Class Certification, slip op. (Cal. Super. Ct. Aug. 29, 2000); *In re Cipro Cases I & II*, 121 Cal. App. 4th 402, 17 Cal. Rptr. 3d 1 (4th Dist. 2004); *Preziado v. Abbott, No. 962294, slip op. (Cal. Super. Ct., San Francisco County, Aug. 16, 1995); B.W.I. Custom Kitchen v. Owens-Illinois, Inc.*, 191 Cal. App. 3d 1341, Cal. Rptr. 228 (1st Dist. 1987). |

| Jurisdiction | Indirect purchaser standing under antitrust(*) or consumer protection statute (**) | Harmonization with Federal Antitrust Standards | Indirect Purchaser Class Certified for Purposes of Litigation |
|---|---|---|---|
| District of Columbia* | An indirect purchaser has standing to pursue antitrust claims, and may recover treble damages. D.C. Code Ann. §§ 28-4508(a), 28-4509. | D.C. Code. Ann. § 28-415 ("It is the intent of the Council of the District of Columbia that in construing this chapter, a court of competent jurisdiction may use as a guide interpretations given by federal courts to comparable antitrust statutes."); *Sun Dun, Inc. v. The Coca-Cola Company*, 740 F. Supp. 381, 395 (D. Md. 1990) ("Section 28-4503 prohibits the same conduct as does Section 2 of the Sherman Act."). | *Goda v. Abbott Labs*, 1997-1 Trade Cas. (CCH) ¶ 71,730 (Sup. Ct. D.C. Feb. 3, 1997). |
| Florida** | *Mack v. Bristol-Myer Squibb Co.*, 673 So.2d 100 (Fla. Dist. Ct. App. 1996) (indirect purchasers have standing under Florida's Deceptive and Unfair Trade Practices statute, Fla. Stats. § 501.201, *et seq*). | *Mack*, 673 So.2d at 104 (holding that the acts proscribed by Florida's Deceptive and Unfair Trade Practices statute include antitrust violations). | *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 683 (S.D. Fla. 2004); *Ferrell v. Wyeth-Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004); *In re Microsoft Antitrust Litig.*, No. 99-27340, 2002 WL 31423620 (Fla. Cir. Ct. Aug. 26, 2002) (Exhibit B to opening supplement) (certifying indirect purchaser class of "persons and entities"). |

| Jurisdiction | Indirect purchaser standing under antitrust(*) or consumer protection statute (**) | Harmonization with Federal Antitrust Standards | Indirect Purchaser Class Certified for Purposes of Litigation |
|---|---|---|---|
| Iowa* | The Iowa Competition Law also authorizes a very broad category of persons to maintain a suit for damages resulting from anticompetitive conduct. See Iowa Code § 553.5 ("[A] person who is injured ... by conduct prohibited under this chapter may bring suit to: ... [r]ecover actual damages resulting from conduct prohibited under this chapter."). The Law has been interpreted to include indirect purchaser standing. *Comes v. Microsoft Corp*, 646 N.W.2d 440 (Iowa 2002). | Iowa Code § 553.2 ("This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter. This construction shall not be made in such a way as to constitute a delegation of state authority to the federal government, but shall be made to achieve uniform application of the state and federal laws prohibiting restraints of economic activity and monopolistic practices."). | *Comes v. Microsoft Corp*, 696 N.W. 2d 318 (Iowa 2005) (affirming lower court's certification of indirect purchaser class under the Iowa Competition Law). |
| Kansas* | Any person injured directly or indirectly by an antitrust violation may recover treble damages. Kan. Stat. Ann. § 50-801(b). | *United States v. Microsoft Corp*, 87 F. Supp. 2d 30, 54 n. 7 (D.D.C. 2000), *affirmed in part rev'd in part on other grounds by*, 253 F.2d 34 (D.C. Cir. 2001). | *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004); *Bellinder v. Microsoft Corp*, No. 99-CV-17089, slip op. (Kan. Dist. Ct., Johnson Cty. Sept. 7, 2001); *Donelan v. Abbott Labs, Inc.*, No. 94C709 (Kan. Dist. Ct. May 3, 1995). |
| Louisiana* | Louisiana Monopolies Law, La. R.S. 51:121 *et seq.*, & Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1404 *et seq.* | *Louisiana Power & Light Co. v. United Gas Pipeline Co.*, 493 So. 2d 1149, 1154 (La. 1986) ("[O]ur state statutes have been fashioned [on federal antitrust legislation]."). | |

| Jurisdiction | Indirect purchaser standing under antitrust(*) or consumer protection statute (**) | Harmonization with Federal Antitrust Standards | Indirect Purchaser Class Certified for Purposes of Litigation |
|---|---|---|---|
| Maine* | Any person injured directly or indirectly by an antitrust violation may recover treble damages. Me. Rev. Stat. Ann. tit. 10, § 1104(1). | *Davric Maine Corp. v. Rancourt*, 216 F.3d 143, 149 (1st Cir. 2000) ("We have noted that the 'Maine antitrust statutes parallel the Sherman Act,' and thus have analyzed claims thereunder according to the doctrines developed in relation to federal law.") (citations omitted). | *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004); *Ferrell v. Wyeth-Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004). |
| Massachusetts** | A person injured by an antitrust violation has the right to recover damages, and if the violation is committed with malicious intent to injure, the plaintiff may recover treble damages under the consumer fraud act. Mass. Gen. L. Ch. 93, § 12. *Ciardi v. F. Hoffmann-La Roche, Ltd.*, 436 Mass. 53, 762 N.E.2d 303 (2002). | Mass. Ann. Laws ch. 93A, § 2(b) ("It is the intent of the legislature that in construing paragraph (a) of this section in actions brought under sections four, nine and eleven, the courts will be guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended."); *Ciardi*, at 309 ("The Federal Trade Commission may, under § 5(a)(1) of the FTC Act, enforce the antitrust laws, including the Sherman Act and the Clayton Act, but it is not confined to their specific prohibitions."). | *In re Relafen Antitrust Litig.*, 221 F.R.D. 260 (D. Mass. 2004); *Ferrell v. Wyeth-Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004); *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004). |

