# RICHARDS, LAYTON & FINGER
### A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

May 18, 2006

**VIA ELECTRONIC FILING &
HAND DELIVERY**

The Honorable Kent A. Jordan
United States District Judge
For the District of Delaware
844 King Street
Wilmington, DE 19801

Re: In re TriCor® Antitrust Litigations,
C.A. Nos. 02-1512, 03-120, 05-340, and 05-360

Dear Judge Jordan:

We write in response to Plaintiffs' May 15 letter introducing a new case, *Morton Grove Pharmaceuticals, Inc. v. Par Pharmaceuticals Co., Inc.*, 2006 WL 850873 (N.D. Ill. March 28, 2006), that they claim supports their position that an antitrust action predicated on procurement and enforcement of a patent can proceed without meeting the *Walker Process* standard.

Plaintiffs reliance on *Morton Grove* is misplaced because the key issue under dispute and briefed in that decision was not whether *Walker Process* and *PRE* are separate standards, but whether Plaintiffs alleged sufficient facts to support an antitrust claim. More importantly, the holding in *Morton Grove* does not provide any real support for Plaintiffs' position because that court found that the defendant had in fact pled fraud on the patent office, as is required under *Walker Process*. In those circumstances the result under *Walker Process* and *PRE* is the same.

As argued more fully in our briefs and at oral argument, *Walker Process* and *PRE* should be read to be consistent and the precedents can be harmonized by finding that <u>in the context of patent procurement and enforcement</u> – which the Supreme Court has specifically addressed – litigation brought to enforce a patent obtained through *Walker Process* fraud is sham litigation, but nothing short of *Walker Process* fraud can support a cause of action under the antitrust laws.

Reading *Walker Process* and *PRE* consistently with respect to conduct before the PTO is also in accord with the Third Circuit's teaching in *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119 (3d Cir. 1999), which was decided after the Federal Circuit's *Nobelpharma* decision. The

*Cheminor* court declined to carve out a new exception to the broad *Noerr-Pennington* immunity based on misrepresentations that do not go to the core of the litigant's case, and noted that in connection with a patent dispute any alleged misrepresentation must rise to the level of fraud to satisfy this standard. *Cheminor*, 168 F.3d at 124, fn.12 ("misrepresentations made to procure a patent must rise to the level of fraud in order to cause a patent infringement action to fail – unethical behavior alone is insufficient.").

To find that *PRE* creates a basis to remove antitrust immunity for conduct before the patent office that does not rise to the level of fraud would create a legal conflict where none need exist and would ignore the careful balance struck by the Supreme Court in *Walker Process* – something the *PRE* Court explicitly declined to do. *See PRE*, 508 U.S. 49, 61 n.6 (1993). Such a finding would also ignore the principal holding of the case most heavily relied on by Plaintiffs in support of their contention, *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1070 (Fed. Cir. 1998) (recognizing the fundamental distinction drawn by the Supreme Court in *Walker Process* between inequitable conduct, which acts as a shield in a patent case, and a higher finding of fraud, which is required to expose a patentee to the sword of potential antitrust liability).

Respectfully,

*/s/ Anne Shea Gaza*
Anne Shea Gaza

ASG:csi
cc:   Clerk of Court (by hand)
      (all record counsel)