# TAB G

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

June 2, 2006

By Hand

Chad J. Peterman
(212) 336-2877
Direct Fax (212) 336-7914
cjpeterman@pbwt.com

Keeper of Records
Horizon Healthcare
3 Penn Plaza East
Newark, NJ 07105-2200

Re:   In re: TriCor Indirect Purchaser Antitrust Litigation
      C.A. No. 05-360-KAJ (D. Del.)

To the Keeper of Records:

We represent defendant Abbott Laboratories in connection with the above referenced litigation. Attached is a subpoena to Horizon Healthcare ("Horizon") in connection with the litigation. The subpoena, issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, requests that Horizon produce for inspection and copying documents responsive to the requests in Exhibit A that are in your possession, custody, or control. The subpoena also requests that Horizon present a witness for a deposition on the topics in Exhibit B.

There is a protective order in place in this litigation governing the exchange of confidential information. A copy is included for your reference.

Please contact me at your earliest convenience to discuss Horizon's production of documents pursuant to this subpoena and the scheduling of a deposition.

Sincerely,

Chad J. Peterman

Enclosures

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | **SUBPOENA IN A CIVIL CASE** |
| | Civil Action No. 05-360-KAJ |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Judge Kent A. Jordan (case pending in D. Del.) |

TO:   Horizon Healthcare
      3 Penn Plaza East
      Newark, NJ 07105-2200

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See Exhibit B, attached hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Horizon Healthcare<br>3 Penn Plaza East<br>Newark, NJ 07105-2200 | June 19, 2006<br>9:30 AM |

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
   See Exhibit A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Horizon Healthcare<br>3 Penn Plaza East<br>Newark, NJ 07105-2200 | June 16, 2006 |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* <br> Attorney for Defendant Abbott Laboratories | June 2, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER: Chad J. Peterman, Patterson, Belknap, Webb & Tyler LLP, 1133 Avenue of the Americas, New York, NY 10036. (212) 336 2000.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the fogeing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party service the subpoena shall not be entitled to inspect and copy materials or inspect the premises expect pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, moveat any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i)   fails to allow reasonable time for compliance;
   (ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv)  subjects a person to undue burden.

(B) If a subpoena

   (i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DEFINITIONS AND INSTRUCTIONS

1. "You" and "Your" means Horizon Healthcare, Horizon Healthcare Insurance Company of New York, Horizon Healthcare Insurance Agency, and any of their predecessors, subsidiaries, divisions, affiliates, officers, directors, employees, past or present trustees, fiduciaries, representatives, agents, assigns, attorneys, accountants and all other persons or entities acting or purporting to act on behalf or under control of the foregoing.

2. "All documents" means every document and every non-identical copy known to You and every such document or writing which You can locate or discover by reasonably diligent efforts, including, but not limited to, documents now in the possession, custody or control of You, Your merged or acquired predecessors, Your former and present directors, officers, counsel, agents, employees and/or persons acting on Your behalf.

3. The term "TriCor®" means any pharmaceutical product marketed under the trade name "TriCor®," at any time.

4. The term "Lofibra®" means any pharmaceutical product marketed under the trade name "Lofibra®," at any time.

5. The term "Antara®" means any pharmaceutical product marketed under the trade name "Antara®," at any time.

6. The term "Triglide®" means any pharmaceutical product marketed under the trade name "Triglide®," at any time.

7. The term "Third Party Payment" means a payment of money or other valuable consideration, including reimbursements, by You or on Your behalf for prescription drug products prescribed or dispensed to Members.

1283741v1

8. The term "Members" means persons or entities enrolled or otherwise covered (e.g., participants and beneficiaries) under Your prescription benefit or other health, welfare or medical plan.

9. The term "Maintained Drug Formulary" or "Maintained Drug Formularies" means the comprehensive list(s) of brand-name and generic drugs covered under Your prescription benefit or other health, welfare or medical plans.

