# Chimicles & Tikellis LLP

ATTORNEYS AT LAW

One Rodney Square
P.O. Box 1035
Wilmington DE 19899
Telephone: (302) 656.2500
Telecopier: (302) 656.9053
E-mail: Mail@Chimicles.com

Nicholas E. Chimicles
Pamela S. Tikellis *
James R. Malone, Jr.
Michael D. Gottsch
Robert J. Kriner, Jr. *
Steven A. Schwartz
M. Katherine Meermans
Candice L.H. Hegedus
Joseph G. Sauder
Kimberly M. Donaldson
Daniel B. Scott
Fatema E.F. Burkey
Robert R. Davis *
Kimberly M. Litman
Timothy N. Mathews
A. Zachary Naylor *
Timothy P. Briggs
Daniel J. Brown *
Benjamin F. Johns

OF COUNSEL
Morris M. Shuster
Denise Davis Schwartzman
Anthony Allen Geyelin

*Attorneys admitted to
practice in Delaware

July 7, 2006

**BY HAND DELIVERY & E-FILING**

Honorable Kent A. Jordan
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

    Re:    **In Re TriCor Indirect Purchase Antitrust Litigation,
Cons. C.A. No. 05-360-KAJ**

Dear Judge Jordan:

    I write pursuant to Paragraph 6(h) of the Court's October 27, 2005 Scheduling Order in advance of the discovery dispute teleconference previously scheduled with Your Honor's chambers for 2:00 p.m. on July 11, 2006. We represent the indirect purchaser plaintiffs ("End-payor Plaintiffs"). On June 2, 2006, defendant Abbott Laboratories ("Abbott") served subpoenas on eight large non-party health insurers, all of whom are third-party payor members of the proposed end-payor class. The subpoenas seek wide-ranging document production and deposition testimony concerning the insurers' prescription drug formulary structure, copayment structures, pharmacy benefit manager contracts, pricing and rebates arrangements, and other business arrangements particular to each insurer.[1] Although the subpoenas have been served in the context of discovery on class certification matters, they seek information that is wholly irrelevant to whether the class should be certified. Moreover, the subpoenas impose substantial and unnecessary burden and expense on both the absent class members and End-payor Plaintiffs. In sum, the subpoenas constitute improper discovery, and should be quashed.

---

[1] The absent class members who received Abbott's subpoenas are: Anthem, Inc., Wellmark Blue Cross, UPMC Health Plan, CIGNA Corp., Coventry Health Plan, Harvard Pilgrim Health Care, Horizon Health Care, and Independence Blue Cross. A copy of Abbott's subpoena package is annexed hereto as Exhibit A.

HAVERFORD OFFICE
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642.8500
Telecopier: (610) 649.3633

The Honorable Kent A. Jordan
July 7, 2006
Page -2-

Discovery of absent class members is disfavored. *Kline v. First Western Gov't Sec. Inc.*, No. Civ-A-83-1076, 1996 WL 122717, at *1 (E.D. Pa. Mar. 11, 1996). As the Supreme Court has explained, generally, "an absent class-action plaintiff is not required to do anything." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985). *See also In re Lucent Tech. Sec. Litig.*, No. 00-CV-621, 2002 WL 32815233, *2 (D.N.J. July 16, 2002) (quoting *Kline*). For this reason, "[d]iscovery relevant to certification should generally be directed to the named parties." *Annotated Manual for Complex Litigation*, § 21.14 at 293 (5th ed. 2005). "One of the principal advantages of class actions over massive joinder or consolidation would be lost if all class members were routinely subjected to discovery." *Id.* § 21.41 at 368. In consequence, "[d]iscovery of unnamed members of the proposed class requires a demonstration of need." *Id.* § 21.14 at 293. *See generally* A. Conte & H. Newberg, *Newberg on Class Actions* §§ 16.1-16.3 (4th ed. 2002).

The teaching of the *Manual for Complex Litigation* mirrors case law on the subject. First, to be allowed, absent class member discovery must relate to common questions, not individual questions. *See, e.g., Robertson v. National Basketball Assoc.*, 67 F.R.D. 691, 700 (S.D.N.Y. 1975) (discovery of individual class members' damages not allowed). Second, the discovery must be "sought in good faith and not be overly burdensome." *Cooper v Pacific Life Ins. Co.*, No. CV203-131, 2005 WL 1866166 (S.D. Ga. Aug. 5, 2005).

