

New York
The Gateway
One North Lexington Avenue
White Plains, NY 10601-1714
914-997-0500 Telephone
914-997-0035 Fax

Pennsylvania
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428-2977
610-941-2760 Telephone
610-862-9777 Fax

www.ldbs.com

July 6, 2006

**VIA OVERNIGHT MAIL**

Honorable Kent A. Jordan
United States District Judge
J. Caleb Boggs Federal Building
Wilmington, DE 19801

      Re:    *In re TriCor Indirect Purchaser Antitrust Litig.*, Docket No. 05-360

Dear Judge Jordan:

      We represent third parties Connecticut General Life Insurance Company ("CIGNA") and Horizon BlueCross BlueShield of New Jersey ("Horizon") in connection with subpoenas issued by counsel for Abbott Laboratories ("Abbott") in this litigation. Please accept this letter as objections to the subpoenas. CIGNA and Horizon are not parties to this litigation and have no information bearing upon the merits *vel non* of the claims presented. As such, the burden of responding to Abbott's request would necessarily outweigh the relevance of any information which would be discovered. Further, information concerning how drugs are selected for purchase are trade secrets which CIGNA and Horizon take steps to conceal from drug manufacturers like Abbott. As a result, CIGNA and Horizon join in class plaintiffs' motion to quash the subpoenas. In the event that the motion is denied, CIGNA and Horizon respectfully seek leave to present evidence in support of their positions, which are briefly stated below.

      **The Subpoenas Do Not Seek Information Relevant to The Claims or Defenses of Any Party To The Action**

      Rule 26(b)(1) of the Federal Rules of Civil Procedure limits the scope of discovery to "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." FED. R. CIV. P. 26(b)(1). CIGNA and Horizon are not parties and, to their knowledge, have no documents in their possession relevant to the parties to the litigation.

      The proposed topics for discovery include:



July 6, 2006
Page 2

    (1)    drug formularies;

    (2)    procedures concerning the maintenance of drug formularies;

    (3)    discussions regarding the status of TriCor and other products on drug formularies;

    (4)    documents sufficient to show the amount of member co-payments for prescriptions under all of the plans sponsored;

    (5)    contracts with PBMs and pharmacies;

    (6)    communications with Abbott concerning TriCor and other manufacturers concerning other drugs;

    (7)    communications with members concerning TriCor and other drugs;

    (8)    documents comparing TriCor with other drugs; and

    (9)    claims and rebate information concerning TriCor and other drugs.

Topics (1) - (3) concern CIGNA's and Horizon's decision to place products on their formularies. How CIGNA and Horizon go about deciding which pharmaceutical products to buy has no relevance to any issues in this litigation. Topics (4) and (9) concern claim information specific to CIGNA and Horizon. Topics (5) - (8) seek contracts and communications between CIGNA and Horizon and others. Likewise, these topics do not bear upon the claims and/or defenses of others.

**Responding To The Subpoenas Would Be Unduly Burdensome For CIGNA and Horizon**

Abbott has an obligation to "take reasonable steps to avoid imposing undue burden or expense" upon non-parties such as CIGNA and Horizon. FED. R. CIV. P. 45(c)(1). It has not taken these steps.

CIGNA and Horizon collectively sponsor pharmacy benefits for more than 13 million people in the United States. Each has substantial claims systems which take much time and energy to query. In the event that the Court denies the motion for a protective order filed by class

0854 / LTR / 00078644.WPD v1



July 6, 2006
Page 3

plaintiffs, CIGNA and Horizon respectfully seek leave to submit evidence of their burden in support of a motion to quash.

### CIGNA's and Horizon's Drug Selection Efforts Are Trade Secrets

CIGNA and Horizon both guard from public view the process by which they select drugs for their formularies (Topics (2) - (3), (6) & (8)). In the event that the Court denies class plaintiffs' motion for a protective order, CIGNA and Horizon respectfully seek leave to provide evidence of their efforts in this regard so that they may protect this sensitive information from disclosure.

Respectfully submitted,

Peter D. St. Phillip, Jr.

PSP/tc
cc:     Counsel of Record (*via* electronic mail)