IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE:  TRICOR INDIRECT PURCHASER                )
            ANTITRUST LITIGATION                              )
———————————————————————              )
                               )     Civil Action No. 05-360 (KAJ)
THIS DOCUMENT RELATES TO:                        )
                               )         CONSOLIDATED
   *Pacificare Health Systems, Inc.* (05-591)         )
———————————————————————              )

## ABBOTT'S ANSWER TO PLAINTIFF
## PACIFICARE HEALTH SYSTEMS, INC.'S AMENDED COMPLAINT

Respondent Abbott Laboratories ("Abbott"), by its undersigned attorneys, hereby answers Pacificare Health Systems, Inc.'s Amended Complaint ("Pacificare Complaint"), on knowledge as to itself and otherwise on information and belief, as follows:

1.      Paragraph 1 contains a description of this proceeding and legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 1.

2.      Admit that paragraph 2 contains a non-exhaustive description of TriCor.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Abbott is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

10.     Admitted.

11.     Admitted.

12.     Admit that Pacificare purports to bring this action under the identified statutes.

13.     Admitted.

14.     Admitted.

15.     Admit that venue is proper in this judicial district as to Abbott.

16.     Admit only that Defendants manufacture and sell TriCor and that TriCor is sold in interstate commerce.  Abbott otherwise denies the allegations in paragraph 16.

17.     Admit only that the relevant geographic market is the United States. Abbott otherwise denies the allegations in paragraph 17.

18.     Paragraph 18 contains legal conclusions that require no answer.

19.     Paragraph 19 contains legal conclusions that require no answer.

20.     Paragraph 20 contains descriptive narrative and legal conclusions that require no answer.

21.     Paragraph 21 contains descriptive narrative and legal conclusions that require no answer.

22.     Paragraph 22 contains descriptive narrative that requires no answer.

23.     Paragraph 23 contains legal conclusions that require no answer.

24.     Paragraph 24 contains legal conclusions that require no answer.

25.     Paragraph 25 contains legal conclusions that require no answer.

26.     Paragraph 26 contains legal conclusions that require no answer.

27.     Admit only that paragraph 27 contains a non-exhaustive description of fenofibrate and TriCor.

28.    Admit only that fenofibrate is a fibrate and that fibrates, statins, bile acid sequestrants, and niacin are cholesterol-lowering drugs. Abbott otherwise denies the allegations in paragraph 28.

29.    Admit only that the FDA approved fibrate drugs include TriCor (fenofibrate), Atromid (clofibrate), and Lopid (gemfibrozil). Abbott otherwise denies the allegations in paragraph 29.

30.    Admitted.

31.    Admitted.

32.    Admitted.

33.    Admit only that paragraph 33 purports to describe U.S. Patent Nos. 6,074,670 ("the '670 Patent"), 6,277,405 ("the '405 Patent"), 6,589,552 ("the '552 Patent"), and 6,652,881 ("the '881 Patent")(collectively, "Stamm Patents"). Abbott states that the patents speak for themselves and should be read as a whole.

34.    Admitted.

35.    Admit only that (i) Novopharm filed an ANDA with the FDA on or around December 14, 1999 for fenofibrate capsule, (ii) the ANDA was later amended, and (iii) Novopharm submitted paragraph IV certifications. To the extent that Paragraph 35 describes the ANDA and the paragraph IV certification, Abbott states that the documents speak for themselves and should be read as a whole. Abbott otherwise denies the allegations in paragraph 35.

36.    Admit only that Impax (i) filed an ANDA with the FDA for fenofibrate capsules on or around May 9, 2000 and (iii) submitted a paragraph IV certification. The certification speaks for itself and should be read as a whole. Abbott otherwise denies the allegations in paragraph 36.

37.    Admit only that Abbott and Fournier filed complaints alleging infringement of the '726 patent against Teva and Impax in the United States District Court of the District of Illinois on or about April 7, 2000, August 18, 2000, and March 19, 2001.  The complaints speak for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 37.

