**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br> C.A. No. 05-591 (KAJ) | Civil Action No : 05-360 (KAJ) (Consolidated) <br><br> FIRST AMENDED ANSWER BY FOURNIER |

**FOURNIER'S FIRST AMENDED ANSWER TO THE PACIFICARE COMPLAINT**

Respondents, Fournier Industrie et Santé and Laboratoires Fournier S.A. (collectively, "Fournier"), by their undersigned attorneys, answer to Pacificare Health Systems, Inc.'s ("Pacificare") First Amended Complaint ("Pacificare Complaint"), on knowledge as to themselves and otherwise on information and belief, as follows:

1.    To the extent paragraph 1 contains a description of this proceeding and conclusions of law, no response is required. Otherwise denied.

2.    Admitted that Fournier manufactures a fenofibrate drug product marketed by Abbott under the trade name TriCor, and that paragraph 2 contains an non-exhaustive description of TriCor.

3.    Denied.

4.    Denied.

5.    Denied.

6.    Denied.

7.     Denied.

8.     Denied.

9.     Fournier is without sufficient information or knowledge to form a belief as to the truth of the remaining averments in paragraph 9, and, therefore, denies these allegations.

10.     Admitted.

11.     Admitted.

12.     To the extent paragraph 12 contains a description of this proceeding and conclusions of law, no response is required. Otherwise denied.

13.     Admitted that this court has jurisdiction over the alleged subject matter of this litigation.

14.     Admitted that this court has jurisdiction over the alleged subject matter of this litigation.

15.     Denied.

16.     Admitted Fournier manufactures TriCor and that Abbott markets, sells, and ships Tricor across state lines to United States customers. Fournier is without sufficient information or knowledge to form a belief as to the truth of the remaining averments in paragraph 16, and, therefore, denies these allegations.

17.     Admitted that the relevant geographic market for purposes of this litigation is the United States. Otherwise denied.

18     To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

19.     To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

20.     To the extent that Pacificare's averments state economic or legal conclusions, no response is required. Otherwise denied.

21.     To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

22.     To the extent that Pacificare's state economic conclusions, no response is required. Otherwise denied.

23.     To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

24.     To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

25.     To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

26.     To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

27.     Admitted that paragraph 27 contains an non-exhaustive description of fenofibrate and TriCor.

-3-

28.    Admitted that fenofibrate is a fibrate and that fibrates, statins, bile acid sequestrants, and niacin are categories of drugs that may be used to address cholesterol conditions. Otherwise denied.

29.    Admitted that TriCor (fenofibrate), Atromid (clofibrate), and Lopid (gemfibrozil) are drugs approved by the FDA. Otherwise denied.

30.    Admitted.

31.    Admitted.

32.    Admitted.

33.    To the extent Pacificare's averments intend to recite from the Stamm Patents or their prosecution history, those Patents and their prosecution history speak for themselves. Otherwise denied.

34.    Admitted.

35.    Admitted that Novopharm filed an ANDA with the FDA on or about December 14, 1999 for fenofibrate capsules; Novopharm submitted a Paragraph IV certification; and that Novopharm subsequently amended that ANDA. To the extent that Pacificare's averments intend to recite the ANDA and Paragraph IV certification, those documents speak for themselves. Otherwise denied.

36.    Admitted that Impax filed an AND with the FDA on or about May 9, 2000 and submitted Paragraph IV certifications. To the extent that Pacificare's averments intend to

-4-

recite the ANDA and Paragraph IV certification, those documents speak for themselves
Otherwise denied.

37.    Admitted that Abbott and Fournier filed complaints alleging infringement
of the '726 Patent against Teva and Impax in the United States District Court of the Northern
District of Illinois on or about April 7, 2000, August 18, 2000, and March 19, 2001. To the
extent that Pacificare's averments state legal conclusions, no response is required. Otherwise
denied.

