IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN THE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) ) | C.A. No. 05-360 (KAJ) (Consolidated) |
| THIS DOCUMENT RELATES TO: PAINTERS= DISTRICT COUNSEL NO. 30 HEALTH AND WELFARE FUND and RICHARD G. WILDE, C.A. No. 05-360 (KAJ) | ) ) ) ) ) ) | |
| VISTA HEALTH PLAN, INC. and ROSS LOVE, C.A. No. 05-365 (KAJ) | ) ) ) | |
| PENNSYLVANIA EMPLOYEES BENEFIT TRUST FUND, C.A. No. 05-390 (KAJ) | ) ) ) | |
| ALLIED SERVICES DIVISION WELFARE FUND and HECTOR VALDES, C.A. No. 05-394 (KAJ) | ) ) ) ) | |
| DIANA KIM, C.A. No. 05-426 (KAJ) | ) ) | |
| ELAINE M. PULLMAN, NEIL PERLMUTTER, HELENA PERLMUTTER and LULA RAMSEY, C.A. No. 05-450 (KAJ) | ) ) ) ) ) | |
| PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND, C.A. No. 05-467 (KAJ) | ) ) ) ) | |
| CINDY CRONIN, C.A. No. 05-482 (KAJ) | ) ) | |
| CHARLES SHAIN and SANDRA KRONE, C.A. No. 05-475 (KAJ) | ) ) ) | |
| LOCAL 28 SHEET METAL WORKERS, C.A. No. 05-516 (KAJ) | ) ) ) | |
| ALBERTO LITTER, C.A. No. 05-695 (KAJ) | ) ) | |

**NOTICE OF SUBPOENA DUCES TECUM**

TO:

Elizabeth M. McGeever
Prickett Jones & Elliott P.A.
1310 King Street
Wilmington, DE 19899

Scott E. Perwin
Kenny Nachwalter, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131

Joseph T. Lukens
Hangley Aronchick Segal & Pudlin P.C.
One Logan Square
18th & Cherry Streets, 27th Floor
Philadelphia, PA 19103

Jeffrey S. Goddess
Rosenthal Monhait Gross & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE 19899

Bruce E. Gerstein
Barry S. Taus
Adam M. Steinfeld
Garwin Gerstein & Fisher LLP
1501 Broadway
New York, NY 10036

Thomas M. Sobol
David Nalven
Gregory H. Matthews
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Patrick E. Cafferty
Miller Faucher and Cafferty LLP
101 North Main Street
Ann Arbor, MI 48104

Bryan L. Clobes
Michael S. Tarringer
Miller Faucher and Cafferty LLP
One Logan Square
18th & Cherry Streets, Suite 1700
Philadelphia, PA 19103

Bernard J. Persky
Christopher J. McDonald
Kellie Safar
Labaton Sucharow & Rudoff LLP
100 Park Avenue
New York, NY 10017

Bruce M. Gagala
Leydig Voit & Mayer Ltd.
Two Prudential Plaza, Suite 4900
180 North Stetson Avenue
Chicago, IL 60601

Josy W. Ingersoll
Karen E. Keller
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
Wilmington, DC 19899

Kenneth A. Cohen
Elaine Herrman Blais
Christopher T. Holding
Goodwin Procter, LLP
Exchange Place
Boston, MA 02109

Frederick L. Cottrell, III
Anne Shea Gaza
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

