# EXHIBIT A

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

**From:** Chad J. Peterman  
**Phone:** (212) 336-2877  
**Direct Fax:** (212) 336-7914  

**Date:** June 30, 2006  
**Client/Matter #:** A0407-1621  
**# of Pages (incl. cover):** 4

**Please deliver as soon as possible to:**

| Recipient | Firm Name | Fax | Phone |
|---|---|---|---|
| Christopher T. Holding | Goodwin Procter LLP | (617) 523-1231 | (617) 570-1679 |
| Asim Bhansali | Keker & Van Nest, LLP | (415) 397-7188 | (415) 391-5400 |
| Adam Steinfeld | Garwin, Gerstein, & Fisher, L.L.P. | (212) 764-6620 ✓ | (212) 398-0055 |
| Joseph T. Lukens | Hangley Aronchick Segal & Pudlin | (215) 568-0300 | (215) 496-7032 |
| Steve Shadowen | Hangley Aronchick Segal & Pudlin | (717) 364-1020 | (717) 364-1010 |
| Scott E. Perwin | Kenny Nachwalter P.A. | (305) 372-1861 | (305) 373-1000 |
| John W. Turner | Susman Godfrey LLP | (214) 754-1933 ✓ | (214) 754-1914 |
| Kenneth Zylstra | Schiffrin & Barroway, L.L.P. | (610) 667-7056 | (610) 822-0276 |
| Casey Murphy | Schiffrin & Barroway, L.L.P. | (610) 667-7056 | (610) 667-7706 |
| Mary B. Graham | Morris, Nichols, Arsht & Tunnell | (302) 658-3989 | (302) 351-9287 |
| Steven C. Sunshine | Cadwalader, Wickersham & Taft LLP | (202) 862-2400 | (202) 862-2329; |
| Matthew P. Hendrickson | Cadwalader, Wickersham & Taft LLP | (212) 504-6666 | (212) 504-5792 |
| Timothy Bickham | Steptoe & Johnson | (202) 429-3902 | (202) 429-5517 |

**Message:**

Please see the attached

CONFIDENTIALITY NOTE: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error please notify us immediately by telephone and destroy the transmission. Thank you

IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)

06/30/2006 16:11 FAX 912123362222    PATTERSON BELKNAP                    ☒002/004

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212 336 2000   fax 212 336 2222   www.pbwt.com

June 30, 2006

By Fax

Chad J. Peterman
(212) 336-2877
Direct Fax (212) 336-7914
cjpeterman@pbwt.com

Christopher T. Holding, Esq.
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109-1881

Re:   **In Re TriCor Antitrust Litigation**

Dear Chris:

    I write on behalf of Abbott and Fournier in response to your June 23, 2006 letter. We disagree with the sweeping characterizations in your letter, but do not believe that a point-by-point response is required or productive. However, we provide the following responses to specific points you raise. In providing our responses, we do not waive any of our prior general and specific objections to the Interrogatories and are agreeing to supplement our prior answers to avoid unnecessary motion practice.

Interrogatory No. 5

    Given the restrictions that you added, Abbott and Fournier will supplement their answers to this Interrogatory by July 11, 2006.

Interrogatory Nos. 6 and 7

    Abbott and Fournier will provide a supplemental response to Interrogatory Nos. 6 and 7 that comports with Fed. R. Civ. P. 33(d) by July 31, 2006. Your proposal of July 11, 2006 is not an adequate amount of time. We will take your interpretation of Rule 33(d) under advisement in formulating our response but do not agree to your overly broad and burdensome interpretation of that rule's requirements. We continue to reserve the right to supplement our responses to these Interrogatories and any other discovery request as appropriate.

    As discussed we will search for responsive documents concerning the Hilleman study. If there are responsive documents relating to the publication referenced in Abbott TriCor 95944, we will produce them.

Christopher T. Holding, Esq
June 30, 2006
Page 2

### Interrogatory Nos. 1 and 3

We confirm that there are no non-privileged tests on Teva's product performed by or on behalf of Abbott and Fournier other than the tests identified in Dr. Byrn's reports and the tests conducted by his laboratory in connection with those reports. Documents concerning those tests were produced in the patent litigation.

Plaintiffs agree that our pre-suit investigation regarding Teva's infringement is privileged. Any documents, communications and other activities created or occurring pre-suit would have been done under the direction of outside litigation counsel or pursuant to instruction of outside counsel, thereby reflecting communications to and from outside litigation counsel. Pursuant to the practice and working agreement of this case, and federal litigation practice in general, we are not going to log communications or activities reflecting communications to and from outside litigation counsel. Thus, we will not supplement our response as you requested.

You have asked us to make a binding election as to whether Abbott and Fournier will waive reliance on any tests of Teva's product subject to a privilege claim. We agree to an election in concept, but maintain that July 11, 2006 is premature. We propose to make an election 30-days prior to the close of fact discovery. If Abbott or Fournier elect to waive privilege, we will make discovery available immediately. Our proposal is subject to an agreement by all antitrust claimants to notify us by the same date whether they intend to assert privilege as to any tests conducted on Teva's products and, if so, make discovery available immediately.

I have attempted to address the main issues that you raised in the letter, but have not responded to each individual point. My decision not to address particular points should not be construed as an agreement with Teva on those points.

Sincerely,

Chad J. Peterman

cc: Asim Bhansali, Esq
Adam Steinfeld, Esq
Joseph T. Lukens, Esq
Steve Shadowen, Esq
Scott E. Perwin, Esq
John W. Turner, Esq
Kenneth Zylstra, Esq

1290690v1

Christopher T. Holding, Esq.
June 30, 2006
Page 3

    Casey Murphy, Esq.
    Mary B. Graham, Esq.
    Steven Sunshine, Esq.
    Matthew Hendrickson, Esq.
    Timothy C. Bickham, Esq.

1290690v1