ROSENTHAL, MONHAIT & GODDESS, P. A.
ATTORNEYS AT LAW
SUITE 1401, 919 MARKET STREET
P. O. BOX 1070
WILMINGTON, DELAWARE 19899-1070

JOSEPH A. ROSENTHAL
NORMAN M. MONHAIT
JEFFREY S. GODDESS
CARMELLA P. KEENER
EDWARD B. ROSENTHAL
JESSICA ZELDIN

TELEPHONE (302) 656-4433
FACSIMILE (302) 658-7567

October 4, 2006

**VIA ELECTRONIC FILING/HAND DELIVERY**

The Hon. Kent A. Jordan
United States District Court
Federal Building
844 King Street
Wilmington, Delaware 19801

Re:   *In re Tricor Direct Purchaser Antitrust Litigation*; C.A. No. 05-340 (KAJ)
      *Teva Pharm. USA, Inc., et al. v. Abbott Laboratories, et. al.* C.A. No. 02-1512 (KAJ)
      *Impax Laboratories, Inc. v. Abbott Laboratories, et al.*, C.A. No. 03-120 (KAJ)
      *In re Tricor Indirect Purchaser Antitrust Litigation*; C.A. No. 05-360 (KAJ)

Dear Judge Jordan:

I am liaison counsel for the Consolidated Direct Purchaser Class Plaintiffs in the above-referenced coordinated antitrust actions (the "Actions"). I write to request the Court's intervention in a late-arising discovery dispute the parties have been unable to resolve, relating to the division of time for examination in certain depositions now shortly scheduled in the Actions. Hopefully this issue can be taken up in the discovery teleconference this Friday morning.

On September 7, 2006, Plaintiffs served counterclaim-plaintiffs Teva Pharmaceuticals USA Inc., Teva Pharmaceuticals Industries Ltd. and Novopharm Ltd. (collectively, "Teva") and Impax Laboratories ("Impax") with substantially similar notices of deposition pursuant to Fed. R. Civ. Pro. 30(b)(6), covering topics relevant to the generic drug manufacturers' development and sale of fenofibrate products.[1] Both Teva and Impax agreed to offer witnesses in response to these notices.

Similarly, on June 29, 2006 and September 22, 2006, Defendants also served Rule 30(b)(6) notices on Teva and Impax, with topics significantly overlapping those included in Plaintiffs' notices.[2] For example, topic 3 of Plaintiffs' notice to Teva requests testimony regarding "Teva's sales and marketing of Generic Tricor, including the dates on which sales commenced and the marketing strategies considered and employed," while Defendants' notice demands a witness to

---

[1] Plaintiffs' 30(b)(6) notices are included in Exhibit A, attached hereto.

[2] Defendants' 30(b)(6) notices are included, collectively, in Exhibit B, attached hereto.

The Hon. Kent A. Jordan
October 4, 2006
Page 2

testify on "Teva's marketing plans and actual marketing of any Teva Fenofibrate Product, the persons with knowledge of such plans and marketing and documents which show Teva's marketing plans and actual marketing." (*See* Defendants' Notice dated September 22, 2006 at Topic 5). Notices directed to Impax display similar overlap.

Both Teva and Impax have begun to designate witnesses in response to these notices, and depositions have been scheduled. By letter dated September 11, 2006, Teva informed the parties that it would be designating a group of witnesses to collectively address these notices and would expect Plaintiffs and Defendants to share time in order to mitigate the burden on these witnesses. At the time, Defendants made no objection to Teva's request. Subsequently, Plaintiffs contacted Defendants to discuss an equitable use of time at these depositions and suggested that the available time be divided equally among the parties. Defendants flatly refused to discuss the issue, asserting baldly that they would "take up to our full allotment of time under the FRCP" and that this was appropriate "[g]iven the fact that plaintiffs sued us."[3] Defendants refused to discuss any arrangement by which the parties could share time at these depositions.

