# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABBOTT LABORATORIES,                      )
FOURNIER INDUSTRIE ET SANTÉ, and          )
LABORATORIES FOURNIER S.A.,               )
                                          )
            Plaintiffs,                   )
                                          )
      v.                                  )
                                          )
TEVA PHARMACEUTICALS USA, INC.,           )
                                          )
            Defendant.                    )
                                          )
——————————————————————————————            )      C.A. No. 02-1512 (KAJ)
                                          )      (Consolidated)
TEVA PHARMACEUTICALS USA, INC.,           )
TEVA PHARMACEUTICAL INDUSTRIES LTD.,       )
and NOVOPHARM, LTD.,                      )
                                          )
            Counterclaim Plaintiffs,      )
                                          )
      v.                                  )
                                          )
ABBOTT LABORATORIES,                      )
FOURNIER INDUSTRIE ET SANTÉ, and          )
LABORATOIRES FOURNIER S.A.,               )
                                          )
            Counterclaim Defendants.      )
                                          )

**ABBOTT'S AND FOURNIER'S FIRST NOTICE OF DEPOSITION OF TEVA
PHARMACEUTICAL INDUSTRIES, LTD. PURSUANT TO FED.R.CIV.P. 30(B)(6)**

      To:      All Counsel on the Attached Service List

      PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, Abbott and Fournier will take the deposition by oral examination of TEVA

PHARMACEUTICAL INDUSTRIES, LTD. on July 26, 2006 at 9:30 A.M., at the offices of

Patterson, Belknap, Webb & Tyler LLP, 1133 Avenue of the Americas, or such other location

agreed to by counsel.  The deposition will be recorded by videotape as well as stenographically

before a Notary Public or other officer authorized to administer oaths, and shall continue from day to day until completed, with such adjournments as to time and place as may be necessary.

NOTICE IS HEREBY GIVEN that, pursuant to Fed. R. Civ. P. 30(b)(6) Teva Pharmaceutical Industries, Ltd. is required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on their behalf, to give testimony on the topics set forth in Exhibit A hereto, and the person(s) so designated shall be required to testify as to the matters known or reasonably available to the corporation with respect to each topic. You are invited to attend and cross-examine.

Defendants hereby request the production of all documents relating or referring to the topics set forth in Exhibit A that have not already been produced in this litigation. Production is requested by July 17, 2006. Defendants hereby incorporate by reference the Definitions and Instructions from Defendants' First Set of Requests for the Production of Documents and Things from Teva.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

_____
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
302.658.9200

*Attorneys for Abbott Laboratories*

OF COUNSEL:

William F. Cavanaugh, Jr.
Eugene M. Gelernter
Chad J. Peterman
Alexis Gander
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2000

Dated:  June 29, 2006
527013

- 2 -

## DEFINITIONS AND INSTRUCTIONS

1.     The term "Teva" means Teva Pharmaceutical Industries, Ltd., Inc., all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors and assigns of each of the foregoing (including, but not limited to GATE Pharmaceuticals); and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

2.     The term "TriCor" means any pharmaceutical product marketed under the trade name "TriCor®," at any time.

3.     The term "Lofibra" means any pharmaceutical product marketed in the United States under the trade name "Lofibra®," at any time.

4.     The term "Generic Lofibra" means any human prescription drug preparation containing fenofibrate as its sole active ingredient marketed in the United States by or on behalf of Teva under the name of the preparation's active ingredient (fenofibrate) rather than a branded trade name.

5.     "Formulary" means the comprehensive list(s) of brand-name and generic drugs covered under a prescription benefit or other health, welfare or medical plans.

6.     "Managed Care Organization" or "MCO" means an type of entity or organization providing managed health care (including prescription benefit services) such as a health maintenance organization (HMO), health care service contractor (HCSC), preferred provider organization (PPO) or similar entity.

7.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

8.      The relevant time frame for these topics is January 1998 to the present.

## EXHIBIT A

Teva is requested to designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf who have knowledge of the matters set forth herein.

## TOPICS

1.      Teva's decision or involvement with the decision to launch Lofibra and Generic Lofibra, including the identity and roles of the persons involved in the decision, reasons for the decision and the information on which it was based, the dates of the launches, the dates that the FDA granted tentative approval and final approval for each Lofibra and Generic Lofibra product, and the reason for any delay between the date that the products received final approval from the FDA and the date that the products were launched.

2.      Teva's decision or involvement with the decision to withdraw Generic Lofibra from the marketplace, and dates that Generic Lofibra was withdrawn.

3.      Identification of all differences between each Lofibra product and its equivalent Generic Lofibra product in the following areas: (a) formulation, (b) manufacturing process, (c) manufacturing cost, and (d) packaging.

4.      The pricing of Lofibra and Generic Lofibra including, without limitation, any actual, published, potential, or expected prices or other terms for the sale of Lofibra and Generic Lofibra to any customer, category of customer, or class of trade, including discounts, rebates, chargebacks, and/or other adjustments to price or quantity and the basis on which the same are calculated or determined.

5.      The profit margins Teva realized on the sale of Lofibra and Generic Lofibra including, without limitation, identification and values of the factors it considers when

determining profit margins (*e.g.*, sales price, manufacturing costs) and how it calculates that profits margin.

