IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) | C.A. No. 05-360 (KAJ) (consolidated) |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| PAINTERS' DISTRICT COUNCIL NO. 30 HEALTH AND WELFARE FUND, et al. | ) ) ) | C.A. No. 05-360 |
| VISTA HEALTH PLAN, INC., et al. | ) ) | C.A. No. 05-365 |
| PENNSYLVANIA EMPLOYEES BENEFIT TRUST FUND | ) ) ) | C.A. No. 05-390 |
| ALLIED SERVICES DIVISION WELFARE FUND, et al. | ) ) ) | C.A. No. 05-394 |
| DIANA KIM | ) ) | C.A. No. 05-426 |
| ELAINE M. PULLMAN, et al. | ) ) | C.A. No. 05-450 |
| PHILADELPHIA FEDERATION OF TEACHERS HEALTH AND WELFARE FUND | ) ) ) | C.A. No. 05-467 |
| CINDY CRONIN | ) ) | C.A. No. 05 482 |
| CHARLES SHAIN, et al. | ) ) | C.A. No. 05-475 |
| LOCAL 28 SHEET METAL WORKERS | ) ) | C.A. No. 05-516 |
| ALBERTO LITTER | ) ) | C.A. No. 05-695 |

### [PROPOSED] ORDER

**IT IS HEREBY ORDERED** that the Indirect Purchaser Plaintiffs' Motion for Class Certification is GRANTED as follows:

1. Pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies an End-Payor Class defined as: All persons or entities throughout the United

States and its territories who purchased, paid for and/or reimbursed for fenofibrate products, including TriCor tablets and TriCor capsules, intended for consumption by themselves, their families, or their members, employees, plan participants and beneficiaries or insureds (the "Class") during the period April 9, 2002 through such time in the future as the effects of Defendants' illegal conduct, as alleged, have ceased ("the Class Period"). Excluded from the Class are all Defendants and their respective subsidiaries and affiliates, all government entities (except for government-funded employee benefit funds), and all persons or entities that purchased fenofibrate products: (i) for purposes of resale, or (ii) directly from any of the Defendants.

2. The End-Payor Class shall be certified as to factual issues arising from Defendants' alleged anticompetitive conduct to block the marketing of generic verison of branded TriCor®, including conduct related to various reformulations; Defendants' marketing and sale of the TriCor® reformulations, Defendants' conduct in proceedings before the U.S. Patent and Trademark Office; Defendants' pursuit of patent infringement litigation against companies seeking to market generic versions of branded TriCor®; and the facts relating to antitrust impact or injury.

3. The Court certifies the following Plaintiffs as representatives of the Class: Cindy Cronin, Diana Kim, Sandra Krone, Alberto Litter, Neil and Helena Perlmutter, Elaine M. Pullman, Lula Ramsey, Charles M. Shain, Hector Valdes, Richard G. Wilde, Allied Services Division Welfare Fund ("Allied Services"), Sheet Metal Workers International Association Local Union 28 ("Local 28"), Painters' District Council No. 30 Health and Welfare Fund, Pennsylvania Employees Benefit Trust Fund (the "Pennsylvania Fund"), Philadelphia Federation of Teachers Health and Welfare Fund ("Teachers' Fund"), Vista Healthplan, Inc. ("Vista") (collectively

"Representative Plaintiffs").

    4.    The Court finds that the requirements of Rule 23(a) are satisfied.

        a.    The members of the Class are so numerous that joinder of all members is impracticable.

        b.    There are questions of law or fact common to the Class, including:

            (i)    whether, under common principles of antitrust and trade practice law, Defendants' methods, practices and acts, as alleged herein, including, but not limited to, withdrawing the reference code in the NDDF for TriCor® capsules, violate federal and state antitrust and/or consumer protection laws;

            (ii)    whether Defendants have monopolized and attempted to monopolize the market for fenofibrate products;

            (iii)    whether Defendants intentionally and unlawfully excluded competitors and potential competitors from the market for fenofibrate products and generic bio-equivalents of TriCor® formulations;

            (iv)    whether Plaintiffs and members of the Class are entitled to equitable and/or injunctive relief;

            (v)    the amount of the overcharges or amounts paid or reimbursed by members of the Class for fenofibrate products over and above the amounts they would have paid or reimbursed in a competitive market unaffected by Defendants' illegal acts as alleged herein; and

            (vi)    whether under common principles of unjust enrichment, Defendants unjustly enriched themselves to the detriment of Plaintiffs and the Class, entitling Plaintiffs and the Class to disgorgement of all monies resulting therefrom.

c.  The claims of Representative Plaintiffs are typical of the claims of the Class in that they allege to have purchased and/or paid for TriCor® during the Class Period.

d.  The Representative Plaintiffs will fairly and adequately protect and represent the interests of all members of the Class. The interests of the Representative Plaintiffs are not antagonistic to those of the Class. The Representative Plaintiffs are represented by counsel who are experienced and competent in the prosecution of complex class action antitrust litigation.

5.  The Court further finds that the requirements of Rule 23(b)(2) in that Plaintiffs have alleged that Defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." The Class is certified pursuant to Rule 23(b)(2) for claims pursuant to § 16 of the Clayton Act, 15 U.S.C. § 26, to enjoin Defendants alleged violation of §2 of the Sherman Act, 15 U.S.C. §2. *See* End-Payor Plaintiffs' Consolidated Class Action Complaint [D.I. 24], Count I.

6.  The Court further finds that the requirements of Rule 23(b)(3) are satisfied:

a.  Questions of law and fact common to the members of the Class, as described above, predominate over questions that may affect only individual members.

b.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

7.  The Class is certified pursuant to Rule 23(b)(3) to assert indirect purchaser antitrust claims under antitrust or consumer fraud statutes in the following twenty-three (23) jurisdictions: Arizona, California, District of Columbia, Florida, Iowa, Kansas, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New

York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia and Wisconsin ("the antitrust state class"). These claims include all elements of liability for claims and defenses related to state antitrust law; and the aggregate damages for Class members in each such state. *See* End-Payor Plaintiffs' Consolidated Class Action Complaint [D.I. 24], Count II.

8.  The Class is certified pursuant to Rule 23(b)(3) to assert consumer protection claims under the consumer protection statutes of the following forty-three (43) jurisdictions: Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Idaho, Illinois, Indiana, Kansas, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming ("the unfair trade practices states"). These claims include all elements of liability for claims and defenses related to state unfair trade practices acts; and the aggregate damages for class members in each such state. *See* End-Payor Plaintiffs' Consolidated Class Action Complaint [D.I. 24], Count IV.

9.  The Class is certified pursuant to Rule 23(b)(3) in all fifty (50) states and the District of Columbia for claims of restitution for unjust enrichment("the unjust enrichment states"). These claims are certified as to all elements of liability for claims and defenses related to unjust enrichment; and the aggregate damages for class members in each such state. *See* End-Payor Plaintiffs' Consolidated Class Action Complaint [D.I. 24], Count III.

SO ORDERED.

_____
United States District Judge

Date: _____, 2006