# RICHARDS, LAYTON & FINGER
### A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

October 5, 2006

**VIA CM/ECF FILING**
**& HAND DELIVERY**
The Honorable Kent A. Jordan
United States District Court
844 N. King Street, Room 4209
Wilmington, DE 19801

Re:   *In re TriCor Antitrust Litigations:  C.A. Nos. 02-1512, 03-120,*
      *05-340 and 05-360*

Dear Judge Jordan:

   I write on behalf of defendants Fournier Industrie et Santé, Laboratoires Fournier, S.A. and Abbott Laboratories, Inc. in response to the Direct Purchaser Plaintiffs' ("DPP") letter concerning the allocation of time in depositions. We respectfully request that the Court deny DPPs' application for equal time during one-day depositions of their co-plaintiffs, Teva and Impax, because it would unfairly restrict Defendants' ability to conduct crucial discovery and would prejudice our ability to defend against the claims of the coordinated plaintiff groups.[1]

   DPPs' proposed limit of a half day (or even 5 hours) would impair Defendants' ability to obtain the discovery needed to properly defend themselves. In many cases, a half day is simply not enough time to conduct a proper examination. This is particularly true where, as here, witnesses have been designated for multiple 30(b)(6) topics or are key players in activities relevant to the litigation (*e.g.*, marketing and sale of fenofibrate, or forecasting). Defendants, collectively, need the ability to take up to seven hours of testimony for each witness offered by Teva or Impax (or possibly more time if a witness is designated for multiple 30(b)(6) topics which reasonably require additional time). It is prejudicial for us to have to curtail our examinations in order to share time with Teva's and Impax's co-plaintiffs. Throughout this case, the various plaintiff groups, whose interests are aligned against Defendants, have taken full days with Abbott and Fournier witnesses, and have a two day deposition of a key Abbbott witness scheduled for later this month. We ask for the same opportunity to take discovery.[2]

   As this Court recognized at the outset, this is a complex case. While Defendants remain committed to efficient discovery and are cognizant of the burdens on witnesses, there are numerous, complex and critical

---

[1]   Perhaps a more appropriate remedy, which DPPs do not explicitly request (and, to our knowledge, have not asked Teva and Impax for), is for Teva and Impax to make their witnesses available for additional time if needed by their co-plaintiffs. Teva has, in fact, offered to make its witnesses available for an extended deposition day depending on witness availability, if necessary.

[2]   Under DPP's theory, no witness could be deposed by an opposing party for more than 3.5 hours if it enlisted the cooperation of a co-plaintiff (or co-Defendant) to notice a deposition of that same witness.

issues that we need to explore for our defense, particularly through discovery of Teva and Impax – the only pharmaceutical companies amongst the various plaintiffs groups.

To this end, we served 30(b)(6) notices on both companies relating to a variety of issues critical to our defenses. Such critical issues include (1) the ability of Teva and Impax to launch a generic fenofibrate product and the extent to which that either manufacturer experienced launch delays with no causal connection to Defendants' alleged conduct; (2) the facts considered by either manufacturer in connection with their decisions to launch/not launch a fenofibrate product; (3) whether and to what extent either manufacturer communicated with Managed Care Organizations to improve the formulary treatment of their respective fenofibrate products; (4) whether and to what extent either manufacturer marketed and sold their generic fenofibrate products; and (5) whether and to what extent either manufacturer (and by proxy, Plaintiffs) suffered any compensable damages as a result of Defendants' alleged conduct. In total, we have noticed Teva for 24 topics (through notices served on 6/29/06 and 9/22/06) and Impax for 14 topics (notice served on 9/5/06) important to our defenses.

The DPPs thereafter served their 30(b)(6) notices to Teva and Impax on 9/7/06. While some of the Rule 30(b)(6) topics overlap, there are far more topics that are distinct to Defendants' notices or DPPs' notices. For example, Topic Nos. 2, 3, 5, 9, 10-14 from Defendants' First Notice of Deposition of Teva and Topic Nos. 6-10 from Defendants' Second Notice of Deposition of Teva have no comparable analog in DPPs' notice. Moreover, for the topics that have some overlap, Defendants' and DPPs have divergent goals and different areas of focus within those topics.

On 9/11/06, Teva designated five witnesses to cover some of the topics from our 6/29 notice and the DPP notice. Some of the witnesses are designated for multiple topics. Teva announced that it would make its witnesses available for deposition only once, both in the 30(b)(6) and personal capacities. These witnesses include senior business persons whose names appear on thousands of relevant documents produced in discovery. On 10/2/06, DPPs suggested that the depositions be split evenly among Plaintiffs and Defendants – to provide Defendants only 3.5 hours to conduct a full examination of each witness.

Given what is at stake in this litigation for Abbott and Fournier, the importance of the deponents/topics, and our need for discovery, we declined DPPs' proposal.

Insofar as DPPs' application requires Defendants to surrender any deposition time, Defendants respectfully request that the Court deny the application. Defendants take no position on DPPs' application to the extent it can be read as a request for the Court to compel Teva and Impax to make its 30(b)(6) witnesses available for additional time to satisfy DPPs' deposition needs.

Respectfully,

Anne Shea Gaza
(#4093)

cc:   Clerk of Court (by hand)
      (all record counsel)