## RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

November 21, 2006

**VIA CM/ECF FILING**
**& HAND DELIVERY**
The Honorable Kent A. Jordan
United States District Court
844 N. King Street, Room 4209
Wilmington, DE 19801

Re:   *In re TriCor Antitrust Litigations:* C.A. Nos. 02-1512, 03-120, 05-340 and 05-360

Dear Judge Jordan:

I write on behalf of Fournier Industrie et Santé and Laboratoires Fournier, S.A. and am joined by counsel for Abbott Laboratories, Inc. regarding a continuing dispute with Impax Laboratories, Inc. over amending the Protective Order to address the concerns raised by Impax during the November 14 conference with the Court.

Before and during the conference last week, Impax objected to the production of the documents we requested on the grounds that the current Protective Order permitted disclosure of Highly Confidential and Restricted Pricing Material information to inside counsel, and thus subjected Impax to a risk of competitive harm. Pursuant to this Court's order to add an additional level of protection to the existing Protective Order, we proposed adding a new tier that would limit the disclosure of the Impax material to outside counsel and outside experts (and their staff). Our proposal is attached as Exhibit 1.

We met and conferred with Impax counsel several times, and we agree on our proposed language adding the new tier of protection. However, Impax insists upon adding two procedures that would create administrative burdens and add little if any protection beyond that which we already propose. We are highly sensitive to the importance of maintaining the confidentiality of information received during discovery, but cannot agree with Impax's request to institute these additional measures.[1]

**1.   Impax Proposes Placing Limitations on Disclosure to Outside Counsel Support Staff.**

Impax insists that we limit the number of law firm non-attorney support staff who will have access to Outside Counsel Only information and require each and every such support staff to sign the

---

[1]   We do not know whether or to what extent Impax has ascertained if any other Plaintiffs may have issues with the level of complexity that Impax seeks to add to the Protective Order.

-2-

Protective Order's "Attachment A," the Confidentiality Agreement. We have reiterated that we do not disseminate confidential information more widely than is necessary, but we cannot agree to limit ourselves in this fashion. The documents we receive from Impax may be used directly as evidence, or the information contained in those documents may be incorporated into our briefs and analyses. This means that any support staff for any party who may be asked to photocopy a brief containing Outside Counsel Only information would have to sign the Confidentiality Agreement and would count as one of the limited number of staff who may view the information. It is simply impracticable to arbitrarily limit disclosure of these materials to a discrete and pre-determined group of law firm staffers in a case of this magnitude. At certain points in this litigation a number of secretarial services, word processing services, copying services, paralegal and temporary support staff may need to be employed, and the identities of those individuals will change over time. None of these individuals Impax seeks to limit pose any real threat of inappropriately using the confidential business information. Impax's proposed restrictions would only serve to create unnecessary administrative burdens on defendants' counsel.

2.  **Impax Proposes Limiting Disclosure to Outside Counsel of Record**

Impax proposes that Outside Counsel Only information shall be provided only to outside lawyers who are counsel of record admitted in Delaware, either directly or pro hac vice. We have reiterated to Impax that all of our attorneys take confidentiality obligations very seriously, and that we do not intend to distribute information or documents received from Impax, or from any other party, to attorneys who do not have good reason to receive them. We believe that such a requirement could hamper outside counsel's ability to bring a new attorney member onto the team quickly, and will simply add needless administrative burden on the parties and the Court.

Information from the documents undoubtedly will be included in briefs and memoranda. As a minimum consequence, additional lawyers representing every party would have to be admitted pro hac vice and become counsel of record. As the matter progresses, new lawyers added to the parties' teams also would have to be admitted. Again, this restriction would do little to offer protection to the commercial data. Instead, it appears to be designed to create administrative difficulties for counsel.

*     *     *

For the foregoing reasons, Abbott and Fournier respectfully request that the Court enter the form of Amendment attached hereto as Exhibit 1. Given the scheduled December 12 deposition of the final Impax witness, we further ask that the Court direct Impax produce all responsive documents by December 2. If it fails to do so, Defendants ask this Court for the ability to reschedule the December 12 date.

