# Exhibit 1

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ASIM M. BHANSALI
ABHANSALI@KVN.COM

January 9, 2006

**VIA EMAIL**

Chad J. Peterman
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

Bradley J. Demuth
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

Re:    *In re: Tricor Antitrust Litigation*

Dear Chad and Brad:

I write regarding the various discovery issues raised in Brad's letter of last Thursday.

First, let me address the scope of production. In the hearing before Judge Jordan on November 14, Judge Jordan ordered Impax to produce "revenue models associated with and your production models across your product line." *See* Transcript, 11/14/2006, at 15:19-20. We have long since provided this information, both in terms of supplemental production and unredacted production of the over 57,000 pages you previously requested. There are no gaps in Impax's production of revenue and production models, as you suggest. We've provided you with company-wide forecasts going back throughout the relevant period along with hundreds (if not thousands) of other documents regarding revenue and production. Nevertheless, we are in the final stages of supplementing our production with additional strategic planning documents, certain Board materials, and company presentations. Your continuing requests are nothing more than an effort to turn discovery into a never-ending process and cause further delay.

I would note that our production far exceeds Abbott and Fournier's. First, you have admitted that you've never produced any Board of Directors materials. Your position—that your production does not have so-called "gaps"—doesn't diminish Board documents' relevance nor does it vitiate your obligation to produce such documents. Second, by demanding production and revenue models at a late stage, you have effectively obtained a discovery supplementation from Impax, which has now provided very recent documents to you. By contrast, you have never supplemented your discovery responses.

Second, although we have no obligation to provide it and have not received any similar information from Abbott or Fournier, I set forth below a list of materials that Impax has produced since Judge Jordan's November 14 Order with corresponding production ranges. This

Chad J. Peterman
Bradley J. Demuth
January 9, 2006
Page 2

list does not cover documents we produced last Friday. We'll send a subsequent list with those
documents:

1.  Various Board of Directors presentations regarding manufacturing
    capacity analysis (IMPAX684987-IMPAX685030, IMPAX697221-
    IMPAX701039, IMPAX745975-IMPAX745986, and IMPAX747741-
    IMPAX747756);

2.  Operations updates provided to the Board of Directors between 2002 until
    the commencement of monthly company reports in 2004 (IMPAX755314-
    IMPAX755377 and IMPAX806781-IMPAX806823);

3.  Monthly sales and marketing reports to the extent they exist
    (IMPAX755378-IMPAX802557);

4.  Monthly manufacturing reports to the extent they exist (IMPAX736638-
    IMPAX750811);

5.  Monthly company reports to the extent they exist (IMPAX736638-
    IMPAX750811);

6.  Production plan documents (IMPAX802562-IMPAX806780 with
    additional production plan information contained within IMPAX736638-
    IMPAX750811);

7.  Product launch updates (IMPAX755294-IMPAX755313 and
    IMPAX806826-IMPAX807090 with additional product launch
    information contained within IMPAX736638-IMPAX750811); and

8.  Pages from your October 10 list in unredacted form (IMPAX684910-
    IMPAX736637).

    In addition, since November 1, 2006 we have produced various documents removed from
our privilege log (IMPAX750812-IMPAX755293, IMPAX802558-IMPAX802561 and
IMPAX807091-IMPAX809129) as well as an October 17, 2001 letter to counsel regarding
Impax fenofibrate samples (IMPAX806824-IMPAX806825).

    Regarding the documents you sought in unredacted form, we produced some additional
documents last Friday.  I address the documents on that list below:

1.  IMPAX000001-012, 000272-277, 000866-876, 000877-887, 000888-898,
    000899-909, 000923-933, 000955-964.  These were document we
    produced to the FTC, in redacted form.  Although we had no obligation to
    do so, we've produced these documents in unredacted form.

Chad J. Peterman
Bradley J. Demuth
January 9, 2006
Page 3

2.     IMPAX081974, 113779, 157352, 195312-325, 516085, and 521671-672 were not redacted originally, so we have not re-produced them.

3.     IMPAX458509-529 were reproduced at IMPAX736380-416.

4.     IMPAX337755-883.1 are organizational charts. The Court has not ordered us to produce these documents unredacted, nor have we agreed to. Moreover, you've not demonstrated any need for receiving unredacted information about lower-level employees. You asked numerous questions about these charts at multiple depositions with having any issues with them.

5.     IMPAX047471-472, 047473-474, 164826-897, 177604-605, 176627-630, 204112-113, 209882-887, 395651-663, 460721-723, and 465976-6021 had technical problems and were re-produced on Friday.

6.     IMPAX113964-4128, 157353-354, and 157976-8567 had technical problems and will be re-produced shortly.

Except for two documents, the documents relied on in Greg Leonard's report to which you refer are reports generated by Impax and provided to him for purposes of his report. These were all recently created documents. (As noted earlier, our production actually covers far more recent documents than yours.) As to the other two documents: one (IMPAX-LEONARD 000001) is standard cost data regarding Impax's generic fenofibrate capsule that Dr. Leonard relied on in generating his report. The other (IMPAX-LEONARD 000005) is an Impax evaluation of other generic companies that is not responsive to any of your requests outside of its use by Dr. Leonard in his report.

With regard to outside counsel only designations, Judge Jordan made it clear at the November 14 hearing that the tradeoff for Defendants receiving information that goes beyond fenofibrate was their agreement to an outside counsel only designation for the supplemental production. Abbott's disingenuous attempt to claw back that protection, which Judge Jordan rejected, does not justify requiring Impax to lower its confidentiality designation. Moreover, as I noted above, Fournier and Abbott have, under the guise of the November 14 Order, demanded production of documents that far exceed that order's scope. Rather than contest these requests, Impax has chosen to produce them under the outside counsel only designation to avoid dispute, as Judge Jordan suggested in his November14 order. The same is true for documents removed from the privilege log, many of which are offering memoranda or other documents that have little, if anything, to do with fenofibrate. If you'd prefer, we can take back the documents we've produced under the outside counsel only designation and make a very limited production of materials actually responsive to the November 14 Order. These would still be outside counsel only, but the volume would be much more limited.

Chad J. Peterman
Bradley J. Demuth
January 9, 2006
Page 4


I've addressed your position regarding 30(b)(6) depositions in prior letters and will not re-address it here, except to say that the supposed problem is one of Defendants' own making that was clearly generated in an attempt to justify delay.

Sincerely,

ASIM M. BHANSALI

AMB/gap

cc:    Mary B. Graham
       Anne Shea Gaza
       Christopher T. Holding
       Joseph T. Lukens
       Mary Matterer
       Adam Steinfeld
       Jonathan Parshall

387262.01

# Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

IN RE: TRICOR DIRECT PURCHASER     :
       ANTITRUST LITIGATION     :

_____ :

                          :     Civil Action No. 05-340 (KAJ)

THIS DOCUMENT RELATES TO:     :

                              :

    ALL ACTIONS     :

_____ :

## DIRECT PURCHASER PLAINTIFFS'
## FIRST SET OF REQUESTS FOR ADMISSION AND RELATED INTERROGATORIES

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiffs request

that Defendants Abbott Laboratories, Fournier Industrie et Santé, and Laboratories Fournier S.A.

(collectively, "Defendants") answer each of the following requests for admission and

Interrogatory, in accordance with the Definitions and Instructions set forth below, within (30)

days of service hereof.

### Definitions

1.     "Abbott" means Abbott Laboratories and any predecessor or successor company,

and any corporation or other business entity subsidiary to, or affiliated with Abbott.

2.     "Fournier" means Fournier Industrie et Santé, Laboratories Fournier S.A., and any

predecessor or successor company, and any corporation or other business entity subsidiary to, or

affiliated with Fournier Industrie et Santé or Laboratories Fournier S.A.

3.     "Teva" means Teva Pharmaceuticals USA, Inc. and/or Teva Pharmaceutical

Industries, Ltd.

4.     "Lofibra®" means the branded products manufactured and sold by Teva that

contain fenofibrate as an active ingredient.

5.    "TriCor® capsules" means the branded capsules marketed by Abbott that contain fenofibrate as an active ingredient.

6.    "TriCor® original formulation tablets" means the branded tablets manufactured marketed by Abbott that contain 54 mg or 160 mg of fenofibrate as an active ingredient.

7.    "TriCor® replacement formulation tablets" means the branded tablets marketed by Abbott that contain 48 mg or 145 mg of fenofibrate as an active ingredient.

8.    "E-mail" means email or electronic mail.

9.    "Fenofibrate" means the organic compound commonly known as fenofibrate.

10.    "Concerning" means containing, constituting, evidencing, referring to, relating to, discussing, or prepared, considered, presented, or consulted in connection with, or resulting from, the matter.

11.    "Document" means all materials, data, and things within the scope of Fed. R. Civ. P. 34, and includes without limitation any writing, report, memorandum, file, minutes, communication, computer transmission, e-mail, correspondence, calendar, notes, notebook, diary, data sheet, work sheet, recording, tape, drawing, graph, index, chart, telephone record, photograph, photographic record, PowerPoint presentation, slide, other data compilation of any other written, recorded, transcribed, punched, taped, filed or other graphic material including any draft of the foregoing items and any copy or reproduction of any of the foregoing items upon which any notation, work, figure or form is recorded or has been made which does not appear on the original, or as to whose existence, either past or present, the responding party has any knowledge or information.

12.    "You" shall mean Abbott and/or Fournier.

2

13.    The connectives "and" and "or" shall be construed either in the disjunctive or the conjunctive, so as to bring within the scope of the discovery request the broadest range of documents and information. Likewise, the past tense shall be construed to include the current, and vice versa, and the singular shall be construed to include the plural, and vice versa, all so as to bring within the scope of the discovery request the broadest range of documents and information.

### Instructions

1.    Each request is to be answered separately under oath and under the penalties of perjury.

2.    The information sought in these requests includes all information that is known or is available to you, including all information in the possession of, or under the control of, your present and former officers, directors, employees, attorneys, agents, representatives, parent, subsidiaries, affiliates, assignees, predecessors in interest, successors in interest, and anyone acting or purporting to act on its behalf.

3.    Any objection to any request or subpart thereof on the basis of a claim of privilege (including work product) shall comply with Federal Rule 36(a). Any objection to any request or subpart thereof on the basis of a claim other than privilege shall be stated with specificity in compliance with Federal Rule 36(a). Any ground not stated shall be waived.

