## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) ) | C.A. No. 05-340 (SLR)) (Consolidated)) |
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) ) | C.A. No. 05-360 (SLR) (Consolidated) |
| THIS DOCUMENT RELATES TO: C.A. Nos. 05-340, 05-351, 05-358, 05-450 05-360, 05-365, 05-390, 05-394, 05-426, 05-467, 05-482, 05-475, 05-516, 05-695 | ) ) ) ) ) ) ) | **REDACTED PUBLIC VERSION** |

### DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DIRECT PURCHASER CLASS PLAINTIFFS' AND INDIRECT PURCHASER CLASS PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
302.658.9200
graham@mnat.com
parrett@mnat.com

*Attorneys for Abbott Laboratories*

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, DE 19801
302.651.7700
cottrell@rlf.com
gaza@rlf.com

*Attorneys for Fournier Industrie et Santé and Laboratories Fournier S.A*

Dated:  April 17, 2008

OF COUNSEL:

William F. Cavanaugh, Jr.
Thomas W. Pippert
Chad J. Peterman
Alexis Deise
PATTERSON, BELKNAP, WEBB, TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710

OF COUNSEL:

William Baer
James L. Cooper
Anne P. Davis
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, DC 20004
202.942.5000

Timothy C. Bickham
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

I.  POST-OPPOSITION EVIDENCE SUPPORTING DEFENDANTS'
    ARGUMENTS THAT THIS IS NOT A SIMPLE OVERCHARGE CASE ................. 3

    A.  TriCor Prices Would Not Have Been Lower In Plaintiffs "But For" World ......... 3

    B.  Fenofibrate Demand Would Have Been Lower And Thus Sales Would
        Have Declined In The But-For World ............................................................... 4

    C.  Because This Is Not An Overcharge Case, Both Class Certification
        Motions Should Be Denied ............................................................................... 7

II.  POST-OPPOSITION AUTHORITY SUPPORTING DEFENDANTS'
     ARGUMENTS AGAINST CERTIFICATION .................................................... 8

CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

Federal Cases

*Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Group L.P.*, 247 F.R.D. 156 (C.D. Cal. 2007) .................................................................................. 8, 9

*Berkey Photo, Inc. v. Eastman Kodak Co.,* 603 F.2d 263 (2d Cir. 1979) ...................... 2

*Blain v. Smithkline Beecham Corp.,* 240 F.R.D. 179 (E.D. Pa. 2007) ......................... 8

*In re Buspirone Patent Litig.,* 210 F.R.D. 43 (S.D.N.Y. 2002).................................... 7

*In re Cardizem CD Antitrust Litig.,* 332 F.3d 896 (6th Cir. 2003)............................... 7

*In re Cardizem CD Antitrust Litigation,* 200 F.R.D. 326 (E.D. Mich. 2001) ............. 8

*In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.,* 174 F.R.D. 332 (D. N.J. 1997) ....................................................................................................... 8

*In re Graphics Processing Units Antitrust Litig.,* 527 F. Supp. 2d 1011 (N.D. Cal. 2007)...................................................................................................... 9, 10

*In re Initial Public Offering Sec. Litig.,* 471 F.3d 24, *clarified on denial of reh'g,* 483 F.3d 24 (2d Cir. 2006) .......................................................................... 8

*In re Intel Corp. Microprocessor Antitrust Litig.,* 496 F. Supp. 2d 404 (D. Del. 2007)......................................................................................................... 10

*In re Lower Lake Erie Iron Ore Antitrust Litig.,* 998 F.2d 1144 (3d Cir. 1993)...................... 6

*In re Nifedipine Antitrust Litig.,* 246 F.R.D. 365 (D. D.C. 2007) ............................. 7

*In re Nw. Airlines Corp. Antitrust Litig.,* 208 F.R.D. 218 (E.D. Mich. 2002) .......................... 7

*In re OSB Antitrust Litig.,* No. 06-826, 2007 WL 2253425, at *16 (E.D. Pa. Aug. 3, 2007)..................................................................................................... 9