4

| Jurisdiction | Indirect purchaser standing under antitrust(*) or consumer protection statute (**) | Harmonization with Federal Antitrust Standards | Indirect Purchaser Class Certified for Purposes of Litigation |
|---|---|---|---|
| Michigan* | Any person injured directly or indirectly by an antitrust violation may recover damages, and if the violation is flagrant, the plaintiff may recover treble damages. Mich. Comp. Laws § 445.778(2). | *Mahaffey v. Detroit Newspaper Mahaffey v. Detroit Newspaper Agency*, 969 F.Supp. 446, 449 (E.D. Mich. 1997) ("Both federal and state courts consistently apply Sherman Act precedent to [Michigan Antitrust Reform Act] claims.") (*citing ETT Ambulance Serv. Corp. v. Rockford Ambulance, Inc.*, 516 N.W.2d 498 (Mich. Ct. App. 1994)); *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326, 344 (E.D. Mich. 2001), *leave to appeal denied*, No. 01-0109 (6th Cir. June 18, 2001). | *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326 (E.D. Mich. 2001); *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004); *Ferrell v. Wyeth–Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004). |
| Minnesota* | Any person injured directly or indirectly by an antitrust violation may recover treble damages. Minn. Stat. § 325D.57. | *Group Health Plan, Inc. v. Philip Morris USA, Inc*, 344 F.3d 753 (8th Cir. 2003) ("Minnesota courts have consistently held that Minnesota antitrust law is to be interpreted consistently with the federal courts' construction of federal antitrust law.") (citations omitted). | *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004); *Ferrell v. Wyeth–Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004); *Gordon v. Microsoft Corp*, 2001-1 Trade Cas. (CCH) ¶ 73,254, 2001 WL 366432 (Minn. Dist. Ct. Mar. 30, 2001). |
| Mississippi* | Any person injured directly or indirectly by an antitrust violation may recover damages plus $500. Miss. Code Ann. § 75-21-9. | *Monsanto Co. v. Scruggs*, 342 F.Supp.2d 568, 583 (N.D.Miss.,2004) (recognizing parallel between state and federal antitrust law). | *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004); *Ferrell v. Wyeth–Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004). |

| Jurisdiction** | Indirect purchaser standing under antitrust(*#) or consumer protection statute (**) | Harmonization with Federal Antitrust Standards | Indirect Purchaser Class Certified for Purposes of Litigation |
|---|---|---|---|
| Nebraska** | The Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 has been interpreted to provide for indirect purchaser standing. *Arthur v. Microsoft Corp.*, 267 Neb. 586, 676 N.W.2d 29 (2004). | Neb.Rev.Stat. Section 59-829 declares "when any provision of ... Chapter 59 is the same as or similar to the language of a federal antitrust law, the courts of this state in construing ... any provision of Chapter 59 shall follow the construction given to the federal law by the federal courts." The Nebraska Supreme Court in *Health Consultants v. Precision Instruments*, 247 Neb. 267, 527 N.W.2d 596 (1995), held that even without Neb.Rev.Stat. Section 59-829, federal cases interpreting federal legislation which is nearly identical to the Nebraska act constitute persuasive authority. | |
| Nevada* | Nev. Rev. Stat. §§ 598A.210(2) ("Any person injured or damaged directly or indirectly in his business or property by reason of a violation of the provisions of this chapter may institute a civil action and shall recover treble damages, together with reasonable attorney fees and costs."); *see also Pooler v. R.J. Reynolds Tobacco Co.*, No. 00-2674, 2001 WL 403167 (Nev. Dist. Ct. April 4, 2001). | Nev. Rev. Stat. Ann. § 598A.060 (adopting by reference the case law applicable to the federal antitrust statutes). | *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004); *Ferrell v. Wyeth-Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004). |

6

| Jurisdiction | Indirect purchaser standing under antitrust(*) or consumer protection statute (**) | Harmonization with Federal Antitrust Standards | Indirect Purchaser Class Certified for Purposes of Litigation |
|---|---|---|---|
| New Mexico* | Any person injured directly or indirectly by an antitrust violation may recover treble damages. N.M. Stat. Ann. § 57-1-3(A). | N.M. Stat. Ann. § 57-1-15 ("Unless otherwise provided in the Antitrust Act, the Antitrust Act shall be construed in harmony with judicial interpretations of the federal antitrust laws."). | *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004); *Ferrell v. Wyeth-Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004); *In re New Mexico Indirect Purchasers Microsoft Corp. Antitrust Litig.*, No. 0101-CV-2000-1697, *Decision and Order on Motion for Class Certification* (1st Jud. Dist., County of Santa Fe, NM, Oct. 2, 2002). |
| New York* | The Donnelly Act provides that "any person who has sustained damages by reason of violation of this section has not dealt directly with the defendant shall not bar or otherwise limit recovery...." GBL § 340(6). | *Altman v. Bayer Corp.*, 125 F. Supp. 2d 666, 672 (S.D.N.Y. 2000) ("Although the Sherman Act and the Donnelly Act differ in some areas, they require identical basis elements of proof for claims of monopolization or attempt to monopolize."). | *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004). |
| North Carolina* | An indirect purchaser has standing to recover for antitrust violations. *Hyde v. Abbott Labs., Inc.*, 123 N.C. App. 572, 473 S.E.2d 680, 685 (N.C. App.) *review denied*, 478 S.E.2d 5 (N.C. 1996). | *United States v. Microsoft Corp.*, 87 F. Supp. 2d 30, 54 n. 7 (holding that "[t]he facts proving that Microsoft unlawfully maintained its monopoly power in violation of § 2 of the Sherman Act are sufficient to meet analogous elements of causes of action arising under the laws of each plaintiff state."), *affirmed in part rev'd in part on other grounds by*, 253 F.2d 34 (D.C. Cir. 2001). | *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004); *Ferrell v. Wyeth-Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004). |

| Jurisdiction | Indirect purchaser standing under antitrust(*) or consumer protection statute (**) | Harmonization with Federal Antitrust Standards | Indirect Purchaser Class Certified for Purposes of Litigation |
|---|---|---|---|
| North Dakota* | An indirect purchaser may recover damages, and if a flagrant violation is established, a plaintiff may recover treble damages. N.D. Cent. Code § 51-08.1-08. | *See* N.D. Cent. Code §51-08.1-03 ("The establishment, maintenance, or use of a monopoly, or an attempt to establish a monopoly, of trade or commerce in a relevant market by any person, for the purpose of excluding competition or controlling, fixing, or maintaining prices, is unlawful."). | *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004); *Farrell v. Wyeth-Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004); *Howe v. Microsoft Corp*, 656 N.W.2d 285 (N.D. 2003); *Hagemann v. Abbott Labs, Inc.*, No. 94-221 (N.D. Dist. Ct. Nov. 21, 1995). |
| South Dakota* | Any person injured directly or indirectly by an antitrust violation may recover treble damages. S.D. Codified Laws §§ 37-1-14.3, 37-1-33. | S.D. Codified Laws § 37-1-22 ("It is the intent of the Legislature that in construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes."). | *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004); *Farrell v. Wyeth-Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004); *In re South Dakota Microsoft Antitrust Litig.*, 657 N.W.2d 668 (S.D. 2003). |
| Tennessee* | An indirect purchaser is permitted to sue for violations of Tennessee's antitrust statute. *See Sherwood v. Microsoft Corp.* No. M2000-1850, 2003 WL 21780975 (Tenn. App. July 31, 2003); *Blake v. Abbott Laboratories, Inc.*, No. 9509-CV-00307, 1996 WL 134947 (Tenn. App. March 27, 1996). | *Sherwood v. Microsoft Corp*, 2003 WL 21780975 at *8 (recognizing parallel between state and federal antitrust law). | *In re Relafen Antitrust Litig.*, 221 F.R.D. 260 (D. Mass. 2004); *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004); *Farrell v. Wyeth-Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004). |