10. "Concerning" means relating to, referring to, in connection with, pertaining to, describing, discussing, analyzing, reflecting, summarizing, evidencing, embodying or constituting.

11. "Communication" and "communications" are used in a comprehensive sense, and shall mean and include every conceivable manner or means of disclosure, transfer or exchange of oral or written information (in the form of facts, ideas, inquiries or otherwise) between one or more persons or entities including, but not limited to, writings, documents, inter- and infra-office memoranda, correspondence, meetings, conferences, conversations, and/or agreements, whether face-to-face, by telephone, by mail, by telecopier, by telex, by computer or otherwise.

12. "PBM" means pharmacy benefit manager.

## RULES OF CONSTRUCTION

1. The terms "all" and "each" shall be construed as meaning either all and each as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

2. The connectives "and" and "or" shall be construed either disjunctively and conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

1283741v1

3. The use of the singular form of any word shall include the plural and vice versa.

4. The masculine gender includes the feminine.

## INSTRUCTIONS

1. Unless otherwise stated, these requests call for the production of all documents identified in the requests that were generated and/or maintained during the period January 1, 1998 to the date of production (the "Relevant Time Period"), or refer or relate to the Relevant Time Period.

2. In producing documents and other materials, you must furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

3. In producing documents, you must produce the original of each document requested together with all non-identical copies and drafts of that document if the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original (to the extent this is known).

4. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to identify any file number, file name, or any other file identification system utilized by the responding party, as well as the location and custodian of such records.

5. Documents attached to each other should not be separated.

6. Each request for production of documents extends to all documents in the possession, custody, or control of you or anyone acting on your behalf. A document is to be deemed in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by contract,

1283741v1

statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

7. If any responsive document was, but is no longer in the possession or subject to your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of, such disposition.

8. In the event that you object to any document request on the grounds of privilege or work product, a statement shall be provided as to each document which includes:

(a) the name of the author of the document;

(b) the name of the recipient of the document;

(c) the names of the persons to whom copies were sent;

(d) the job title of every individual named in (a), (b), and (c) above;

(e) the date the document was created, sent, and received;

(f) the location of the document;

(g) the custodian of the document;

(h) a brief description of the nature and subject matter of the document; and

(i) a statement of the privilege asserted and each and every fact or basis upon which a privilege is claimed or on which the document is otherwise withheld.

9. Notwithstanding the assertion of any objection to production, if a document contains non-objectionable or non-privileged matter, please produce that document, redacting that portion for which the objection is asserted, provided that the identification requested in paragraphs (h)

1283741v1

and (i) above are furnished.

10. The singular form of a noun or pronoun shall include within its meaning the plural form of the noun or pronoun and vice versa; the masculine form of a pronoun shall include within its meaning the feminine form of the pronoun and vice versa; and the use of any tense of any verb shall include within its meaning all other tenses of the verb.

11. These requests for production of documents are continuing in nature pursuant to Rule 26 of the Federal Rules of Civil Procedure so as to require, whenever necessary, continuing production and supplementation of responses between the initial date for production set forth above and the time of trial.

## EXHIBIT A

## DOCUMENTS TO BE PRODUCED

1. Copies of all of Your Maintained Drug Formularies during the Relevant Time Period.

2. Documents sufficient to show Your policies or procedures concerning the maintenance (including modifications thereto) of all Maintained Drug Formularies.

3. If any entity besides You has the power to modify or control Your Maintained Drug Formularies (e.g., a PBM), documents sufficient to show that entity's power to modify or control Your Maintained Drug Formularies.

4. Documents concerning Your discussions, considerations of, or decisions to add, delete or change the status of the following drugs on any Maintained Drug Formulary: (1) TriCor®, (2) Lofibra®, (3) Antara®, (4) Triglide®, and (5) any other fenofibrate product.