Abbott has not shown that the discovery it seeks is necessary or even relevant to common questions. The predominant issue in this case, and the issue common to all class members, is whether Abbott's anticompetitive conduct perpetuated its market dominance. Abbott's subpoenas, however, seek discovery that has nothing to do with Abbott's conduct. Instead, they seek information – spanning a period of more than seven years – concerning the particular business practices of the individual absent class members, as follows:

- the design and maintenance of each of their drug formularies and the positioning of Tricor and other fenofibrates on each of their formularies;

- the copayment amounts required under each of their drug plans;

- their contracts with their pharmacy benefit managers;

- communications with manufacturers, suppliers, physicians, pharmacies and members concerning fenofibrates and/or their pricing, rebates and formulary placement;

- all documents concerning efficacy, safety, price or consumer preference comparisons among fenofibrates, and;

- the payments each has made and rebates each has received on all fenofibrates.

Abbott's absent class member discovery is not focused on the fitness of named plaintiffs to represent the class, but on efforts by individual absent class members to avoid the harmful effects of Abbott's misconduct. This discovery is irrelevant to class certification. *See In re*

*Linerboard Antitrust Litig.,* 203 F.R.D. 197, 220 (E.D. Pa. 2001) ("Plaintiffs need only make a threshold showing that the element of impact will predominantly involve generalized issues of proof, rather than questions which are particular to each member of the plaintiff class.") (citations omitted), *aff'd,* 305 F.3d 145 (3d Cir. 2002). Whatever distinctions Abbott hopes to reveal as between the named plaintiffs and absent class members – size, bargaining power, attention to formulary design – have no bearing on class certification, where the predominant issue remains defendants' suppression of generic competition and the increased costs it imposed on end-payors. *See, e.g.,* . *In re Linerboard Antitrust Litig.*, 305 F.3d 145, 163 (3d Cir. 2002) ("common issues ... predominate here because the inquiry necessarily focuses on defendants' conduct, that is, what defendants did rather than what plaintiffs did.").

The discovery Abbott seeks is also irrelevant to liability. *E.g., In re Flat Glass Antitrust Litig.,* 191 F.R.D. 472 (W.D. Pa. 1999) (antitrust liability focuses on conduct of the defendant). Differences in the degree of damage among class members – whether large third-party payors could better defend themselves against Abbott's market abuse than smaller ones – can and should be addressed during the claims administration process. *Cf. Bogosian v. Gulf Oil Corp.,* 561 F.2d 434, 454 (3d Cir. 1977) ("[T]he necessity for calculation of damages on an individual basis should not preclude class determination when common issues which determine liability predominate.").

Further, it is manifest that these discovery demands, seeking both documents and testimony, impose an extreme burden and considerable expense on absent class members who have chosen not to participate actively in this proceeding. The objections served by the third-party payors themselves make clear that simply locating responsive documents and electronically stored information, let alone reviewing and producing it all (after culling for privilege), would require hundreds of hours of attorney and staff time to determine which departments, files, and individuals possess them.[2] Abbott's deposition subpoenas also will impose needless burden on End-payor Plaintiffs' counsel.

Because the discovery Abbott seeks is irrelevant, needlessly burdensome and expensive, the subpoenas are improper and should be quashed.

Respectfully,

A. Zachary Naylor (#4439)

AZN/ald
cc: Clerk of the Court (by e-filing)
All Counsel (by e-filing and electronic mail)

---

[2] Sally F. Zweig, counsel for Anthem, Inc., sent a June 22, 2006 letter to defense counsel that details some of the costs and burdens associated with attempting to comply with the subpoena. A copy of the letter is annexed hereto as Exhibit B. Peter D. St. Phillip, Jr., counsel for Connecticut General Life Insurance Company and Horizon BlueCross and BlueShield of New Jersey, sent a letter dated July 6, 2006 directly to the Court expressing similar objections.