38.    Paragraph 38 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 38.

39.    Admit only that in Abbott Laboratories v. Novopharm Ltd., 2002 WL 433584 (N.D. Ill. Mar. 20, 2002), the U.S. District Court for the Northern District of Illinois granted summary judgment of noninfringement of the '726 Patent in favor of Teva.  The decision speaks for itself and should be read as a whole.  Abbott otherwise denies the allegations in Paragraph 39.

40.    Admit only that on April 9, 2002, (i) Teva received final approval from the FDA to market a 200 mg and 134 mg fenofibrate product, (ii) tentative approval to market a 54 mg product, and (iii) that Teva purports to have launched a fenofibrate capsule product in April 2002.  Paragraph 40 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in Paragraph 40.

41.    Admit only that (i) on March 20, 2003, the U.S. Court of Appeals for the Federal Circuit ruled on the appeal of the trial court's decision in Abbott Laboratories v. Novopharm Ltd., 2002 WL 433584 (N.D. Ill. Mar. 20, 2002), and (ii) Teva received final FDA approval to market its 67 mg fenofibrate capsule product on September 3, 2002.  Abbott otherwise denies the allegations in paragraph 41.

42.    Admitted.

43.     Paragraph 43 contains legal conclusions that require no answer. Abbott otherwise denies the allegations in paragraph 43.

44.     Denied.

45.     Denied.

46.     Admit only that (i) on November 10, 1999, Abbott filed an NDA for a TriCor tablet in 54 mg and 160 mg strengths, and (ii) the FDA approved this NDA on September 5, 2001.

47.     Admit only that the TriCor tablets (160 mg and 54 mg) contain the same drug (fenofibrate) as TriCor capsules and had common clinical studies. Abbott otherwise denies the allegations in paragraph 47.

48.     Admit only that there were no pending ANDAs seeking approval to market a generic tablet for when TriCor tablets received final FDA approval. Paragraph 48 contains legal conclusions that require no response. Abbott otherwise denies the allegations in paragraph 48.

49.     Admit only that (i) Abbott discontinued marketing of the TriCor capsule formulation at a point following the introduction of the 160 mg and 54 mg TriCor tablet products, (ii) Abbott sales representatives stopped detailing the discontinued TriCor capsule product, and (iii) Abbott destroyed part of its existing inventory of TriCor capsules. Abbott otherwise denies the allegations in paragraph 49.

50.     Admit only that Abbott began to sell and market TriCor tablets and discontinued selling and marketing TriCor capsules. Abbott otherwise denies the allegations in paragraph 50.

51.     Admit only that on February 27, 2002, Abbott notified the NDDF that the TriCor capsule products were discontinued.  Paragraph 51 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 51.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Admit that generic manufacturers filed ANDAs for 54 mg and 160 mg tablets.  Abbott otherwise denies the allegations in paragraph 56.

57.     Admit only that Teva (i) filed an ANDA with the FDA for 54 mg and 160 mg fenofibrate tablets on June 17, 2002, and (iii) submitted a paragraph IV certification for the '726 Patent, the '670 Patent and the '405 Patent.  The certification speaks for itself and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 57.

58.     Admit only that Impax (i) filed an ANDA with the FDA for 54 mg and 160 mg fenofibrate tablets in December 2002 and (iii) submitted a paragraph IV certification for the '726 Patent, the '670 Patent, and the '405 Patent.  The certification speaks for itself and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 58.

59.     Admit only that Abbott and Fournier filed (i) Civil Action No. 02-1512 on October 4, 2002, for infringement of the '726 Patent, the '670 Patent, and the '405 Patent, (ii) Civil Action No. 03-847 on August 29, 2003, for infringement of the '552 patent, and (iii) Civil Action No. 04-0047 on January 22, 2004, for infringement of the '881 Patent.  The complaints speak for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 59.

60.     Paragraph 60 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 60.

61.     Admit only that Abbott and Fournier filed a complaint against Impax alleging infringement of the '670 and '405 patents on January 23, 2003, and subsequently filed suits alleging infringement of the '552 and '881 patents.   Paragraph 61 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 61.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Admit only that on March 5, 2004, the FDA granted tentative approval to Teva's Tablet ANDA.  Paragraph 65 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 65.