38.    To the extent that Pacificare's averments state legal conclusions, no
response is required. Otherwise denied.

39.    Admitted that on March 19, 2002 and for the reasons stated in <u>Abbott
Laboratories v. Novopharm Ltd.</u>, 2002 WL 433584 (N.D. Ill. Mar. 20, 2002), the U.S. District
Court of the Northern District of Illinois granted summary judgment of non-infringement of the
'726 Patent in favor of Teva. Otherwise denied.

40.    Admitted that on April 9, 2002 Teva received final approval from the
FDA to market a 200 mg and 134 mg fenofibrate capsule product, tentative approval to market a
67 mg capsule fenofibrate product, and that Teva purports to have begun selling a fenofibrate
capsule product in April 2002. To the extent that Pacificare's averments state legal conclusions,
no response is required. Otherwise denied.

41    Admitted that on March 20, 2003 the U.S. Court of Appeals for the
Federal Circuit ruled on the appeal of the trial court's decision in <u>Abbott Laboratories v.
Novopharm Ltd.</u>, 2002 WL 433584 (N.D. Ill. Mar. 20, 2002), for the reasons stated by that court.

To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.  Otherwise denied.

42.    Admitted.

43.    To the extent that Pacificare's averments state legal conclusions, no response is required.  Otherwise denied.

44.    Denied.

45.    Denied.

46.    Admitted that on November 10, 1999, Abbott filed an NDA for a TriCor tablet in 54 mg and 160 mg strengths, and that the FDA approved this NDA on September 5, 2001.

47.    Admitted that the same active ingredient (fenofibrate) is common to TriCor tablets and TriCor capsules and that Abbott relied, in part, on clinical studies conducted in connection with the capsule formulation in support of its tablet NDA.  Otherwise denied.

48.    To the extent that Pacificare's averments state legal conclusions, no response is required.  Otherwise denied.

49.    Admitted that Abbott stopped detailing the capsule formulation and destroyed part of its existing capsule inventory after discontinuing the capsule product. Otherwise denied.

50.    Admitted that Abbott began to sell and market TriCor tablets and stopped selling and marketing TriCor capsules after discontinuing the TriCor capsules.    Otherwise denied.

51.    To the extent that Pacificare's averments state legal conclusions, no response is required.  Otherwise denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Admitted that Teva filed an ANDA for 54 mg and 160 mg fenofibrate tablets on June 17, 2002, and submitted a Paragraph IV certification for the '726 Patent, the '670 Patent, and the '405 Patent.  Otherwise denied.

58.    Admitted that Impax filed an ANDA for 54 mg and 160 mg fenofibrate tablets in December 2002, and submitted a Paragraph IV certification for the '726 Patent, the '670 Patent, and the '405 Patent.  Otherwise denied.

59.    Admitted that Abbott and Fournier filed three separate patent infringement actions against Teva in this Court alleging infringement of five patents; that Abbott and Fournier filed a patent infringement suit against Teva in this Court on October 4, 2002 for infringement of the '726 Patent, the '670 Patent, and the '405 Patent; that Abbott and Fournier filed another

patent infringement suit against Teva in this Court on August 29, 2003 for infringement of the '552 Patent; and that Abbott and Fournier filed another patent infringement suit against Teva in this Court on January 22, 2004 for infringement of the '881 Patent. Otherwise denied.

60.    To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

61.    Admitted that Abbott and Fournier filed a patent infringement suit against Impax on January 23, 2003, and subsequently filed additional patent infringement suits against Impax for infringement of additional patents. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

62.    Denied.

63.    Denied.

64.    Denied.

65    Admitted that on March 5, 2004, the FDA granted tentative approval to Teva's Tablet ANDA. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

66.    Admitted that on May 6, 2005, the Court ruled that Teva's tablet product does not infringe the '552 Patent, the '670 Patent, or claim 9 of the '405 Patent, for the reasons stated by the Court. Otherwise denied.