| | |
|---|---|
| Jeffrey L. Kodroff<br>Theodore M. Lieverman<br>Pat Howard<br>Spector Roseman & Kodroff, P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA 19103 | John C. Vetter<br>Kenyon & Kenyon<br>333 Wast Can Carlos Street, Suite 600<br>San Jose, CA 95110 |
| Jonathan L. Parshall<br>Murphy Spadaro & Landon<br>824 North Market Street, Suite 700<br>Wilmington, DE 19801 | Asim Bhansali<br>Keker & Van Nest LLP<br>710 Sansome Street<br>San Francisco, CA 94111 |
| Kendall S. Zylstra<br>Lyle Stamps<br>Schiffrin & Barroway LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | Timothy C. Bickham<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036 |
| William Christopher Carmody<br>John W. Turner<br>Shawn J. Rabin<br>Justin Nelson<br>Cindy Tijerina<br>Susman Godfrey LLP<br>901 Main Street, Suite 5100<br>Dallas, TX 75202 | Mark Sandman<br>Jeffrey Swann<br>Rawlings & Associates<br>1700 Watterson Trail<br>Louisville, KY 40299 |
| | Steven Sunshine<br>Maria M. DiMoscato<br>Cadwalader Wickersham & Taft LLP<br>1201 F. Street, N.W., Suite 110<br>Washington, DC 20004 |
| Mary B. Graham<br>Morris Nichols Arsht & Tunnell<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19801 | Matthew P. Hendrickson<br>Bradley J. Demuth<br>Cadwalader Wickersham & Taft LLP<br>One World Financial Center<br>New York, NY 10281 |
| Mary Matterer<br>Morris James Hitchens & Williams LLP<br>222 Delaware Avenue, 10th Floor<br>Wilmington, DE 19899 | William F. Cavanaugh, Jr.<br>Chad J. Peterman<br>Patterson Belknap Webb & Tyler LLP<br>1133 Avenue of the Americas<br>New York, NY 10036 |

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, on August 24, 2006 the attached Subpoena Duces Tecum for Production of Documents issued by the United States District Court for the Northern District of Illinois, Eastern Division was served upon

MedCo Health Solutions, Inc. at c/o CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604-1101 commanding it to produce for inspection and copying on September 13, 2006 the documents identified in Schedule A thereto.

Dated: August 25, 2006

                                         **CHIMICLES & TIKELLIS LLP**

                                         Pamela S. Tikellis (#2172)
                                         Robert J. Kriner, Jr. (#2546)
                                         A. Zachary Naylor (#4439)
                                         P.O. Box 1035
                                         One Rodney Square
                                         Wilmington, DE 19899
                                         Tel: 302-656-2500
                                         Fax: 302-656-9053
                                         *Liaison Counsel for End-Payor Plaintiffs*

| **LABATON SUCHAROW & RUDOFF LLP** | **SPECTOR ROSEMAN & KODROFF, P.C.** |
|---|---|
| Bernard Persky | Jeffrey L. Kodroff |
| Christopher J. McDonald | Theodore M. Lieverman |
| Kellie C. Safar | Simon B. Paris |
| 100 Park Avenue | 1818 Market Street, Suite 2500 |
| New York, NY 10001 | Philadelphia, PA 19103 |

| | |
|---|---|
| **MILLER FAUCHER**<br>  **and CAFFERTY LLP**<br>Bryan L. Clobes<br>William R. Kane<br>One Logan Square<br>18 & Cherry Streets, Suite 1700<br>Philadelphia, PA 19103<br>  -and-<br>Patrick E. Cafferty<br>101 N. Main Street, Suite 450<br>Ann Arbor, MI 48101<br>  -and-<br>Marvin A. Miller<br>Jennifer W. Sprengel<br>30 N. LaSalle St. Suite 3200<br>Chicago, IL 60602 | **HAGENS BERMAN**<br>  **SOBOL SHAPIRO LLP**<br>Thomas M. Sobol<br>David S. Nalven<br>One Main Street, 4th Floor<br>Cambridge, MA 02142<br>  -and-<br>Steve W. Berman<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA 98101 |

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

## NORTHERN DISTRICT OF ILLINOIS

IN RE TRICOR INDIRECT PURCHASER
ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO
Case Nos. C.A. No. 05-360 (KAJ);
C.A. No. 05-365(KAJ); C.A. No. 05-390 (KAJ);