Defendants' position is both an inefficient use of resources and an unreasonable burden on Teva and Impax, whom they apparently would have produce duplicative witnesses for another full day of deposition by the Plaintiffs. Importantly, the other plaintiff groups share a significant need for discovery from Teva and Impax, and they should not be given short shrift based solely upon their position on case caption, as Defendants would have. For example, both Direct and Indirect Purchaser Plaintiffs must demonstrate, *inter alia*, the generic drug manufacturers were capable of developing, manufacturing and selling generic versions of Tricor at the relevant times, and would have, but for the success of Defendants' anticompetitive scheme. *See, e.g.* Direct Purchaser Class Plaintiffs' First Amended and Consolidated Class Action Complaint ¶¶ 5–7, 9. Moreover, Defendants' position clearly conflicts with the instructions of the Court's July 29, 2006 scheduling order, which requires that:

> Plaintiffs' Counsel and Defendants' Counsel of record shall coordinate in scheduling depositions so as to avoid, to the extent practicable, subjecting the same witness (except for Rule 30(b)(6) witnesses who may also have individual knowledge of the subject matter of the Coordinated Actions) to more than one deposition notice in the Coordinated Actions. No witness who is deposed subsequent to the date of the entry of this Order pursuant to a notice of deposition in one or more of the Coordinated Actions shall later be subject to deposition in any of the Coordinated Actions absent leave

---

[3] Plaintiffs' and Defendants' correspondence on this topic, via e-mail, is included collectively in Exhibit C, attached hereto.

The Hon. Kent A. Jordan
October 4, 2006
Page 3

        of the Court or consent of the witness. Nothing in the Order should be construed to place limitations on the ability of a party to examine a witness at a deposition beyond those imposed by the F.R.C.P. All parties examining a witness at a deposition shall make reasonable efforts to avoid duplicative questioning.

    *See* Pretrial Order No. 1 Regarding Consolidation of Direct Purchase Class Actions and Coordination of Direct Purchaser Class Actions with Direct Purchaser Individual Actions and Indirect Purchase Actions, dated July 29, 2006, at sec. IV. B.

    Plaintiffs have already worked hard to comply with the requirements of the Court's order. Despite the fact that Plaintiffs in these coordinated cases comprise five distinct entities (or groups of entities) each with specific interests and goals in discovery, we have coordinated our discovery efforts such that no deposition of an Abbott or Fournier employee has exceeded seven hours, without prior agreement of Defendants. Defendants should not be excused from making the same commitment to efficiency and judicial economy where the burden of appearing for deposition falls upon the employees of another party. Accordingly, Plaintiffs respectfully request that the Court instruct the parties that time for the upcoming depositions of 30(b)(6) witnesses produced by Teva or Impax be equally divided between Plaintiffs and Defendants.

    Thank you for your consideration of this matter.

                                          Respectfully submitted,

                                          *Jeffrey S. Goddess by qdc*
                                          Jeffrey S. Goddess (Del. Bar No. 630)
                                          jgoddess@rmgglaw.com
                                          (302) 656-4433

JSG/cmw
Enclosures
cc:    All counsel of record on attached service list

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2006 I electronically filed the foregoing document using CM/ECF, which will send notification of such filing to all registered participants, including:

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
Karen Keller, Esquire
Young Conaway Stargatt
 & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391

Mary B. Graham, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801

Mary B. Matterer, Esquire
Morris James Hitchens & Williams LLP
222 Delaware Avenue
10th Floor
P. O. Box 2306
Wilmington, DE 19899

Pamela S. Tikellis, Esquire
Robert J. Kriner, Jr., Esquire
A. Zachary Naylor, Esquire
Chimicles & Tikellis LLP
One Rodney Square
P. O. Box 1035
Wilmington, DE 19899

Jonathan L. Parshall, Esquire
Murphy Spadaro & Landon
1011 Centre Road
Suite 210
Wilmington, DE 19801

Elizabeth M. McGeever, Esquire
Prickett Jones Elliott, P.A.
1310 King Street
P. O. Box 1328
Wilmington, DE 19899

Michael I. Silverman, Esquire
Lynn A. Iannone, Esquire
Silverman & McDonald
1010 N. Bancroft Parkway #22
Wilmington, DE 19805

Patrick Francis Morris, Esquire
Morris & Morris
1105 North Market Street
Suite 803
Wilmington, DE 19801

I hereby certify that on October 4, 2006 I sent by electronic mail the foregoing document to the following non-registered participants:

| | |
|---|---|
| REPRESENTING DIRECT PURCHASER CLASS (C.A. No. 05-340): | Bruce E. Gerstein<br>**bgerstein@garwingerstein.com**<br><br>Barry S. Taus<br>**btaus@garwingerstein.com**<br><br>Adam M. Steinfeld<br>**asteinfeld@garwingerstein.com**<br><br>Rimma Neman<br>**rneman@garwingerstein.com**<br><br>Daniel Berger<br>**danberger@bm.net**<br><br>Eric L. Cramer<br>**ecramer@bm.net**<br><br>Peter Kohn<br>**pkohn@bm.net**<br><br>Neill W. Clark<br>**nclark@bm.net**<br><br>Linda P. Nussbaum<br>**lnussbaum@cmht.com**<br><br>Steig D. Olson<br>**solson@cmht.com**<br><br>David P. Germaine<br>**dgermaine@vaneklaw.com** |