6.      Manuals, matrices, policies, guidelines and formulas developed or used by Teva to calculate, figure, or otherwise determine price and adjustments to the price (or quantity) of Lofibra and Generic Lofibra for each customer, class of trade, market segment, and subgroup thereof.

7.      Contracts for the sale of Lofibra and Generic Lofibra that, in whole or in part, (a) generate chargebacks, (b) provide for an entity other than Teva to ship or sell Lofibra or Generic Lofibra to a contracting party, or (c) provide for an entity to purchase directly from Teva.

8.      Process(es), method(s), strategies, and procedures that Teva proposed, considered or used for setting or establishing the prices (whether direct or contract, and including rebates, discounts, and chargebacks) for Lofibra and Generic Lofibra.

9.      Teva's offers to sell Lofibra and Generic Lofibra to potential customers.

10.      Teva's communications with MCOs concerning status for Lofibra and Generic Lofibra on any Formulary controlled or maintained by the MCO.

11.      Teva's communications with MCOs concerning Formulary status for TriCor.

12.      Teva's communications with MCOs and physicians concerning comparisons (including comparisons of price, safety, efficacy, labeled indications) between (a) any version of Lofibra or Generic Lofibra, on one hand and (b) any version of TriCor, on the other hand.

- 2 -

13.    Teva's communications with direct purchasers, pharmaceutical retailers, MCOs and physicians announcing the availability of Lofibra and Generic Lofibra.

14.    Teva's manufacturing capacity for Lofibra and Generic Lofibra at or around each of the following dates: (a) April 9, 2002 (date of final approval of 134 mg and 200 mg products under ANDA 75-753), (b) September 3, 2002 (date of final approval of 67 mg product under ANDA 75-753), (c) March 5, 2004 (date of tentative approval for ANDA 76-433), (d) May 13, 2005 (date of final approval for ANDA 76-433) and (e) June 1, 2006.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 29, 2006, the foregoing were caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on June 29, 2006 upon the following parties:

| | |
|---|---|
| REPRESENTING DIRECT PARTY PLAINTIFFS (C.A. 05-340): | Jeffrey S. Goddess<br>**jgoddess@rmgglaw.com** |
| | Bruce E. Gerstein<br>**bgerstein@garwingerstein.com** |
| | Barry S. Taus<br>**btaus@garwingerstein.com** |
| | Adam M. Steinfeld<br>**asteinfeld@garwingerstein.com** |
| | Daniel Berger<br>**danberger@bm.net** |
| | Eric L. Cramer<br>**ecramer@bm.net** |
| | Peter Kohn<br>**pkohn@bm.net** |
| | Linda P. Nussbaum<br>**lnussbaum@cmht.com** |
| | Steig D. Olson<br>**solson@cmht.com** |
| REPRESENTING WALGREEN, ECKERD, KROGER, MAXI, CVS, RITE AID (C.A. 05-340): | Elizabeth M. McGeever<br>**emmcgeever@prickett.com** |
| | Scott E. Perwin<br>**sperwin@kennynachwalter.com** |
| | Joseph T. Lukens<br>**jlukens@hangley.com** |

REPRESENTING PACIFICARE
(C.A. 05-340):

Jonathan L. Parshall
**jonp@msllaw.com**

William Christopher Carmody
**bcarmody@susmangodfrey.com**

John Turner
**jturner@susmangodfrey.com**

Shawn Rabin
**srabin@susmangodfrey.com**

Justin Nelson
**jnelson@susmangodfrey.com**

Cindy Tijerina
**ctijerina@susmangodfrey.com**

Ken Zylstra
**kzylstra@sbclasslaw.com**

Steve Connolly
**sconnolly@sbclasslaw.com**

Mark Sandman
**mms@rawlingsandassociates.com**

Jeffrey Swann
**js5@rawlingsandassociates.com**

REPRESENTING INDIRECT PARTY PLAINTIFFS
(C.A. 05-360):

Pamela S. Tikellis
Thomas M. Sobol
Patrick E. Cafferty
Jeffrey L. Kodroff
Bernard J. Persky
Mike Gottsch
A. Zachary Naylor
Robert Davis
Brian Clobes
Michael Tarringer
Tim Fraser
David Nalven
Greg Matthews
Christopher McDonald
Kellie Safar
Theodore M. Lieverman
Pat Howard

**tricor@chimicles.com**

REPRESENTING TEVA PHARMACEUTICALS
(C.A. 02-1512):

Josy W. Ingersoll
Karen E. Keller
Bruce M. Gagala
Christopher T. Holding
Ken Cohen
Elaine Blais

**tricor@ycst.com**

REPRESENTING IMPAX LABORATORIES
(C.A. 03-120):

Mary Matterer
**mmatterer@morrisjames.com**

John C. Vetter
**jvetter@kenyon.com**

Asim Bhansali
**abhansali@kvn.com**

REPRESENTING FOURNIER
(ALL CASES):

Frederick L. Cottrell, III
Anne Shea Gaza
Steven C. Sunshine
Matthew P. Hendrickson
Bradley J. Demuth
Maggie DiMoscato
Timothy C. Bickham