Respectfully,

*Anne Shea Gaza*
Anne Shea Gaza
(#4093)

cc:   Clerk of Court (by hand)
      (all record counsel)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., and NOVOPHARM, LTD., | ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 02-1512 (KAJ) |
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTÉ, and LABORATOIRES FOURNIER S.A., | ) ) ) ) | CONSOLIDATED |
| Counterclaim Defendants. | ) ) ) | |
| IMPAX LABORATORIES, INC., | ) ) | |
| Counterclaim Plaintiff, v. | ) ) ) ) | |
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTÉ, and LABORATOIRES FOURNIER S.A., | ) ) ) ) | C.A. No. 03-120 (KAJ) CONSOLIDATED |
| Counterclaim Defendants. | ) ) ) | |
| IN RE TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) | C.A. No. 05-340 (KAJ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) | CONSOLIDATED |
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) ) | C.A. No. 05-360 (KAJ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) | CONSOLIDATED |

RLF1-3084737-1

## AMENDMENT TO THE STIPULATED MARCH 1, 2006 PROTECTIVE ORDER
## GOVERNING CONFIDENTIAL INFORMATION

Pursuant to Fed. R. Civ. P. 26(c), by agreement of Abbott Laboratories, including its successors-in-interest, subsidiaries and predecessors ("Abbott"), Fournier Industrie et Santé and Laboratoires Fournier S.A, including their successors-in-interest, subsidiaries and predecessors (collectively, "Fournier"), Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd., including their successors-in-interest, subsidiaries and predecessors (collectively, "Teva"), Impax Laboratories, Inc., including its successors-in-interest, subsidiaries and predecessors ("Impax"), and all plaintiffs in the actions consolidated and/or coordinated in In re Tricor Direct Purchaser Antitrust Litig., No. 1:05-cv-00340-KAJ (D. Del) (collectively, "Direct Purchasers") and In re Tricor Indirect Purchaser Antitrust Litig., No. 1:05-cv-00360-KAJ (D. Del.) (collectively, "Indirect Purchasers") (all individually, a "party", or collectively, "parties"), the Court, finding good cause existed therefor, entered a Protective Order on March 1, 2006 to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential information during and after the course of the above-captioned litigations (collectively, the "Action"). IT IS HEREBY ORDERED THAT said Protective Order be amended as follows.

This Amendment adds an "Outside Counsel Only" designation to cover materials or information that ordinarily would be designated as "Highly Confidential" or "Restricted Pricing Material" but that is so competitively sensitive that the "Highly Confidential" and "Restricted Pricing Material" designations as defined in the Protective Order are inadequate to protect against the possibility of competitive harm. Persons authorized to access "Outside Counsel Only" designated materials shall be limited to the persons identified in paragraphs (a) and (d)-(j) of Section D, Subsection 1 of the Protective Order. All other rules and procedures

-2-

that apply equally to materials or information designated as "Confidential", "Highly Confidential", and "Restricted Pricing Material" shall apply as equally to any materials or information designated as "Outside Counsel Only", including but not limited to the requirements set forth in Section D, Subsection 4 of the Protective Order prior to disclosure of "Outside Counsel Only" materials and information to any person identified in paragraph (d) of Section D, Subsection 1 of the Protective Order. Accordingly, a revised Exhibit A is attached hereto.

Further, counsel shall provide Outside Counsel Only materials and information to an authorized person identified in paragraph (d) of Section D, Subsection 1 of the Protective Order, (1) only to the extent counsel reasonably believes such information may be necessary to that person's analysis; and (2) only after that person has signed the undertaking attached to this Amendment that specifically references Outside Counsel Only material and that undertaking has been disclosed to counsel for all parties.

SO ORDERED this ___ day of November 2006.

_____
U.S.D.J.

EXHIBIT A [revised as per Amendment]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., and NOVOPHARM, LTD., | ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 02-1512 (KAJ) |
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTÉ, and LABORATOIRES FOURNIER S.A., | ) ) ) ) | CONSOLIDATED |
| Counterclaim Defendants. | ) ) | |
| IMPAX LABORATORIES, INC., | ) ) | |
| Counterclaim Plaintiff, v. | ) ) ) | |
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTÉ, and LABORATOIRES FOURNIER S.A., | ) ) ) ) | C.A. No. 03-120 (KAJ) CONSOLIDATED |
| Counterclaim Defendants. | ) ) | |
| IN RE TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) ) | C.A. No. 05-340 (KAJ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) | CONSOLIDATED |

RLF1-3084738-1

|  |  |  |
|---|---|---|
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) ) | |
| | ) | C.A. No. 05-360 (KAJ) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) ) | CONSOLIDATED |

## CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that (s)he has read the Protective Order entered on March 1, 2006, and the November 2006 amendment thereto, in the above-captioned action, and understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms of each paragraph of the Protective Order. In particular, the undersigned understands that the terms of said Protective Order obligate him/her to use Confidential or Highly Confidential or Restricted Pricing Material or Outside Counsel Only material solely for the purposes of this Litigation and to not disclose any such Confidential or Highly Confidential or Restricted Pricing Material or Outside Counsel Only to any other person, firm or entity, except that there will be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and there will be no restriction on information disclosed in open Court, unless the Courtroom is sealed at the time of such disclosure. Further, for the purpose of enforcing this Confidentiality Agreement the undersigned hereby subjects himself/herself to the jurisdiction of this Court.

_____                       _____
Date                                                                                           Signature