4.    If any request cannot be admitted or denied in full, you must: (i) admit or deny the request to the extent possible, specifying the portions of the request that are being admitted and/or denied; (ii) specify any portion of the request that you claim you are unable to answer fully; (iii) provide a complete and detailed explanation as to why a full answer is not possible;

3

and (iv) state what knowledge, information, or belief you have concerning any unanswered portion of the request.

      5.     If any request is not answered on the grounds that you do not have sufficient information or knowledge to admit or deny the request, you must: (i) describe with specificity the inquiry and investigation you undertook in your attempt to obtain the information or knowledge necessary to answer the request; (ii) describe the information or knowledge that you believe would be necessary in order to admit or deny the request; and (iii) explain with specificity why you have been unable to obtain the information or knowledge that you believe would be necessary in order to admit or deny the request.

      6.     These requests shall be deemed continuing, requiring you to supplement your responses promptly and in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Such supplemental responses are to be served as soon as is reasonably possible after the need therefore is determined.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1:** For each document referenced by bates numbers and descriptions on the list below

     i.     The document or documents are true and authentic copies of what they purport to be;

     ii.     The document or documents were created routinely in the ordinary course of business by an employee of Fournier/Abbott;

     iii.     The document or documents were created by an employee whose routine duties included the creation of such document or documents;

     iv.     The document or documents were created by an employee who had personal knowledge of the subject matter contained in the document or documents;

     v.     The document or documents were generated or received in the normal course of business of Fournier/Abbott;

vi.   The document or documents were maintained as a business record by
Fournier/Abbott.

| Doc. # | Bates Nos. | Document Description |
|---|---|---|
| 1. | Abbott/Teva 06635-62 | Fournier's Lipidil: A US Licensing Opportunity Opportunity Assessment dated August 14, 1997 |
| 2. | Abbott/Teva 07112-88 | License, Development, and Supply Agreement |
| 3. | ABBOTT_TRICOR00000127-35 | Pharmaceutical Products Division, Cardiology Franchise Summary 2003 Update |
| 4. | ABBOTT_TRICOR00000207-20 | Tricor – Incremental Funding and Reorganization March 2003 |
| 5. | ABBOTT_TRICOR00000221-31 | Tricor/Lofibra Market Update, dated November 2003 |
| 6. | ABBOTT_TRICOR00000254-406 | U.S. Tricor Marketing Review, dated April 22, 2003 |
| 7. | ABBOTT_TRICOR00000407-40 | Tricor Fenofibrate Incursion Analysis |
| 8. | ABBOTT_TRICOR00000520-84 | Tricor Business Review Meeting, June 2003 |
| 9. | ABBOTT_TRICOR00000871-78 | Abbott/Fournier TriCor Formulation & Risk Sharing Meeting Minutes, Chicago May 16, 2002 |
| 10. | ABBOTT_TRICOR00000896-907 | Tricor Generic Impact |
| 11. | ABBOTT_TRICOR00000922-28 | Generic Fenofibrate Overview |
| 12. | ABBOTT_TRICOR00000935-52 | TriCor Fenofibrate Incursion Analysis |
| 13. | ABBOTT_TRICOR00001197-1213 | Tricor Fenofibrate Incursion Analysis |
| 14. | ABBOTT_TRICOR00001243-46 | PPG Life Cycle Management Award Program Nomination Form |
| 15. | ABBOTT_TRICOR00001239-42 | 2004 PPD Pace Awards Nomination Form |
| 16. | ABBOTT_TRICOR00001472-75 | Evolution of NFE Generic Entry Assumptions |
| 17. 18. | ABBOTT_TRICOR00001814-15 | NFE Patent Impact |
| | ABBOTT_TRICOR00001895-96 | Document with first page with heading "Evolution of NFE Generic Entry Assumptions" |
| 19. | ABBOTT_TRICOR00002751-864 | Tricor (fenofibrate tablets) Tablet Launch Meeting DM Guide |
| 20. | ABBOTT_TRICOR00003659-885 | Tricor 145 Launch Update, dated June 2004 |
| 21. | ABBOTT_TRICOR00004470-95 | Retail Pharmacist In-depth Interviews TriCor Abbott Laboratories #SY4327 July 29, 2004 |
| 22. | ABBOTT_TRICOR00004510-51 | TriCor Managed Care Marketing Update |

5

| 23. | ABBOTT_TRICOR00004578-663 | New Tricor Formulation Opportunity Exploration Final Report March 2003 |
| 24. | ABBOTT_TRICOR00005151-215 | Tricor Business Review Meeting June 2003 |
| 25. | ABBOTT_TRICOR00005552-84 | Tricor Fenofibrate Incursion Analysis |
| 26. | ABBOTT_TRICOR00005623-32 | Document with first page with heading "As TriCor matures, the importance of lifecycle management increases" |
| 27. | ABBOTT_TRICOR00005633-58 | Tricor Generic Impact May 2, 2002 |
| 28. | ABBOTT_TRICOR00005633-58 | Tricor Generic Impact May 2, 2002 |
| 29. | ABBOTT_TRICOR00005670-707 | Anti-Infectives Products Division 2003-2007 LRP Executive Review December 18, 2002 |
| 30. | ABBOTT_TRICOR00005802-51 | TriCor 2003 LRP February 2003 |
| 31. | ABBOTT_TRICOR00006391-404 | Tricor Tablets to Tricor NFE |
| 32. | ABBOTT_TRICOR00006405-13 | Tricor 2004 |
| 33. | ABBOTT_TRICOR00006414-48 | 2004 Plan, dated October 2003 |
| 34. | ABBOTT_TRICOR00006853-90 | Tricor 2003 Review March 2003 |
| 35. | ABBOTT_TRICOR00008563-87 | Cardiovascular Franchise: TriCor (fenofibrate) Life Cycle Management JDC November 2002 |
| 36. | ABBOTT_TRICOR00008588-96 | Lifecycle Management Overview November 2002 |
| 37. | ABBOTT_TRICOR00008597-636 | Cardiovascular Franchise: TriCor (fenofibrate) Life Cycle Management JDC November 2002 |
| 38. | ABBOTT_TRICOR00010794-803 | Lifecycle Management Overview November 2002 |
| 39. | ABBOTT_TRICOR00011207-34 | TriCor |
| 40. | ABBOTT_TRICOR00011235-53 | TriCor Reformulation No Food Effect project, STAT Meeting, dated September 25, 2002 |
| 41. | ABBOTT_TRICOR00011360-72 | Document with first page redacted, second page with heading "TriCor Patent Status" |
| 42. | ABBOTT_TRICOR00011474-91 | TriCor Mini-TEC, dated May 15, 2003 |
| 43. | ABBOTT_TRICOR00011492-507 | TriCor Mini-TEC, dated April 7, 2003 |
| 44. | ABBOTT_TRICOR00011568-95 | TriCor Reformulation; No Food Effect Project; STAT meeting, dated August 20, 2002 |
| 45. | ABBOTT_TRICOR00013125-75 | Cardiovascular Franchise: Tricor (fenofibrate) Life Cycle Management September 2002 |
| 46. | ABBOTT_TRICOR00014835-72 | Outpatient CV Global Long Range Strategy ~~Review March 200~~ |

| | | Review March 2003 |
|---|---|---|
| 47. | ABBOTT_TRICOR 00014932-80 | Tricor Review April, 2003 |
| 48. | ABBOTT_TRICOR00015028-49 | TriCor Mini-TEC May 15, 2003 |
| 49. | ABBOTT_TRICOR00016561-50 | Fenofibrate Lifecycle Management |
| 50. | ABBOTT_TRICOR000016868-937 | Dyslipidemia Global Long Range Strategy Review February, 2004 |
| 51. | ABBOTT_TRICOR00017177-80 | Memorandum from James Stolzenbach, dated May 6, 2004 |
| 52. | ABBOTT_TRICOR00017282-83 | E-mails re: TriCor Formulation Funding Request, dated January 29, 2002 |
| 53. | ABBOTT_TRICOR00017293 | E-mails re: Fenofibrate Formulations, dated August 24, 2001 and August 25, 2001 |
| 54. | ABBOTT_TRICOR00017294-99 | Fenofibrate – Formulation Review Technology review for a next-generation TriCor |
| 55. | ABBOTT_TRICOR00017301-14 | E-mails re: TriCor Update dated July 2, 2001; with attachment: TriCor Update 7/03/01 |
| 56. | Abbott_Tricor00017564-66 | E-mails re: TriCor 2004 Generic Waterfall, dated March 27, 2003; with attachment: TriCor Waterfall |
| 57. | ABBOTT_TRICOR00054925-52 | Rule 26(a)(2)(B) Expert Witness Report of Douglas R. Flanagan, Jr. |
| 58. | ABBOTT_TRICOR00056240-42 | E-mail re: FINAL DRAFT FOR REVIEW - TriCor/Reliant - HDL Indication, dated July 16, 2005; with attachment: re: TriCor (fenofibrate) Capsules, NDA 19-304 Antara (fenofibrate) Capsules, NDA 21-695 |
| 59. | ABBOTT_TRICOR00056423 | E-mail re: Elan NFE Formulation and Amendment 7, dated September 29, 2002 |
| 60. | ABBOTT_TRICOR00056765-78 | Document with heading on first page: Current Environment |
| 61. | ABBOTT_TRICOR00056965-99 | TriCor Tablet Task Force Launch Update dated May 31, 2001 |
| 62. | ABBOTT_TRICOR00057180-87 | Pharmaceutical Products Division 2001 April Update Key Product P&L Urology /Cardiology |
| 63. | ABBOTT_TRICOR00057196-202 | Urology/Cardiology Franchise TriCor Issues Summary |
| 64. | ABBOTT_TRICOR00057346-49 | Equivalency of New Tablet Formulation Compared with Capsule Formulation |
| 65. | ABBOTT_TRICOR00065788-93 | TriCor EZ launch plan (fenofibrate 145 mg and 48 mg tablets) |
| 66. | ABBOTT_TRICOR00070723-36 | TriCor NFE Trade Launch Plan, dated October 1, 2003 |