*In re Relafen Antitrust Litig.,* 218 F.R.D. 337 (D. Mass. 2003)................................. 7

*In re St. Jude Med., Inc.,* No. 06-3860, 2008 WL 942274, at *3 (8th Cir. Apr. 9, 2008)........................................................................................................ 10

*In re Visa Check/Mastermoney Antitrust Litig.,* 280 F.3d 124 (2d Cir. 2001)...................... 7, 8

*Lee-Moore Oil Co. v. Union Oil Co. of Cal.,* 599 F.2d 1299 (4th Cir. 1979)............................ 6

*Meijer, Inc. v. Warner Chilcott Holdings Co.,* 246 F.R.D. 293 (D. D.C. 2007) ...................... 9

*Verizon Commc'ns Inc. v. Law Offices of Curtis v. Trinko, LLP,* 540 U.S. 398 (2004) ....................................................................................................... 2

## INTRODUCTION

The central issue on certification of both the Direct and Indirect proposed classes is whether impact of the alleged exclusionary conduct on, and the damages of, individual class members can be proven through class-wide evidence, or whether individual impact and damages issues will predominate. Both sets of Plaintiffs mischaracterize this as an "overcharge" case in order to claim that liability and damages are susceptible to class-wide proof. Discovery and expert opinion, however, make clear that these are not "overcharge" cases, but instead are cases where injury and damages will require individual determinations.[1]

Plaintiffs' efforts to characterize this as a simple overcharge case fail to take account of both their theory of antitrust violation and the facts and expert testimony relating to the market in which the competition at issue here occurred. Plaintiffs' antitrust theory is not that Defendants' alleged antitrust violation directly raised the price of TriCor, as would be the case in a price-fixing case. Instead, their theory is that Defendants prevented generic competitors from diverting some percentage of TriCor sales to presumably lower priced, AB-rated generics. Under this theory, impact and damages do not flow, as they would in a price-fixing case, simply from the payment by each class member of an allegedly monopolistic TriCor price because, in Plaintiffs' "but for" world, not every class member would buy TriCor or even an AB-rated generic version of TriCor. It is well settled that "a purchaser can recover for an overcharge paid to a violator of [Sherman Act] § 2 <u>only</u> to the extent that the price he paid exceeds that which

---

[1] Defs.' Direct Purchaser ("DP") Opp'n (DI 190) at 19-20; Defs.' Indirect Purchaser ("IP") Opp'n (DI 211) at 34-35. The Indirect Purchaser Plaintiffs' position differs from the Direct Purchaser Plaintiffs' in two respects: 1) the Indirect Purchasers seek to represent end users of all fenofibrate drugs, not just TriCor, and 2) even under their erroneous "overcharge" approach to impact and damages, the Indirect Purchasers would also each individually need to prove that any such overcharges were passed down the distribution chain to them.

would have been charged in the absence of anticompetitive action." *Berkey Photo, Inc. v.*
*Eastman Kodak Co.*, 603 F.2d 263, 298 (2d Cir. 1979) (emphasis added).[2]  The purported class
members in this case can satisfy this standard only by showing that, in the absence of the alleged
anticompetitive conduct (in the so-called "but for" world):  1) they would have purchased the
same TriCor at a lower price or 2) they would not have purchased TriCor, but instead would
have purchased generic fenofibrate at a lower price than they paid for TriCor in the allegedly
restrained world.

The broad and competitive market for dyslipidemia drugs in which TriCor and other
fenofibrates compete undermines the simplistic assumptions that in the "but for" world TriCor
prices would have been lower or that TriCor purchasers automatically would have purchased
lower priced fenofibrate.  In Plaintiffs' "but for" world, upon entry of an AB-rated generic to
TriCor, patients would have been prescribed a host of other competing drugs because promotion,
and therefore demand, for fenofibrate would have followed a very different trajectory than in the
actual world.  For these reasons, as Defendants demonstrated in their Oppositions to the class
certification motions,[3] Plaintiffs here cannot rely on a simple "overcharge" theory to establish
class-wide impact and damages.  This Supplemental Brief permitted by the Court's April 3, 2008
Order sets forth evidence developed, and case law decided, subsequent to the filing of the
Oppositions that support Defendants' position.[4]

---

[2]    *Cf. Verizon Commc'ns Inc. v. Law Offices of Curtis v. Trinko, LLP*, 540 U.S. 398, 407 (2004)
(The "charging of monopoly prices is not only not unlawful; it is an important element of the
free-market.").