8

| Jurisdiction | Indirect purchaser standing under antitrust(*) or consumer protection statute (**) | Harmonization with Federal Antitrust Standards | Indirect Purchaser Class Certified for Purposes of Litigation |
|---|---|---|---|
| Vermont* | "In any action for damages or injury sustained as a result of any violation of state antitrust laws, pursuant to section 2453 of this title, the fact that the state, any public agency, political subdivisions or any other person has not dealt directly with a defendant shall not bar or otherwise limit recovery." Vermont Stat.§ 2465(b). | *Vermont Mobile Home Owners' Ass'n v. LaPierre Enterprises, Inc.*, 94 F. Supp. 2d 519, 523 (D. Vt. 2000) ("The conduct in this case allegedly violates both the Vermont Consumer Fraud Act and the Sherman Act, the former providing the same protection as the latter. Thus, the following analysis resolves summary judgment issued under both federal and state laws."). | *In re Relafen Antitrust Litig.*, 221 F.R.D. 260 (D. Mass. 2004); *Ferrell v. Wyeth–Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004). |
| West Virginia* | Indirect purchasers have standing to sue for antitrust violations in West Virginia. Legislative Rule 142 C.S.R.9. *Buscher v. Abbott Laboratories, Inc., et al*, No. 94-C-755 (Kanawha Co. Cir. Ct., W. Va., January 27, 1994). | W. Va. Code Ann. § 47-18-16 ("This article shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes."). | *In re Relafen Antitrust Litig.*, 221 F.R.D. 260 (D. Mass. 2004); *Ferrell v. Wyeth–Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004); *Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004). |
| Wisconsin* | Any person injured directly or indirectly by an antitrust violation may recover treble damages. Wis. Stat. § 133.18(1)(a). See *Olstad v. Microsoft Corp.*, 700 N.W.2d 139 (Wis. 2005). | *Grams v. Boss*, 294 N.W.2d 473, 480 (Wis. 1980) ("We have repeatedly stated that sec. 133.01, Stats., was intended as a reenactment of the first two sections of the federal Sherman Antitrust Act of 1890 . . . and that the question of what acts constitute a combination or conspiracy in restraint of trade is controlled by federal court decisions under the Sherman Act."). | *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672 (S.D. Fla. 2004); *Ferrell v. Wyeth-Ayerst Labs*, No. C-1-01-447 (S.D. Ohio June 30, 2004);*Cardzon v. Abbott Labs. Inc.*, No. 94-CV-002608 (Cir. Ct. Milwaukee County Mar. 23, 1995). |

9

# TAB B

Exhibit 48 (Tab B)

## FIFTY-ONE JURISDICTION SURVEY OF UNJUST ENRICHMENT LAW

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| Alabama | "The essence of the theories of unjust enrichment or money had and received is that a plaintiff can prove facts showing that defendant *holds* money which, in equity and good conscience, belongs to plaintiff or *holds* money which was improperly paid to defendant because of mistake or fraud." *Hancock-Hazlett Gen. Constr. Co. v. Trane Co.*, 499 So. 2d 1385, 1387 (Ala. 1986) (citations omitted). |
| Alaska | "A party seeking to recover for unjust enrichment must show: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain it without paying the value thereof." *Beluga Mining Co. v. Alaska Dep't of Natural Resources*, 973 P.2d 570, 579 (Alaska 1999) (citation omitted). |
| Arizona | "In Arizona, five elements must be proved to make a case of unjust enrichment: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment and (5) an absence of a remedy provided by law." *Community Guardian Bank v. Hamlin*, 898 P.2d 1005, 1008 (Ariz. Ct. App. 1995) (citations omitted). |
| Arkansas | "Unjust enrichment is the principle that one person should not be permitted to unjustly enrich himself at the expense of another, but should be required to make restitution for property or benefits received, retained, or appropriated where it is just and equitable that such restitution be made. . . . To be unjustly enriched, a party must have received something of value to which he was not entitled and that he should restore." *Brown v. Rnallan Enters.*, 44 S.W.3d 740, 745 (Ark. Ct. App. 2001) (citations omitted). |
| California | "[T]he elements for a claim of unjust enrichment [are] receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 91 Cal. Rptr. 2d 881, 883 (Ct. App. 2000) (citation omitted). |
| Colorado | "In Colorado, a plaintiff seeking recovery for unjust enrichment must prove: (1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Salzman v. Bachrach*, 996 P.2d 1263, 1265-66 (Colo. 2000) (citation omitted). |
| Connecticut | "[Unjust enrichment's] three basic requirements are (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." *Eastern Metal Prods. v. DePerry*, 686 A.2d 1003, 1004 (Conn. App. Ct. 1997) (citation omitted). |