5. Documents sufficient to show the amount of Your Member's co-payment(s) for prescriptions under Your health insurance/prescription benefit plan(s).

6. A representative sample of contracts between You and PBMs, pharmacies or other entities, concerning the provision of pharmacy benefit management services, prescription drug coverage, or dispensing prescriptions to Your Members.

7. All Documents concerning Your communications with the manufacturers or suppliers of TriCor®, Lofibra®, Antara®, and Triglide® concerning: (a) the pricing (including rebates or other incentives) for TriCor®, Lofibra®, Antara®, and Triglide® or (b) the placement of TriCor®, Lofibra®, Antara®, and Triglide® on any Maintained Drug Formulary.

8. All documents concerning Your communications with the manufacturers or

1283741v1

suppliers of Lofibra®, Antara®, and Triglide® concerning any comparisons between TriCor®, and Lofibra®, Antara®, or Triglide®.

9. Representative samples of Your communications to Members regarding the availability or use of TriCor®, Lofibra®, Antara®, Triglide® or other fenofibrate products.

10. Representative samples of Your communications to pharmacies or physicians regarding the availability of, use of, prescriptions for, decision to prescribe or dispensing of TriCor®, Lofibra®, Antara®, Triglide® or other fenofibrate products.

11. All documents concerning efficacy, safety, price or consumer preference comparisons between any version of TriCor® and any version of Lofibra®, Antara® or Triglide®.

12. Documents sufficient to show Your Third Party Payments (including, total dollar amount, total dollar amount including rebates, and average dollar amount per prescription) for (1) TriCor®, (2) Lofibra®, (3) Antara®, (4) Triglide®, and (5) any other fenofibrate product.

13. Documents sufficient to show the rebates that You received for (1) TriCor®, (2) Lofibra®, (3) Antara®, (4) Triglide®, and (5) any other fenofibrate product.

## DEPOSITION TOPICS

1. Your policies or procedures concerning the maintenance (including modifications thereto) of all Maintained Drug Formularies.

2. Your control over Maintained Drug Formularies.

3. Your discussions, considerations of, or decisions to add, delete or change the status of the following drugs on any Maintained Drug Formulary: (1) TriCor®, (2) Lofibra®, (3) Antara®, (4) Triglide®, and (5) any other fenofibrate product.

4. Your Member's co-payment(s) for prescriptions under Your health insurance/prescription benefit plan(s).

5. Identification and authentication of contracts between You and PBMs, pharmacies or other entities, concerning the provision of pharmacy benefit management services, prescription drug coverage, or dispensing prescriptions to Your Members.

6. Your communications with the manufacturers or suppliers of TriCor®, Lofibra®, Antara®, and Triglide® concerning: (a) the pricing (including rebates or other incentives) for TriCor®, Lofibra®, Antara®, and Triglide® or (b) the placement of TriCor®, Lofibra®, Antara®, and Triglide® on any Maintained Drug Formulary.

7. Your communications with the manufacturers or suppliers of Lofibra®, Antara®, and Triglide® concerning any comparisons between TriCor®, and Lofibra®, Antara®, or Triglide®.

8. Your communications to Members regarding the availability or use of TriCor®, Lofibra®, Antara®, Triglide® or other fenofibrate products.

9. Your communications to pharmacies or physicians regarding the availability of, use of, prescriptions for, decision to prescribe or dispensing of TriCor®, Lofibra®, Antara®, Triglide®

or other fenofibrate products.

10. Your efficacy, safety, price or consumer preference comparisons between any version of TriCor® and any version of Lofibra®, Antara® or Triglide®.

11. Your total and average (per prescription) Third Party Payments for (1) TriCor®, (2) Lofibra®, (3) Antara®, (4) Triglide®, and (5) any other fenofibrate product.

12. Your rebates received for (1) TriCor®, (2) Lofibra®, (3) Antara®, (4) Triglide®, and (5) any other fenofibrate product.

1283741v1