66.     Admit only that on May 6, 2005, the District Court of Delaware granted summary judgment of non-infringement of the '670 Patent, the '552 Patent, and the '405 Patent in favor of Teva.  The Court's decision speaks for itself and should be read as a whole.

67.     Admit only that the FDA granted final approval to Teva's Tablet ANDA on May 13, 2005.  Paragraph 67 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 67.

68.     Admit only that Abbott and Fournier dismissed their patent infringement claims.  Abbott otherwise denies the allegations in paragraph 68.

69.     Admit only that on or about October 29, 2003, Abbott submitted an NDA to the FDA for TriCor 48 mg and 145 mg fenofibrate tablets.  Paragraph 69 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 69.

70.    Admit only that on November 5, 2004, the FDA approved Abbott's NDA for 48 mg and 145 mg TriCor tablets.  Abbott otherwise denies the allegations in paragraph 70.

71.    Admit only that (i) Abbott discontinued marketing of the TriCor 160 mg and 54 mg TriCor tablet products, and (ii) Abbott sales representatives stopped detailing the discontinued TriCor 160 mg and 54 mg tablet products.  Abbott otherwise denies the allegations in paragraph 71.

72.    Admit only that Abbott began to sell and market TriCor tablets and discontinued selling and marketing TriCor capsules.  Paragraph 72 purports to describe content from Abbott's website.  Abbott states that the website speaks for itself.  Abbott otherwise denies the allegations in paragraph 72.

73.    Admit only that (i) on May 6, 2005, the Court ruled that Teva's tablet product does not infringe the '552 Patent, the '670 Patent, or claim 9 of the '405 patent and (ii) on May 6, 2005, Abbott notified the NDDF that the TriCor 160 mg and 54 mg tablet products were discontinued.  Abbott otherwise denies the allegations in paragraph 73.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Abbott states that the Stamm Patents, their prosecution histories, and the privilege logs speak for themselves and should be read as  a whole.  Abbott otherwise denies the allegations in paragraph 80.

81.    Denied.

82.    Admitted.

83.    Admit only that paragraph 83 purports to describe and quote from the Stamm Patents.  Abbott states that the Stamm Patents and their prosecution histories speak for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 83.

84.    Admit only that paragraph 84 purports to describe the '726 Patent.  Abbott states that the '726 Patent and its European counterpart, their prosecution histories and the reexamination history of the '726 Patent speak for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 84.

85.    Admit only that paragraph 85 purports to describe and quote from the Stamm Patents.  Abbott states that the Patents and their prosecution histories speak for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 85.

86.    Admit only that paragraph 86 purports to describe and quote from the Stamm Patents.  Abbott states that the Stamm Patents and their prosecution histories speak for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 86.

87.    Admit only that paragraph 87 purports to describe and quote from the Stamm Patents.  Abbott states that the Stamm Patents and their prosecution histories speak for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 87.

88.     Admit only that paragraph 88 purports to describe and quote from the Stamm Patents.  Abbott states that the Stamm Patents and their prosecution histories speak for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 88.

89.     Admit only that paragraph 89 purports to describe and quote from the Stamm Patents.  Abbott states that the Stamm Patents and their prosecution histories speak for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 89.

90.     Admit only that paragraph 90 purports to describe the Stamm Patents. Abbott states that the Stamm Patents and their prosecution histories speak for themselves and should be read as a whole.  Paragraph 90 contains legal conclusions that require no answer. Abbott otherwise denies the allegations in paragraph 90.

91.     Admit only that paragraph 91 purports to describe the May 30, 1997 memorandum by Pascale Blouquin.  Abbott states that the document speaks for itself and should be read as a whole.  In addition, Abbott states that the Stamm Patents and their prosecution histories speak for themselves and should be read as  a whole.

92.     Admit only that paragraph 92 purports to describe the May 30, 1997 memorandum by Pascale Blouquin.  Abbott states that the document speaks for itself and should be read as a whole.

93.     Admit only that paragraph 93 purports to describe the May 30, 1997 memorandum by Pascale Blouquin.  Abbott states that the document speaks for itself and should be read as a whole.  Paragraph 93 contains legal conclusions that require no answer.

94.     Paragraph 94 contains legal conclusion that require no answer.  Abbott otherwise denies the allegations in paragraph 94.