67.    Admitted that the FDA granted final approval to Teva's tablet ANDA on May 13, 2005. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

68.    Admitted that Abbott and Fournier dismissed their patent infringement claims. Otherwise denied.

69.    Admitted that on or about October 29, 2003, Abbott submitted its NDA to the FDA for its new version of TriCor 48 mg and 145 mg fenofibrate tablets. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

70.    Admitted that on November 5, 2004, the FDA approved Abbott's new 48 mg and 145 mg TriCor tablets. Otherwise denied.

71.    Admitted that Abbott discontinued marketing the TriCor original tablet formulation after the new tablet formulation became available. Otherwise denied.

72.    Admitted that Abbott began to sell and market the new TriCor tablets and stopped selling and marketing the original TriCor tablets after discontinuing the original TriCor tablets. To the extent Pacificare's averments intend to recite from the cited website, that website speaks for itself. Otherwise denied.

73.    Admitted that on May 6, 2005, the Court ruled that Teva's tablet product does not infringe the '552 Patent, the '670 Patent, or claim 9 of the '405 Patent. Otherwise denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Admitted.

81.    Denied.

82.    Admitted.

83.    Admitted that fenofibrate is poorly soluble. To the extent Pacificare's averments intend to recite from the Stamm Patents or their prosecution history, the Stamm Patents and their prosecution history speak for themselves. Otherwise denied.

84.    To the extent Pacificare's averments intend to recite from the '726 Patent or its prosecution history, the '726 Patent and its prosecution history speak for themselves. Otherwise denied.

85.    To the extent Pacificare's averments intend to recite from the Stamm Patents or their prosecution history, the Stamm Patents and their prosecution history speak for themselves. Otherwise denied.

86.    To the extent Pacificare's averments intend to recite from the Stamm Patents or their prosecution history, the Stamm Patents and their prosecution history speak for themselves. Otherwise denied.

87.    To the extent Pacificare's averments intend to recite from the Stamm Patents or their prosecution history, the Stamm Patents and their prosecution history speak for themselves. Otherwise denied.

88    To the extent Pacificare's averments intend to recite from the Stamm Patents or their prosecution history, the Stamm Patents and their prosecution history speak for themselves  Otherwise denied.

89.    To the extent Pacificare's averments intend to recite from the Stamm Patents or their prosecution history, the Stamm Patents and their prosecution history speak for themselves. Otherwise denied.

90.    To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

91.    To the extent Pacificare's averments intend to recite from the Stamm Patents, their prosecution history, or May 30, 1997 memorandum, the Stamm Patents, their prosecution history, and the memorandum speak for themselves. Otherwise denied

92.    To the extent Pacificare's averments intend to recite from the Stamm Patents, their prosecution history, or May 30, 1997 memorandum, the Stamm Patents, their prosecution history, and the memorandum speak for themselves. Otherwise denied.

93.     To the extent Pacificare's averments intend to recite from the Stamm Patents, their prosecution history, or May 30, 1997 memorandum, the Stamm Patents, their prosecution history, and the memorandum speak for themselves. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

94.     To the extent Pacificare's averments intend to recite from the Stamm Patents, their prosecution history, or May 30, 1997 memorandum, the Stamm Patents, their prosecution history, and the memorandum speak for themselves. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

95.     Admitted that the TriCor capsule is the name for the fenofibrate capsule marketed by Abbott in the United States. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

96.     To the extent Pacificare's averments intend to recite from unidentified Fournier documents, the documents speak for themselves. Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 96, and, therefore, denies these allegations. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

97.     Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 97, and, therefore, denies these allegations.

98.     To the extent Pacificare's averments intend to recite from the Stamm Patents or their prosecution history, the Stamm Patents and their prosecution history speak for themselves. Otherwise denied.

RLF1-3043057-1

99.    To the extent Pacificare's averments intend to recite from the '670 Patent or its prosecution history, the '670 Patent and its prosecution history speak for themselves. Otherwise denied.