C.A. No. 05-394 (KAJ); C.A. No. 05-450 (KAJ);

C.A. No. 05-467 (KAJ); C.A. No. 05-475 (KAJ);
C.A. No. 05-695 (KAJ)

SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] Master File C.A. No. 05-360 (KAJ)
(Consolidated)

(Pending in the U.S. District Court District of Delaware)

TO: **MEDCO HEALTH SOLUTIONS, INC.**
c/o CT Corporation System
208 South LaSalle Street
Chicago, IL 60604-1101

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Exhibit A attached hereto**

| PLACE    Labaton Sucharow & Rudoff LLP
100 Park Avenue, New York, NY 10017 | DATE AND TIME  September 13, 2006 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)    Date
                         Attorney for Plaintiff                        August 24, 2006

Issuing Officer's Name, Address, and Phone Number
Lori A. Fanning, Miller Faucher and Cafferty LLP  30 North LaSalle Street, Chicago, IL 60602 (312) 782-4880

---

[1] If action is pending in district other than district of issuance, state district under case number.

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 8/24/06 | Medco Health Solutions, Inc. c/o CT Corporation Systems 208 S. LaSalle Chicago, IL 60604 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Dawn C. Schultz   CT Corporation | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jorge Ramirez | Law Clerk |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  8/24/06
DATE

Signature of Server: Jorge Ramirez

Address of Server: 30 N. LaSalle Chicago, IL. 60602

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden.
(B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**SUBPOENA DUCES TECUM FOR PRODUCTION OF
DOCUMENTS FROM MEDCO HEALTH SOLUTIONS, INC.**

I.  **Definitions**

1.  "Medco" includes the corporation itself and all of its directors, officers, employees, agents, sales people and representatives, or anyone else acting on its behalf, including independent contractors and consultants; it also includes its predecessors, successors, its parents, subsidiaries, divisions, groups and affiliates, whether merged, consolidated, acquired or otherwise, whether wholly-owned or not, and their respective directors, officers, employees, agents, and salespeople, and any representatives, predecessors, and successor of each.

2.  "Defendants" means Abbott Laboratories, Fournier Industries et Sante, and Laboratories Fournier, S.A. and includes the corporations themselves and all of their directors, officers, employees, agents, and salespeople, and any representatives, their predecessors, and successors and assigns; and their parents, subsidiaries, divisions, groups and affiliates, whether merged, consolidated, acquired or otherwise, whether wholly-owned or not, and their respective directors, officers, employees, agents, and salespeople, and any representatives, predecessors, and successor of each.

3.  The term "TriCor" as used herein refers to the brand name prescription drug TriCor®, containing the active pharmaceutical ingredient fenofibrate.

4.  The term "generic TriCor" as used herein refers to any drug product which is the bioequivalent of the brand name prescription drug TriCor.

5.  "Document" means anything which may be considered to be a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, and includes but is not limited to:

(a) all written, printed, recorded, graphic or sound reproductions, however produced, including but not limited to correspondence, telegrams, teletype messages, contracts, memoranda, notes, reports, notebooks, diaries, calendars, transcripts and recordings of conversations and telephone calls charts, photographs, agenda, ledgers, financial statements, receipts, electronic mail, Internet mail and all other records of any kind;

(b) all computer-readable data compilations, including but not limited to tapes, diskettes, cards, cassettes and all other electronic or mechanical devices which contain information, together with all source codes or other data necessary to make the data compilation reasonably useable by plaintiffs;

(c) all originals, drafts and copies that differ in any respect from the original, all marginal comments that appear on such documents, and all transcripts or recordings of such documents; and

(d) all attachments, enclosures, or documents affixed or referred to in such documents.

6. "Communication" means the transmission of information orally, in writing, electronically, or in some other form. The phrase "documents relating to any communication" includes letters, memoranda, notes, long distance telephone bills, and telephone call messages.