|  |  |
|---|---|
|  | Joseph Vanek<br>**jvanek@vaneklaw.com**<br><br>Stuart Des Roches<br>**stuart@odrlaw.com**<br><br>Andrew Kelly<br>**akelly@odrlaw.com**<br><br>Adelaida Ferchmin<br>**aferchmin@odrlaw.com**<br><br>David P. Smith<br>**dpsmith@psfllp.com**<br><br>Russell A. Chorush<br>**rchorush@hpcllp.com**<br><br>Michael F. Heim<br>**mheim@hpcllp.com** |
| REPRESENTING WALGREEN, ECKERD, KROGER, MAXI, CVS, RITE AID (C.A. No. 05-340): | Elizabeth M. McGeever<br>**emmcgeever@prickett.com**<br><br>Scott E. Perwin<br>**sperwin@kennynachwalter.com**<br><br>Lauren Ravkind<br>**lravkind@kennynachwalter.com**<br><br>Joseph T. Lukens<br>**jlukens@hangley.com** |
| REPRESENTING PACIFICARE (C.A. No. 05-340): | Jonathan L. Parshall<br>**jonp@msllaw.com**<br><br>William Christopher Carmody<br>**bcarmody@susmangodfrey.com** |

|  |  |
|---|---|
|  | John Turner<br>**jturner@susmangodfrey.com**<br><br>Shawn Rabin<br>**srabin@susmangodfrey.com**<br><br>Justin Nelson<br>**jnelson@susmangodfrey.com**<br><br>Ken Zylstra<br>**kzylstra@sbclasslaw.com**<br><br>Lyle Stamps<br>**lstamps@sbclasslaw.com**<br><br>Steve Connolly<br>**sconnolly@sbclasslaw.com**<br><br>Casey Murphy<br>**cmurphy@sbclasslaw.com**<br><br>Mark Sandman<br>**mms@rawlingsandassociates.com**<br><br>Jeffrey Swann<br>**js5@rawlingsandassociates.com** |
| REPRESENTING IMPAX<br>LABORATORIES (C.A. No. 03-120) | Mary Matterer<br>**mmatterer@morrisjames.com**<br><br>John C. Vetter<br>**jvetter@kenyon.com**<br><br>Asim Bhansali<br>**abhansali@kvn.com** |

| | |
|---|---|
| REPRESENTING INDIRECT PARTY PLAINTIFFS (C.A. No. 05-360): | Pamela S. Tikellis<br>Thomas M. Sobol<br>Patrick E. Cafferty<br>Jeffery L. Kodroff<br>Bernard J. Persky<br>Michael Gottsch<br>A. Zachary Naylor<br>Robert Davis<br>Brian Clobes<br>Michael Tarringer<br>Tim Fraser<br>David Nalven<br>Greg Matthews<br>Christopher McDonald<br>Kellie Safar<br>Ted Lieverman<br>Pat Howard<br>**tricor@chimicles.com**<br><br>Michael I. Silverman<br>mike@silverman-mcdonald.psemail.com<br><br>Lynn A. Iannone<br>lynn@silverman-mcdonald.psemail.com<br><br>Patrick Francis Morris<br>**pmorris@morrisandmorrislaw.com** |
| REPRESENTING TEVA PHARMACEUTICALS (C.A. No. 02-1512): | Josy W. Ingersoll<br>Bruce M. Gagala<br>Karen E. Keller<br>Christopher T. Holding<br>Ken Cohen<br>Elaine Blais<br>**tricor@ycst.com** |

| | |
|---|---|
| REPRESENTING ABBOTT (ALL CASES): | Mary B. Graham<br>**tricor@mnat.com**<br><br>William F. Cavanaugh<br>**wfcavanaugh@pbwt.com**<br><br>Chad J. Peterman<br>**cjpeterman@pbwt.com** |
| REPRESENTING FOURNIER (ALL CASES): | Frederick L. Cottrell, III<br>Anne Shea Gaza<br>Steven S. Sunshine<br>Matthew P. Hendrickson<br>Bradley J. Demuth<br>Maggie DiMoscato<br>Timothy C. Bickham<br>**tricor@rlf.com** |

/s/ *Jeffrey S. Goddess*
Jeffrey S. Goddess (Del. Bar No. 630)
Jessica Zeldin (Del. Bar No. 3558)
Rosenthal, Monhait & Goddess, P.A.
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com
jzeldin@rmgglaw.com