**tricor@rlf.com**

The undersigned also hereby certifies that on June 29, 2006, true and correct copies

of the foregoing were caused to be served by hand upon the following local counsel:

Jeffrey S. Goddess, Esquire
ROSENTHAL, MONHAIT & GODDESS, PA
P.O. Box 1070
Wilmington, DE  19899

A. Zachary Naylor, Esquire
CHIMICLES & TIKELLIS LLP
One Rodney Square, P.O. Box 1035
Wilmington, DE  19899

Michael I. Silverman, Esquire
SILVERMAN & MCDONALD
1010 North Bancroft Parkway
Suite 22
Wilmington, DE  19805

Patrick Francis Morris, Esquire
MORRIS & MORRIS
1105 North Market Street
Suite 803
Wilmington, DE  19801

Lynn A. Iannone, Esquire
SILVERMAN & MCDONALD
1010 North Bancroft Parkway
Suite 22
Wilmington, DE  19805

Jonathan L. Parshall, Esquire
MURPHY, SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE  19805

- 3 -

Elizabeth M. McGeever, Esquire
PRICKETT JONES & ELLIOTT, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE  19899

Josy W. Ingersoll, Esquire
YOUNG CONAWAY STARGATT & TAYLOR
1000 West Street, 17th Floor
Wilmington, DE  19801

Frederick L. Cottrell, III, Esquire
RICHARDS, LAYTON & FINGER
One Rodney Square; P.O. Box 551
Wilmington, DE  19899

Mary B. Matterer, Esquire
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)

494469

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT LABORATORIES,<br>FOURNIER INDUSTRIE ET SANTÉ, and<br>LABORATORIES FOURNIER S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant.<br>_____<br><br>TEVA PHARMACEUTICALS USA, INC.,<br>TEVA PHARMACEUTICAL INDUSTRIES LTD.,<br>and NOVOPHARM, LTD.,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br>FOURNIER INDUSTRIE ET SANTÉ, and<br>LABORATOIRES FOURNIER S.A.,<br><br>Counterclaim Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 02-1512 (KAJ)<br>(Consolidated) |

**ABBOTT'S AND FOURNIER'S SECOND NOTICE OF DEPOSITION OF TEVA
PHARMACEUTICALS, USA, INC PURSUANT TO FED. R. CIV. P. 30(B)(6)**

To:    All Counsel on the Attached Service List

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of

Civil Procedure, Abbott and Fournier will take the deposition by oral examination of Teva

Pharmaceuticals USA, Inc., on October 13, 2006 at 9:30 A.M., at the offices of Patterson,

Belknap, Webb & Tyler LLP, 1133 Avenue of the Americas, or such other location agreed to by

counsel.  The deposition will be recorded by videotape as well as stenographically before a

Notary Public or other officer authorized to administer oaths, and shall continue from day to day until completed, with such adjournments as to time and place as may be necessary.

NOTICE IS HEREBY GIVEN that, pursuant to Fed. R. Civ. P. 30(b)(6), Teva Pharmaceuticals, USA, Inc. is required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, to give testimony on the topics set forth in Exhibit A hereto, and the person(s) so designated shall be required to testify as to the matters known or reasonably available to the corporation with respect to each topic.   You are invited to attend and cross-examine.

Defendants hereby request the production of all documents relating or referring to the topics set forth in Exhibit A that have not already been produced in this litigation. Production is requested by October 2, 2006.  Defendants hereby incorporate by reference the Definitions and Instructions from Defendants' First Set of Requests for the Production of Documents and Things from Teva.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
302.658.9200

*Attorneys for Abbott Laboratories*

OF COUNSEL:

William F. Cavanaugh, Jr.
Chad J. Peterman
Alexis Gander
Thomas W. Pippert
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
(212) 336-2000

Dated:  September 22, 2006
536978

## DEFINITIONS AND INSTRUCTIONS

1.      Abbott and Fournier hereby incorporate the definitions and instructions from Abbott's and Fournier's First Second Notice of Deposition of Teva Pharmaceuticals, USA, Inc. Pursuant to Fed.R.Civ.P. 30(B)(6).

2.      "Fenofibrate Product" means any human prescription drug preparation in any form whose active ingredient is or includes fenofibrate, whether or not offered for sale.

3.      "Teva Fenofibrate Product" means any Fenofibrate Product developed, manufactured, marketed, licensed, or sold by or on behalf of Teva.

4.      "Impax Fenofibrate Product" means any Fenofibrate Product developed, manufactured, marketed, licensed, or sold by or on behalf of Impax.

## EXHIBIT A

Teva is requested to designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf on the following topics:

## TOPICS

1.      Teva's discussions or communications with the FDA concerning any Fenofibrate Product, changes in the FDA projected approval dates, and any reasons for such changes.  The persons involved in and the dates of such discussions or communications, and the documents which reflect, or refer or relate to, such discussions or communications.

2.      Projected sales and volumes (in dollars and prescriptions) for any Teva Fenofibrate Product, and actual sales and volumes for any Teva Fenofibrate Product sold, the method of calculating such projected and actual sales and volumes, the persons with knowledge thereof and the documents which show such projected or actual sales and volumes.

3.      Projected and actual profits for any Teva Fenofibrate Product, the method of calculating such projected and actual profits, persons with knowledge thereof and the documents which show projected or actual profits for any Teva Fenofibrate Product.