| 67. | ABBOTT_TRICOR00086393-403 | Tricor NFE Trade Launch Plan, dated March 31, 2004 |
|---|---|---|
| 68. | ABBOTT_TRICOR00066166-70 | PPD Strategic Spending Initiative |
| 69. | ABBOTT_TRICOR00075741-51 | PPD Strategic Spending Initiative |
| 70. | ABBOTT_TRICOR00082489-96 | PPD Strategic Spending Initiative |
| 71. | ABBOTT_TRICOR00082497-501 | PPD Strategic Spending Initiative |
| 72. | ABBOTT_TRICOR00085046-50 | E-mail re: TriCor – force Conv, dated August 5, 2004; with attachment: TriCor 145 Trade Launch Plan With Forced Conversion Assumptions August 5, 2004 |
| 73. | ABBOTT_TRICOR00086863-64 | Memorandum re: October Monthly Highlights, October 23, 2002 |
| 74. | ABBOTT_TRICOR00087856-924 | TriCor Tablet Task Force Launch Update, dated May 31, 2001 |
| 75. | ABBOTT_TRICOR00089208-409 | TriCor 2004 Marketing Plan Own the Zone December 12, 2003 |
| 76. | ABBOTT_TRICOR00097751-85 | Tricor Status Update May 12, 2005 |
| 77. | ABBOTT_TRICOR00098644-46 | E-mails re: Antara Obj Handler, dated April 14, 2005; with attachment: Concern Handler |
| 78. | ABBOTT_TRICOR00114488-500 | Why TriCor? |
| 79. | ABBOTT_TRICOR00120376 | Document with heading "Response to Press Release on Teva and Impax Approval for Fenofibrate 160 and 54 mg" |
| 80. | ABBOTT_TRICOR00136048-60 | TriCor NFE Trade Launch Plan, dated September 30, 2003 |
| 81. | ABBOTT-TRICOR00136138-41 | Abbott PPD/Kroger Pharmacy Strategy Teleconference Agenda October 22, 2003 |
| 82. | ABBOTT_TRICOR00136818-29 | E-mails re: Meeting on Tab Conversion 7 14, dated July 7 2000 and July 10, 2000; with attachment: TriCor Tablets July 2000 |
| 83. | ABBOTT_TRICOR00138750-807 | Tricor 145 Launch Update, dated July 2004 |
| 84. | ABBOTT_TRICOR00143895-903 | E-mail re: Meeting with Fournier on 10/21, dated October 16, 2003; with attachment: Tricor EZ Launch Meeting Supply Chain and Operations Draft Agenda October 21, 2003 |
| 85. | ABBOTT_TRICOR00146466-76 | TriCor Tablet Launch Plan |
| 86. | ABBOTT_TRICOR00146680-83 | Emails re: Tricor questions, dated March 9, 2001 to March 27, 2001 |
| 87. | ABBOTT_TRICOR00146831-42 | Trade - Tricor NFE Launch Plan, dated October 15, 2004 |

| | | 15, 2004 |
|---|---|---|
| 88. | ABBOTT_TRICOR00152163-67 | E-mails re: Pharmacists survey results, dated April 4, 2000; with attachment: TriCor Pharmacist Survey |
| 89. | ABBOTT_TRICOR00153668 | Emails re: Tricor Capsule Inventories/Sales activity, dated November 12, 2001 |
| 90. | ABBOTT_TRICOR00157647-52 | Retail Settlement Executive Summary |
| 91. | ABBOTT-TRICOR 00165239-49 | TriCor JDC Meeting Minutes & Key Action Items December 2 and 3, 2003 |
| 92. | ABBOTT_TRICOR00167022-36 | Document with the heading on the first page: "Why use Simva and Pravacol instead of just Lipitor and Crestor?" |
| 93. | ABBOTT_TRICOR00168325-407 | Dyslipidemia Global Long Range Strategy Review, dated May 2004 |
| 94. | ABBOTT_TRICOR00194617-618 | E-mails re: URGENT- FIELD - Tricor-Exclusivity for new indications - Sponsor Performed?, dated May 3, 2004 |
| 95. | ABBOTT-TRICOR 00205417-32 | Draft 2 September 2004 TriCor JDC Meeting Minutes & Key Action Items |
| 96. | ABBOTT_TRICOR00208840-43 | E-mails re: Response Requested: Synthroid and Tricor Info, dated March 29, 2004 |
| 97. | ABBOTT_TRICOR00211773-76 | Document with heading "TriCor Messages" |
| 98. | ABBOTT_TRICOR00212626-31 | Document with heading "For Internal Use Only – Do Not Distribute" |
| 99. | ABBOTT_TRICOR00219427-30 | Strategic Tricor Action Team (STAT) Committee Meeting Minutes, dated September 25, 2002 |
| 100. | ABBOTT_TRICOR00224929–953 | E-mails re: CV LRP, dated December 6, 2002; with attachment: Outpatient Cardiovascular 2003-2007 LRP Executive Review December 6, 2002 |
| 101. | ABBOTT_TRICOR00228562-82 | TriCor  (fenofibrate) Life Cycle Management, dated September 2002 |
| 102. | ABBOTT_TRICOR00233440-79 | RM/DM Meeting, Mary Szela, dated May 13, 2002 |
| 103. | ABBOTT_TRICOR00234475-76 | E-mails re: Tricor - Elan/Fournier/Abbott In-License, dated October 21, 2002 |
| 104. | ABBOTT_TRICOR00237336–92 | Hypertension Franchise: TARKA Global Long Range Strategy Review May 2004 |
| 105. | ABBOTT_TRICOR00239119 | E-mails re: What does this mean if anything John...thanks, Rick, dated May 31, 2004 |

| 106. | ABBOTT_TRICOR00245578-83 | E-mails re: URGENT: Need updated Project Classifications for Oct. 19th PEC Prioritization Meeting, dated October 10, 2002; with attachment: Marketed Product Projects Sales Characterization: Sales Growth vs. Sales Loss Avoidance |
|------|--------------------------|--------------------------------------------|
| 107. | ABBOTT_TRICOR00250227-55 | 2004 Board of Directors Meeting Global Pharmaceutical Strategy |
| 108. | ABBOTT_TRICOR00250436-99 | E-mail re: Latest Tricor LRP – still awaiting JML feedback; with attachment: Tricor 2003 LRP February 2003 |
| 109. | ABBOTT_TRICOR 256894-96 | E-mails re: Tricor, dated October 22, 2002 and October 23, 2002; with attachment: letter from John Leonard to Dr. Joerg Breitenbach, dated October 22, 2002 |
| 110. | ABBOTT_TRICOR00261064-069 | E-mails re: Ready to Send: Text for Reliant/Fenofibrate Letter, dated August 1 and August 8, 2005, with attached drafts |
| 111. | ABBOTT_TRICOR00263143-227 | Dyslipidemia Franchise LRP Strategy April 13, 2005 |
| 112. | ABBOTT_TRICOR00263779-99 | E-mails re: Discuss the strategy regarding Cipher FDA letter v. Citizen's Petition options, dated April 1, 2004 and March 12, 2004 with attached charts |
| 113. | ABBOTT_TRICOR00269328-429 | Fenofibrate Clinical Data Summary and Results of Statistical Analysis, Dated June 24, 1999 |
| 114. | ABBOTT_TRICOR00270661-666 | E-mails re: Cipher letter-PK edits/suggestions, dated April 9, 2004, April 13, 2004, April 20, 2004 and April 21, 2004 |
| 115. | ABBOTT_TRICOR00273637-640 | E-mails re: Cipher generic effort, dated March 9, 2004, March 10, 2004, March 11, 2004 |
| 116. | ABBOTT_TRICOR00273683-695 | Outpatient CV Global Long Range Strategy Review, March 2003 |
| 117. | ABBOTT_TRICOR00277879-916 | 2006 Strategic Marketing Plan |
| 118. | ABBOTT_TRICOR00278131-44 | Urology/Cardiology Franchise TriCor Issues Summary |
| 119. | ABBOTT_TRICOR00278145-58 | Urology/Cardiology Franchise TriCor Issues Summary |
| 120. | ABBOTT_TRICOR00278536-74 | Document with heading "Mike" on first page |
| 121. | ABBOTT_TRICOR00294106-07 | Lofibra:What we know |
| 122. | ABBOTT_TRICOR00294142 | Tricor Table and Conversion Strategy |

10

| 123. | ABBOTT_TRICOR00294172-81 | Tricor (fenofibrate tablets); with attachments: promotional documents |
| 124. | ABBOTT_TRICOR00294555-67 | TriCor Capsule Inventory Wholesale and Retail Overview |
| 125. | ABBOTT_TRICOR00296896-900 | Managed Heath Care TriCor Generic |
| 126. | ABBOTT_TRICOR00296775-818 | 6/13/01 TriCor Tablet Launch Update |
| 127. | ABBOTT_TRICOR00307078-111 | Tricor Conversion to Tablets Communications Assessment –Final Report – September 24, 2001 |
| 128. | ABBOTT_TRICOR00308490-05 | Hytrin Capsule Launch Power Point |
| 129. | ABBOTT_TRICOR_DS-001 | Tricor Direct Sales 1998-2005 |
| 130. | ABBOTT_TRICOR_IDS_001 | Tricor Indirect Sales 1998-2005 |
| 131. | Tricor Data - 001 | Abbott's Tricor Sales Data |
| 132. | FOURNIER/FTC 0000077-82 | Abbott-Fournier Joint Generic Fenofibrate Meeting Monday, September 28th, 1998 Chicago Abbott Park |
| 133. | FOURNIER/FTC 0000120-56 | Environmental Analysis USA |
| 134. | FOURNIER/FTC 0000278-84 | Abbott Fournier Tricor Joint Development Committee (JDC) Meeting Minutes, Abbott Park, Illinois September 7, 2000 |
| 135. | FOURNIER/FTC 0000465 | Letter from Bernard Helain to Arthur Higgins, dated July 7, 2000 |
| 136. | FOURNIER/FTC 0000479-91 | Abbott/TriCor, Profile & Overview of Performance, Briefing document for Mr. H. Le Lous March 2002 |
| 137. | FOURNIER/FTC 0000493-496 | Letter from Linda Burnett to Lance Boyett, dated May 27, 1999 with attachment |
| 138. | FOURNIER/FTC 0000597 | E-mail re: survey, dated September 9, 2002 |
| 139. | FOURNIER/FTC 0000624 | Facsimile from Alain Munoz, dated July 1, 1999 |
| 140. | FOURNIER/FTC 0000645–82 | Integrated Safety Summary |
| 141. | FOURNIER/FTC 0000768 | E-mail string re: Superfeno: Pre-NDA Meeting Minutes, dated September 9, 1999 |
| 142. | FOURNIER/FTC0000806-07 | To: Abbott Laboratories as NDA Holder (NDA 19-304) Jacobsen, Price, Holman & Stern as U.S. Agent for Patent Owner Fournier Industrie et Sante Notice of Certification Under 21 CFR § 314.94(a)(12) |
| 143. | FOURNIER/FTC 0000817-18 | E-mail cover and draft letter from G. John Mohr to Robert Weiland, dated July 21, 1998 |
| 144. | FOURNIER/FTC 0000819 | E-mail re: Fenofibrate generics – Apotech, dated July 6, 1998 |
| 145. | FOURNIER/FTC 0002160 | FDA Contact Report, January 28 and 29, 2002 |
| 146. | FOURNIER/FTC 0002162-63 | E-mails re: Tricor Indication, dated December 13, 2001 |