[3]    Defs.' DP Opp'n (DI 190) at 12-19; Defs.' IP Opp'n (DI 211) at 35.

[4]    Defendants also submit updated Appendices A and B to their Indirect Purchaser Opposition
discussing variations in state law.  *See* Exs. 1 & 2 to the Declaration of Anne Shea Gaza, dated
[Footnote is continued on next page]

# I.    POST-OPPOSITION EVIDENCE SUPPORTING DEFENDANTS' ARGUMENTS THAT THIS IS NOT A SIMPLE OVERCHARGE CASE

## A.    TriCor Prices Would Not Have Been Lower In Plaintiffs "But For" World.

The claims of the first category of purported class members – those who can show that they still would have purchased TriCor in the "but for" world but at a lower price – could, in theory, be described as "overcharge" claims.    But, the theoretical availability of that classification to some of the claims does not justify certifying the classes sought here.

*First*, as Defendants demonstrated in their Oppositions (through the declaration of Abbott General Manager Michael Jones and the Expert Reports of Edward Sherry),  [redacted]  [5]  After Defendants' class certification Oppositions were filed, Defendants' expert Margaret E. Guerin-Calvert opined  [redacted]  [6]  Her opinion is based upon both internal documents and academic literature, which she summarizes as concluding  [redacted]  [7]

*Second*, even if TriCor prices would have been lower in the "but for" world, the number of class members in this theoretical "overcharge" category would be but a small fraction of the class.  In fact, Plaintiffs' theory is that purchases of branded TriCor would be dramatically lower

---

[Footnote continued from previous page]
April 17, 2008, contemporaneously filed herewith and referenced herein as the "Gaza Declaration."  Unless otherwise noted, all exhibit references are to the Gaza Declaration.

[5]    Defs.' DP Opp'n (DI 190) at 18.

[6]    Guerin-Calvert Report ¶ 101 (Ex. 4).

[7]    *Id.* ¶¶ 101-105; *id.* ¶ 104 (citing  [redacted]  (Ex. 5)).
Plaintiffs' rebuttal evidence is set forth in Gaza Declaration Exhibit 3.

RLF1-3274318-1

in the "but for" world, because in most instances, AB-rated generic fenofibrate would have been dispensed instead of the branded TriCor.[8] More important for class certification purposes than the relatively small number of such purchasers under Plaintiffs' theory is the impossibility of determining through class-wide proof which such purported class members would have continued to purchase TriCor rather than switching to a still lower priced generic fenofibrate or some other dyslipidemia therapy. This impossibility precludes class certification.

B. **Fenofibrate Demand Would Have Been Lower And Thus Sales Would Have Declined In The But-For World.**

The claims of the remaining vast majority of class members – those who would not have purchased TriCor in the "but for" world – are not "overcharge" claims. In circumstances where, as demonstrated above, the actual prices of TriCor were not higher as a result of the alleged restraints than they would have been in the "but for" world, Defendants cannot be said to have received an overcharge as a result of their alleged violations. Plaintiffs contend that the alleged violations benefited Defendants by allowing them to sell at these high prices to purchasers who were precluded by the alleged violations from turning to cheaper generic fenofibrates. Plaintiffs' contention, however, requires that they prove that all of the class members who would not have purchased TriCor in the "but for" world nevertheless would have continued to buy fenofibrate in a less expensive generic formulation in lieu of TriCor.

As Defendants demonstrated in their Opposition to the Direct Purchasers' Motion for Class Certification, Plaintiffs cannot prove that this would have been so.