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| Delaware | "The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law." *Jackson Nat'l Life Ins. Co. v. Kennedy*, 741 A.2d 377, 393 (Del. Ch. 1999) (citation omitted). |
| District of Columbia | "To recover on a theory of unjust enrichment, . . . the plaintiff 'must show that [the defendant] was unjustly enriched at his expense and that the circumstances were such that in good conscience [the defendant] should make restitution.'" *Fred Ezra Co. v. Pedas*, 682 A.2d 173, 175 (D.D.C. 1996) (brackets in original) (citation omitted). |
| Florida | "To state a cause of action for unjust enrichment, a plaintiff must allege facts that, if taken as true, would show 1) that a benefit was conferred upon the defendant, 2) that the defendant either requested the benefit or knowingly and voluntarily accepted it, 3) that a benefit flowed to the defendant, and 4) that under the circumstances, it would be inequitable for the defendant to retain the benefit without paying the value thereof." *Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 303 (Fla. Dist. Ct. App. 1999) (citation omitted). |
| Georgia | "The theory of recovery for unjust enrichment arises both at law and equity. . . . The concept of unjust enrichment in law is premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received; otherwise the party has been unjustly enriched at the expense of another and, in fairness and good conscience, must reimburse the other to the extent of the value conferred. Inherent in unjust enrichment is the requirement that the receiving party knew of the value being bestowed upon them by another and failed to stop the act or to reject the benefit." *Keidling v. Holcomb*, 483 S.E.2d 624, 626 (Ga. Ct. App. 1997) (citations omitted). |
| Hawaii | "It is a truism that '[a] person confers another if he gives to the other possession of or some other interest in money, land, chattels, or choses in action, . . . , or in any way adds to the other's security or advantage.' One who receives a benefit is of course enriched, and he would be unjustly enriched if its retention would be unjust. And it is axiomatic that '[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other.' We realize unjust enrichment is a broad and imprecise term defying definition. But in deciding whether there should be restitution here, we are guided by the underlying conception of restitution, the prevention of injustice." *Small v. Badenhop*, 701 P.2d 647, 654 (Haw. 1985) (citations omitted). |
| Idaho | "[I]n order to establish the prima facie case for unjust enrichment, the plaintiff must show that there was: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff of the value thereof." *Aberdeen-Springfield Canal Co. v. Peiper*, 982 P.2d 917, 923 (Idaho 1999) (citation omitted). |

-2-

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| Illinois | "To state a cause of action based upon a theory of unjust enrichment, a plaintiff must allege that the defendant unjustly retained a benefit to the plaintiff's detriment and that the defendant's retention of that benefit violates fundamental principles of justice, equity, and good conscience." *B&B Land Acquisition, Inc. v. Mandell*, 714 N.E.2d 58, 63 (Ill. App. Ct. 1999) (citation omitted). |
| Indiana | "To prevail on a claim of unjust enrichment, a plaintiff must establish that it conferred a measurable benefit on the defendant under circumstances in which the defendant's retention of the benefit without payment would be unjust." *Hamza, Inc. v. Plainfield Interstate Family Dining Assoc.*, 758 N.E.2d 931, 940 (Ind. Ct. App. 2001) (citation omitted). |
| Iowa | "Unjust enrichment is a doctrine of restitution. . . . A plaintiff seeking recovery under this doctrine must prove the defendant received a benefit that in equity belongs to the plaintiff." *Slade v. M.L.E. Inv. Co.*, 566 N.W.2d 503, 506 (Iowa 1997) (citations omitted). |
| Kansas | "To prevail on a claim of unjust enrichment, there must be: '"(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payments of its value."'" *Home Bank & Trust Co. v. Cedar Bluff Cattle Feeders, Inc.*, 959 P.2d 934, 939 (Kan. Ct. App. 1998) (citations omitted). |
| Kentucky | "[A] claimant shall be required to prove three elements in each case [of unjust enrichment]. First, a benefit must be conferred upon the defendant at the plaintiff's expense. Second, the benefit must result in an appreciation by the defendant. Finally, acceptance of the benefit under circumstances which render its retention, by the defendant without payment of the value thereof, inequitable." *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371, 1380-81 (W.D. Ky. 1987) (citations omitted). |
| Louisiana | "[T]he five requirements for a showing of unjust enrichment . . . are: (1) there must be an enrichment; (2) there must be an impoverishment; (3) there must be a connection between the enrichment and the resulting impoverishment; (4) there must be an absence of 'justification' or 'cause' for the enrichment and impoverishment; and (5) there must be no other remedy at law available to plaintiff." *Johnco, Inc. v. Jameson Interests*, 741 So. 2d 867, 872 (La. Ct. App. 1999) (citation omitted). |
| Maine | "To decide an unjust enrichment claim, a court must ascertain whether a benefit has been conferred, whether the party receiving the benefit has an appreciation or knowledge of it, and whether 'the acceptance or retention by the defendant of the benefit [is] under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.'" *Landry v. Landry*, 697 A.2d 843, 845 (Me. 1997) (citation omitted). |

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| Maryland | "The elements of a claim of unjust enrichment are: 1. a benefit conferred upon the defendant by the plaintiff; 2. an appreciation or knowledge by the defendant of the benefit; 3. the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Klein v. Fidelity & Deposit Co. of Am.*, 700 A.2d 262, 277 (Md. Ct. Spec. App. 1997) (citation omitted). |
| Massachusetts | "Unjust enrichment is an essentially equitable doctrine requiring proof of some misconduct, fault or culpable action on the part of the defendant as 'wrongdoer' which renders his retention of a benefit at the expense of another contrary to equity and good conscience." *DeSanctis v. Labell's Airport Parking, Inc.*, 1991 Mass. App. Div. 37, 40 (Mass. Dist. Ct. 1991) (citation omitted). |
| Michigan | "The elements of a claim for unjust enrichment are: (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993) (citation omitted). |
| Minnesota | "To establish an unjust enrichment claim it must be shown that a party has knowingly received something of value, not being entitled to the benefit, and under circumstances that would make it unjust to permit its retention." *Southtown Plumbing, Inc. v. Har-Ned Lumber Co.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992) (citations omitted). |
| Mississippi | "The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another, the courts imposing a duty to refund the money or the use value of the property to the person to whom in good conscience it ought to belong." *Dew v. Langford*, 666 So. 2d 739, 745 (Miss. 1995) (citation omitted). |
| Missouri | "The essential elements of a *quasi contract* action of unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention of the benefit under such circumstances that it would be inequitable for defendant to retain the benefit without paying the value thereof." *Graves v. Berkowitz*, 15 S.W.3d 59, 61 (Mo. Ct. App. 2000) (citation omitted). |
| Montana | "In establishing a prima facie case under the equitable doctrine of unjust enrichment, the plaintiff must show misconduct or fault on the part of the defendant, or that the defendant somehow took advantage of the plaintiff." *Binday v. Phillips*, 8 P.3d 123 (Mont. 2000) (citation omitted). |