95.     Abbott denies that TriCor capsule is the name for the capsule marketed and sold by Abbott in the United States that is the same formulation as Lipanthyl 200M and Lipanthyl 67M.  Paragraph 95 otherwise contains legal conclusions that require no answer.

96.     Paragraph 96 contains legal conclusions that require no answer.  Admit only that paragraph 96 purports to describe an unspecified Fournier document.  Without a cite to a specific document, Abbott is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 96, therefore denied.  Abbott otherwise denies the allegations in paragraph 96.

97.     Admit only that paragraph 97 purports to describe an unspecified Fournier document.  Without a cite to a specific document, Abbott is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 97, therefore denied.  Abbott otherwise denies the allegations in paragraph 97.

98.     Admit only that paragraph 98 purports to describe the Stamm Patents.  Abbott states that the Stamm Patents and their prosecution histories speak for themselves and should be read as a whole.  Paragraph 98 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 98.

99.     Admit only that paragraph 99 purports to describe parts of the '670 Patent's prosecution history.  Abbott states that the '670 patent and its prosecution history speak for themselves and should be read as a whole.  Paragraph 99 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 99.

100.    Admit only that paragraph 100 purports to describe parts of the '670 Patent's prosecution history.  Abbott states that the '670 patent and its prosecution history speak for themselves and should be read as a whole.  Paragraph 100 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 100.

101.    Admit only that paragraph 101 purports to describe parts of the '405 patent or its prosecution history.  Abbott states that the '405 patent and its prosecution history speak for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 101.

102.    Admit only that paragraph 102 purports to describe or quote parts of the '405 patent or its prosecution history.  Abbott states that the '405 patent and its prosecution history speak for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 102.

103.    Admit only that paragraph 103 purports to describe or quote parts of the '405 patent or its prosecution history.  Abbott states that the '405 patent and its prosecution history speak for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 103.

104.    Admit only that paragraph 104 purports to describe or quote parts of the '405 patent or its prosecution history.  Abbott states that the '405 patent and its prosecution history speak for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 104.

105.    Admit only that paragraph 105 purports to describe or quote parts of the '405 patent or its prosecution history.  Abbott states that the '405 patent and its prosecution

history speak for themselves and should be read as a whole.   Abbott otherwise denies the allegations in paragraph 105.

106.    Admit only that paragraph 106 purports to describe or quote parts of the '405 patent or its prosecution history.  Abbott states that the '405 patent and its prosecution history speak for themselves and should be read as a whole.   Abbott otherwise denies the allegations in paragraph 106.

107.    Admit only that paragraph 107 purports to describe or quote parts of the '881 patent or its prosecution history.  Abbott states that the '881 patent and its prosecution history speak for themselves and should be read as a whole.   Abbott otherwise denies the allegations in paragraph 107.

108.    Admit only that paragraph 108 purports to describe or quote parts of the '881 patent or its prosecution history.  Abbott states that the '881 patent and its prosecution history speak for themselves and should be read as a whole.   Abbott otherwise denies the allegations in paragraph 108.

109.    Admit only that paragraph 109 purports to describe the Stamm Patents or their prosecution histories.  Abbott states that the Stamm patents and their prosecution histories speak for themselves and should be read as a whole.  Paragraph 109 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 109.

110.    Abbott is not aware of any individual fitting the description of paragraph 110 and therefore denies the allegations in paragraph 110.

111.    Admitted.

112.    Admitted.

113.    Abbott is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 113, therefore denied.  Paragraph 113 contains legal conclusions that require no answer.

114.    Admit only that paragraph 114 purports to describe the "Development Report" authored by Reginault in October 1996.  Abbott states that the document speaks for itself and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 114.

115.    Admit only that paragraph 115 purports to describe an unspecified Fournier document.  Without a cite to a specific document, Abbott is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 115, therefore denied.  Abbott otherwise denies the allegations in paragraph 115.

116.    Abbott admits only that paragraph 116 purports to describe an unspecified Fournier document generated by Reginault.  Abbott states that the document speaks for itself and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 116.