100.    To the extent Pacificare's averments intend to recite from the '670 Patent or its prosecution history, the '670 Patent and its prosecution history speak for themselves. Otherwise denied.

101    To the extent Pacificare's averments intend to recite from the '405 Patent or its prosecution history, the '405 Patent and its prosecution history speak for themselves. Otherwise denied.

102.    To the extent Pacificare's averments intend to recite from the '405 Patent or its prosecution history, the '405 Patent and its prosecution history speak for themselves. Otherwise denied.

103.    To the extent Pacificare's averments intend to recite from the '405 Patent or its prosecution history, the '405 Patent and its prosecution history speak for themselves. Otherwise denied.

104.    To the extent Pacificare's averments intend to recite from the '405 Patent or its prosecution history, the '405 Patent and its prosecution history speak for themselves. Otherwise denied.

105.    To the extent Pacificare's averments intend to recite from the '405 Patent or its prosecution history, the '405 Patent and its prosecution history speak for themselves. Otherwise denied.

106.  To the extent Pacificare's averments intend to recite from the '405 Patent or its prosecution history, the '405 Patent and its prosecution history speak for themselves. Otherwise denied.

107.  To the extent Pacificare's averments intend to recite from the '881 Patent or its prosecution history, the '881 Patent and its prosecution history speak for themselves. Otherwise denied.

108.  To the extent Pacificare's averments intend to recite from the '881 Patent or its prosecution history, the '881 Patent and its prosecution history speak for themselves. Otherwise denied.

109.  To the extent Pacificare's averments intend to recite from the '670 Patent or its prosecution history, the '670 Patent and its prosecution history speak for themselves. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

110.  Denied.

111.  Admitted.

112.  Admitted.

113.  Admitted that Reginault was involved in the fenofibrate tablet project after Fournier's initial contact with co-inventor Andre Stamm regarding PharmaPass's fenofibrate formulation, and his involvement continued through Abbott's tablet NDA submission and the initiation of the patent infringement suits. Otherwise denied.

-14-

114.    Admitted that in October 1996, Reginault authored a "Development Report". To the extent Pacificare's averments intend to recite from the Development Report, that document speaks for itself. Otherwise denied.

115.    To the extent Pacificare's averments intend to recite from unidentified Fournier documents, the documents speak for themselves. Otherwise denied.

116.    To the extent Pacificare's averments intend to recite from unidentified Fournier documents, the documents speak for themselves. Otherwise denied.

117.    To the extent Pacificare's averments intend to recite from unidentified Fournier documents, the documents speak for themselves. Otherwise denied.

118.    Denied.

119.    Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 119, and therefore denies those allegations.

120.    To the extent Pacificare's averments intend to recite from the '026 Patent, the '425 Patent, or the '881 Patent or their prosecution histories, these Patents and their prosecution histories speak for themselves. Otherwise denied.

121.    To the extent Pacificare's averments intend to recite from the Reginault Declaration, that document speaks for itself. Otherwise denied.

122.    To the extent Pacificare's averments intend to recite from the Reginault Declaration, that document speaks for itself. Otherwise denied.

123    To the extent Pacificare's averments intend to recite from the Reginault Declaration, that document speaks for itself. Otherwise denied.

124    To the extent Pacificare's averments intend to recite from the Reginault Declaration, that document speaks for itself. Otherwise denied.

125.    To the extent Pacificare's averments intend to recite from the Reginault Declaration, that document speaks for itself. Otherwise denied.

126    To the extent Pacificare's averments intend to recite from the Reginault Declaration, that document speaks for itself. Otherwise denied.

127    Admitted that Reginault was a point of contact for Abbott. Otherwise denied.

128.    Admitted that Reginault signed an inventor's oath in connection with the '726 Patent. To the extent Pacificare's averments intend to recite from the inventor's oath, the '726 Patent, or its prosecution history, the oath, Patent, and prosecution history speak for themselves. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

129.    To the extent Pacificare's averments intend to recite from the Reginault Declaration, that document speaks for itself. Otherwise denied.