7. "Agreement" means any contract, arrangement, or other type of understanding, formal or informal, oral or written, direct or indirect, tacit or express, between two or more persons.

˜1˜

## II. **Instructions**

1. Unless otherwise specifically stated herein, the period covered by these document requests (the "relevant period") is from January 1, 1998 to the date of your production.

2. All documents produced shall be originals unless otherwise indicated. If your "original" is a photocopy or other copy, the copy should be produced as the original. Any photocopy or other copy of any original document which is not an exact duplicate of the original, or contains any markings whatsoever (e.g., notes, marks, marginalia, stamps, highlighting, blind copy receipts) that are not contained on the original, also shall be produced.

3. Documents produced in response to these document requests shall be complete and, unless privileged, unredacted. Documents shall be separately identified according to the paragraphs of the document requests to which they relate, or in the same order in which they were maintained during the ordinary course of your business. If not otherwise obvious, the file from which particular documents are taken shall be identified by file label or by the name of the individual who kept the file.

4. If responsive documents existed but have been destroyed, state the date of destruction and any pertinent policy which was followed in said destruction.

5. If you possess no documents to a paragraph of these document requests, state this fact in your response to the paragraph containing the document request.

6. If any documents are withheld based on any claim of privilege or for any other reason, provide a log identifying for each document the date, title, author(s), recipient(s), type of document, a brief summary of the contents and subject matter of the document, the document request paragraph to which it is responsive, and the basis for the claim of privilege in sufficient detail so as to permit

the court to adjudicate the validity of the claim. All such documents shall be marked, identified, held separately, and retained intact, subject to and pending a ruling by the court as to the claimed privilege.

### III. Documents Requested

Please produce the following:

1. All form letters or other standardized correspondence constituting communications to members of Medco's pharmacy benefit plans concerning:

    (a) the discontinuation, withdrawal or unavailability of TriCor capsules,

    (b) the availability of TriCor 54 mg or 160 mg tablets,

    (c) the discontinuation, withdrawal or unavailability of TriCor 54 mg or 160 mg tablets, or

    (d) the availability of TriCor 48 mg or 145 mg tablets.

2. All communications between or among Medco and Defendants concerning

    (a) the discontinuation, withdrawal or unavailability of TriCor capsules,

    (b) the availability of TriCor 54 mg or 160 mg tablets,

    (c) the discontinuation, withdrawal or unavailability of TriCor 54 mg or 160 mg tablets,

    (d) the availability of TriCor 48 mg or 145 mg tablets or

    (e) communicating information concerning (a) through (d), above, to members of Medco pharmacy benefit plans.

3. All communications between Medco, on the one hand, and any pharmaceutical company (including but not limited to Defendants), on the other hand, concerning TriCor or generic TriCor.

4. All agreements between Medco, on the one hand, and any pharmaceutical company (including but not limited to Defendants), on the other hand, concerning TriCor or generic TriCor, and all communications between Medco and any pharmaceutical company concerning such agreements.

5. All documents that reflect analysis or comparison(s) of any version(s) of TriCor.

**CERTIFICATE OF SERVICE**

I, A. Zachary Naylor, do hereby certify that on this 25th day of August, 2006, I caused copies of the Notice of Subpoena Duces Tecum to be served on the following counsel by electronic mail:

Elizabeth M. McGeever
*emmcgeever@prickett.com*
Prickett Jones & Elliott P.A.
1310 King Street
Wilmington, DE 19899

Scott E. Perwin
*sperwin@kennynachwalter.com*
Kenny Nachwalter, P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131

Joseph T. Lukens
*jlukens@hangley.com*
Hangley Aronchick Segal & Pudlin P.C.
One Logan Square
18th & Cherry Streets
27th Floor
Philadelphia, PA 19103-6933

Patrick E. Cafferty
Bryan L. Clobes
Michael S. Tarringer
Timothy M. Fraser
*tricor@chimicles.com*
Miller Faucher and Cafferty LLP
One Logan Square
18th & Cherry Streets, Suite 1700
Philadelphia, PA 19103