4.      Teva's business expectancies with respect to any Teva Fenofibrate Product, including identification of such expectancies and what business is or would be involved, the persons with knowledge, and the dates of, such business expectancies arose, communications and negotiations relating to such business expectancies and the documents which reflect, or refer or relate to, such business expectancies.

5.      Teva's marketing plans and actual marketing of any Teva Fenofibrate Product, the persons with knowledge of such plans and marketing and documents which show Teva's marketing plans and actual marketing.

6.    Teva's discussions or communications with Impax Laboratories, Inc. concerning any Impax Fenofibrate Product or Teva Fenofibrate Product, the persons involved and the documents relating thereto.

7.    Teva's policies and positions concerning communications, and the content of any communications, with any pricing service regarding product discontinuations, including First Databank, Medi-Span, and Thomson.

8.    Teva's communications, and the content of such communications, with any pricing service regarding any Teva Fenofibrate Product.

9.    Programs or plans that Teva has instituted, discussed or considered relating to any attempt to switch patients from one pharmaceutical product to another pharmaceutical product, including Teva's Generic Awareness Program with Eckerd and Teva's switching program with Walgreens.

10.    The corporate relationship between Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Novopharm Ltd. and Gate Pharmaceuticals, and each entity's role in the development, manufacturing, marketing and sale of Teva Fenofibrate Products.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 22, 2006, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on September 22, 2006 upon the following parties:

REPRESENTING DIRECT PARTY PLAINTIFFS
(C.A. 05-340):

Jeffrey S. Goddess
**jgoddess@rmgglaw.com**

Bruce E. Gerstein
**bgerstein@garwingerstein.com**

Barry S. Taus
**btaus@garwingerstein.com**

Adam M. Steinfeld
**asteinfeld@garwingerstein.com**

Daniel Berger
**danberger@bm.net**

Eric L. Cramer
**ecramer@bm.net**

Peter Kohn
**pkohn@bm.net**

Linda P. Nussbaum
**lnussbaum@cmht.com**

Steig D. Olson
**solson@cmht.com**

REPRESENTING WALGREEN, ECKERD, KROGER, MAXI,
CVS, RITE AID
(C.A. 05-340):

Elizabeth M. McGeever
**emmcgeever@prickett.com**

Scott E. Perwin
**sperwin@kennynachwalter.com**

Joseph T. Lukens
**jlukens@hangley.com**

REPRESENTING PACIFICARE
(C.A. 05-340):

Jonathan L. Parshall
**jonp@msllaw.com**

William Christopher Carmody
**bcarmody@susmangodfrey.com**

John Turner
**jturner@susmangodfrey.com**

Shawn Rabin
**srabin@susmangodfrey.com**

Justin Nelson
**jnelson@susmangodfrey.com**

Cindy Tijerina
**ctijerina@susmangodfrey.com**

Ken Zylstra
**kzylstra@sbclasslaw.com**

Steve Connolly
**sconnolly@sbclasslaw.com**

Mark Sandman
**mms@rawlingsandassociates.com**

Jeffrey Swann
**js5@rawlingsandassociates.com**

REPRESENTING INDIRECT PARTY PLAINTIFFS
(C.A. 05-360):

Pamela S. Tikellis
Thomas M. Sobol
Patrick E. Cafferty
Jeffrey L. Kodroff
Bernard J. Persky
Mike Gottsch
A. Zachary Naylor
Robert Davis
Brian Clobes
Michael Tarringer
Tim Fraser
David Nalven
Greg Matthews
Christopher McDonald
Kellie Safar
Theodore M. Lieverman
Pat Howard

**tricor@chimicles.com**

REPRESENTING TEVA PHARMACEUTICALS
(C.A. 02-1512):

Josy W. Ingersoll
Karen E. Keller
Bruce M. Gagala
Christopher T. Holding
Ken Cohen
Elaine Blais

**tricor@ycst.com**

REPRESENTING IMPAX LABORATORIES
(C.A. 03-120):

Mary Matterer
**mmatterer@morrisjames.com**

John C. Vetter
**jvetter@kenyon.com**

Asim Bhansali
**abhansali@kvn.com**

REPRESENTING FOURNIER
(ALL CASES):

Frederick L. Cottrell, III
Anne Shea Gaza
Steven C. Sunshine
Matthew P. Hendrickson
Bradley J. Demuth
Maggie DiMoscato
Timothy C. Bickham

**tricor@rlf.com**

*/s/ Mary B. Graham*

_____

Mary B. Graham (#2256)

520842

- 3 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES, an Illinois corporation, FOURNIER INDUSTRIE ET SANTÉ, a French corporation, and LABORATOIRES FOURNIER S.A., a French corporation,<br><br>      Plaintiffs,<br><br>      v.<br><br>IMPAX LABORATORIES, INC., a Delaware corporation,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 03-120 (KAJ)<br>)  (Consolidated) |
| IMPAX LABORATORIES, INC., a Delaware corporation,<br><br>      Counterclaim Plaintiff,<br><br>      v.<br><br>ABBOTT LABORATORIES, an Illinois corporation, FOURNIER INDUSTRIE ET SANTÉ, a French corporation, and LABORATOIRES FOURNIER, S.A., a French corporation,<br><br>      Counterclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FOURNIER'S FIRST NOTICE OF VIDEOTAPE DEPOSITION OF IMPAX LABORATORIES, INC. PURSUANT TO RULE 30(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