| 147. | FOURNIER/FTC 0002515-16 | E-mails re: Review of Future US market events dated September 12, 1998 and September 15, 1998 with attachment |
|------|-------------------------|------------------|
| 148. | FOURNIER/FTC0002746 | E-mails re: Final Minutes: Supply Mtg 10/21/03 dated November 10, 2004, November 24, 2003, with attachment: MINUTES: TriCor EZ Supply Meeting October 21, 2003 |
| 149. | FOURNIER/FTC 0004428-33 | Handwritten notes, Meeting Minutes Tricor Generic Meeting |
| 150. | FOURNIER/FTC 0004442–45 | Handwritten notes, Meeting Fenofibrate & Generics |
| 151. | FOURNIER/FTC 0004446-47 | Abbott-Fournier Joint Generic Fenofibrate Meeting Monday, September 28th, 1998 Chicago Abbott Park |
| 152. | FOURNIER/FTC 0004449-54 | Tricor Generic Strategy Meeting November 13, 1998 – Abbott Park |
| 153. | FOURNIER/FTC 0004460-66 | Facsimile cover sheet dated November 24, 1998 from Gill Hodkinson to John Mohr enclosing Tricor Generic Strategy Meeting November 13, 1998 – Abbott Park |
| 154. | FOURNIER/FTC 0004467-504 | Groupe Fournier Briefing Document, Abbott Meeting August 27, 1998 |
| 155. | FOURNIER/FTC 0004505-07 | Confidential - Draft Fenofibrate: Industrial Property Summary and History |
| 156. | FOURNIER/FTC 0004512–13 | Memorandum re: Point de la Situation Fenofibrate – Etats Unis – TriCor, dated February 26, 1998 |
| 157. | FOURNIER /FTC 0004517-67 | E-mails re dated April 18, 2005; with attachment: Antara Action Plan April 8, 2005 |
| 158. | FOURNIER/FTC 0004595 | Emails re: Reflexion Territoire US, dated October 13, 1998 |
| 159. | FOURNIER/FTC 0004627-32 | Abbott/Fournier Meeting Tricor Strategic Discussion Meeting Minutes Abbott Park, - April 22nd & 23rd, 1999 |
| 160. | FOURNIER/FTC 0004633-46 | Handwritten notes Tricor Meeting, April 22nd |
| 161. | FOURNIER/FTC 0005246-56 | Revised P&L TriCor (fenofibrate) Projected Revenue & Net Income |
| 162. | FOURNIER/FTC 0005289-300 | Memorandum re: Monthly Report – April 1998 |
| 163. | FOURNIER/FTC 0005302-08 | Section 2: Commercial Activities |
| 164. | FOURNIER/FTC 0005330-50 | TriCor: US Market Data |
| 165. | FOURNIER/FTC 0005385-410 | VECU-USA SPI Meeting March 1999 |
| 166. | FOURNIER/FTC 0005411-60 | The Lipidil Opportunity in the US |
| 167. | FOURNIER/FTC 0005461–66 | Memorandum re: Pre-Launch Marketing Lipidil US February 27, 1.96 |

| | | US, February 27, 1996 |
|---|---|---|
| 168. | FOURNIER/FTC 0005517-50 | USA Update Key Issues & Actions March 27th Meeting Dijon, France |
| 169. | FOURNIER/FTC 0005541-5649 | US PMT 2000/1 "Upsides & Uncertainty" Fournier US Planning Meeting May 2000 Prepared By: Oonagh. Olivier, Lance and John |
| 170. | FOURNIER-AT012982-84 | ABT-799 Study No. M98-962 R&D/99/146 – Clinical/Statistical 2.0 Study Synopsis |
| 171. | FOURNIER-AT121902 | Letter from Marilou Reed to Food and Drug Administration, dated April 24, 2000 |
| 172. | FOURNIER-AT122156-57 | Minutes of Meeting with the Division of Metabolic and Endocrine Drugs, dated September 7, 1999 |
| 173. | FOURNIER-AT121885-886 | Letter from Marilou Reed to Food and Drug Administration, dated August 22, 2000 |
| 174. | FOURNIER-AT121887-888 | Letter from Marilou Reed to Food and Drug Administration, dated August 22, 2000 |
| 175. | FOURNIER-AT128530-43 | Handwritten notes dated March 20, 2002 |
| 176. | FOURNIER-AT128886-88 | Facsimile from A. Munoz to Robert Altman, dated May 21, 1999; enclosing Minutes of the teleconference meeting May 6, 1999 |
| 177. | FOURNIER-AT128891 | Letter from Robert Altman to G. John Mohr, dated May 7, 1999 |
| 178. | FOURNIER-AT128892-903 | Abbott/Fournier Meeting, Tricor Strategic Discussion Meeting Minutes April 22-23, 1999 |
| 179. | FOURNIER-AT128905-07 | Fournier/Abbott Teleconference TriCor Meeting Minutes New York, -February 23, 1999 |
| 180. | FOURNIER_AT 129011–129060 | Amendment 3; Letter from Robert Altman to Alain Munoz, dated September 29, 1999; Amendment 4; Amendment Number 5; Letter from Robert Altman to Bernard Helain, dated December 13, 2001; Amendment Number 7 to the Fournier-Abbott Licensing Agreement |
| 181. | FOURNIER-AT130182–232 | Fournier International Clinical Meeting Strategic Action Plan Fenofibrate 2002-2008 Klaus Kirchgassler |
| 182. | FOURNIER-AT131484–506 | Tricor/Lipanthyl Overview 29 October 2002 |
| 183. | FOURNIER-AT131664–66 | Tricor Generic Update Confidential Attorney/ Client Privilege Information as of June 17th 2002 |
| 184. | FOURNIER-AT131916-19 | Strategic TriCor Action Team (STAT) Committee Meeting Minutes, September 25, 2002 |
| 185. | FOURNIER-AT134118-42 | Tricor Reformulation No Food Effect, dated ~~August 16, 2002~~ |

|  |  | August 15, 2002 |
|---|---|---|
| 186. | FOURNIER-AT134440-49 | Fenofibrate: International Status |
| 187. | FOURNIER-AT133538-637 | Strategic Action Plan Fenofibrate 2001-2005 - Strategic Seminar, June 28, 2001 |
| 188. | FOURNIER-AT133638-78 | Strategic TriCor Action Team (STAT) Initial Meeting Agenda, dated April 18, 2002 |
| 189. | FOURNIER-AT134002–27 | Feno 145 NFE Clinical Trials Fournier-Abbott DC, Dec. 2, 2003 |
| 190. | FOURNIER-AT134087-117 | Fournier Pharma FenoPenta Project Draft |
| 191. | FOURNIER-AT134440-49 | Fenofibrate:  International Status, dated December 2002 |
| 192. | FOURNIER-AT136829-32 | Penta Project Summary and Investment Recommendation |
| 193. | FOURNIER-AT137779-819 | TriCor Strategic TriCor Action Team (STAT) Initial Meeting Agenda A New Level of Partnership and Commitment April 18, 2002 |
| 194. | FOURNIER-AT139216 | Analysis of Impax fénofibrate capsules |
| 195. | FOURNIER-AT141071-134 | Strategic Action Plan Fenofibrate 2002-2008 |
| 196. | FOURNIER-AT148577-79 | Emails re: Fenofibrate - Timeline for RTP Pharma NDA, dated Sept. 25, 2001 |
| 197. | FOURNIER-AT150847 – 82 | Tricor Update January 14, 2004 |
| 198. | FOURNIER-AT150948-50 | Fenofibrate Success Story: Executive Summary |
| 199. | FOURNIER-AT151362-389 | Tricor Reformulation No Food Effect project STAT meeting August 20th, 2002 |
| 200. | FOURNIER-AT153082–113 | Update on Penta market research K.U. Kirchgassler April 19, 2004 |
| 201. | FOURNIER-AT154855-58 | Fenofibrate (ABT-799) M02-558 Clinical Study Report R&D/03/470 2.0 Synopsis |
| 202. | FOURNIER-AT157257–66 | Penta: Fenofibrate No Food Effect Can we demonstrate a relevant and significant clinical advantage?, dated January 21, 2003 |
| 203. | FOURNIER-AT158921-22 | Emails re: Interaction studies, dated December 3, 2002 |
| 204. | FOURNIER-AT159321-78 | Project Development Plan, Project "Penta" Fenofibrate October 2002, dated October 2002 |
| 205. | FOURNIER-AT159536-89 | Project Development Plan, Project "Penta" Fenofibrate October 2002, dated October 2002 |
| 206. | FOURNIER-AT159701-54 | Project Development Plan, Project "Penta" Fenofibrate October 2002, dated October 2002 |