---

[8]    *See* Leitzinger Rebuttal Report at 57 (Ex. 7) (                            King Damages Decl. ¶ 24 (Ex. 8)

).



[9] Evidence and expert opinion developed after the Oppositions were filed confirm that

Plaintiffs' and Defendants' experts agree that

[10] Further,

[11] Moreover, direct opt-out

---

[9]    Defs.' DP Opp'n. (DI 190) at 12-19; Defs.' IP Opp'n (DI 211) at 34-35.

[10]    Guerin-Calvert Report ¶¶ 37-40 (Ex. 4) ; Leitzinger Report at 17 (Ex. 6) (

); *id.* at 70 (

); King Damages Decl. ¶ 50 (Ex. 8) (

).

[11]    Leitzinger Dep. at 200, Mar. 13, 2008 (Ex. 13) (

); *id.* at 206

); King Dep. at 153, Jan. 30, 2008 (Ex. 14)

).

Plaintiffs' expert, Dr. Keith Leffler, also conceded that



Indeed, Ms. Guerin-Calvert has presented evidence showing that,

[14]   The shift of these TriCor purchases not to an AB-rated

generic fenofibrate, but to entirely different and varied therapies, is fatal to Plaintiffs' attempt to

characterize this category of claims as involving an "overcharge." In sum, neither category of

TriCor purchasers has an "overcharge" claim in the context of this market. [15]

---

[12]   Leffler Dep. at 177, Dec. 7, 2007 (Ex. 15) (███████████████████
███████████). Dr. Leffler noted also that he found ███████████. Leffler Report ¶ 38 n.75,
Oct. 8, 2007 (Ex. 10) (
███████████████████████████). Such an analysis is not possible because it would require
individual inquiries into the actions each putative class member would have taken in the "but
for" world.

[13]   Guerin-Calvert Report ¶¶ 53-54 (Ex. 4).

[14]   Gilbert Report ¶¶ 33-59 (Ex. 11) (███████████████████████████████);
Gilbert Supplemental Report ¶¶ 5-15 (Ex. 12) (same).

[15]   Defendants are not arguing that the Court should decide the merits of these claims. Rather,
Defendants contend only that the Court should evaluate the predominance requirement for class
certification in the context of the showing that must be made for these claimants to recover. For
this reason, Plaintiffs' opinions that relate simply to whether such claimants have standing to sue
for damages, and not to the method for calculating such damages are not pertinent. *In re Lower
Lake Erie Iron Ore Antitrust Litig.*, 998 F.2d 1144, 1171 (3d Cir. 1993) (addressing whether
certain parties had standing to sue for damages, not the method for calculating these damages);
*Lee-Moore Oil Co. v. Union Oil Co. of Cal.*, 599 F.2d 1299 (4th Cir. 1979) (discussing plaintiffs'

[Footnote is continued on next page]

**C.    Because This Is Not An Overcharge Case, Both Class Certification Motions Should Be Denied.**

For the reasons reviewed above, neither of the purported classes can rely on a simple overcharge theory. Both must prove damages by showing how the alleged exclusionary conduct changed the economic circumstances of their purported class members – how the actual world differed from the "but for" world. Proceeding on individual claims, Direct Purchaser Plaintiffs' only viable damage theory in this case would be that they are entitled to recover their "lost profits." But as Defendants' Opposition demonstrates, classes seeking "lost profits" should not be certified under Rule 23.[16] Indeed, some members of the putative Direct Purchaser class may have profited from the alleged conduct, creating a conflict between the class and its proposed representatives.[17] The Indirect Purchaser Plaintiffs face even more insuperable individual issues in proving how their actual and "but for" worlds differed. For example, in the "actual world" certain members of the putative indirect purchaser class had the ability through formulary