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| Nebraska | "[U]njust enrichment is 'a general principle, underlying various legal doctrines and remedies, that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated where it is just and equitable that such restitution be made.'" *Abrens v. Dye*, 302 N.W.2d 682, 684 (Neb. 1981). "The issue of unjust enrichment is a question of fact. Where benefits have been received and retained under circumstances that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the recipient to pay the reasonable value of the services." *Sorensen v. Dager*, 601 N.W.2d 564, 572 (Neb. Ct. App. 1999) (citations omitted). |
| Nevada | "'Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience.'" *Topaz Mut. Co. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992) (citation omitted). |
| New Hampshire | "A trial court may require an individual to make restitution for unjust enrichment if he has received a benefit which would be unconscionable for him to retain.' 'To entitle one to restitution, it must be shown that there was unjust enrichment either through wrongful acts or passive acceptance of a benefit that would be unconscionable to retain.'" *Kowalski v. Cedars of Portsmouth Condo. Ass'n*, 769 A.2d 344, 347 (N.H. 2001) (citations omitted). |
| New Jersey | "To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust. The unjust enrichment doctrine requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Cannea, Inc. v. Gedicke*, 690 A.2d 1051, 1059 (N.J. Super. Ct. App. Div. 1997) (citation omitted). |
| New Mexico | "There is no question that '[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other.' . . . A person who receives a benefit has been enriched. A person who receives any sort of advantage, such as possession of or some other interest in money, has been conferred a benefit." *Sunwest Bank of Albuquerque, N.A. v. Colucci*, 872 P.2d 346, 348 (N.M. 1994) (citations omitted). |
| New York | "A person may be deemed to be unjustly enriched if he (or she) has received a benefit, the retention of which would be unjust. A conclusion that one has been unjustly enriched is essentially a legal inference drawn from the circumstances surrounding the transfer of property and the relationship of the parties. It is a conclusion reached through the application of principles of equity." *Sharp v. Kosmalski*, 40 N.Y.2d 119, 123 (1976) (citation omitted). |

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| North Carolina | "In order to [survive challenge to unjust enrichment claim], plaintiff was required to present evidence that a benefit was conferred upon [defendant], that he 'consciously accepted' that benefit, and that the benefit was not gratuitous." *Norman Owen Trucking, Inc. v. Morkaski*, 506 S.E.2d 267, 273 (N.C. Ct. App. 1998) (citation omitted). |
| North Dakota | "Five elements must be established to prove unjust enrichment: 1. An enrichment; 2. An impoverishment; 3. A connection between the enrichment and the impoverishment; 4. Absence of a justification for the enrichment and impoverishment; and 5. An absence of a remedy provided by law. (citations omitted)" *Schroeder v. Buchholz*, 622 N.W.2d 202, 207 (N.D. 2001) (citation omitted). |
| Ohio | "[T]his court identified three elements necessary to succeed in an action based on a quasi-contract: (1) a benefit conferred by a plaintiff upon a defendant, (2) knowledge by the defendant of the benefit, and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Dixon v. Smith*, 695 N.E.2d 284, 289 (Ohio Ct. App. 1997) (citation omitted). |
| Oklahoma | "A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . Before a party will be entitled to recover for unjust enrichment, however, 'there must be enrichment to another coupled with a resulting injustice.'" *N.C. Corff P'ship, Ltd. v. OXY USA, Inc.*, 929 P.2d 288, 295 (Okla. Ct. App. 1996) (citations omitted). |
| Oregon | "Those three elements [of unjust enrichment] are 'a benefit conferred, awareness by the recipient that a benefit has been received and, under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it.'" *Edward D. Jones & Co. v. Mishler*, 983 P.2d 1086, 1101 (Or. Ct. App. 1999) (citation omitted). |
| Pennsylvania | "Unjust enrichment is a quasi-contractual doctrine based in equity; its elements include 'benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.'" *Wiernik v. PHH US Mortgage Corp.*, 736 A.2d 616, 622 (Pa. Super. Ct. 1999) (citation omitted). |
| Rhode Island | "'[I]n order to recover under quasi-contract for unjust enrichment, a plaintiff is required to prove three elements: (1) a benefit must be conferred upon the defendant by the plaintiff, (2) there must be appreciation by the defendant of such benefit, and (3) there must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof.'" *Bouchard v. Price*, 694 A.2d 670, 673 (R.I. 1997) (citation omitted). |

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| South Carolina | "This Court has recognized quantum meruit as an equitable doctrine to allow recovery for unjust enrichment. Absent an express contract, recovery under quantum meruit is based on quasi-contract, the elements of which are: (1) a benefit conferred upon the defendant by the plaintiff; (2) realization of that benefit by the defendant; and (3) retention by the defendant of the benefit under conditions that make it unjust for him to retain it without paying its value." *Columbia Wholesale Co. v. Scudder May N.V.*, 440 S.E.2d 129, 130 (S.C. 1994) (citations omitted). |
| South Dakota | "[Plaintiff] must show she conferred a benefit upon [defendant], that the [defendant] was cognizant of that benefit and that to allow the [defendant] to retain that benefit without reimbursement would unjustly enrich it." *Bollinger v. Eldredge*, 524 N.W.2d 118, 123 (S.D. 1994) (citation omitted). |
| Tennessee | "[For plaintiff] to escape summary judgment on [unjust enrichment], there must be genuine issues of material fact as to whether 1) [plaintiff] conferred a benefit on [defendant]; 2) [defendant] appreciated the benefit; and 3) whether it would be inequitable for [defendant] to retain the benefit without paying for it." *B&L Corp. v. Thomas & Thorngren, Inc.*, 917 S.W.2d 674, 680 (Tenn. Ct. App. 1995) (citation omitted). |
| Texas | "[A] party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. . . .  For a person to be entitled to restitution under a theory of unjust enrichment, he must also show that the person sought to be charged had wrongfully secured a benefit or had passively received one which it would have been unconscionable to retain." *Matagorda County v. Texas Ass'n of Counties County Gov't Risk Mgmt. Pool*, 975 S.W.2d 782, 785 (Tex. App. 1998) (citations omitted). |
| Utah | "In order to prevail on a claim for unjust enrichment, three elements must be met. First, there must be a benefit conferred on one person by another. . . . Second, the conferee must accept or have knowledge of the benefit. . . . Finally, there must be 'the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.'" *Desert Miriah, Inc. v. B&L Auto, Inc.*, 12 P.3d 580, 582 (Utah 2000) (citation omitted). |
| Vermont | "The standard to be used in deciding a claim for unjust enrichment is 'whether [defendant] received a benefit for which plaintiff should be compensated.'" *Ray Reilly's Tire Mart, Inc. v. F.P. Elnicki, Inc.*, 537 A.2d 994, 995 (Vt. 1987) (citation omitted). |
| Virginia | "The requirements for relief under the doctrine of unjust enrichment are as follows: (1) One party has conferred a benefit by rendering services or expending properties on the other; (2) This person has a reasonable expectation of being compensated; (3) The benefits were conferred at the express or implied request of the person receiving them; and (4) If the defendant is allowed to retain the benefits without compensating the plaintiff, he would be unjustly enriched." *Primrose Dev. Corp. v. Benchmark Acquisition Fund I L.P.*, 47 Va. Cir. 296, 298 (Oct. 29, 1998). |