117.    Abbott admits only that paragraph 117 purports to describe an unspecified Fournier document authored by Reginault.  Abbott states that the document speaks for itself and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 117.

118.    Admit only that Reginault was involved in the prosecution of the Stamm Patents.  Abbott states that the Stamm Patents and their prosecution histories speak for themselves.  Abbott is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 118, therefore denied.

119.    Abbott admits only that paragraph 119 purports to describe an unspecified Fournier document.  Abbott states that the document speaks for itself and should be read as a whole.  Abbott is otherwise without sufficient knowledge or information to form a belief as to

the truth of the allegations contained in paragraph 119, therefore denied. Abbott otherwise denies the allegations in paragraph 119.

120. Abbott admits only that paragraph 120 purports to describe the Reginault Declaration. Abbott states that the document speaks for itself and should be read as a whole. Paragraph 120 otherwise contains legal conclusions that require no answer. Abbott otherwise denies the allegations in paragraph 120.

121. Abbott admits only that paragraph 121 purports to quote from the Reginault Declaration. Abbott states that the document speaks for itself and should be read as a whole. Abbott otherwise denies the allegations in paragraph 121.

122. Abbott admits only that paragraph 122 purports to describe the Reginault Declaration. Abbott states that the document speaks for itself and should be read as a whole. Paragraph 122 contains legal conclusions that require no answer. Abbott otherwise denies the allegations in paragraph 122.

123. Abbott admits only that paragraph 123 purports to describe the Boyer Patent. Abbott states that the document speaks for itself and should be read as a whole. Abbott otherwise denies the allegations in paragraph 123.

124. Abbott admits only that paragraph 124 purports to describe the Reginault Declaration. Abbott states that the document speaks for itself and should be read as a whole. Abbott otherwise denies the allegations in paragraph 124.

125. Abbott admits only that paragraph 125 purports to describe the Reginault Declaration. Abbott states that the document speaks for itself and should be read as a whole. Abbott otherwise denies the allegations in paragraph 125.

126.    Abbott admits only that paragraph 126 purports to describe the Reginault Declaration.  Abbott states that the document speaks for itself and should be read as a whole. Abbott otherwise denies the allegations in paragraph 126.

127.    Admit only that Reginault was a point of contact for Abbott. Abbott otherwise denies the allegations in paragraph 127.

128.    Paragraph 128 contains legal conclusions regarding the "duty to disclose" and "material information" that require no answer.  Admit only that Reginault signed an inventor's oath in connection with the '726 patent.  Abbott states that the inventor's oath, and the '881 patent and its prosecution history speak for themselves and should be read as a whole. Abbott is without sufficient knowledge or information to form a belief as to Reginault's "aware[ness]" as alleged in paragraph 128 and therefore denies this allegation.  Abbott otherwise denies the allegations in paragraph 128.

129.    Admit only that paragraph 129 purports to describe or quote the Reginault Declaration.  Abbott states that the document speaks for itself and should be read as a whole. Abbott otherwise denies the allegations in paragraph 129.

130.    Admit only that paragraph 130 purports to describe or quote the Reginault Declaration, the '881 patent and the prosecution history for the '881 patent.  Abbott states that these document speaks for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 130.

131.    Admit only that paragraph 131 purports to describe the Reginault Declaration, the '881 patent and the prosecution history for the '881 patent.  Abbott states that these document speaks for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 131.

132.    Denied.

133.    Admit only that paragraph 133 purports to describe the '881 patent and the prosecution history for the '881 patent. Abbott states that these document speak for themselves and should be read as a whole. Additionally, paragraph 133 contains legal conclusions that require no answer. Abbott otherwise denies the allegations in paragraph 133.

134.    Admit only that paragraph 134 purports to describe the '881 patent and the prosecution history for the '881 patent. Abbott states that these document speaks for themselves and should be read as a whole. Additionally, paragraph 134 contains legal conclusions that require no answer. Abbott otherwise denies the allegations in paragraph 134.

135.    Admit only that paragraph 135 purports to describe the '881 patent and the prosecution history for the '881 patent. Abbott states that these document speak for themselves and should be read as a whole. Additionally, paragraph 135 contains legal conclusions that require no answer. Abbott otherwise denies the allegations in paragraph 135.