130    To the extent Pacificare's averments intend to recite from the Reginault Declaration, '881 Patent or its prosecution history, the documents and prosecution history speaks for themselves. Otherwise denied.

131.    To the extent Pacificare's averments intend to recite from the Reginault Declaration, that document speaks for itself.  Otherwise denied.

132.    To the extent Pacificare's averments intend to recite from the Reginault Declaration, that document speaks for itself.  Otherwise denied.

133.    To the extent Pacificare's averments intend to recite from the '881 Patent or its prosecution history, the '881 Patent and its prosecution history speak for themselves. Otherwise denied.

134.    To the extent Pacificare's averments intend to recite from the '881 Patent or its prosecution history, the '881 Patent and its prosecution history speak for themselves. Otherwise denied.

135.    To the extent Pacificare's averments intend to recite from the '881 Patent or its prosecution history, the '881 Patent and its prosecution history speak for themselves. Otherwise denied.

136.    To the extent Pacificare's averments intend to recite from the Stamm Patents or their prosecution history, the Stamm Patents and their prosecution history speak for themselves.  Otherwise denied.

137.    To the extent Pacificare's averments intend to recite from the '881 Patent or its prosecution history, the '881 Patent and its prosecution history speak for themselves. Otherwise denied.

138.    To the extent Pacificare's averments intend to recite from the Stamm Patents or their prosecution history, the Stamm Patents and their prosecution history speak for themselves.  To the extent that Pacificare's averments state legal conclusions, no response is required.  Otherwise denied.

139.    To the extent Pacificare's averments intend to recite from the Stamm Patents or their prosecution history, the Stamm Patents and their prosecution history speak for themselves.  To the extent that Pacificare's averments state legal conclusions, no response is required.  Otherwise denied.

140.    To the extent Pacificare's averments intend to recite from the Stamm Patents or their prosecution history, the Stamm Patents and their prosecution history speak for themselves.  To the extent that Pacificare's averments state legal conclusions, no response is required.  Otherwise denied.

141.    To the extent Pacificare's averments intend to recite from an unidentified Reginault document, the document speak for itself.  Otherwise denied.

142.    Fournier is without sufficient information or knowledge to form a belief as to the truth of the averments in paragraph 142, and, therefore, denies these allegations.

143.    Denied.

144.    Denied.

145.    To the extent that Pacificare's averments state legal conclusions, no response is required.  Otherwise denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

151.    Denied.

152.    To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

153.    Admitted that on or about February 23, 2005, Fournier filed Information Disclosure Statements with the PTO in conjunction with the then pending applications for U.S. Patent Nos. 09/899,026 and 10/290,333. To the extent Pacificare's averments intend to recite from the '026 and '333 Patents or their prosecution history, the Patents and prosecution history speak for themselves. Otherwise denied.

154.    Denied.

155.    To the extent Pacificare's averments intend to recite from the '026 and '333 Patents or their prosecution history, the Patents and prosecution history speak for themselves. Otherwise denied.

156. To the extent Pacificare's averments intend to recite from the '026 and '333 Patents or their prosecution history, the Patents and prosecution history speak for themselves. Otherwise denied.

157. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

158. To the extent that Pacificare's averments intend to recite from a cited document, that document speaks for itself. To the extent Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

159. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

-20-

167.    To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

168.    To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

169.    To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

170.    Admitted that Abbott and Fournier stopped prosecuting their claims against Teva for infringement of the '726 Patent by no later than March 20, 2003. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

171.    Denied.

172.    To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

173.    Admitted that Teva filed a Paragraph IV certification to the '552 Patent on July 29, 2003. To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

174.    To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

175.    To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

176.    Denied.

177.    To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

178.    To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

179.    To the extent that Pacificare's averments state legal conclusions, no response is required. Otherwise denied.

## COUNT I

180.    Fournier repeats and realleges its responses herein to paragraphs 1-179 in answer to paragraph 180.

181.    Denied.

182.    Denied.

183    Denied.

184.    Admitted that Pacificare purports to seek injunctive relief. Otherwise denied.

## COUNT II

185.    Fournier repeats and realleges its responses herein to paragraphs 1-184 in answer to paragraph 185.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

## COUNT III

191.    Fournier repeats and realleges its responses herein to paragraphs 1-190 in answer to paragraph 191.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202    Denied.

203    Denied.

204    Denied.

205.    Denied.

206    Denied

207.    Denied.

208    Denied.

209    Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Fournier upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has not suffered, and will not suffer, injury of the type that the antitrust laws are designed to prevent, or any other injury to a legally cognizable interest, by reason of the conduct alleged in the Pacificare's Complaint.

## THIRD AFFIRMATIVE DEFENSE

At all times, Fournier has acted in good faith in furtherance of its legitimate business interests and has caused no injury to competition, the public, or plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Fournier's conduct is protected under the Noerr-Pennington doctrine and/or otherwise under the Constitution of the United States.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded, in whole or in part, by the Federal Food, Drug, and Cosmetic Act, the Drug Price Competition and Patent Term Restoration Act of 1984 and related amendments.

## SIXTH AFFIRMATIVE DEFENSE

To the extent there is a finding of conduct that prevented generic entry and higher prices as a result, plaintiff's claims are barred, in whole or in part, to the extent any higher prices were passed on, in whole or in part, to parties not included in this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff would be unjustly enriched if allowed to recover all or any part of the damages alleged in the Pacificare Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to comply with the pleading requirements of Rules 8 and 9(b) of the Federal Rules of Civil Procedure

## NINTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer injury or damages by reason of any act or omission by Fournier.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff failed to mitigate its damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Any injuries, losses, or damages suffered by plaintiff was proximately caused by its own actions regardless of whether contributory, negligent, incompetent, careless or reckless.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged damages, if any, are speculative.

## THIRTEENTH AFFIRMATIVE DEFENSE

Venue does not lie in this district as to the claims against Fournier.

## FOURTEENTH AFFIRMATIVE DEFENSE

Fournier does not maintain monopoly power in the relevant market.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Food and Drug Administration approved each version of TriCor for sale in the United States.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they contravene the rule of law established by the United States Supreme Court in <u>Illinois Brick Co. v. Illinois</u>, 431 U.S. 720 (1977).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of waiver and/or estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

Fournier reserves the right to add to its affirmative defenses as additional information becomes available in the course of this litigation.

## RELIEF REQUESTED

WHEREFORE, Fournier, having answered, respectfully requests judgment dismissing with prejudice the Pacificare Complaint and each and every claim for relief therein,

-27-

and awarding Fournier its costs, disbursements, attorneys' fees and such other and further relief

as the Court deems just and proper.

*Of Counsel.*
Steven C. Sunshine
Maria M. DiMoscato
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street, N.W.
Washington, D.C. 20004
(202) 862-2200

Matthew P. Hendrickson
Bradley J. Demuth
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
(212) 504-6000

Timothy C. Bickham
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
(202) 429-5517


Dated: July 31, 2006

Frederick L. Cottrell, III (I.D. #2555)
cottrell@rlf.com
Anne Shea Gaza (I.D. #4093)
gaza@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilmington, DE 19801
(302) 651-7700

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2006, I caused to be served by hand delivery the foregoing document to the following:

Josy W. Ingersoll
John W. Shaw
Karen Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

Jeffrey S. Goddess
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
Tel. (302) 656-4433
Fax. (302) 658-7567

Jonathan L. Parshall
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19801

Michael I. Silverman
Lynn A. Iannone
Silverman & McDonald
1010 North Bancroft Parkway
Suite 22
Wilmington, DE 19805