Jeffrey S. Goddess
*jgoddess@rmgglaw.com*
Rosenthal Monhait Gross & Goddess, P.A.
919 Market Street, Suite 1401
Wilmington, DE 19899

Bruce E. Gerstein
*bgerstein@garwingerstein.com*
Barry S. Taus
*btaus@garwingerstein.com*
Adam M. Steinfeld
*asteinfeld@garwingerstein.com*
Garwin Gerstein & Fisher LLP
1501 Broadway
New York, NY 10036

Thomas M. Sobol
David Nalven
Gregory H. Matthews
*tricor@chimicles.com*
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Jeffrey L. Kodroff
Theodore M. Lieverman
Pat Howard
*tricor@chimicles.com*
Spector Roseman & Kodroff, P.C.
1818 Market Street Suite 2500
Philadelphia, PA 19103

Bernard J. Persky
Christopher J. McDonald
Kellie Safar
*tricor@chimicles.com*
Labaton Sucharow & Rudoff LLP
100 Park Avenue
New York, NY 10017

Bruce M. Gagala
*tricor@ycst.com*
Leydig Voit & Mayer Ltd.
Two Prudential Plaza, Suite 4900
180 N. Stetson Avenue
Chicago, IL 60601

Josy W. Ingersoll
Karen E. Keller
*tricor@ycst.com*
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
Wilmington, DE 19899

Kenneth A. Cohen
Elaine Herrman Blais
Chrsitopher T. Holding
*tricor@ycst.com*
Goodwin Procter, LLP
Exchange Place
Boston, MA 02109

Frederick L. Cottrell, III
Anne Shea Gaza
*tricor@rlf.com*
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801
Asim Bhansali
*abhansali@kvn.com*
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Jonathan L. Parshall
*jonp@msllaw.com*
Murphy Spadaro & Landon
824 N. Market Street, Suite 700
Wilmington, DE 19899

Kendall S. Zylstra
*kzylstra@sbclasslaw.com*
Lyle Stamps
*lstamps@sbclasslaw.com*
Schiffrin & Barroway LLP
280 King of Prussia Road
Radnor, PA 19087

William Christopher Carmody
*bcarmody@susmangodfrey.com*
John W. Turner
*jturner@susmangodfrey.com*
Shawn J. Rabin
*srabin@susmangodfrey.com*
Justin Nelson
*jnelson@susmangodfrey.com*
Cindy Tijerina
*ctijerina@susmangodfrey.com*
Susman Godfrey LLP
901 Main Street, Suite 5100
Dallas, TX 75202-3775

Mary B. Graham
*tricor@mnat.com*
Morris Nichols Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801

Mary Matterer
*mmatterer@morrisjames.com*
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19899

John C. Vetter
*jvetter@kenyon.com*
Kenyon & Kenyon
333 West Can Carlos Street, Suite 600
San Jose, CA 95110

Timothy C. Bickham
*tricor@rlf.com*
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

Mark Sandman
*mms@rawlingsandassociates.com*
Jeffrey Swann
*js5@rawlingsandassociates.com*
Rawlings & Associates
1700 Watterson Trail
Louisville, KY 40299

Robert R. Davis
2044 Sablewood Drive
Charlotte, North Carolina 28205
*RobertDavis11@hotmail.com*

Steven Sunshine
Maria M. DiMoscato
*tricor@rlf.com*
Cadwalader Wickersham & Taft LLP
1201 F. Street, N.W., Suite 110
Washington, DC 2004

Matthew P. Hendrickson
Bradley J. Demuth
*tricor@rlf.com*
Cadwalader Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

William F. Cavanaugh, Jr
*wfcavanaugh@pbwt.com*
Chad J. Petterman, Esq.
*cjpeterman@pbwt.com*
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

_____
A. Zachary Naylor (No. 4439)