To:    All Counsel on the Attached Service List

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, counsel for Defendants shall take the deposition by oral examination of counterclaim plaintiff Impax Laboratories, Inc. ("Impax"), on September 21, 2006 at 9:30 A.M., at the offices of Cadwalader, Wickersham & Taft, L.L.P., One World Financial Center, New York, NY, or such other location agreed to by counsel. The deposition will be recorded by videotape as well as stenographically before a Notary Public or other officer authorized to administer oaths, and shall continue from day to day until completed, with such adjournments as to time and place as may be necessary.

NOTICE IS HEREBY GIVEN that pursuant to Fed. R. Civ. P. 30(b)(6), Impax is required to designate one or more appropriate persons to testify on its behalf with respect to each of the matters set forth in Exhibit A hereto, and the person(s) so designated shall be required to testify as to each of those matters known or reasonably available to the corporation. You are invited to attend and cross-examine.

FURTHER, Defendants hereby request the production of all documents concerning the topics set forth in Exhibit A that have not already been produced in this litigation. Production is requested by September 15, 2006.

*Of Counsel:*

Steven C. Sunshine
Maria M. DiMoscato
CADWALADER, WICKERSHAM & TAFT LLP
1201 F Street, N.W.
Washington, D.C. 20004
(202) 862-2200

Matthew P. Hendrickson
Bradley J. Demuth
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
(212) 504-6000

Timothy C. Bickham
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
(202) 429-5517


Dated: September 5, 2006

Frederick L. Cottrell, III (I.D. #2555)
Anne Shea Gaza (I.D. #4093)
cottrell@rlf.com
gaza@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
Wilmington, DE 19801
(302) 651-7700

## DEFINITIONS AND INSTRUCTIONS

1.    The use of any definition for purposes of this Notice shall not be deemed to constitute an agreement or acknowledgement on the part of defendant that such definition is accurate, meaningful or appropriate for any other purpose in this action.

2.    "Teva" means counterclaim plaintiffs Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., and Novopharm Ltd., all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

3.    "Impax" means counterclaim plaintiff Impax Laboratories, Inc., all parents, subsidiaries, and affiliates thereof, all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

4.    "Fournier" means Fournier Industrie et Santé and Laboratoires Fournier S.A.; all subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

5.    "Abbott" means Abbott Laboratories; all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and

all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

6.      "First Databank" means First Databank, Inc. all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

7.      "Medi-Span" means Medi-Span of Wolkers Kluwer Health; all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

8.      "Thomson" means Thomson Corporation; all parents, subsidiaries, and affiliates thereof; all divisions, predecessors, successors and assigns of each of the foregoing; and all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, each of the foregoing.

9.      "Managed Care Organization" or "MCO" means any type of entity or organization which provides managed health care (including prescription benefit services) such as a health maintenance organization (HMO), health care service contractor (HCSC), preferred provider organization (PPO) or similar entity.

10.      "Formulary" means the comprehensive list(s) of brand and generic drugs covered under a prescription benefit or other health, welfare, or medical plan.

11.    "TriCor®" means any pharmaceutical product marketed under the trade name "TriCor®" at any time.

12.    "Pharmaceutical Product" means any human prescription drug preparation in tablet or capsule form.

13.    "Fenofibrate Product" means any human prescription drug preparation in any form whose active ingredient is or includes fenofibrate, whether or not ultimately offered for sale.

14.    "Impax Fenofibrate Product" means any Fenofibrate Product developed, manufactured, marketed, licensed, or sold by Impax.

15.    "Teva Fenofibrate Product" means any Fenofibrate Product developed, manufactured, marketed, licensed, or sold by Teva.

16.    The term "document" or "documents" as used herein shall be given the broadest and most inclusive construction provided for under the Federal Rules of Civil Procedure, and includes but is not limited to the following:    reports, records, letters, correspondence, telegrams, teletypes, faxes, communications, memoranda, recordings, video, photographs, drawings, books, interoffice communications, bulletins, circulars, pamphlets, brochures, charts, graphs, manuals, minutes, notes, agenda, announcements, instructions, drafts, calendars, diaries, telephone logs, statements, analyses, worksheets, credit memoranda, sales slips, billings or credit statements, ledgers, computer printouts, e-mail, data (including computer diskettes, hard drives, backup disks and tapes), contracts and agreements of any kind.  A draft or non-identical copy is a separate document within the meaning of this term.

17.    The term "communication" means the transmittal of information by means of documents (as defined above), oral communications, telegrams, voice mail, electronic mail or any other conveyance of information in any form whatsoever, including but not limited to facts, ideas, inquiries or otherwise, regardless of whether published internally or externally.

18.    The terms "concern" or "concerning" mean mentioning, identifying, describing, discussing, evidencing, summarizing, explaining, disclosing, recording, showing, containing, setting forth, constituting, comprising, supporting, characterizing, referring to, relating to, and/or regarding, directly or indirectly.