14

| 207. | FOURNIER-AT161553–55 | E-mails re: Record of contact with FDA – fenofibrate, dated April 1, 2002, April 2, 2002, April 7, 2002 and April 8, 2002 |
|------|----------------------|---|
| 208. | FOURNIER-AT 175920-41 | Memorandum re: Meeting with Abbott Laboratories, dated January 16, 1998; with attachment:  Project Tricor Meeting Report dated January 14, 1998;  and with attachment: Groupe Fournier Fenofibrate Premarketing Program and additional attachments |
| 209. | FOURNIER-AT175942-43 | E-mails re: Super feno dated March 10, 1999 and March 11, 1999 |
| 210. | FOURNIER-AT176011-35 | Minutes of the Abbott-Fournier Meeting held in Daix – Feb. 12th and 13th, 1998 - FINAL |
| 211. | FOURNIER-AT176036-37 | Memorandum re: Meeting August 27, 1998 – Chicago, dated September 7, 1998; handwritten note from Bernard Majoie |
| 212. | FOURNIER-AT176038-39 | Letter dated September 10, 1998 from Arthur Higgins to Bernard Majoie |
| 213. | FOURNIER-AT176053-62 | Meeting Minutes ABBOTT-FOURNIER Joint Development Committee Marriott Lincolnshire Resort Lincolnshire, Illinois March 12 and 13, 1998 |
| 214. | FOURNIER-AT176068-77 | Handwritten notes dated November 14, 2000 |
| 215. | FOURNIER-AT176079-85 | Abbott/Fournier Meeting Tricor Strategic Discussion Meeting Minutes Abbott Park, - April 22nd & 23rd, 1999 |
| 216. | FOURNIER-AT176986-90 | Abbott Fournier Tricor Joint Development Committee (JDC) Meeting Minutes Abbott Park, Illinois September 7, 2000 |
| 217. | FOURNIER-AT177474-82 | Abbott-Fournier Pre-JDC meeting  Stockholm June 28th, 2000 |
| 218. | FOURNIER-AT177080-99 | Memorandum re: Abbott Laboratories, dated April 12, 2001; with attachment: Amendment 4 and attachment Cost Sharing Agreement.in accordance with the License, Development and Supply Agreement of December 20, 1997, as amended, (the "Agreement") between Laboratories Fournier SA ("Fournier") and Abbott Laboratories ("Abbott"); with attachment: Heads of Agreement, dated March 13, 2001 |
| 219. | FOURNIER-AT180223-72 | Fenofibrate - Strategic Outlook Regional Fenofibrate Workshops 2003 |
| 220. | FOURNIER-AT185951-6024 | Project Development Plan, Project "Penta" Fenofibrate October 2002 |

| 221. | FOURNIER-AT188172-73 | E-mails re: FDA Feedback re: Tricor 160 mg tablets file dated September 13, 2000 |
|------|----------------------|--------------------------------------------------------------------------------|
| 222. | FOURNIER-AT188283-85 | E-mails re: Development and Budget Issues - Super Feno, 134mg Capsule an, dated November 24, 1998 |
| 223. | FOURNIER-AT 189299-312 | TriCor Proposal for Modifying Joint Development Committee Ideas for Continued Growth, January 2002 |
| 224. | FOURNIER-AT188955-981 | Tricor Reformulation No Food Effect Project STAT Meeting Sept 25, 2002 |
| 225. | FOURNIER-AT022797-805 | Expert Report, NDA 19-304, dated January 1998 |
| 226. | FOURNIER-AT188271-272 | Memorandum re: Proposed TriCor Labeling, undated |
| 227. | FOURNIER-AT188286-87 | E-mails re: Tricor, dated October 5, 1998, and October 2, 1998 |
| 228. | FOURNIER 0007395-98 | Memorandum re:"Compte-Rendu de la visite au Professeur STAMM à Illkirch le 9 aôut 1996" |
| 229. | FOURNIER 0007679-81 | Memorandum re: Visite Pharma PASS (Pr. Stamm), dated 26 September 1996. |
| 230. | FOURNIER 0007677-78 | Memorandum re: Milestones Feno Pharmapass, dated 17 October 1996 |
| 231. | Teva-TriCor 037788-038246 | Rule 56.1 Statement in Support of Abbott/Fournier Response to Novopharm Motion for Summary Judgment and Accompanying Exhibits, Abbott Laboratories et al. v. Novopharm Limited, et al., 00C-2141, 00C-5094, and 01C-1914 (D. Ill.), dated January 22, 2002 |
| 232. | Teva-TriCor 038247-038363 | Abbott/Fournier Response to Novopharm Motion for Summary Judgment and Accompanying Appendices, Abbott Laboratories et al. v. Novopharm Limited, et al., 00C-2141, 00C-5094, and 01C-1914 (D. Ill.), dated January 22, 2002 |
| 233. | Teva-TriCor 038527-038557 | Abbott/Fournier's Joint Surreply to Novopharm's Motion for Summary Judgment and Accompanying Exhibits, Abbott Laboratories et al. v. Novopharm Limited, et al., 00C-2141, 00C-5094, and 01C-1914 (D. Ill.), dated February 15, 2002 |

**Request for Admission No. 2:** For each document referenced in the list by bates numbers and descriptions under Request for Admission No. 1, for which any denial is based upon an assertion that the document was not created by an employee of Abbott or Fournier

i.   The document or documents are true and authentic copies of what they purport to be;

ii.  The document or documents were created at the request of an employee of Fournier/Abbott routinely in the ordinary course of business;

iii. The document or documents were created at the request of an employee of Abbott or Fournier whose routine duties included the authorization to seek the creation of such document or documents;

iv.  The document or documents were created by a person who had personal knowledge of the subject matter contained in the document or documents;

v.   The document or documents were generated or received in the normal course of business of Fournier/Abbott;

vi.  The document or documents were maintained as a business record by Fournier/Abbott.

## INTERROGATORIES

1.  For all documents that you admit were created by an employee or employees of Abbott or Fournier, identify the employee or employees separately for each document.

    **Response:**

2.  For documents with handwritten notations, state the identity of the author or authors of the written notations for each specific document.

    **Response:**

Respectfully submitted,

/s/ Jeffrey S. Goddess
Jeffrey S. Goddess (Del. Bar No. 630)
Rosenthal Monhait & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE  19899
302-656-4433
jgoddess@rmgglaw.com

Liaison Counsel for Direct Purchaser Class

/s/ Elizabeth M. McGeever
Elizabeth M. McGeever (Del. Bar No. 2057)
Prickett Jones & Elliot, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
(302) 888-6521
emmcgeever@prickett.com

Counsel for Walgreen Co.,
Eckerd Corporation, The Kroger Co.,
Maxi Drug, Inc. d/b/a Brooks Pharmacy,
Albertson's, Inc., Safeway, Inc. and
Hy-Vee, Inc., American Sales
Company, Inc., CVS Pharmacy, Inc.,
Rite Aid Corporation and Rite Aid
Hdqtrs. Corp.

18

# Exhibit 3

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) ) | C.A. No. 05-360 (KAJ) (consolidated) |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| C.A. No. 05-360 (KAJ) | ) | |
| C.A. No. 05-365 (KAJ) | ) | |
| C.A. No. 05-390 (KAJ) | ) | |
| C.A. No. 05-394 (KAJ) | ) | |
| C.A. No. 05-426 (KAJ) | ) | |
| C.A. No. 05-450 (KAJ) | ) | |
| C.A. No. 05-467 (KAJ) | ) | |
| C.A. No. 05-475 (KAJ) | ) | |
| C.A. No. 05-516 (KAJ) | ) | |
| C.A. No. 05-695 (KAJ) | ) ) | |

## INDIRECT PURCHASER PLAINTIFFS'
## FIRST REQUEST FOR ADMISSIONS FROM DEFENDANTS

Pursuant to Rules 26, 36 and 37 of the Federal Rules of Civil Procedure, Indirect

Purchaser Plaintiffs ("End-Payor Plaintiffs") request that defendants Abbott Laboratories

("Abbott"), Fournier Industries et Sante, and Laboratories Fournier, S.A. (together, "Fournier"

and collectively with Abbott, "Defendants"), make the following admissions within 30 days.

These requests for admissions are continuing in nature and require supplemental responses to the

greatest extent permitted by Federal Rule of Civil Procedure 26(e).

### DEFINITIONS AND INSTRUCTIONS

1.    "Abbott" and "Fournier" mean, as applicable, the Abbott, Fournier, their parents,

subsidiaries, divisions or affiliates, and their officers, directors, agents, or employees.

2.  The documents about which End-Payor Plaintiffs seek admissions are identified by the Bates No. used by Abbott or Fournier or other persons in connection with their production of documents in this litigation.

3.  Where a document referred to is an excerpt from a larger document produced by Abbott or Fournier in this litigation or otherwise maintained by Abbott or Fournier, please respond with respect to the larger document from which the excerpt has been taken.

4.  The term "identify" when used in reference to a document means the Bates No. of the document.

5.  The term "identify" when used in reference to a person means the name of the person, whether the person is currently an employee of Abbott or Fournier and, if the person is not currently an employee of Abbott or Fournier, the person's last known home and business addresses.

6.  "Document" or "documents" has the same meaning as assigned in the broadest interpretation of Fed. R. Civ. P. 34.

## REQUESTS

<u>REQUEST FOR ADMISSION NO. 1</u>:

For each of the documents listed in Attachment A, admit:

a) The document was produced by Abbott or Fournier, as applicable;

b) The document is a true and authentic copy of what it purports to be;

c) The document was created routinely in the ordinary course of business by an employee or employees of Abbott or Fournier, as applicable;

d) The document was created by a person or by persons who had personal knowledge of the subject matters contained therein;

e) The document was generated or received in the normal course of business of Abbott or Fournier, as applicable;

f) The document was maintained as a business record by Abbott or Fournier, as applicable;

g) The document meets the requirements of Rule 803(6) of the Federal Rules of Evidence;

h) The document is admissible at trial and other court proceedings in these consolidated *TriCor Antitrust Litigation* actions.

<u>REQUEST FOR ADMISSION NO. 2</u>:

For each document listed in Attachment A as to which you do not admit that it is a true and authentic copy of what it purports to be: (i) identify the document; (ii) state why you do not admit that it is a true and authentic copy of what it purports to be; and (iii) identify the persons who have information or knowledge on the subject.

<u>REQUEST FOR ADMISSION NO. 3</u>:

For each document listed in Attachment A as to which you do not admit that it was created routinely in the ordinary course of business by an employee or employees of Abbott or Fournier, as applicable: (i) identify the document; (ii) state why you do not admit that it was created routinely in the ordinary course of business by an employee or employees of Abbott or

3

Fournier, as applicable; and (iii) identify the persons who have information or knowledge on the subject.

REQUEST FOR ADMISSION NO. 4:

For each document listed in Attachment A as to which you do not admit that it was created by a person or by persons who had personal knowledge of the subject matters contained therein: (i) identify the document; (ii) state why you do not admit that it was created by a person or by persons who had personal knowledge of the subject matters contained therein; and (iii) identify the persons who have information or knowledge on the subject.