---

[Footnote continued from previous page]

damages claims in the context of whether they had suffered "antitrust injury" at all, not whether plaintiffs had asserted a proper measure of damages); *In re Cardizem CD Antitrust Litig.*, 332 F.3d 896, 910 (6th Cir. 2003) (discussing "antitrust injury," not whether plaintiffs' claims were better suited for a "lost profits" theory of damages); *In re Relafen Antitrust Litig.*, 218 F.R.D. 337, 343-44 (D. Mass. 2003) (court did not address argument that plaintiffs' measure of damages was not appropriate); *In re Buspirone Patent Litig.*, 210 F.R.D. 43, 58-59 (S.D.N.Y. 2002) (court did not address argument that plaintiffs' measure of damages was not appropriate); *In re Visa Check/Mastermoney Antitrust Litig.*, 280 F.3d 124, 134-35 (2d Cir. 2001) (court did not address whether "lost profits" was a proper damages measure); *In re Nw. Airlines Corp. Antitrust Litig.*, 208 F.R.D. 218-19 (E.D. Mich. 2002) (court did not address argument that plaintiffs' measure of damages was not appropriate); *see also In re Nifedipine Antitrust Litig.*, 246 F.R.D. 365, 371 (D. D.C. 2007) (court did not address whether "lost profits" was a proper damages measure).

[16]    Defs.' DP Opp'n (DI 190) at 19-20.

[17]    Defs.' DP Opp'n (DI 190) at 21-22.

-7-

controls to influence prescriptions away from TriCor to lower-priced fenofibrate products that were available. This requires individualized scrutiny into the decisions of each class member.[18]

## II.    POST-OPPOSITION AUTHORITY SUPPORTING DEFENDANTS' ARGUMENTS AGAINST CERTIFICATION

Recent circuit and district court opinions indicate a marked increase in the scrutiny given to class certification motions.[19] *Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Group L.P.*, 247 F.R.D. 156 (C.D. Cal. 2007) is such a case that not only bears a striking resemblance to the issues here, but supports Defendants' arguments that class certification in a monopolization case based upon alleged exclusionary conduct is not as simplistic as Plaintiffs argue. In *Allied Orthopedic*, direct purchasers of defendant's blood monitoring device and related products alleged that the defendant foreclosed competition from generic products following patent expiration by, among other actions, introducing a new product line. *Id.* at 164. The court denied plaintiffs' motion for class certification, distinguishing price-fixing cases including *In re Cardizem CD Antitrust Litigation*, 200 F.R.D. 326 (E.D. Mich. 2001), heavily relied upon by Plaintiffs here. *Allied Orthopedic,* 247 F.R.D. at 166. The court described the "relevant

---

[18]    Defs.' IP Opp'n (DI 211) at 34-37. Bifurcation of Plaintiffs' cases into separate trials on liability and damages would not cure the fatal defects in Plaintiffs' class certification motions. Such bifurcation would not eliminate myriad issues that require individualized proof, as shown in Defendants' original class certification opposition briefs and the arguments above. *See, e.g., In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 174 F.R.D. 332, 352 (D. N.J. 1997) (holding that bifurcation would not save plaintiffs' class certification motion).

[19]    *See, e.g., In re Initial Public Offering Sec. Litig.*, 471 F.3d 24, 38, 40-42 (2d Cir.) (vacating class certification order Indirect Purchaser Plaintiffs rely upon in their reply brief and "disavow[ing]" the lax standard for assessing the validity of plaintiffs' class certification expert's opinions as set forth in *In re Visa Check/Mastermoney Antitrust Litig.*, 280 F.3d 124 (2d Cir. 2001) – also cited in Indirect Purchaser Plaintiffs' reply), *clarified on denial of reh'g*, 483 F.3d 24 (2d Cir. 2006); *Blain v. Smithkline Beecham Corp.*, 240 F.R.D. 179, 184 (E.D. Pa. 2007) (denying certification following rigorous "factual inquiry").

question" as "what each purchaser paid in the actual world, relative to what the purchaser would have paid in the but-for world." *Id.* at 167. And, it rejected the scant evidence proffered by plaintiffs that defendants' prices would have been lower in the "but for" world. *Id.* at 168 & n.15. Finally, the court found that plaintiffs could not demonstrate with class-wide evidence whether, and the extent to which, each putative class member suffered injury (*id.* at 168-69), just as Defendants argue in the case here.[20]