| Jurisdiction | Unjust Enrichment Law |
|---|---|
| Washington | "Three elements must be established in order to sustain a claim based on unjust enrichment: a benefit conferred upon the defendant by the plaintiff; an appreciation or knowledge by the defendant of the benefit; and the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Bailie Commc'n, Ltd. v. Trend Bus. Sys., Inc.*, 810 P.2d 12, 18 (Wash. Ct. App. 1991) (citation omitted). |
| West Virginia | "'Unjust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another.'" *Dunlap v. Hinkle*, 317 S.E.2d 508, 512 n.2 (W. Va. 1984) (citation omitted). |
| Wisconsin | "To recover on a claim for unjust enrichment, three elements must be proven: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under circumstances that makes its retention inequitable." *Tri-State Mechanical, Inc. v. Northland College*, 681 N.W.2d 302, 306 (Wis. Ct. App. 2004) (citations omitted). |
| Wyoming | "'There are four elements for a claim of unjust enrichment: (1) Valuable services were rendered, or materials furnished, (2) to the party to be charged, (3) which services or materials were accepted, used and enjoyed by the party, and, (4) under such circumstances which reasonably notified the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged. Without such payment, the party would be unjustly enriched." *Amoco Prod. Co. v. EM Nominee P'ship Co.*, 2 P.3d 534, 541-42 (Wyo. 2000) (citations omitted). |

# TAB C

Exhibit 48 (Tab C)

## FORTY-THREE JURISDICTION SURVEY OF CONSUMER PROTECTION STATUTES[1]

| Jurisdiction | Consumer Protection Statutory Language of "Partial Class Period" Jurisdictions | Reliance or scienter required? |
|---|---|---|
| Arizona | Arizona Consumer Fraud Act, Ariz. Rev. Stat. § 44-1521, *et. seq*. The act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice. Ariz. Rev. Stat. § 44-1522(A). | Scienter required for Ariz. Rev. Stat. § 44-1522(A). Reliance required. *See, e.g., Peery v. Hansen*, 585 P.2d 574, 577 (Ariz. Cr. App. 1978). |
| Arkansas | Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 *et seq*. Laundry list of "[d]eceptive and unconscionable trade practices," including "[e]ngaging in any . . . unconscionable, false, or deceptive act or practice in business, commerce, or trade." Ark. Code Ann. § 4-88-107(a)(10). | Scienter required for Ark. Code Ann. § 4-88-107(a)(1), but not for § 4-88-107(a)(10). |
| California | Consumers Legal Remedies Act, Cal. Civ. Code §1750 *et seq*. List of proscribed activities at Cal. Civ. Code §1770.<br><br>Unfair Competition Law, Cal Bus. & Prof. Code §17200: "As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." | |

[1] *See In re Pharmaceutical Industry Average Wholesale Price Litig.*, 230 F.R.D. 61 (D. Mass. 2005) and 233 F.R.D. 229 (D. Mass 2006) (certifying nationwide class for consumer protection claims under similar consumer protection statutes).

| Jurisdiction | Consumer Protection Statutory Language of "Partial Class Period" Jurisdictions | Reliance or scienter required? |
|---|---|---|
| Colorado | Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq.* Deceptive Practices list at 6-1-105(1) ("A person engages in deceptive trade practice when ... such person ... (e) Knowingly makes a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods... (g) Represents that goods ... are of a particular standard [or] quality ... if he knows or should know they are of another"). | Scienter and reliance required. Knowingly or intentionally for many violations. Col. Rev. Stat. § 6-1-105(1). |
| Connecticut | Unfair Trade Practices Act, Conn. Gen. Stat. Ann. § 42-110b. "No person shall engage in . . . unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b. | |
| Delaware | Deceptive Trade Practices Act, Del. Code Ann. 6, § 2531 *et seq.* "A person engages in a deceptive trade practice when, in the course of a business, vocation, or occupation, that person:...(5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have..." Del. Code Ann. 6, § 2532(a)(5). | |
| District of Columbia | Consumer Protection Procedures Act, D.C. Code Ann. § 28-3904. 31 enumerated deceptive practices, including "misrepresent[ation] as to a material fact which has a tendency to mislead"; and "fail[ure] to state a material fact if such failure tends to mislead." D.C. Code § 28-3904(a), (d), (e), (f). | Scienter required for violation. D.C. Code Ann.  § 28-3904(h). |
| Florida | Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et. seq.* Blanket prohibition providing: "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Fla. Stat. Ann. § 501.204(1). | |

| Jurisdiction | Consumer Protection Statutory Language of "Partial Class Period" Jurisdictions | Reliance or scienter required? |
|---|---|---|
| Hawaii | Uniform Deceptive Trade Practices Act, Haw. Rev. Stat. Ann. § 481A *et seq.* Provides standard deceptive practices laundry list. "A person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person…(5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have." Haw. Rev. Stat. Ann. § 481A-3(a)(5). | |
| Idaho | Consumer Protection Act. Idaho Code Ann. § 48-601 *et seq.* List enumerating 32 deceptive practices. "The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful, where a person knows, or in the exercise of due care should know, that he has in the past, or is: Engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer." Idaho Code Ann. § 48-603(17). | Knows or should know. Idaho Code Ann. § 48-603. |
| Illinois | Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact,… the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2. | Intent required and intent that others rely on deception. 815 ILCS 505/2 |
| Indiana | Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-1 *et seq.* "The following acts or representations … are deceptive acts … (1) That such subject of a consumer transaction has … characteristics … it does not have which the supplier knows or should reasonably know it does not have. (2) That such subject of a consumer transaction is of a particular standard … if it is not and if the supplier knows or should reasonably know that it is not…" Ind. Code § 24-5-0.5-3(a)(1), (2). | Violation must be knowing and intentional, Ind. Code Ann § 24-5-0.5-3, reliance required. Ind. Code Ann § 24-5-0.5-4. |