136.    Admit only that paragraph 136 purports to describe the Stamm Patents and their prosecution histories. Abbott states that these documents speak for themselves and should be read as a whole. Additionally, paragraph 136 contains legal conclusions that require no answer. Abbott otherwise denies the allegations in paragraph 136.

137.    Admit only that paragraph 137 purports to describe the Stamm Patents and their prosecution histories. Abbott states that these documents speaks for themselves and should be read as a whole. Additionally, paragraph 137 contains legal conclusions that require no answer. Abbott otherwise denies the allegations in paragraph 137.

138.    Paragraph 138 contains legal conclusions that require no answer. Abbott otherwise denies the allegations in paragraph 138.

139.    Admit only that paragraph 139 purports to describe the Stamm Patents and their prosecution histories.  Abbott states that these documents speak for themselves and should be read as a whole.  Additionally, paragraph 139 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 139.

140.    Admit only that paragraph 140 purports to describe the Stamm Patents and their prosecution histories.  Abbott states that these documents speak for themselves and should be read as a whole.  Abbott is otherwise without sufficient knowledge to form a belief as to the truth of the allegations in paragraph 140, therefore denied.

141.    Abbott admits only that paragraph 141 purports to quote from a July 3, 1990 document authored by Reginault.  Abbott states that the document speaks for itself and should be read as a whole.  Abbott is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 141 regarding Reginault's knowledge, therefore denied.

142.    Abbott is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 142, therefore denied.

143.    Paragraph 143 contains a legal conclusion that requires no answer.

144.    Paragraph 144 contains legal conclusions that require no answer.  The prosecution histories for the Stamm Patents speak from themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 144.

145.    Paragraph 145 contains legal conclusions that require no answer.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Admit only that paragraph 150 purports to describe the Stamm Patents and their prosecution histories.  Abbott states that these document speak for themselves and should be read as a whole.  Additionally, paragraph 150 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 150.

151.    Denied.

152.    Paragraph 152 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 152.

153.    Admit only that (i) Teva raised inequitable conduct in an affirmative defense in the Tablet Lawsuit on or around February 23, 2005, (ii) Fournier filed IDSs for applications related to the Stamm Patents (U.S. Patent Application Nos. 09/899,026 and 10/290,333), and (iii) paragraph 153 purports to describe the IDSs.  Abbott states that the IDSs and the prosecution histories for the Stamm Patents and related applications speak for themselves and should be read as a whole.  Abbott otherwise denies the allegations in paragraph 153.

154.    Paragraph 154 contains legal conclusions that require no answer.

155.    Admit only that paragraph 155 purports to describe U.S. Patent Application Nos. 09/899,026 and 10/290,333 and their prosecution histories.  Abbott states that the documents speak for themselves and speak for themselves.  Abbott otherwise denies the allegations in paragraph 155.

156.    Admit only that paragraph 156 purports to describe U.S. Patent Application Nos. 09/899,026 and 10/290,333 and their prosecution histories.  Abbott states that the documents speak for themselves and speak for themselves.  Abbott otherwise denies the allegations in paragraph 156.

157.     Paragraph 157 contains legal conclusions that require no answer.

158.     Paragraph 158 contains legal conclusions that require no answer.

159.     Paragraph 159 contains legal conclusions that require no answer.

160.     Denied.

161.     Denied.

162.     Denied.

163.     Denied.

164.     Denied.

165.     Denied.

166.     Paragraph 166 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 166.

167.     Paragraph 167 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 167.

168.     Paragraph 168 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 168.

169.     Paragraph 169 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 169.

170.     Admit only that Abbott and Fournier stopped prosecuting their claims under the '726 Patent by no later than March 20, 2003.  Paragraph 170 otherwise contains legal conclusions that require no answer.

171.     Denied.

172.     Paragraph 172 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 172.

173.    Admit only that Teva filed a Paragraph IV certification to the '552 Patent on July 29, 2003.  Paragraph 173 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 173.

174.    Paragraph 174 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 174.

175.    Paragraph 175 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 175.

176.    Denied.

177.    Paragraph 177 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 177.

178.    Paragraph 178 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 178.

179.    Paragraph 179 contains legal conclusions that require no answer.  Abbott otherwise denies the allegations in paragraph 179.