Mary B. Graham
Morris Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Mary B. Matterer
Morris, James, Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801

Pamela S. Tikellis
Robert J. Kriner, Jr.
A. Zachary Naylor
Chimicles & Tikellis LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899

Elizabeth M. McGeever
Prickett Jones Elliott, P.A.
1310 King Street
Wilmington, DE 19801

Patrick Francis Morris
Morris & Morris
Morris & Morris LLC
4001 Kennett Pike, Suite 300
Wilmington, Delaware 19807

I hereby certify that on July 31, 2006, I sent by electronic mail the foregoing document to the following:

REPRESENTING DIRECT PARTY PLAINTIFFS
(C.A. 05-340):

Jeffrey S. Goddess
**jgoddess@rmgglaw.com**
Bruce E. Gerstein
**bgerstein@garwingerstein.com**

Barry S. Taus
**btaus@garwingerstein.com**

Adam M. Steinfeld
**asteinfeld@garwingerstein.com**

Daniel Berger
**danberger@bm.net**

Eric L. Cramer
**ecramer@bm.net**

Peter Kohn
**pkohn@bm.net**

Linda P. Nussbaum
**lnussbaum@cmht.com**

Steig D. Olson
**solson@cmht.com**

REPRESENTING WALGREEN, ECKERD, KROGER,
MAXI, CVS, RITE AID, ALBERTSON'S, SAFEWAY,
HY-VEE AND AMERICAN SALES
(C.A. 05-340):

Elizabeth M. McGeever
**emmcgeever@prickett.com**

Scott E. Perwin
**sperwin@kennynachwalter.com**

Joseph T. Lukens
**jlukens@hangley.com**

REPRESENTING PACIFICARE
(C.A. 05-340):

Jonathan L. Parshall
**jonp@msllaw.com**

William Christopher Carmody
**bcarmody@susmangodfrey.com**

John Turner:
**jturner@susmangodfrey.com**

Shawn Rabin:
**srabin@susmangodfrey.com**

Justin Nelson:
**jnelson@susmangodfrey.com**

Cindy Tijerina:
**ctijerina@susmangodfrey.com**

Ken Zylstra:
**kzylstra@sbclasslaw.com**

Lyle Stamps:
**lstamps@sbclasslaw.com**

Steve Connolly
**Sconnolly@abclasslaw.com**

Mark Sandman:
**mms@rawlingsandassociates.com**

Jeffrey Swann:
**js5@rawlingsandassociates.com**

REPRESENTING INDIRECT PARTY PLAINTIFFS
(C.A. 05-360):

Pamela S. Tikellis
Thomas M. Sobol
Patrick E. Cafferty
Jeffrey L. Kodroff
Bernard J. Persky
William C. Carmody
Mike Gottsch
Zach Naylor
Robert Davis
Brian Clobes
Michael Tarringer
Tim Fraser
David Nalven
Greg Matthews
Christopher McDonald
Kellie Safar
Ted Lieverman
Pat Howard

**Tricor@chimicles.com**

REPRESENTING IMPAX LABORATORIES
(C.A. 03-120):

Mary Matterer
**mmatterer@morrisjames.com**

John C. Vetter
**jvetter@kenyon.com**

Asim Bhansali
**abhansali@kvn.com**

REPRESENTING TEVA PHARMACEUTICALS
(C.A. 02-1512):

Josy W. Ingersoll
Bruce M. Gagala
Karen E. Keller
Christopher T. Holding
Ken Cohen
Elaine Blais

**tricor@ycst.com**

REPRESENTING ABBOTT (ALL CASES):

Mary B. Graham
**Tricor@mnat.com**

William F. Cavanaugh
**wfcavanaugh@pbwt.com**

Chad J. Peterman
**cjpeterman@pbwt.com**


Anne Shea Gaza (#4093)
GAZA@rlf.com