19.    As used herein, "and" or "or" shall be considered conjunctively or disjunctively as necessary to make the discovery request inclusive rather than exclusive. The use of the singular of any word shall include the plural and vice versa, and the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as outside its scope.

20.    These requests shall be deemed to include any and all relevant documents within the possession, custody or control of the Impax, including, without limitation, documents located in the files of any and all past and present directors, officers, agents, representatives, employees, attorneys, and accountants of or retained by Impax.

21.    Documents from any single file shall be produced in the same order as they were found in such file, and the files from which they are being produced shall be identified. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

22.    If the production of any documents responsive to these topics is objected to on the grounds of privilege or work product, for any reason, with respect to each such document state:

      a.     the identity of its author(s) or creator(s);

      b.     the identify of its recipient(s);

      c.     its subject matter;

      d.     the identify of the person(s) to whom a document or any portion thereof, has already been revealed;

      e.     the source of the document;

      f.     the date of the document; and

      g.     the basis upon which it is being withheld.

23.    These requests shall be deemed continuing and supplemental responses and document production should be provided as additional information becomes available.

24.    Unless otherwise indicated, the time period applicable to these topics requests shall be January 1, 1998 to the date upon which testimony or supplemental testimony is provided and/or production or supplemental production of documents occurs.

## EXHIBIT A

Impax is requested to designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf who have knowledge of the matters set forth herein.

## TOPICS

1.     Impax's decision (and the factors underlying the decision) whether or not to develop any Fenofibrate Product, including but not limited to (a) the identity and roles of the persons involved in the decision; (b) the reasons for the decision and information on which it was based; and (c) the dates of such decisions.

2.     Impax's decision (and the factors underlying the decision) whether or not to offer for sale any Fenofibrate Product, including but not limited to (a) the identity and roles of the persons involved in the decision; (b) the reasons for the decision and information on which it was based; and (c) the dates of such decisions.

3.     The projected and actual launch dates for any Impax Fenofibrate Product, changes in the projected launch dates, and any reasons for such changes.

4.     Impax's discussions or communications with the FDA concerning any Fenofibrate Product, the projected and actual dates of FDA approval for any Impax Fenofibrate Product, changes in the projected FDA approval dates, and any reasons for such changes.

5.     Projected sales and volumes (in dollars and prescriptions) for any Impax Fenofibrate Product, and actual sales and volumes for any Impax Fenofibrate Product sold.

6.     Projected and actual profits for any Impax Fenofibrate Product, including but not limited to identification of the factors Impax uses to determine profits and profit margins.

7.      Impax's guidelines, policies, and formulas to determine the price at which it would sell any Impax Fenofibrate Product to any customer, class of trade, or customer segment.

8.      Any limitations or restrictions on Impax's ability to manufacture or sell any Impax Fenofibrate Product at any time, including but not limited to required regulatory approvals, statutory restrictions, manufacturing impediments, and capacity constraints.

9.      Impax's communications with any MCO or other customer or potential customer concerning the purchase of any Impax Fenofibrate Product, and/or the formulary status of any Impax Fenofibrate Product.

10.     Impax's discussions or communications with Teva concerning any Impax Fenofibrate Product or Teva Fenofibrate Product.

11.     Impax's policies and positions concerning communications with any pricing service, including but not limited to First DataBank, Medi-Span, and Thomson concerning the discontinuance of any Impax Pharmaceutical Product.

12.     Impax's corporate and personnel organization structure.

13.     The collection and production of documents in response to Defendants' requests for production of documents and things dated October 3, 2005 and May 17, 2006, including the identity of the custodians of the files Impax searched in connection with its responses.

14.     The impact, injuries, and/or damages Impax alleges it suffered as a result of Defendants' alleged conduct, including the nature and type of any alleged impact, injury, and/or damages (e.g., whether Impax is pursuing a "lost profits" or some other theory of damages).

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Josy W. Ingersoll
John W. Shaw
Karen Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

Jeffrey S. Goddess
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
Tel. (302) 656-4433
Fax. (302) 658-7567

Jonathan L. Parshall
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19801

Mary B. Graham
Morris, Nichols, Arsht & Tunnel
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801

Mary Matterer
Morris, James, Hitchens & Williams
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

Pamela S. Tikellis
Robert J. Kriner, Jr.
A. Zachary Naylor
Chimicles & Tikellis LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899

Elizabeth M. McGeever
Prickett Jones Elliott, P.A.
1310 King Street
Wilmington, DE 19801

I hereby certify that on September 5, 2006, I sent by electronic mail the foregoing document to the following non-registered participants:

William Christopher Carmody
John W. Turner
Shawn J. Rabin
Susman Godfrey LLP
Suite 5100
901 Main Street
Dallas, TX 75202-3775

Scott E. Perwin
Kenny Nachwalter, P.A.
1100 Miami Center
201 South Biscayne Boulevard,
Miami, Florida 33131-4327

Bruce M. Gagala
M. Daniel Hefner
Leydig, Voit & Mayer, LTD
Two Prudential Plaza
Suite 4900
180 N. Stetson Avenue
Chicago, IL 60601-6780

Philip J. McCabe
Kenyon & Kenyon LLP
333 West San Carlos Street
Suite 600
San Jose, CA 95110