REQUEST FOR ADMISSION NO. 5:

For each document listed in Attachment A as to which you do not admit that the document was generated or received in the normal course of business of Abbott or Fournier, as applicable: (i) identify the document; (ii) state why you do not admit that the document was generated or received in the normal course of business of Abbott or Fournier, as applicable; and (iii) identify the persons who have information or knowledge on the subject.

REQUEST FOR ADMISSION NO. 6:

For each document listed in Attachment A as to which you do not admit that the document was maintained as a business record by Abbott or Fournier, as applicable: (i) identify the document; (ii) state why you do not admit that the document was maintained as a business record by Abbott or Fournier, as applicable; and (iii) identify the persons who have information or knowledge on the subject.

REQUEST FOR ADMISSION NO. 7:

For each document listed in Attachment A as to which you do not admit that the document meets the requirements of Rule 803(6) of the Federal Rules of Evidence: (i) identify the document; (ii) state why you do not admit that the document meets the requirements of Rule 803(6) of the Federal Rules of Evidence; and (iii) identify the persons who have information or knowledge on the subject.

4

REQUEST FOR ADMISSION NO. 8:

For each document listed in Attachment A as to which you do not admit that the document is admissible at trial and other court proceedings in these consolidated *TriCor Antitrust Litigation* actions: (i) identify the document; (ii) state why you do not admit that the document is admissible at trial and other court proceedings in these consolidated *TriCor Antitrust Litigation* actions; and (iii) identify the persons who have information or knowledge on the subject.

Dated:   September 29, 2006

CHIMICLES & TIKELLIS LLP

_____*/s/ A. Zachary Naylor*_____
Pamela S. Tikellis (#2172)
Robert J. Kriner, Jr. (#2546)
A. Zachary Naylor (#4439)
P.O. Box 1035
One Rodney Square
Wilmington, DE 19899
Tel: 302-656-2500
Fax: 302-656-9053

Bryan L. Clobes
William R. Kane
Miller Faucher and Cafferty LLP
One Logan Square
18th & Cherry Street, Suite 1700
Philadelphia, PA 19103
Tel: 215-864-2800
Fax: 215864-2810

Michael D. Gottsch
Daniel B. Scott
Chimicles & Tikellis LLP
361 West Lancaster Avenue
Haverford, PA 19041
Tel: 610-642-8500
Fax: 610-649-3633

Patrick E. Cafferty
Miller Faucher and Cafferty LLP
101 N. Main Street, Suite 450
Ann Arbor, MI 48101
Tel: 734-769-2144
Fax: 734-769-1207

Bernard Persky
Christopher J. McDonald
Kellie C. Safar
Labaton Sucharow & Rudoff LLP
100 Park Avenue
New York, NY 10017
Tel: 212-907-0700
Fax: 212-818-0477

5

Marvin A. Miller
Jennifer W. Sprengel
Miller Faucher and Cafferty LLP
30 N. LaSalle Street, Suite 3200
Chicago IL, 60602
Tel: 312-782-4880
Fax: 312-782-4485

Jeffrey L. Kodroff
Theodore M. Lieverman
Simon B. Paris
Spector Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel: 215-496-0300
Fax: 215-496-6611

Thomas M. Sobol
David S. Nalven
Gregory H. Matthews
Hagens Berman Sobol Shapiro LLP
One Main Street, 4th Floor
Cambridge, MA 02142
Tel: 617-482-3700
Fax: 617-482-3003

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Tel: 206-623-7292
Fax: 206-623-0594

L. Kendall Saterfield
Richard M. Volin
Karen J. Marcus
Finkelstein Thompson & Loughran
1050 30th Street, NW
Washington, DC 20007
Tel: 202-337-8000
Fax: 202-337-8090

Karen L. Morris
Patrick F. Morris
Morris and Morris LLC
1105 North Market Street, Suite 803
Wilmington, DE 19801
Tel: 302-426-0400

Ronald S. Goldser
Zimmerman Reed PLLP
651 Nicollett Mall, Suite 501
Minneapolis, MN 55402
Tel: 612-341-0400
Fax: 612-341-0844

Allen D. Black
Jeffrey S. Istvan
Fine Kaplan & Black R.P.C.
1845 Walnut Street
Philadelphia, PA 19103
Tel: 215-567-6565

Joseph Goldberg
Freedman Boyd Daniels Hollander Goldberg &
Cline PA
20 First Plaza, Suite 700
Albuquerque, NM 87102
Tel: 505-842-9960

Christopher G. Hayes
Law Offices of Christopher G. Hayes
115 E. Chestnut Street, 2nd Floor
West Chester, PA 19380
Tel: 610-431-9505

6

Jason J. Thompson
Ann K. Mandt
Charfoos & Christensen, PC.
5510 Woodward Avenue.
Detroit, MI 48202
Tel: 313-875-8080
Fax: 313-875-8522

Marc H. Edelson
Edelson & Associates, LLC
45 West Court Street
Doylestown, PA 18901
Tel: 215-230-8043
Fax: 215-230-8735

Joseph M. Burns
Jacobs Burns Orlove Stanton & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, IL 60603
Tel: 312-372-1646

Michael E. Criden
Kevin Love
Hanzman Criden & Love PA
220 Alhambra Circle, Suite 400
Coral Gables, FL 33134
Tel: 305-357-9000
Fax: 305-357-9050

Lester L. Levy
Wolf Popper LLP
845 Third Avenue
New York, NY 10022
Tel: 212-759-4600

Ann D. White
Jayne A. Goldstein
Lee Albert
Mager White & Goldstein, LLP
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Tel: 215-481-0273

Ralph B. Kalfayan
Krause Kalfayan Benink & Slavins
1010 Second Avenue, Suite 1750
San Diego, CA 1750
Tel: 619-232-0331
Fax: 619-232-4019

Art Sadin
SADIN LAW FIRM
1104 S. Friendwood Drive, Suite A
Friendwood, TX 77546
Tel: 281-648-7711
Fax: 281-648-7799

James R. Dugan, II
Douglas R, Plymale
Dugan & Browne, APLC
650 Poydras Street, Suite 70130
New Orleans, LA 70130
Tel: 504-648-0180
Fax: 504-648-0181

Michael I. Silverman
Silverman McDonald & Friedman
1010 North Bancroft Parkway, Suite 22
Wilmington, DE 19805
Tel: 302-888-2900

Richard Kirschner
Kirschner & Gartrell
4910 Massachusetts Avenue, NW, Suite 215
Washington, D.C. 20016
Tel: 202-775-0087

Lance Harke
Howard Bushman
Harke & Clasby LLP
155 S. Miami Avenue, Suite 600
Miami, FL 33130
Tel: 305-536-8220
Fax: 305-536-8229

Robert Schachter
Joseph Lipofsky
Zwerling, Schacter & Zwerling LLP
41 Madison Avenue, 32nd Floor
New York, NY 10010

*Attorneys for End-Payor Plaintiffs*

ATTACHMENT A

Abbot/Teva07112-88
Abbott/Teva06635-62
Abbott/Teva10389-90
Abbott_Tricor_IDS_001
Abbott_Tricor00000127-35
Abbott_Tricor00000207-20
Abbott_Tricor00000221-31
Abbott_Tricor00000254-406
Abbott_Tricor00000407-40
Abbott_Tricor00000480-584
Abbott_Tricor00000520-84
Abbott_Tricor00000768-79
Abbott_Tricor00000871-78
Abbott_Tricor00000896-907
Abbott_Tricor00000908-21
Abbott_Tricor00000922-28
Abbott_Tricor00000929-34
Abbott_Tricor00000935-52
Abbott_Tricor00001197-213
Abbott_Tricor00001239-42
Abbott_Tricor00001243-46
Abbott_Tricor00001247-55
Abbott_Tricor00001472-75
Abbott_Tricor00001584-99
Abbott_Tricor000016868-937
Abbott_Tricor00001814-15
Abbott_Tricor00001817-48
Abbott_Tricor00001895-96
Abbott_Tricor00002362-407
Abbott_Tricor00002751-864
Abbott_Tricor00003659-885
Abbott_Tricor00003659-885
Abbott_Tricor00004376-77
Abbott_Tricor00004378-91
Abbott_Tricor00004470-95
Abbott_Tricor00004502-03
Abbott_Tricor00004510-51
Abbott_Tricor00004578-664
Abbott_Tricor00004881-94
Abbott_Tricor00005151-215
Abbott_Tricor00005552-84
Abbott_Tricor00005623-32
Abbott_Tricor00005633-58
Abbott_Tricor00005670-707

Abbott_Tricor00005802-51
Abbott_Tricor00005802-85
Abbott_Tricor00006060-67
Abbott_Tricor00006391-404
Abbott_Tricor00006405-13
Abbott_Tricor00006414-48
Abbott_Tricor00006853-90
Abbott_Tricor00007036
Abbott_Tricor00007038
Abbott_Tricor00008563-87
Abbott_Tricor00008588-96
Abbott_Tricor00008597-636
Abbott_Tricor00010794-803
Abbott_Tricor00011207-34
Abbott_Tricor00011235-53
Abbott_Tricor00011360-72
Abbott_Tricor00011474-91
Abbott_Tricor00011492-507
Abbott_Tricor00011568-95
Abbott_Tricor00012660-726
Abbott_Tricor00013125-75
Abbott_Tricor00013952-55
Abbott_Tricor00014698-764
Abbott_Tricor00014835-72
Abbott_Tricor00014932-80
Abbott_Tricor00015028-49
Abbott_Tricor00016047-107
Abbott_Tricor00016332-64
Abbott_Tricor00016365-555
Abbott_Tricor00016561-50
Abbott_Tricor00017177-80
Abbott_Tricor00017282-83
Abbott_Tricor00017293
Abbott_Tricor00017294-99
Abbott_Tricor00017301-14
Abbott_Tricor00017564-66
Abbott_Tricor00037551-58
Abbott_Tricor00042133-46
Abbott_Tricor00042600
Abbott_Tricor00044449-560
Abbott_Tricor00054341-97
Abbott_Tricor00054542
Abbott_Tricor00054925-52
Abbott_Tricor00056240-42
Abbott_Tricor00056423
Abbott_Tricor00056765-78