Another recent opinion confirming Defendants' arguments is *In re New Motor Vehicles Canadian Export Antitrust Litig.*, Nos. 07-2257, 07-2258, 07-2259, 2008 WL 820922, at *18 (1st Cir. Mar. 28, 2008), in which the First Circuit vacated and reversed an opinion upon which Indirect Purchaser Plaintiffs rely, and held that plaintiffs' expert could not account for how the market would have changed in the "but for" world. *Id.*

In addition, recent authority supports Defendants' arguments that the proposed class representatives cannot adequately represent absent class members from states in which they have never themselves paid for TriCor.[21] Moreover, recent authority supports Defendants' argument that Plaintiffs may not pursue damages under the theory of unjust enrichment for purchases in states that do not permit "indirect purchasers" to bring damage claims under state antitrust

---

[20] Defs.' DP Opp'n (DI 190) at 20-22. Plaintiffs may bring to the Court's attention *Meijer, Inc. v. Warner Chilcott Holdings Co.*, 246 F.R.D. 293 (D.D.C. 2007), but this class certification ruling is unpersuasive authority because defendants did not argue, as Defendants argue in this case, that the mix of products purchased in the "but for" would have been different than the mix of products purchased in the real world. Moreover, the court expressly did not follow Third Circuit law that requires an "intense factual investigation" of plaintiffs' claims. *Id.* at 299 n.4.

[21] *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1026 (N.D. Cal. 2007) ("A class cannot assert a claim on behalf of an individual that they cannot represent."); *In re OSB Antitrust Litig.*, No. 06-826, 2007 WL 2253425, at *16 (E.D. Pa. Aug. 3, 2007) (striking states from the class definition where class representatives had not sustained injury in those states); *see* Defs.' IP Opp'n (DI 211) at 27-28.

laws.[22] Finally, further supporting denial of Indirect Purchasers' motion is the Eighth Circuit's recent holding that class certification under Minnesota's consumer protection laws is not appropriate where, as in this case, defendants have presented evidence that plaintiffs cannot use common proof to show each putative class member relied on defendant's alleged misrepresentations.[23]

## CONCLUSION

For the foregoing reasons and the reasons set forth in Defendants' Oppositions, Defendants respectfully request that the Court deny Plaintiffs' motions for class certification.

/s/ Mary B. Graham
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19801
302.658.9200
graham@mnat.com
parrett@mnat.com

Attorneys for Abbott Laboratories

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza ( #4093)
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, DE 19801
302.651.7700
cottrell@rlf.com
gaza@rlf.com

Attorneys for Fournier Industrie et Santé
and Laboratories Fournier S.A.

---

[22]  *In re Intel Corp. Microprocessor Antitrust Litig.*, 496 F. Supp. 2d 404, 421 (D. Del. 2007) (dismissing indirect purchasers' unjust enrichment claims); *cf. In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d at 1029 (the "vagaries [of the individual states' unjust enrichment law] will raise serious issues of commonality and manageability on class certification."); *see* Defs.' IP Opp'n (DI 211) at 24-25.

[23]  *In re St. Jude Med., Inc*, No. 06-3860, 2008 WL 942274, at *3 (8th Cir. Apr. 9, 2008); *see* Defs.' IP Opp'n (DI 211) at 17-19.

OF COUNSEL:

William F. Cavanaugh, Jr.
Thomas W. Pippert
Chad J. Peterman
Alexis Deise
PATTERSON, BELKNAP, WEBB, TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710

OF COUNSEL:

William Baer
James Cooper
Anne P. Davis
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, DC 20004
202.942.5000

Timothy C. Bickham
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Josy W. Ingersoll
John W. Shaw
Karen Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

Jeffrey S. Goddess
Rosenthal, Monhait, Gross & Goddess, P.A.
919 Market Street, Suite 1401
P.O. Box 1070
Wilmington, DE 19899-1070
Tel. (302) 656-4433
Fax. (302) 658-7567

Jonathan L. Parshall
Murphy Spadaro & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19801