3

| Jurisdiction | Consumer Protection Statutory Language of "Partial Class Period" Jurisdictions | Reliance or scienter required? |
|---|---|---|
| Kansas | Consumer Protection Act, Kan. Stat. Ann. § 50-623 *et seq.* "No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."); Kan. Stat. Ann. §§ 50-626(a), (b)(setting forth list of deceptive acts and practices). | Scienter is required for Kan. Stat. Ann. § 50-626(b) but not Kan. Stat. Ann. § 50-626(a). |
| Maine | Unfair Trade Practices Act, 5 Me. Rev. Stat. Ann. § 205 *et seq.* Blanket prohibition providing: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." 5 Me. Rev. Stat. Ann. § 207. | |
| Maryland | Unfair or Deceptive Trade Practices, Md. Code Ann., Com. Law §§ 13-301 *et seq.* Standard Deceptive Practices laundry list: "Unfair or deceptive trade practices include any: [f]alse . . . or misleading oral or written statement . . . or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers"; "[f]ailure to state a material fact if the failure deceives or tends to deceive"; and "[d]eception, fraud, . . . misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with . . . [t]he promotion or sale of any consumer goods" Md. Code Ann., Com. Law §§ 13-301(1), (3), 9(). | |
| Massachusetts | Regulation of Business Practices for Consumers Protection, Mass. Gen. Laws Ann. Ch. 93A *et seq.* Blanket prohibition providing: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Mass. Gen. Laws Ann. Ch. 93A, §2. | |

4

| Jurisdiction | Consumer Protection Statutory Language of "Partial Class Period" Jurisdictions | Reliance or scienter required? |
|---|---|---|
| Michigan | Consumer Protection Act, Mich. Comp. Laws Ann. § 445.903 *et seq.* Standard Deceptive Practices laundry list plus "Unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful and are defined as follows:…Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have, [f]ailing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer"; and "[f]ailing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner." Mich. Comp. Laws Ann. § 445.903(1)(c), (s), (cc). | |
| Minnesota | Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43 - 325D.48. Provides standard deceptive practices laundry list: "A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person:…engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding." Minn. Stat. §§ 325D.44, 44(13). Under the Consumer Fraud Act, Minn. Stat. § 325F.68 – 325.70, "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby…" Minn. Stat. § 325F.69. | Scienter required.  Minn. Stat. § 325F.69; *Group Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 12 (Minn. 2001) (defendant must intend that its conduct be relied on, but reliance by the victim is not necessary for the violation to occur). |
| Missouri | Blanket prohibition providing: "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice." Vernon's Missouri Stat. § 407.020(1). | |

5

| Jurisdiction | Consumer Protection Statutory Language of "Partial Class Period" Jurisdictions | Reliance or scienter required? |
|---|---|---|
| Nebraska | Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq.* Blanket prohibition providing: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce shall be unlawful." Neb. Rev. Stat. § 59-1602.<br><br>Uniform Deceptive Trade Practices Act, Neb. Rev. Stat § 87-301 *et seq.* Standard Deceptive Practices laundry list. "A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, he or she…Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have." Neb. Rev. Stat § 87-302(a)(5). | |
| Nevada | Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0903 *et seq.* Standard Deceptive Practices laundry list plus "A person engages in a "deceptive trade practice" if, in the course of his business or occupation, he: knowingly makes any other false representation in a transaction"; and "knowingly [f]ails to disclose a material fact in connection with the sale or lease of goods…" Nev. Rev. Stat. §§ 598.0915(15),598.0923(2). | Knowledge required as element of many deceptive trade practices. Nev. Rev. Stat. §§ 598.0915,598.0923(2). |
| New Hampshire | Consumer Protection Act, N.H. Rev. Stat. §358-A:2. Standard Deceptive Practices laundry list: "It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state. Such unfair method of competition or unfair or deceptive act or practice shall include, but is not limited to, the following: Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that such person does not have." N.H. Rev. Stat. § 358-A:2(V). | |

| Jurisdiction | Consumer Protection Statutory Language of "Partial Class Period" Jurisdictions | Reliance or scienter required? |
|---|---|---|
| New Jersey | Blanket prohibition providing: "The act, use or employment . . . of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise ... is declared to be an unlawful practice ..." N.J. Rev. Stat. § 56:8-2. | No Scienter required for affirmative acts, but yes for omissions. *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994) ("[w]hen the alleged consumer-fraud violation consists of an affirmative act...plaintiff need not prove that the defendant intended to commit an unlawful act"); ("when the alleged consumer fraud consists of an omission, the plaintiff must show that the defendant acted with knowledge, and intent *is* an essential element of the fraud"). |
| New Mexico | Unfair Practices Act, N.M. Stat. § 57-12-1 *et seq.* Blanket prohibition providing: "Unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful." N.M. Stat. § 57-12-3. Standard Deceptive Practices list: "Unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services...which may, tends to or does deceive or mislead any person...." N.M. Stat. § 57-12-2D. | Scienter required. N.M. Stat. § 57-12-2D ("Unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made..."). |
| New York | Consumer Protection from Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349 *et seq.* Blanket prohibition providing: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." N.Y. Gen. Bus. Law § 349(a). | |
| North Carolina | Blanket prohibition providing: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1(a). | |

7

| Jurisdiction | Consumer Protection Statutory Language of "Partial Class Period" Jurisdictions | Reliance or scienter required? |
|---|---|---|
| North Dakota | Blanket prohibition providing: "The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice. N. D. Stat. § 51-15-02. | Scienter required. N. D. Stat. § 51-15-02 ("with the intent that others rely...."). |
| Ohio | Unfair, Deceptive or Unconscionable Acts or Practices, Ohio Rev. Code Ann. §§ 1345.01 *et seq.* Similar to the Federal Trade Commissions Act. Ohio Rev. Code § 1345.02(C). Standard Deceptive Practices list: "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction." Ohio Rev. Code § 1345.02(A). | Reliance required. *Amato v. General Motors Co*, 463 N.E.2d 625, 629 (Ohio 1982)("proof of reliance may be sufficiently established by inference or presumption from circumstantial evidence to warrant submission to a jury without direct testimony from each member of the class"). |
| Oklahoma | Consumer Protection Act, 15 Okla. Stat. §§ 752 *et seq.* Blanket prohibition of unfair or deceptive trade practices, plus Standard Deceptive Practices list. 15 Okla. Stat. §§ 752(13), (14), (16); 753. "'Deceptive trade practice' means a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person." "Unfair trade practice' means any practice which offends established public policy of if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." 15 Okla. Stat. § 752(13), (14). | Scienter is required. 15 Okla. Stat. § 753. |
| Oregon | Unlawful Trade Practices, Or. Rev. Stat. § 646.605 *et seq.* Standard Deceptive Practices list including "A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person does any of the following: [c]oncurrent with tender or delivery of any . . . goods . . . fails to disclose any known material defect"; and "[e]ngages in any other unfair or deceptive conduct in trade or commerce." Or. Rev. Stat. § 646.608(1). | Private plaintiff must prove willful violation. Or. Rev. Stat. § 646.638(1); *Rathgeber v. Hemenway*, 69 P.3d 710,715 (Or. 2003). |