## COUNT I:  VIOLATIONS OF SECTION 2 OF THE SHERMAN ANTITRUST ACT:  REQUEST FOR INJUNCTIVE RELIEF

180.    Abbott repeats and realleges its responses to paragraphs 1-179 as though fully set forth herein.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Admit only that Pacificare purports to seek injunctive relief and not damages under the federal antitrust laws.  Abbott otherwise denies the allegations in paragraph 183.

### COUNT II:  VIOLATIONS OF STATE ANTITRUST LAWS

185.    Abbott repeats and realleges its responses to paragraphs 1-184 as though fully set forth herein.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

### COUNT III:  VIOLATIONS OF STATE CONSUMER FRAUD AND UNJUST ENRICHMENT LAWS

191.    Abbott repeats and realleges its responses to paragraphs 1-190 as though fully set forth herein.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Abbott upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not suffered, and will not suffer, injury of the type that the antitrust laws are designed to prevent, or any other injury to a legally cognizable interest, by reason of the conduct alleged in the Pacificare's Complaint.

### THIRD AFFIRMATIVE DEFENSE

At all times, Abbott has acted in good faith in furtherance of its legitimate business interests and has caused no injury to competition, the public, or plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Abbott's conduct is protected under the Noerr-Pennington doctrine and/or otherwise under the Constitution of the United States.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded, in whole or in part, by the Federal Food, Drug, and Cosmetic Act, the Drug Price Competition and Patent Term Restoration Act of 1984 and related amendments.

## SIXTH AFFIRMATIVE DEFENSE

To the extent there is a finding of conduct that prevented generic entry and higher prices as a result, plaintiff's claims are barred, in whole or in part, to the extent any higher prices were passed on, in whole or in part, to parties not included in this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff would be unjustly enriched if allowed to recover all or any part of the damages alleged in the Pacificare Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to comply with the pleading requirements of Rules 8 and 9(b) of the Federal Rules of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer injury or damages by reason of any act or omission by Abbott.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff failed to mitigate its damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Any injuries, losses, or damages suffered by plaintiff was proximately caused by its own actions regardless of whether contributory, negligent, incompetent, careless or reckless.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged damages, if any, are speculative.

## THIRTEENTH AFFIRMATIVE DEFENSE

Abbott does not maintain monopoly power in the relevant market.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Food and Drug Administration approved each version of TriCor for sale in the United States.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they contravene the rule of law established by the United States Supreme Court in <u>Illinois Brick Co. v. Illinois</u>, 431 U.S. 720 (1977).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of waiver and/or estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Abbott reserves the right to add to its affirmative defenses as additional information becomes available in the course of this litigation.

## RELIEF REQUESTED

WHEREFORE, Abbott, having answered, respectfully requests judgment dismissing with prejudice the Pacificare Complaint and each and every claim for relief therein, and awarding Abbott its costs, disbursements, attorneys' fees and such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr. (#4292)*
_____

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Defendant Abbott Laboratories*

OF COUNSEL:

William F. Cavanaugh, Jr.
Eugene M. Gelernter
Chad J. Peterman
Alexis Gander
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
212.336.2000

Dated: July 21, 2006
529752

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 21, 2006, the foregoing were caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on July 21, 2006 upon the following parties:

REPRESENTING DIRECT PARTY PLAINTIFFS
(C.A. 05-340):

Jeffrey S. Goddess
**jgoddess@rmgglaw.com**

Bruce E. Gerstein
**bgerstein@garwingerstein.com**

Barry S. Taus
**btaus@garwingerstein.com**

Adam M. Steinfeld
**asteinfeld@garwingerstein.com**

Daniel Berger
**danberger@bm.net**

Eric L. Cramer
**ecramer@bm.net**

Peter Kohn
**pkohn@bm.net**

Linda P. Nussbaum
**lnussbaum@cmht.com**

Steig D. Olson
**solson@cmht.com**

REPRESENTING WALGREEN, ECKERD, KROGER, MAXI,
CVS, RITE AID
(C.A. 05-340):