Bruce E. Gerstein
Barry Taus
Adam Steinfeld
Garwin Gerstein & Fisher LLP
1501 Broadway, Ste 1416
New York, NY 10036

Patrick E. Cafferty
Bryan L. Clobes
Miller Faucher and Cafferty LLP
One Logan Square
18th & Cherry Street
Suite 1700
Philadelphia, PA 19103

Jeffrey L. Kodroff
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103

Bernard Persky
Goodkind Labaton Rudoff & Sucharow LLP
100 Park Avenue,
New York, NY 10017

Thomas M. Sobol
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142

Kenneth A. Cohen
Elaine Herrmann Blais
Christopher T. Holding
Goodwin Procter LLP
Exchange Place
Boston MA 02109-2881

John C. Vetter
Kenyon & Kenyon
One Broadway
New York, NY 10004

C. Kyle Musgrove
Kenyon & Kenyon
1500 K Street N.W.
Suite 700
Washington, D.C. 20005

Mark A. Lemley
Asim Bhansali
Paula Blizzard
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Joseph T. Lukens
Hangley Aronchick Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103

William F. Cavanaugh, Jr.
Eugene M. Gelernter
Chad J. Peterman
Alexis A. Gander
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Anne Shea Gaza (#4093)
GAZA@rlf.com

*/s/ Jonathan L. Parshall*
Jonathan L. Parshall (Del. Bar No. 3247)
Murphy, Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805
jonp@msllaw.com
(302) 472-8100
Attorneys for Pacificare Health Systems, Inc.

## DEFINITIONS

1.  The term "Impax" means Impax Laboratories Inc., including all of its parents, subsidiaries, affiliates, divisions, predecessors, successors, and assigns, as well as all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, Impax Laboratories Inc.

2.  The term "Abbott" means Abbott Laboratories including all of its parents, subsidiaries, affiliates, divisions, predecessors, successors, and assigns, as well as all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of Abbott Laboratories.

3.  The term "Fournier" means Fournier Industrie et Sante, and/or Laboratories Fournier S.A., including all of its parents, subsidiaries, affiliates, divisions, predecessors, successors, and assigns, as well as all officers, directors, employees, agents, consultants, attorneys and all other persons acting or purporting to act on behalf of, or under the control of, Fournier Industrie et Sante, and/or Laboratories Fournier S.A.

4.  The term "Impax ANDA's" means Abbreviated New Drug Application Nos. 75-868 and 76-509.

5.  The term "TriCor" means any pharmaceutical product marketed under the trade name "TriCor®," at any time.

6.  The term "Generic TriCor" means any prescription drug preparation containing fenofibrate as its sole active ingredient identified, developed, validated and/or approved for marketing in the United States by or on behalf Impax under ANDA Nos. 75-868 or 76-509, regardless of projected or actual tradename.

7.    "Formulary" means the comprehensive list(s) of brand name and generic drugs covered under a prescription benefit or other health, welfare or medical plans.

8.    "Managed Care Organization" or "MCO" means a type of entity or organization providing managed health care (including prescription benefit services) such as a health maintenance organization (HMO), health care service contractor (HCSC), preferred provider organization (PPO) or similar entity.

9.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

## EXHIBIT A

Impax Laboratories is requested to designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf who have knowledge of the matters set forth herein.

## TOPICS

1. Impax's identification, development, and regulatory approval of its Generic TriCor.

2. Impax's projected scale up, validation, and manufacturing of commercial quantities of its Generic TriCor, including its ability to fill projected market demand.

3. The impact of Abbott and Fournier's actions at issue in this litigation on Impax's development, regulatory approval, manufacturing, marketing and sales of its Generic TriCor.

4. Impax's decision not to market its Generic TriCor.

5. The details and timing regarding any information provided by Impax to Abbott and/or Fournier relating to the Impax ANDAs and/or Impax Generic TriCor products .

6. The details and timing regarding any provision of Impax Generic TriCor products to Abbott and/or Fournier for any purpose, including for purposes of allowing Abbott and/or Fournier to examine or test said Generic TriCor products.

7. Any communications between Impax and Abbott/Fournier relating to the provisions of information and/or samples by Impax regarding Impax ANDA's Nos. 75-868 or 76-509.

8. Impax's decision regarding submission of an ANDA for a generic version of the TriCor tablet product approved pursuant to NDA No. 21-656.

9.    Process (es), method(s), strategies, and/or procedures that Impax proposed or considered for setting or establishing the prices (whether direct or contract, and including rebates, discounts, and/or chargebacks) for Generic TriCor.