Abbott_Tricor00056965-99
Abbott_Tricor00057121-40
Abbott_Tricor00057180-87
Abbott_Tricor00057196-202
Abbott_Tricor00057346-49
Abbott_Tricor00065788-93
Abbott_Tricor00066166-70
Abbott_Tricor00070723-36
Abbott_Tricor00075741-51
Abbott_Tricor00082489-96
Abbott_Tricor00082497-501
Abbott_Tricor00085046-50
Abbott_Tricor00086393-403
Abbott_Tricor00086861
Abbott_Tricor00086863-64
Abbott_Tricor00087856-57
Abbott_Tricor00087856-924
Abbott_Tricor00089208-409
Abbott_Tricor0009473-79
Abbott_Tricor00097751-85
Abbott_Tricor00098644-46
Abbott_Tricor00098793-850
Abbott_Tricor00103969-90
Abbott_Tricor00114488-500
Abbott_Tricor00120376
Abbott_Tricor00136048-60
Abbott_Tricor00136138-41
Abbott_Tricor00136818-29
Abbott_Tricor00136819-29
Abbott_Tricor00138750-807
Abbott_Tricor0014086-127
Abbott_Tricor00143898-903
Abbott_Tricor00146466-76
Abbott_Tricor00146680-83
Abbott_Tricor00146831-42
Abbott_Tricor00152163-67
Abbott_Tricor00153668
Abbott_Tricor00156959-61
Abbott_Tricor00157647-52
Abbott_Tricor00165239-49
Abbott_Tricor00167022-36
Abbott_Tricor00168325-407
Abbott_Tricor00194617-18
Abbott_Tricor00205417-32
Abbott_Tricor00208840-43
Abbott_Tricor00211706-09

Abbott_Tricor00211773-76
Abbott_Tricor00212626-31
Abbott_Tricor00219427-30
Abbott_Tricor00221320-56
Abbott_Tricor00224929-53
Abbott_Tricor00228562-82
Abbott_Tricor00233440-79
Abbott_Tricor00234475-76
Abbott_Tricor00237336-92
Abbott_Tricor00239119
Abbott_Tricor00245578-83
Abbott_Tricor00250227-55
Abbott_Tricor00250436-99
Abbott_Tricor00261064-69
Abbott_Tricor00263143-227
Abbott_Tricor00263779-99
Abbott_Tricor00269328-429
Abbott_Tricor00270661-66
Abbott_Tricor00273637-40
Abbott_Tricor00273683-95
Abbott_Tricor00274106-07
Abbott_Tricor00277879-916
Abbott_Tricor00277924-58
Abbott_Tricor00277959-98
Abbott_Tricor00278131-44
Abbott_Tricor00278145-58
Abbott_Tricor00278536-74
Abbott_Tricor00294106-07
Abbott_Tricor00294142
Abbott_Tricor00294143-44
Abbott_Tricor00294146-56
Abbott_Tricor00294172-81
Abbott_Tricor00294555-67
Abbott_Tricor00296775-818
Abbott_Tricor00296854-78
Abbott_Tricor00296881
Abbott_Tricor00296885-86
Abbott_Tricor00296896-900
Abbott_Tricor00301075-512
Abbott_Tricor00307078-111
Abbott_Tricor00307596
Abbott_Tricor00308490-505
Abbott_Tricor256894-96
Fournier 1004335-59
Fournier 0007395-98
Fournier 0007677-78

-12-

Fournier 0007679-81
Fournier/FTC 0000077-82
Fournier/FTC 0000120-56
Fournier/FTC 0000278-84
Fournier/FTC 0000465
Fournier/FTC 0000479-91
Fournier/FTC 0000493-96
Fournier/FTC 0000597
Fournier/FTC 0000624
Fournier/FTC 0000645-82
Fournier/FTC 0000768
Fournier/FTC 0000806-07
Fournier/FTC 0000817-18
Fournier/FTC 0000819
Fournier/FTC 0002160
Fournier/FTC 0002162-63
Fournier/FTC 0002515-16
Fournier/FTC 0002746
Fournier/FTC 0004428-33
Fournier/FTC 0004442-45
Fournier/FTC 0004446-47
Fournier/FTC 0004449-54
Fournier/FTC 0004460-66
Fournier/FTC 0004467-504
Fournier/FTC 0004505-07
Fournier/FTC 0004512-13
Fournier/FTC 0004517-67
Fournier/FTC 0004595
Fournier/FTC 0004627-32
Fournier/FTC 0004633-46
Fournier/FTC 0005246-56
Fournier/FTC 0005289-300
Fournier/FTC 0005302-08
Fournier/FTC 0005330-50
Fournier/FTC 0005385-410
Fournier/FTC 0005411-60
Fournier/FTC 0005461-66
Fournier/FTC 0005517-50
Fournier/FTC 0005541-649
Fournier/FTC 0000645-700
Fournier0001195-211
Fournier0002308-09
Fournier0007663-64
Fournier0007677-78
Fournier0007679-81
Fournier002683-86

Fournier1001439-697
Fournier1001699-886
Fournier-AT001150-78
Fournier-AT012982-84
Fournier-AT022797-805
Fournier-AT121885-86
Fournier-AT121887-88
Fournier-AT121902
Fournier-AT122156-57
Fournier-AT128518-43
Fournier-AT128547-50
Fournier-AT128671-75
Fournier-AT128683-721
Fournier-AT128729-30
Fournier-AT128736-59
Fournier-AT128762-90
Fournier-AT128793-803
Fournier-AT128806-64
Fournier-AT128867-73
Fournier-AT128879-83
Fournier-AT128886-88
Fournier-AT128891
Fournier-AT128892-903
Fournier-AT128905-07
Fournier-AT129011-60
Fournier-AT129844-47
Fournier-AT130182-232
Fournier-AT131484-506
Fournier-AT131664-66
Fournier-AT131916-19
Fournier-AT133104-05
Fournier-AT133538-637
Fournier-AT133638-78
Fournier-AT134002-27
Fournier-AT134087-117
Fournier-AT134118-42
Fournier-AT134440-49
Fournier-AT134475-731
Fournier-AT136829-32
Fournier-AT137779-819
Fournier-AT139216
Fournier-AT139217-27
Fournier-AT139228-61
Fournier-AT141071-134
Fournier-AT143531-39
Fournier-AT143603-04

-14-

Fournier-AT146988-89
Fournier-AT147469-81
Fournier-AT147909-081
Fournier-AT148089-318
Fournier-AT148325-635
Fournier-AT148577-79
Fournier-AT148646-862
Fournier-AT150095-99
Fournier-AT150275-86
Fournier-AT150291-318
Fournier-AT150847-82
Fournier-AT150948-50
Fournier-AT151362-389
Fournier-AT153082-113
Fournier-AT153953-65
Fournier-AT154301-24
Fournier-AT154852-930
Fournier-AT154855-58
Fournier-AT155973-79
Fournier-AT156167-218
Fournier-AT156578-631
Fournier-AT156916-18
Fournier-AT157065-66
Fournier-AT157135-215
Fournier-AT157257-66
Fournier-AT158921-22
Fournier-AT159321-78
Fournier-AT159497-99
Fournier-AT159510-642
Fournier-AT159536-89
Fournier-AT159701-54
Fournier-AT160283-85
Fournier-AT161227-29
Fournier-AT161360-61
Fournier-AT161528-36
Fournier-AT161553-55
Fournier-AT161571-72
Fournier-AT161954-55
Fournier-AT162015-22
Fournier-AT175889-919
Fournier-AT175920-41
Fournier-AT175942-43
Fournier-AT175944-53
Fournier-AT175961
Fournier-AT176011-35
Fournier-AT176036-37

Fournier-AT176038-39
Fournier-AT176053-62
Fournier-AT176068-77
Fournier-AT176079-85
Fournier-AT176092-102
Fournier-AT176892-933
Fournier-AT176955-81
Fournier-AT176986-90
Fournier-AT177080-99
Fournier-AT178718-46
Fournier-AT179791-811
Fournier-AT180223-72
Fournier-AT185951-6024
Fournier-AT188172-73
Fournier-AT188174-79
Fournier-AT188229-32
Fournier-AT188260-62
Fournier-AT188271-272
Fournier-AT188279
Fournier-AT188281-85
Fournier-AT188286-87
Fournier-AT188955-981
Fournier-AT189299-312
Fournier-ATl77474-82
Teva-Tricor037788-038246
Teva-Tricor038247-038363
Teva-Tricor038527-038557
Tricor Data - 001
Tricor022342-022354

# Exhibit 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT LABORATORIES, an Illinois corporation, FOURNIER INDUSTRIE ET SANTÉ, a French corporation, and LABORATOIRES FOURNIER S.A., a French corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>IMPAX LABORATORIES, INC., a Delaware corporation,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 03-120 (KAJ)<br>)  (Consolidated)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| IMPAX LABORATORIES, INC., a Delaware corporation,<br><br>        Counterclaim Plaintiff,<br><br>    v.<br><br>ABBOTT LABORATORIES, an Illinois corporation, FOURNIER INDUSTRIE ET SANTÉ, a French corporation, and LABORATOIRES FOURNIER, S.A., a French corporation,<br><br>        Counterclaim Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FOURNIER'S RESPONSE TO IMPAX'S FIRST ANTITRUST SET OF REQUESTS FOR ADMISSION TO COUNTERCLAIM DEFENDANTS (NOS. 1-142)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Local Rule 26.1, defendants Fournier Industrie et Santé and Laboratoires Fournier, S.A. (collectively "Fournier") hereby jointly object and respond to Impax Laboratories, Inc.'s ("Impax") First Antitrust Set of Request for Admission to Counterclaim Defendants ("First RFA").

## General Objections

Impax's First RFA is one of several very similar multi-part discovery requests recently served by plaintiffs that apparently seek, among other things, (i) to authenticate hundreds of documents produced by Abbott and Fournier, and (ii) to establish various predicates to overcome possible hearsay objections.[1] All of these requests are unnecessarily burdensome. The sheer quantity of the requests, magnified by the breadth of each request, is burdensome. Moreover, Impax and the other plaintiffs appear to have made a wholesale and indiscriminate selection of documents to be the subject of their requests; and the requests indiscriminately seek broad information as to these documents even though such broad information cannot possibly be needed or relevant in all instances (even if the documents themselves were all relevant). Moreover, some requests ask for the identification of authorship of handwritten notes when the authorship does not appear to have any particular relevance to this action. To the extent Impax and the other plaintiffs seek to establish the authenticity of any trial exhibits or resolve particular hearsay objections, there are other less burdensome and more efficient ways to proceed.