Michael I. Silverman
Lynn A. Iannone
Silverman & McDonald
1010 North Bancroft Parkway
Suite 22
Wilmington, DE 19805

Mary B. Graham
Morris Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Mary B. Matterer
Morris James, LLP
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801-1494

Pamela S. Tikellis
Robert J. Kriner, Jr.
A. Zachary Naylor
Chimicles & Tikellis LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899

Elizabeth M. McGeever
Prickett Jones Elliott, P.A.
1310 King Street
Wilmington, DE 19801

Patrick Francis Morris
Morris & Morris LLC
4001 Kennett Pike, Suite 300
Wilmington, Delaware 19807

I hereby certify that on April 24, 2008, I sent by electronic mail the foregoing document to the following:

| | |
|---|---|
| REPRESENTING DIRECT PARTY PLAINTIFFS (C.A. 05-340): | Jeffrey S. Goddess **jgoddess@rmgglaw.com** |
| | Bruce E. Gerstein **bgerstein@garwingerstein.com** Barry S. Taus **btaus@garwingerstein.com** |
| | Adam M. Steinfeld **asteinfeld@garwingerstein.com** |
| | Daniel Berger **danberger@bm.net** |
| | Eric L. Cramer **ecramer@bm.net** |
| | Peter Kohn **pkohn@bm.net** |
| | Linda P. Nussbaum **lnussbaum@cmht.com** |
| | Steig D. Olson **solson@cmht.com** |
| REPRESENTING WALGREEN, ECKERD, KROGER, MAXI, CVS, RITE AID, ALBERTSON'S, SAFEWAY, HY-VEE AND AMERICAN SALES (C.A. 05-340): | Elizabeth M. McGeever **emmcgeever@prickett.com** Scott E. Perwin **sperwin@kennynachwalter.com** Joseph T. Lukens **jlukens@hangley.com** |
| REPRESENTING PACIFICARE (C.A. 05-340): | Jonathan L. Parshall **jonp@msllaw.com** William Christopher Carmody **bcarmody@susmangodfrey.com** John Turner: **jturner@susmangodfrey.com** |

Shawn Rabin:
**srabin@susmangodfrey.com**

Justin Nelson:
**jnelson@susmangodfrey.com**

Cindy Tijerina:
**ctijerina@susmangodfrey.com**

Ken Zylstra:
**kzylstra@sbclasslaw.com**

Lyle Stamps:
**lstamps@sbclasslaw.com**

Steve Connolly
**Sconnolly@abclasslaw.com**

Mark Sandman:
**mms@rawlingsandassociates.com**

Jeffrey Swann:
**js5@rawlingsandassociates.com**

REPRESENTING INDIRECT PARTY PLAINTIFFS
(C.A. 05-360):

Pamela S. Tikellis
Thomas M. Sobol
Patrick E. Cafferty
Jeffrey L. Kodroff
Bernard J. Persky
William C. Carmody
Mike Gottsch
Zach Naylor
Robert Davis
Brian Clobes
Michael Tarringer
Tim Fraser
David Nalven
Greg Matthews
Christopher McDonald
Kellie Safar
Ted Lieverman
Pat Howard

**Tricor@chimicles.com**

REPRESENTING IMPAX LABORATORIES
(C.A. 03-120):

Mary Matterer
**mmatterer@morrisjames.com**

John C. Vetter
**jvetter@kenyon.com**

Asim Bhansali
**abhansali@kvn.com**

REPRESENTING TEVA PHARMACEUTICALS
(C.A. 02-1512):

Josy W. Ingersoll
Bruce M. Gagala
Karen E. Keller
Christopher T. Holding
Ken Cohen
Elaine Blais

**tricor@ycst.com**

REPRESENTING ABBOTT (ALL CASES):

Mary B. Graham
**Tricor@mnat.com**

William F. Cavanaugh
**wfcavanaugh@pbwt.com**

Chad J. Peterman
**cjpeterman@pbwt.com**

Anne Shea Gaza (#4093)
gaza@rlf.com