8

| Jurisdiction | Consumer Protection Statutory Language of "Partial Class Period" Jurisdictions | Reliance or scienter required? |
|---|---|---|
| Pennsylvania | Unfair Competition Acts and Practices, 73 Pa. Stat. Ann. §§ 201-1 *et seq.* Blanket prohibition providing: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as defined by subclauses (i) through (xxi) of clause (4) of section 2 of this act and regulations promulgated under section 3.1 of this act are hereby declared unlawful"; Standard Deceptive Practices list plus "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. Stat. Ann. §§ 201-3, 201-2(4). | Reliance required unless fiduciary duty. *See Wurtzel v. Park Towne Place Associates Ltd. Partnership*, 2002 WL 31487894, at *14 (Pa.Com.Pl., 2002); *but see Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004). |
| Rhode Island | Deceptive Trade Practices Act, R.I. Gen. Laws §§ 6-13.1-1 *et seq.* Blanket prohibition providing: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful"; plus Standard Deceptive Practices list plus "[e]ngaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding"; "[e]ngaging in any act or practice which is unfair or deceptive to the consumer"; and "[u]sing any other methods, acts or practices which mislead or deceive members of the public in a material respect." R.I. Gen. Laws §§ 6-13.1-2, 6-13.1-1(5). Similar to the Federal Trade Commissions Act. R.I. Gen. Laws § 6-13.1-3. | |
| South Carolina | Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 *et seq.* Blanket prohibition providing: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." S.C. Code Ann. § 39-5-20(a). Similar to the Federal Trade Commissions Act. S.C. Code Ann. § 39-5-20(b). | |

9

| Jurisdiction | Consumer Protection Statutory Language of "Partial Class Period" Jurisdictions | Reliance or scienter required? |
|---|---|---|
| South Dakota | Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws § 37-24-1 *et seq.* List of deceptive acts and practices including: "It is a deceptive or unfair act or practice for any person to: [k]nowingly and intentionally act, use, or employ any deceptive or unfair act or practice, fraud, false pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise…." "Unfair practice means an act or practice which causes substantial, unavoidable injury to consumers that is not outweighed by any consumer or competitive benefits which the practice produces." S.D. Codified Laws § 37-24-6(1). | Scienter required.  S.D. Codified Laws § 37-24-6(1). |
| Tennessee | Consumer Protection Act, Tenn. Code Ann. § 47-18-101 et seq.  Blanket prohibition on unfair or deceptive acts or practices, including the Standard Deceptive Practices. Tenn. Code Ann. § 47-18-104(a),(b).  *See* Tenn. Code Ann. § 47-18-104(a) ("Unfair or deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts or practices…."). | |
| Texas | Deceptive Trade Practices and Consumer Protect Act, Tex. Bus & Com. Code Ann. § 17.41 *et seq.*  Standard Deceptive Trade Practices list.  Tex. Bus & Com. Code Ann. § 17.46. *See* Tex. Bus & Com. Code Ann. § 17.46(a) ("False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are … unlawful…."). | |
| Utah | Consumer Sales Practices Act, Utah Code Ann. § 13-11-1, *et seq.* Blanket prohibition on deceptive acts or practices in connection with consumer transactions, plus Standard Deceptive Practices list.  Utah Code Ann. § 13-11-4(1), (2).  "A deceptive act or practice by a supplier in connection with a consumer transaction violates this chapter whether it occurs before, during, or after the transaction." Utah Code Ann. § 13-11-4(1). | Scienter required.  Utah Code Ann. § 13-11-4(2). |
| Vermont | Consumer Fraud Act, Vt. Stat. Ann. tit. 9, § 2451 *et seq.*  Blanket prohibition providing: "Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful." Vt. Stat. Ann. tit. 9, § 2453(a).  Similar to the Federal Trade Commissions Act.  Vt. Stat. Ann. tit. 9, § 2453(c). | Reliance required. Vt. Stat. Ann. tit. 9, § 2461(b). |

10

| Jurisdiction | Consumer Protection Statutory Language of "Partial Class Period" Jurisdictions | Reliance or scienter required? |
|---|---|---|
| Virginia | Consumer Protection Act, Va. Code Ann. § 59.1-196. Standard Deceptive Practices list including "[u]sing any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction". Va. Code Ann. § 59.1-200(A)(14). | |
| Washington | Unfair Business Practices – Consumer Protection Act, Wash. Rev. Code § 19.86.010 *et seq.* Blanket prohibition providing: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Wash. Rev. Code § 19.86.020. Similar to the Federal Trade Commissions Act. *Testo v. Russ Dunmire Oldsmobile, Inc.*, 554 P.2d 349, 357 (Wash. App.1976). | |
| West Virginia | Consumer Protection Act, W. Va. Code §§ 46A-6-101 *et seq.* Blanket prohibition providing: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Plus Standard Deceptive Practices list. W. Va. Code §§ 46A-6-104; 46A-6-102(7). Similar to the Federal Trade Commissions Act. W. Va. Code § 46A-6-103. | |
| Wisconsin | Consumer Protection Act, Wis. Stats. § 421 - 427. "The underlying purposes and policies of chs. 421 to 427 are…[t]o protect customers against unfair, deceptive, false, misleading and unconscionable practices by merchants." Wis. Stats. § 421.102(2)(b). Standard Deceptive Trade Practices list. Wis. Stats. § 425.107. | |
| Wyoming | Consumer Protection Act, Wyo. Stat. Ann. § 40-12-101. "A person engages in a deceptive trade practice … when, in the course of his business and in connection with a consumer transaction, he knowingly,…[e]ngages in unfair or deceptive acts or practices." Wyo. Stat. Ann. § 40-12-105(a). Standard Deceptive Trade Practices list. Wyo. Stat. Ann. § 40-12-105. | Scienter required. Wyo. Stat. Ann. § 40-12-105(a). Reliance required. Wyo. Stat. Ann. § 40-12-108(a). |

11