Elizabeth M. McGeever
**emmcgeever@prickett.com**

Scott E. Perwin
**sperwin@kennynachwalter.com**

Joseph T. Lukens
**jlukens@hangley.com**

REPRESENTING PACIFICARE
(C.A. 05-340):

Jonathan L. Parshall
**jonp@msllaw.com**

William Christopher Carmody
**bcarmody@susmangodfrey.com**

John Turner
**jturner@susmangodfrey.com**

Shawn Rabin
**srabin@susmangodfrey.com**

Justin Nelson
**jnelson@susmangodfrey.com**

Cindy Tijerina
**ctijerina@susmangodfrey.com**

Ken Zylstra
**kzylstra@sbclasslaw.com**

Steve Connolly
**sconnolly@sbclasslaw.com**

Mark Sandman
**mms@rawlingsandassociates.com**

Jeffrey Swann
**js5@rawlingsandassociates.com**

REPRESENTING INDIRECT PARTY PLAINTIFFS
(C.A. 05-360):

Pamela S. Tikellis
Thomas M. Sobol
Patrick E. Cafferty
Jeffrey L. Kodroff
Bernard J. Persky
Mike Gottsch
A. Zachary Naylor
Robert Davis
Brian Clobes
Michael Tarringer
Tim Fraser
David Nalven
Greg Matthews
Christopher McDonald
Kellie Safar
Theodore M. Lieverman
Pat Howard

**tricor@chimicles.com**

REPRESENTING TEVA PHARMACEUTICALS                   Josy W. Ingersoll
(C.A. 02-1512):                                     Karen E. Keller
                                                    Bruce M. Gagala
                                                    Christopher T. Holding
                                                    Ken Cohen
                                                    Elaine Blais

                                                    **tricor@ycst.com**

REPRESENTING IMPAX LABORATORIES                     Mary Matterer
(C.A. 03-120):                                      **mmatterer@morrisjames.com**

                                                    John C. Vetter
                                                    **jvetter@kenyon.com**

                                                    Asim Bhansali
                                                    **abhansali@kvn.com**

REPRESENTING FOURNIER                               Frederick L. Cottrell, III
(ALL CASES):                                        Anne Shea Gaza
                                                    Steven C. Sunshine
                                                    Matthew P. Hendrickson
                                                    Bradley J. Demuth
                                                    Maggie DiMoscato
                                                    Timothy C. Bickham

                                                    **tricor@rlf.com**

          The undersigned also hereby certifies that on July 21, 2006, true and correct copies

of the foregoing were caused to be served by hand upon the following local counsel:

Jeffrey S. Goddess, Esquire                         A. Zachary Naylor, Esquire
ROSENTHAL, MONHAIT & GODDESS, PA                    CHIMICLES & TIKELLIS LLP
P.O. Box 1070                                       One Rodney Square, P.O. Box 1035
Wilmington, DE  19899                               Wilmington, DE  19899

Michael I. Silverman, Esquire                       Patrick Francis Morris, Esquire
SILVERMAN & MCDONALD                                MORRIS & MORRIS
1010 North Bancroft Parkway                         1105 North Market Street
Suite 22                                            Suite 803
Wilmington, DE  19805                               Wilmington, DE  19801

Lynn A. Iannone, Esquire                            Jonathan L. Parshall, Esquire
SILVERMAN & MCDONALD                                MURPHY, SPADARO & LANDON
1010 North Bancroft Parkway                         1011 Centre Road, Suite 210
Suite 22                                            Wilmington, DE  19805
Wilmington, DE  19805

Elizabeth M. McGeever, Esquire
PRICKETT JONES & ELLIOTT, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE  19899

Frederick L. Cottrell, III, Esquire
RICHARDS, LAYTON & FINGER
One Rodney Square; P.O. Box 551
Wilmington, DE  19899

Josy W. Ingersoll, Esquire
YOUNG CONAWAY STARGATT & TAYLOR
1000 West Street, 17th Floor
Wilmington, DE  19801

Mary B. Matterer, Esquire
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

*/s/ James W. Parrett, Jr. (#4292)*
_____
James W. Parrett, Jr. (#4292)

494469