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2006 I electronically filed the foregoing document using CM/ECF, which will send notification of such filing to all registered participants, including:

Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
Karen Keller, Esquire
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391

Mary B. Graham, Esquire
Morris Nichols Arsht & Tunnell
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
Richards Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801

Mary B. Matterer, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue
10th Floor
P. O. Box 2306
Wilmington, DE 19899

Pamela S. Tikellis, Esquire
Robert J. Kriner, Jr., Esquire
A. Zachary Naylor, Esquire
Chimicles & Tikellis lLP
One Rodney Square
P. O. Box 1035
Wilmington, DE 19899

Jonathan L. Parshall, Esquire
Murphy Spadaro & Landon
1011 Centre Road
Suite 210
Wilmington, DE 19801

Elizabeth M. McGeever, Esquire
Prickett Jones Elliott, P.A.
1310 King Street
P. O. Box 1328
Wilmington, DE 19899

Michael I. Silverman, Esquire
Lynn A. Iannone, Esquire
Silverman & McDonald
1010 N. Bancroft Parkway #22
Wilmington, DE 19805

Patrick Francis Morris, Esquire
Morris & Morris
1105 North Market Street
Suite 803
Wilmington, DE 19801

I hereby certify that on September 7, 2006 I sent by electronic mail the foregoing

document to the following non-registered participants:

REPRESENTING DIRECT PURCHASER CLASS
(C.A. No. 05-340):

Bruce E. Gerstein
**bgerstein@garwingerstein.com**

Barry S. Taus
**btaus@garwingerstein.com**

Adam M. Steinfeld
**asteinfeld@garwingerstein.com**

Rimma Neman
**rneman@garwingerstein.com**

Daniel Berger
**danberger@bm.net**

Eric L. Cramer
**ecramer@bm.net**

Peter Kohn
**pkohn@bm.net**

Neill W. Clark
**nclark@bm.net**

Linda P. Nussbaum
**lnussbaum@cmht.com**

Steig D. Olson
**solson@cmht.com**

David P. Germaine
**dgermaine@daarvanek.com**

Joseph Vanek
**jvanek@daarvanek.com**

Stuart Des Roches
**stuart@odrlaw.com**

Andrew Kelly
**akelly@odrlaw.com**

Adelaida Ferchmin
**aferchmin@odrlaw.com**

David P. Smith
**dpsmith@psfllp.com**

Russell A. Chorush
**rchorush@hpcllp.com**

Michael F. Heim
**mheim@hpcllp.com**

REPRESENTING WALGREEN, ECKERD,
KROGER, MAXI, CVS, RITE AID
(C.A. No. 05-340):

Elizabeth M. McGeever
**emmcgeever@prickett.com**

Scott E. Perwin
**sperwin@kennynachwalter.com**

Lauren Ravkind
**lravkind@kennynachwalter.com**

Joseph T. Lukens
**jlukens@hangley.com**

REPRESENTING PACIFICARE
(C.A. No. 05-340):

Jonathan L. Parshall
**jonp@msllaw.com**

William Christopher Carmody
**bcarmody@susmangodfrey.com**

John Turner
**jturner@susmangodfrey.com**

Shawn Rabin
**srabin@susmangodfrey.com**

Justin Nelson
**jnelson@susmangodfrey.com**

Ken Zylstra
**kzylstra@sbclasslaw.com**

Lyle Stamps
**lstamps@sbclasslaw.com**

Steve Connolly
**sconnolly@sbclasslaw.com**

Casey Murphy
**cmurphy@sbclasslaw.com**

Mark Sandman
**mms@rawlingsandassociates.com**

Jeffrey Swann
**js5@rawlingsandassociates.com**

REPRESENTING IMPAX
LABORATORIES (C.A. No. 03-120)

Mary Matterer
**mmatterer@morrisjames.com**

John C. Vetter
**jvetter@kenyon.com**

Asim Bhansali
**abhansali@kvn.com**

REPRESENTING INDIRECT PARTY
PLAINTIFFS (C.A. No. 05-360):

Pamela S. Tikellis
Thomas M. Sobol
Patrick E. Cafferty
Jeffery L. Kodroff

Bernard J. Persky
Michael Gottsch
A. Zachary Naylor
Robert Davis
Brian Clobes
Michael Tarringer
Tim Fraser
David Nalven
Greg Matthews
Christopher McDonald
Kellie Safar
Ted Lieverman
Pat Howard
**tricor@chimicles.com**

Michael I. Silverman
mike@silverman-mcdonald.psemail.com

Lynn A. Iannone
lynn@silverman-mcdonald.psemail.com

Patrick Francis Morris
**pmorris@morrisandmorrislaw.com**

REPRESENTING TEVA
PHARMACEUTICALS (C.A. No. 02-1512):

Josy W. Ingersoll
Bruce M. Gagala
Karen E. Keller
Christopher T. Holding
Ken Cohen
Elaine Blais
**tricor@ycst.com**

REPRESENTING ABBOTT (ALL CASES):

Mary B. Graham
**tricor@mnat.com**

William F. Cavanaugh
**wfcavanaugh@pbwt.com**

Chad J. Peterman
**cjpeterman@pbwt.com**

REPRESENTING FOURNIER (ALL CASES):     Frederick L. Cottrell, III
Anne Shea Gaza
Steven S. Sunshine
Matthew P. Hendrickson
Bradley J. Demuth
Maggie DiMoscato
Timothy C. Bickham
**tricor@rlf.com**


*/s/ Jeffrey S. Goddess*
Jeffrey S. Goddess (Del. Bar No. 630)
Jessica Zeldin (Del. Bar No. 3558)
Rosenthal, Monhait & Goddess, P.A.
Suite 1401, 919 Market Street
P. O. Box 1070
Wilmington, DE 19899-1070
(302) 656-4433
jgoddess@rmgglaw.com
jzeldin@rmgglaw.com