Accordingly, Abbott and Fournier object to Impax's First RFA on the grounds that it is unduly burdensome and requests information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. These objections are asserted without prejudice to the customary practice of an agreement between the parties that various documents, in the absence of a genuine question as to authenticity or evidence to the contrary, will be

---

[1]    Other such similar requests include Teva's First Set of Requests for Admission (putting approximately 25 documents at issue), Direct Purchaser Plaintiffs' First Set of Requests for Admission (putting approximately 233 documents at issue), and Indirect Purchaser Plaintiffs' First Request for Admissions from Defendants (putting approximately 349 documents at issue).

deemed authentic, such as a party's documents produced from its files or documents that otherwise appear from their face to be authentic. Towards that end, Abbott and Fournier are prepared to discuss the terms of the usual bi-lateral stipulation and also work with Impax and the other plaintiffs to resolve issues concerning any particular documents as to which there may be some reason to question their authenticity. Moreover, although each identified intended trial exhibit may have to be examined on a case-by-case basis, there are customary stipulations the parties can discuss that may resolve a variety of possible hearsay objections, without premature resort to this unnecessarily burdensome discovery request.

In addition, Fournier incorporates by references its general objections to the Definitions and Instructions set forth in Defendant Impax Laboratories, Inc.'s First Set of Interrogatories to Plaintiffs, served May 7, 2003, as if fully stated herein.

<strong><u>Specific Objections and Responses</u></strong>

**<u>RESPONSE TO REQUEST FOR ADMISSION NOS. 1-130:</u>**

Apart from and without waiving the General Objections noted above, to the extent a separate objection and response is required with respect to each specific request, Abbott and Fournier respond to each as follows: Denied, subject to further discussion among the parties.

**<u>REQUEST FOR ADMISSION NO. 131</u>**

Admit that none of the counterclaim defendants, nor anyone on behalf of any of the counterclaim defendants, tested Impax fenofibrate tablets prior to January 30, 2003.

**RESPONSE REQUEST FOR ADMISSION NO. 131:**

In addition to its General Objections, Fournier objects to this request as calling for information subject to attorney-client privilege, work product doctrine, and/or information

# Exhibit 5

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

TEL: (202) 371-7000

FAX: (202) 393-5760

www.skadden.com

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WILMINGTON
————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
202-371-7630
DIRECT FAX
202-393-5760
EMAIL ADDRESS
TARA.REINHART@SKADDEN.COM

May 3, 2007

**VIA EMAIL**

Asim Bhansali, Esq.
Keker & Van Nest
710 Sansome Street
San Francisco, CA 94111

RE:    In re Tricor Antitrust Litigations

Dear Asim:

As you know, Magistrate Judge Thynge has scheduled a conference for May 9 regarding the two discovery issues raised in your April 19 letter brief. We believe that the parties can resolve the issues, and a conference with Judge Thynge will be unnecessary. We ask that all parties meet and confer as soon as possible on both issues.[1]

In advance of a conference, we ask that plaintiffs consider our proposed language for a stipulation regarding authenticity of documents, set forth in our February 22, 2007, letter (see attached). If you find it objectionable, then propose alternative language acceptable to all plaintiffs and we will discuss your proposal during our meet and confer. Magistrate Judge Thynge expected us to negotiate a stipulation, and we see no impediment to doing so.

_____

[1] Near the end of the April 20 hearing, Judge Thynge said, "I do expect, though, the parties to address the other issues that were brought up at the beginning of this and enter into some type of stipulation and get those resolved." Telephone Conference Before Honorable Mary Pat Thynge (April 20, 2007), Tr. at 29-30.

Asim Bhansali
May 2, 2007
Page 2

I believe we can and should avoid burdening the Court with these two issues next week.  Please let me know all plaintiffs' availability for a call preferably on May 4, or, if that does not work, May 7.

Very truly yours,

Tara L. Reinhart

cc:    All Counsel of Record

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2458
DIRECT FAX
(917) 777-2458
EMAIL ADDRESS
BDEMUTH@SKADDEN.COM

FIRM/AFFILIATE OFFICES
——
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
——
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 22, 2007

*VIA EMAIL & U.S. MAIL*
Asim Bhansali
Keker & Van Nest, L.L.P.
710 Sansome Street
San Francisco, CA 94111-1704

RE:    *Abbott Laboratories v. Impax Laboratories, Inc.*, C.A.
03-120 (D. Del.) (consolidated)

Dear Asim:

I write to follow-up on your inquiry regarding the document authentication issues.

As we have previously discussed, defendants are amicable to a bi-lateral stipulation that would cover the authentication issues for the documents produced in this litigation. Because there is no immediate trial date, we do not see any great urgency to resolve this issue today. That said, we would be happy to consider whatever language you would propose for the kind of stipulation contemplated. For example, we would be willing to consider a stipulation along the following lines:

Any document that on its face appears to have been authored by an employee, officer or agent of a party or third party shall be deemed prima facie to be authentic, subject to the right of the party against whom such a document is offered ("Opposing Party") to adduce evidence to the contrary or to require that the offering

Asim Bhansali
February 22, 2007
Page 2


party provide authenticating evidence if the Opposing
Party has a reasonable basis to believe the document is
fabricated.  Any objection to a document's authenticity
must be made by the time of the Pretrial Conference.


Kind regards,

Bradley J. Demuth

cc:    R. James Slaughter, Esq.
       Anne S. Gaza, Esq.
       Chad J. Peterman, Esq.
       Mary B. Graham, Esq.
          *(all via email)*

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

ASIM M. BHANSALI
ABHANSALI@KVN.COM

February 27, 2007

**VIA EMAIL**

Bradley J. Demuth
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Re:    *In re: Tricor Antitrust Litigation*

Dear Brad:

I write in advance of our meet and confer in the hopes of addressing a few issues that will make the meet and confer more efficient. I've raised a potential issue related to Skadden's prior representation of Impax with Tara Reinhart. That issue has not yet been satisfactorily resolved. While I'm happy to have today's meet and confer while that issue remains pending, we can only proceed if you agree that doing so does not waive any rights Impax may have with respect to that prior representation. Moreover, before we can go much further along, we'll need to have that issue resolved. Tara indicated last week that she was going to call me back or ask Steve Sunshine to call me back. I await that call.

Based on your recent letter regarding Impax's RFAs, I assume we're at an impasse on this issue. First, we have outstanding RFAs that are unanswered. If you have a stipulation that defendants are willing to agree to in lieu of answering, then propose it. Your letter fails to commit to any position. Second, even the suggestion to which you don't commit only addresses authenticity, and fails to address business records and admissibility, which are also subjects of the RFAs. Third, the whole reason to serve the RFAs was so we would know what is objected to as we prepare the case for trial, but your proposal does not require objections to be raised before the pre-trial conference. I'm happy to meet and confer further with you on these issues tomorrow, but as it stands, I believe we're at an impasse.

Pete Valko is now represented by separate counsel. His counsel is Robert Katzenstein. You should contact Mr. Katzenstein directly about scheduling Mr. Valko's deposition. His phone number is 303-652-8400.

Bradley J. Demuth
February 27, 2007
Page 2

As you can see from the e-mail that John Vetter sent yesterday, we are awaiting a response from you on the issue of non-privileged testing in the capsule case. Unless this can be resolved this week, we'll assume there's an impasse on this issue as well.

With regard to Greg Leonard's report, I direct you to my letter of January 9. I believe that letter addresses the issues raised in your recent correspondence.

I believe we can address the remaining issues you have raised tomorrow.

Sincerely,

ASIM M. BHANSALI

AMB/gap

cc:    Robert J. Katzenstein
       Mary Graham
       Anne Shea Gaza
       Chad J. Peterman

390716.01

# Exhibit 6

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.

WASHINGTON, D.C. 20005-2111

TEL: (202) 371-7000

FAX: (202) 393-5760

http://www.skadden.com

DIRECT DIAL
202-371-7630
DIRECT FAX
202-393-5760
EMAIL ADDRESS
TARA.REINHART@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
RESTON
SAN FRANCISCO
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

May 7, 2007

<u>**VIA EMAIL**</u>

Asim Bhansali, Esq.
Keker & Van Nest
710 Sansome Street
San Francisco, CA 94111-1704

RE:    <u>In re Tricor Antitrust Litigations</u>

Dear Asim:

        I write in response to your May 4, 2007, letter.  We considered your counter-proposal to our proposed stipulation, and we suggest the language be revised slightly so that it also resolves your request for admissions regarding the requirements of Rule 803(6).  We propose the following:

> Any document that has been produced from the files of a party (as indicated by the document's bearing a party's production prefix) in either the patent or antitrust phase of these actions shall be deemed prime facie authentic, subject to the right of that party or the party against whom such a document is offered to adduce evidence or make argument to the contrary. Any document that appears to have been authored by a party also shall be deemed a "business record" that meets the requirements of Rule 803(6) of the Federal Rules of Evidence, subject to the right of that party or the party against whom such a document is offered to adduce evidence or make argument to the contrary.

Asim Bhansali, Esq.
May 7, 2007
Page 2

Any objection to a document's authenticity, or the
business-record status of a document apparently
authored by a party, must be made no later than the
Final Pretrial Conference. A denial of a document's
authenticity or business-record status by counsel or by
one or more witnesses of a party against whom the
document is offered, without further corroboration or
circumstantial indicators of non-authenticity or
business-record status, shall not be a valid basis for
objecting to authenticity or business-record status. In
the event any party raises an objection to authenticity
or business-record status in its reply papers on a
motion for summary judgment, the non-moving party
shall be entitled to submit a sur-reply addressing solely
the objection to authenticity or business-record status.

We will agree to enter into this revised stipulation if all plaintiffs also agree to the
language and agree not to pursue further responses to requests for admission.

We are scheduled to meet and confer tomorrow at 1:30 p.m. EDT on
both issues addressed in your May 7, 2007, letter brief. I spoke with Adam Steinfeld
earlier today, and he is amendable to participating in a call. We ask that all plaintiffs
coordinate participation in this conference and that whoever participates have
authority to bind all plaintiffs on both discovery issues. I will circulate a call-in
number tomorrow morning.

Best Regards,

Tara L. Reinhart

cc:    All Counsel of Record