# EXHIBIT 2

VARIATIONS IN THE LAW OF UNJUST ENRICHMENT: DEFENDANTS' 51 JURISDICTION SURVEY

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| ALABAMA | "To prevail on a claim of unjust enrichment, the plaintiff must show that the 'defendant holds money which, in equity and good conscience, belongs to the plaintiff or holds money which was improperly paid to defendant because of mistake or fraud.'" *Avis Rent a Car Sys. v. Heilman*, 876 So. 2d 1111, 1122-23 (Ala. 2003) (quoting *Dickinson v. Cosmos Broad. Co.*, 782 So. 2d 260, 266 (Ala. 2000)). | Yes. "A constructive trust may be found only where a fraud or an inequity demand a result that may not be had at law." *Berryman v. Adams*, 883 So. 2d 214, 220 (Ala. Civ. App. 2003). | Yes. "In the absence of mistake or misreliance by the donor, or wrongful conduct by the recipient, the recipient may have been enriched, but he is not deemed to have been unjustly enriched." *Jordan v. Mitchell*, 705 So. 2d 453, 458 (Ala. Civ. App. 1997). | Probably not. "[P]laintiff seeks restitution against all defendants for 'money had and received' (i.e. 'unjust enrichment') . . . 'privity of contract is not necessary to support a claim of money had and received. 'To support the action for money had and received, it is not an essential factor that there is privity of contract between the litigant parties. The law implies a promise to pay the person rightfully entitled to receive the money.'" *Am. Nat'l Red Cross v. ASD Specialty Health Care, Inc.*, 325 F. Supp. 2d 1322, 1333 (S.D. Ala. 2002) (citing *Farmer's Bank & Trust v. Shut & Keilin*, 68 So. 363, 365 (1915) and *Ala. Dry Dock & Shipbuilding Co. v. Ward*, 27 So. 2d 710, 713 (1946)). | Class actions rejected for unjust enrichment claims based on mistake of fact or fraud. "Because unjust-enrichment claims are fact specific to each case, this Court has repeatedly held that such claims are unsuitable for class-action treatment." *Avis Rent a Car Sys.*, 876 So. 2d at 1123 (citations omitted); *Clopton v. Budget Rent A Car Corp.*, 197 F.R.D. 502, 509 (N.D. Ala. 2000) (claims "would rise or fall based almost entirely on highly individualized circumstances"). *But see Chennnova Am. Corp. v. Corker*, 779 So. 2d 1175, 1179 (Ala. 2000) (allowing class certification on a claim of restitution/unjust enrichment not based on mistake of fact or fraud. |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| ALASKA | "In order to recover for unjust enrichment, a party must show: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain it without paying the value thereof." *State Dep't of Revenue, Child Support Enforcement Div. v. Wetherelt*, 931 P.2d 383, 390 (Alaska 1997). | "Unjust enrichment is an equitable doctrine which ordinarily falls within the trial court's broad discretion." *Wetherelt*, 931 P.2d at 390, n.11.<br><br>Unjust enrichment is only available if there is no adequate remedy at law. *Peter v. Progressive Corp.*, No. S-11416, 2006 WL 438658, at *7 (Alaska Feb. 22, 2006). | Yes.<br><br>"In order to recover, it is not enough that a benefit was conferred on a defendant. Rather, the enrichment to the defendant must be unjust; that is, the defendant must receive a true windfall or something for nothing." *Wetherelt*, 931 P.2d at 390 n. 13.<br><br>"Even where a person has conferred a benefit upon another, however, he is entitled to compensation only if it would be just and equitable to require compensation under the circumstances." *Sparks v. Gustafson*, 750 P.2d 338, 342 (Alaska 1998). | Probably.<br><br>*Nystrom v. Buckhorn Homes, Inc.*, 778 P.2d 1115, 1125 (Alaska 1989) (holding that contractor was not entitled to application of doctrine of unjust enrichment as contractor lacked contractual privity with vendor). | |
| ARIZONA | The elements of an unjust enrichment claim are "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment; and (5) an absence of a remedy provided by law." *Cmty. Guardian Bank v. Hamlin*, 898 P.2d 1005, 1008 (Ariz. Ct. App. 1995). | Yes.<br><br>*Cmty. Guardian Bank*, 898 P.2d at 1008. | Yes.<br><br>"The mere fact that one party confers a benefit on another, however, is not of itself sufficient to require the other to make restitution. Retention of the benefit must be unjust." *Pyeatte v. Pyeatte*, 661 P.2d 196, 204 (Ariz. Ct. App. 1983). | Probably.<br><br>*United States ex rel. Youngstown Welding & Eng'g Co. v. Travelers Indem. Co.*, 802 F.2d 1164, 1169 (9th Cir. 1986) (party who is not source of unjust enrichment is not entitled to restitution under Arizona law). | Class actions rejected.<br><br>*Osuna v. Wal-Mart Stores, Inc.*, No. C20014319, 2004 WL 3255430, at *7 (Ariz. Super. Ct. Dec. 23, 2004) (finding that a claim of unjust enrichment requires an individualized inquiry as to the elements of the claim and entitles defendant individualized defenses, precluding a finding that common issues predominate and that a class action is the superior method of adjudication). |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| ARKANSAS | "To find unjust enrichment, a party must have received something of value, to which he or she is not entitled and which he or she must restore. There must also be some operative act, intent, or situation to make the enrichment unjust and compensable. In short, an action based on unjust enrichment is maintainable where a person has received money or its equivalent under such circumstances that, in equity and good conscience, he or she ought not to retain." *Hatchell v. Wren*, 211 S.W.3d 516, 363 Ark. 107, 117 (Ark. 2005) (internal citations omitted).<br><br>"[A]lthough unjust enrichment is an equitable cause of action, because it is based on the alleged breach of an implied contract, it may be heard in circuit court and may be heard by a jury." *First Nat'l Bank of DeWitt v. Cruthis*, 203 S.W.3d 88, (Ark. 2005). | Yes.<br><br>"Normally, when an express contract exists between the parties, unjust enrichment is not available as a means of recovery." *Klein v. Arkona Prod. Co.*, 73 F.3d 779, 785-86 (8th Cir. 1996) (applying Arkansas law). *But see Fite v. Fite*, 345 S.W.2d 362, 365 (Ark. 1961) (recognizing that the principle of unjust enrichment has been applied in courts of law, as well as the chancery court). | No.<br><br>"[U]njust enrichment can occur even in the absence of a wrongful act. . . . An innocent party may be unjustly enriched." *Hinkle v. McCastlain*, No. CA98-1109, 1999 WL 318029, at *3 (Ark. Ct. App. May 12, 1999). | No.<br><br>*Fite*, 345 S.W.2d 362. | "The actual definition of 'unjust enrichment' varies from state to state. Some states do not specify the misconduct necessary to proceed, while others require that the misconduct include dishonesty or fraud . . . . Other states only allow a claim of unjust enrichment when no adequate legal remedy exists . . . . Many states, but not all, permit an equitable defense of unclean hands. Those states that permit a defense of unclean hands vary significantly in the requirements necessary to establish the defense." *In re Prempro*, 230 F.R.D. 555, 568 (E.D. Ark. 2005) (denying class certification where "[p]laintiff's failure to present a manageable plan supports the conclusion that multi-state laws render this case unmanageable" (citing *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 501 (S.D. Ill. 1999))). |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| CALIFORNIA | "[E]lements for a claim of unjust enrichment: receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 91 Cal. Rptr. 2d 881, 883 (Cal. Ct. App. 2000).<br><br>"Such a remedy, even when equitable principles are applied, indicates the gist of the claim is legal in nature.'" *Id.* at 884. | Probably.<br><br>"However, as a matter of law, a quasi-contract action for unjust enrichment does not lie where, as here, express binding agreements exist and define the parties' rights." *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 114 Cal. Rptr. 2d 109 (Cal. Ct. App. 2001).<br><br>*But see*<br><br>"Although a claim for unjust enrichment generally is precluded where there is a valid and binding contract covering the subject matter of the dispute, [r]estitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud . . . [or] where the defendant obtained a benefit from the plaintiff by fraud." *Garamendi v. Altus Fin., S.A.*, No. CV 99-2829 AHM (CWX), 2005 WL 3609013, at *12 (C.D. Cal. Nov. 21, 2005) (citations omitted). | Yes.<br><br>"[E]lements for a claim of unjust enrichment: receipt of a benefit and *unjust retention of the benefit at the expense of another.*" *Lectrodryer*, 91 Cal. Rptr. 2d at 883 (emphasis added). | Yes.<br><br>"However wrong the capture of substantial capital by the [defendants] was, it did not entail wrongful conduct inflicted directly by the [defendants] on plaintiffs." *Hirsch v. Bank of Am., N.A.*, Nos. A109276, A109277, A109278, A109281, A109281, WL 182953, at *3 (Cal. Ct. App. Jan. 26, 2006) (disallowing claim of unjust enrichment.<br><br>*But see*<br><br>"[D]octrine of unjust enrichment [is] a theory which can, in some instances, have validity without privilege of relationship." *Kossian v. Am. Nat'l Ins. Co.*, 62 Cal. Rptr. 225, 227 (Cal. Ct. App. 1967).<br><br>Restitution requires that there be a direct link between the loss complained of and the recovery sought. *Mertens v. Hewitt Assocs.*, 948 F.2d 607, 612 (9th Cir. 1991). | |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| COLORADO | "In Colorado, a plaintiff seeking recovery for unjust enrichment must prove: (1) at defendant's expense; (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying." *Salzman v. Bachrach*, 996 P.2d 1263, 1265-66 (Colo. 2000). | Yes.<br><br>"In general, a party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract. *Bedard v. Martin*, 100 P.3d 584, 592 (Colo. Ct. App. 2004). | Yes.<br><br>*Ciccarelli v. Guar. Bank*, 99 P.3d 85, 90 (Colo. Ct. App. 2004) (finding that to prove that an enrichment was unjust, there must be a showing of improper, deceitful, or misleading conduct by the person who received the benefit). | No.<br><br>"The theory does not require any promise or privity between the parties." *Salzman*, 996 P.2d at 1265. | |
| CONNECTICUT | "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." *Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.*, 649 A.2d 518, 522 (Conn. 1994). | "The lack of a remedy under a contract is a precondition to recovery based on unjust enrichment or quantum meruit." *United Coastal Indus. v. Clearheart Constr. Co.*, 802 A.2d 901, 906 (Conn. 2002). | Yes.<br><br>"As we have stated repeatedly, the trier of fact must examine the particular circumstances and the conduct of the parties to determine if the defendant was unjustly enriched to the plaintiff's detriment." *Vertex, Inc. v. City of Waterbury*, 898 A.2d 178, 193 (Conn. 2006). | Yes.<br><br>"Absent the conferring of a benefit by the plaintiff directly, no action for unjust enrichment by him is valid." *Granito v. IBM*, No. X07CV020080440S, 2003 WL 1963161, at *2 (Conn. Super. Ct. Apr. 16, 2003).<br><br>"Absent the conferring of a benefit by the plaintiff directly, no action for unjust enrichment by him is valid." *United Coastal Indus*, 802 A.2d 901. | Class certification rejected.<br><br>"Our Supreme Court has described the process by which a plaintiff must establish his/her proof burden as a 'highly fact-intensive inquiry.' Thus, such inquires . . . which will vary from class member to class member-are necessarily individualized and make class-wide generalized proof ineffective. The requirements of predominance and superiority are not here demonstrated and certification of the class is denied." *Agrella v. Ford Motor Co.*, No. X01CV020184712S, 2006 WL 1493823, at *7 (Conn. Super. Ct. May 18, 2006). |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| DELAWARE | "Unjust enrichment is 'the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience.' The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law." *Total Care Physicians, P.A. v. O'Hara*, 798 A.2d 1043, 1056 (Del. Super. Ct. 2001). | Yes.<br><br>*Dalton v. Ford Motor Co.*, No. Civ. A. 00C-09-155WCC, 2002 WL 338081, at *6 (Del. Super. Ct. Feb. 28, 2002) (restitution or unjust enrichment unavailable as remedy for a breach of contract).<br><br>"The elements of unjust enrichment are . . . the absence of a remedy provided by law." *Total Care Physicians, P.A.*, 798 A.2d at 1056. | "In order to obtain restitution, [plaintiff] must show not only that [defendant] was unjustly enriched but also that [defendant] secured a benefit and that it would be unconscionable to allow [defendant] to retain that benefit." *Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1063 (Del. 1988). | Yes.<br><br>*See Jackson Nat'l Life Ins. Co. v. Kennedy*, 741 A.2d 377, 393-94 (Del. Ch. 1999) ("A constructive trust is proper when 'a defendant's fraudulent, unfair or unconscionable conduct causes him to be unjustly enriched at the expense of another to *whom he owed some duty*.'" (citation omitted) (emphasis added)). | |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| D.C. | Unjust enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust. *News World Commc'ns, Inc. v. Thompson*, 878 A.2d 1218, 1222 (D.C. 2005). | The case law in this jurisdiction is mixed.<br><br>In *Fred Ezra v. Pedas*, 682 A.2d 173 (D.C. 1996), the Court found that recovery under "so-called quasi-contract theories" is only available *if there is a "true contract expressing a binding agreement." Id.* at 175-176 (emphasis added). But, in contradiction, the *Schiff* Court found that "there can be no claim for unjust enrichment when an express contract exists between the parties." *Schiff v. AARP*, 697 A.2d 1193, 1194 (D.C. 1997). | Yes.<br><br>"[E]very unjust enrichment case is factually unique, for whether there has been unjust enrichment must be determined by the nature of the dealings between the recipient of the benefit and the party seeking restitution, and those dealings will necessarily vary from one case to the next." *4934, Inc. v. D.C. Dep't of Employment Servs.*, 605 A.2d 50, 56 (D.C. 1992). | No.<br><br>*See In re Lorazepam & Clorazepate Antitrust Litig.*, 295 F. Supp. 2d 30, 50-51 (D.D.C. 2003) (holding that plaintiffs stated claim, even though plaintiffs did not allege a direct relationship) ("A plaintiff alleging an unjust enrichment benefit which he gave directly to the Defendant, or one which was transferred to the Defendant by a third party." (quoting *State Farm Gen. Ins. Co. v. Stewart*, 681 N.E.2d 625, 633 (1997)). | "[T]he Court finds that presentation of the common law claims on a class basis would raise questions of law that are neither common nor predominant throughout the class and, for this reason, certification must be denied." *Schmidt v. Interstate Fed. Sav. & Loan Ass'n*, 74 F.R.D. 423, 429 (D.D.C. 1977). |

7

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| FLORIDA | "The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains benefit conferred; and (3) circumstances are such that it would be inequitable for the defendant to retain the value thereof to the plaintiff." *Green v. McNeil Nutritionals, LLC*, No. 2004-0379, 2005 WL 3388158, at *5 (Fla. Cir. Ct. Nov. 16, 2005) (citations omitted). <br><br> *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237 (Fla. 2004) (same). | Yes. <br><br> "Unjust enrichment is an equitable remedy under Florida law, and thus, to state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists." *H2Ocean, Inc. v. Schmitt*, No. 3:05cv387/RV/EMT, 2006 WL 1835974, *3 (N.D. Fla. June 30, 2006) (quoting *Bowleg v. Bowe*, 502 So. 2d 71 (Fla. Dist. Ct. App. 1987)). | Yes. <br><br> "The mere fact that an overpayment of some sort has been demanded and payment made will not support the action." *Hall v. Humana Hosp. Daytona Beach*, 686 So. 2d 653, 656 (Fla. Dist. Ct. App. 1990). | The law is mixed on this point. <br><br> *Steinhardt v. Steinhardt*, 445 So. 2d 352, 356 (Fla. Dist. Ct. App. 1984) (denying relief for unjust enrichment in constructive trust case where plaintiff's father, not plaintiff, was unjustly enriched). <br><br> "Plaintiff's claim of unjust enrichment fails because Plaintiff did not confer any direct benefit upon Defendants." *Nova Info. Sys., Inc. v. Greenwich Ins. Co.*, No. 6:00CV1703ORL31KRS, 2002 WL 32075792, at *10 (M.D. Fla. Dec. 13, 2002). <br><br> *MacMorris v. Wyeth, Inc.*, No. 2:04CV596FTM-29DNF, 2005 WL 1528626, at *4 (M.D. Fla. June 27, 2005) (finding privity unnecessary for an unjust enrichment claim). <br><br> "Because the basis for recovery does not turn on the finding of an enforceable agreement, there may be recovery under a contract implied in law even where the parties had no dealings at all with each other." *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., Inc.*, 695 So. 2d 383, 386 (Fla. Dist. Ct. App. 1997). | Class actions rejected. <br><br> "[S]ustaining a cause of action for unjust enrichment requires individualized proof from each member of the class." *Green*, 2005 WL 3388158, at *5. |

8

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| GEORGIA | "[U]nder Georgia law, an unjust enrichment claim requires the plaintiff to establish the following: (1) that the plaintiff conferred a benefit on the defendant and (2) that equity requires the defendant to compensate the plaintiff for this benefit." *Chem-Nuclear Sys., Inc. v. Arvec Chem., Inc.*, 978 F. Supp. 1105, 1110 (N.D. Ga. 1997) (citing *Engram v. Engram*, 463 S.E.2d 12 (Ga. 1995)). The theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated. *Cochran v. Ogletree*, 536 S.E.2d 194 (Ga. Ct. App. 2000). Unjust enrichment is not a tort. It is an alternative remedy if a contract claim fails. *See Tidikis v. Network for Med. Commc'ns & Research, LLC*, 619 S.E.2d 481 (Ga. Ct. App. 2005). | Yes, for contract. "The theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." *Smith Serv. Oil Co. v. Parker*, 549 S.E.2d 485, 487 (Ga. Ct. App. 2001). No recovery under unjust enrichment when there is an express contract. *Bluesiff, Inc. v. Advance Computing Techs., Inc.*, 616 S.E.2d 816, 819 n.1 (Ga. Ct. App. 2005). | Yes. "[T]he law implies a promise to pay for a benefit conferred by one party upon another only where the benefit is *accepted* by the latter." *Ginsberg v. Termotto*, 333 S.E.2d 120, 123 (Ga. Ct. App. 1985) (noting that it must be done knowingly). "Inherent in unjust enrichment is the requirement that the receiving party knew of the value being bestowed upon them by another and failed to stop the act or to reject the benefit." *Redling v. Holcomb*, 483 S.E.2d 624, 626 (Ga. Ct. App. 1997). | Probably. *Stewart Bros., Inc. v. Gen. Improvement Corp.*, 238 S.E.2d 259, 262 (Ga. Ct. App. 1977) (holding that plaintiff subcontractor was not entitled to recovery against defendant owner under theory of unjust enrichment even though owner was aware of and consented to improvements made on the property, because there was no contractual privity between the two). | |

9

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| HAWAII | "Unjust enrichment, as a claim for relief, is not clearly defined in either the Hawai'i Revised Statutes or our jurisprudence. As far as we can tell our best explanation of unjust enrichment has been as follows: . . . it is axiomatic that 'a person who has been unjustly enriched at the expense of another is required to make restitution to the other.'" *Durette v. Aloha Plastic Recycling, Inc.*, 100 P.3d 60, 72 (Haw. 2004) (quoting *Small v. Badenhop*, 701 P.2d 642, 654 (Haw. 1985)).<br><br>"A constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Kam Oi Lee v. Fong Wong*, 552 P.2d 635, 637-38 (Haw. 1976) (citations omitted).<br><br>"[T]he law of restitution imposes 'quasi-contractual liability for unjust enrichment' upon 'a person receiving a benefit which it is unjust for him to retain.'" *Hong v. Kong*, 683 P.2d 833, 841 (Haw. Ct. App. 1984) (citations omitted). | Probably.<br><br>"Quantum meruit, quasi-contract, and implied-in-law contract are equivalent terms for an equitable remedy. The terms are used to characterize claims for the redress of unjust enrichment and enable a party to seek enforcement of a claim and recover for a benefit conferred in the absence of an express contract." *In re Pumehana Partners*, No. 03-02804, 2005 WL 1176611, at *1 (Bankr. D. Haw. Jan. 10, 2005) (citing 26 *Williston on Contracts* § 68:1 (4th ed. 2004)). | Probably.<br><br>"[T]he equitable doctrine of unjust enrichment is based on the underlying concept of restitution, which is injustice." *Miracle v. New Yorker Magazine*, 190 F. Supp. 2d 1192, 1203 (Dist. Haw. 2001) (citing *Small*, 701 P.2d at 654).<br><br>*See also In re Pumehana Partners*, 2005 WL 1176611, at *1 (describing "quasi-contract" as a claim for the redress of unjust enrichment, and identifying the elements of such claim as "services rendered when one party confers a benefit on another with a reasonable expectation of payment"); *Welsh v. Woods*, 386 P.2d 886, 887 (Haw. 1963). | No clear law. | |

10

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| IDAHO | "[T]he elements of an unjust enrichment claim . . . : (1) a benefit is conferred upon defendant by plaintiff, (2) appreciation by the defendant of the benefit, and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment of the value thereof." *BHA Invs., Inc. v. Idaho*, 63 P.3d 474, 481 (Idaho 2003) (citation omitted). | "Generally, a party cannot recover under the equitable theory of unjust enrichment where there is an *enforceable* express contract covering the same subject matter." *Blaser v. Cameron*, 829 P.2d 1361, 1366 (Idaho Ct. App. 1991) (emphasis added). The existence of a legal remedy precludes application of the equitable doctrine of unjust enrichment. *Aberdeen –Springfield Canal Co. v. Peiper*, 982 P.2d 917, 922-23 (Idaho 1999). But, the "existence of an express agreement does not in and of itself signify that an action for unjust enrichment cannot be brought." *Van Horn v. Nelson*, No. CV 2001 6317, 2002 WL 32864540, at *3 (Idaho Dist. Ct. Oct. 22, 2002). | Yes. "The defendant must make recompense only for that amount of the benefit that would be unjust for the defendant to retain." *Erickson v. Flynn*, 64 P.3d 959, 963 (Idaho Ct. App. 2002). | Yes. *Hayden Lake Fire Prot. Dist. v. Alcorn*, 111 P.3d 73, 91 (Idaho 2005) (holding that lack of legal relationship between parties defeated claim for unjust enrichment because benefit to defendant was not conferred by plaintiff). | |

11

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| ILLINOIS | "In order to state a claim for unjust enrichment, a plaintiff must allege specific facts in support of the conclusion that it conferred a benefit upon the defendant which the defendant has unjustly retained in violation of fundamental principles of equity and good conscience." *Brown Leasing, Inc. v. Stone*, 673 N.E.2d 430 (Ill. App. Ct. 1996). | "Because it is an equitable remedy, unjust enrichment is only available when there is no adequate remedy at law." *Gunn v. Hoskins Chevrolet*, 604, 836 N.E.2d 681, 704 (Ill. App. Ct. 2005) (internal citations omitted).<br><br>The doctrine of unjust enrichment does not apply where "there is a specific contract that governs the relationship of the parties." *Stathis v. Geldermann, Inc.*, 692 N.E.2d 798, 812 (Ill. App. Ct. 1998) (citing *People ex rel. Hartigan v. E&E Hauling, Inc.* 607 N.E.2d 165 (Ill. App. Ct. 1992)).<br><br>But, a party may seek a "restitution interest" where a contract has been breached or repudiated by the other party. *McBaldwin Co. v. DiMaggio, Rosario & Vergia LLC*, 845 N.E.2d 22, 30 (Ill. App. Ct. 2006). | Yes.<br><br>"Notably, even when a person has received a benefit from another, he is liable for payment 'only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it. The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefore.'" *Hayes Mech., Inc. v. First Indus., L.P.*, 812 N.E.2d 419, 426 (Ill. App. Ct. 2004) (quoting *Rutledge v. Housing Auth. of E. St. Louis*, 411 N.E.2d 86 (Ill. App. Ct. 1980) (quoting Restatement of Restitution § 1, cmt. c (1937)). | No.<br><br>"A plaintiff alleging an unjust enrichment may be seeking to recover a benefit which he gave directly to the defendant, or one which was transferred to the defendant by a third party." *State Farm Gen. Ins. Co. v. Stewart*, 681 N.E.2d 625, 634 (Ill. App. Ct. 1997). | "Unjust enrichment is an equitable doctrine that . . . depends upon the analysis of each individual situation." *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 500 (S.D. Ill. 1999). "This individual inquiry presents more than a simple question of whether a particular plaintiff can prove damages. Rather, it bears directly on the question of the defendants' liability for unjust enrichment to a particular plaintiff." *Id.* at 501. |

12

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| INDIANA | "To prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Dominiack Mech., Inc. v. Dunbar,* 757 N.E.2d 186, 190 (Ind. Ct. App. 2001).<br><br>"A constructive trust . . . is an equitable remedy commonly sought and granted in cases of unjust enrichment. . . . [I]t is securely equitable because it is never a legal remedy." *Clair v. Harris Trust & Sav. Bank,* 190 F.3d 495, 498 (7th Cir. 1999). | Yes. (contract)<br><br>"Unjust enrichment operates when there is no governing contract." *DiMizio v. Romo,* 756 N.E.2d 1018, 1025 (Ind. Ct. App. 2001).<br><br>There can be no recovery under unjust enrichment where a contract exists controlling the rights of the parties. *Engelbrecht v. Prop. Developers, Inc.,* 296 N.E.2d 798, 801 (Ind. Ct. App. 1973). | Yes.<br><br>"[T]he pivotal concept of 'unjust enrichment' is the occurrence of a wrong or something unjust." *Savoree v. Indus. Contracting & Erecting, Inc.,* 789 N.E.2d 1013, 1020 (Ind. Ct. App. 2003). | Probably.<br><br>"To prevail on a quasi-contract claim, a plaintiff is usually required to establish that the defendant impliedly or expressly requested the benefits conferred." *Bailey v. Manors Group,* 642 N.E.2d 249, 253 (Ind. Ct. App. 1995). | *Berghausen v. Microsoft Corp.,* 765 N.E.2d 592, 596 n.4 (Ind. Ct. App. 2002) (dismissing antitrust plaintiff's common-law claims for restitution, holding "[a] claim for restitution on behalf of indirect purchasers in an antitrust case implicates the same issues of multiple liability and duplicative recovery that were of concern in *Illinois Brick*" (citations omitted)). |

13

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| IOWA | The elements of unjust enrichment have been stated in various ways in Iowa. "Unjust enrichment is an equitable doctrine of restitution, wherein a plaintiff must prove the defendant received a benefit that in equity belongs to the plaintiff." *Iowa Network Servs., Inc. v. Qwest Corp.*, 363 F.3d 683, 694 (8th Cir. 2004).<br><br>Plaintiff asserting a claim for unjust enrichment must prove (1) defendant was enriched by the receipt of a benefit; (2) the enrichment was at plaintiff's expense; and (3) it is unjust to allow defendant to retain the benefit under the circumstances. *State Dep't of Human Servs. ex rel. Palmer v. Unisys*, 637 N.W.2d 142, 154-155 (Iowa 2001).<br><br>The elements of an unjust enrichment claim are (1) benefit conferred defendant by plaintiffs; (2) defendant appreciated the benefit; (3) defendant accepted and retained the benefit under circumstances making it inequitable for there to be no return of payment for the value of the benefit, and (4) there is no appropriate remedy at law. *In re Estate of Hoffman*, No. 05-1692, 2006 WL 1409361, at *2 (Iowa Ct. App. May 24, 2006) (citing *Irons v. Cmty. State Bank*, 461 N.W.2d 849, 855 (Iowa Ct. App. 1990)). | "An express contract and an implied contract cannot coexist with respect to the same subject matter," and "Iowa courts refuse to imply a contract where an express contract exists." *Iowa Network Servs*, 363 F.3d at 694 (citing *Chariton Feed & Grain, Inc. v. Harder*, 369 N.W.2d 777, 791 (Iowa 1985)).<br><br>That there is no remedy at law is one of the elements of an unjust enrichment claim. *Irons*, 461 N.W. 2d at 855. | Yes.<br><br>"The critical inquiry is that the benefit received be at the expense of the plaintiff." *State Dep't of Human Servs.*, 637 N.W.2d at 155.<br><br>"Damages under a claim of unjust enrichment are limited to the value of what was inequitably retained." *Iowa Waste Sys., Inc. v. Buchanan County*, 617 N.W.2d 23, 30 (Iowa Ct. App. 2000). | No.<br><br>"'We recognize unjust enrichment is a broad principle with few limitations. We have never limited this principle to require the benefits to be conferred directly by the plaintiff.' Instead, benefits can be direct or indirect, and can involve benefits conferred by third parties." *State Dep't of Human Servs.*, 637 N.W.2d at 155 (quoting *Iconco v. Jensen Constr. Co.*, 622 F.2d 1291, 1301-02 (8th Cir. 1980) (plaintiff not required to show that directly conferred benefit on defendant under Iowa law)). | |

14

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| KANSAS | "The basic elements of a claim based on a theory of unjust enrichment are threefold: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Haz-Mat Response, Inc. v. Certified Waste Servs., Ltd.*, 910 P.2d 839 (Kan. 1996). | Yes. "Courts applying Kansas law have concluded that quantum meruit and restitution are not available theories of recovery when a valid, written contract addressing the issue exists." *Fusion, Inc. v. Neb. Aluminum Castings, Inc.*, 934 F. Supp. 1270, 1275 (D. Kan. 1996) (citing *Whan v. Smith*, 285 P. 589, 591 (Kan. 1930) ("[Q]uantum meruit . . . is only available in case the contract is void, unenforceable, rescinded or waived by the party seeking to recover;") and *Rupe v. Triton Oil & Gas Corp.*, 806 F. Supp. 1495, 1503-04 (D. Kan. 1992)). | Yes. "[I]n order for restitution to be required there must be a showing that 'the person sought to be charged had wrongfully secured a benefit, or had passively received one which it would be unconscionable for him to retain.'" *Sec. Benefit Life Ins. Corp. v. Fleming Co., Inc.*, 908 P.2d 1315, 1323 (Kan. Ct. App. 1995) (quoting 66 Am. Jur. 2d *Restitution and Implied Contracts* § 4). | Yes. Recovery for unjust enrichment is barred in the absence of privity, unless exception to this rule is satisfied (1) defendant misled plaintiff, to plaintiff's detriment, 2) defendant induced a change in plaintiff's position, to plaintiff's detriment, or 3) defendant committed fraud against plaintiff). *Babcock v. Carrollers Constr. Co.*, 124 P.3d 1084, No. 94,471, 2005 WL 3527117, at *3 (Kan. Ct. App. Dec. 23, 2005). | |

15

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| KENTUCKY | Unjust enrichment is "applicable as a basis of restitution to prevent one person from keeping money or benefits belonging to another." *Haeberle v. St. Paul Fire & Marine Ins. Co.* 769 S.W.2d 64, 67 (Ky. Ct. App. 1989). | Yes, there must be no contract.<br><br>"[T]he doctrine of unjust enrichment has no application in a situation where there has been an explicit contract which has been performed." *Tractor & Farm Supply, Inc. v. Ford New Holland, Inc.*, 898 F. Supp. 1198, 1206 (W.D. Ky. 1995) (citing *Codell Constr. Co. v. Commonwealth*, 566 S.W.2d 161 (Ky. Ct. App. 1977)).<br><br>But, unjust enrichment will lie even if the law provides another remedy.<br><br>Where statute creating Mechanics' Lien "does not expressly state that its remedy is sole or exclusive, the doctrine of unjust enrichment was not abrogated by its enactment." *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371 (W.D. Ky. 1987). | Mere enrichment is insufficient to establish the claims, the enrichment must be unjust. *Dirr & Rock Rentals, Inc. v. Irwin & Powell Constr., Inc.*, 838 S.W.2d 412, 414 (Ky. Ct. App. 1992). | Probably.<br><br>"A lack of privity of contract is a prerequisite to the initiation of an action in quantum meruit." *Guarantee Elec.*, 669 F. Supp. At 1380 n.9 (W.D. Ky. 1987) (wherein plaintiff asserted a "quasi-contract" claim against defendant for "unjust enrichment or quantum meruit").<br><br>"To support an action for money had and received there must be some privity existing between the parties in relation to the money sought to be recovered." *City of Henderson v. Winstead*, 215 S.W. 527, 528 (Ky. Ct. App. 1919) | *In re Microsoft Corp. Antitrust Litig.*, 241 F. Supp. 2d 563 (D. Md. 2003) (applying Kentucky law and finding that a common law claim for unjust enrichment arising from antitrust violations cannot be asserted under Kentucky law). |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| LOUISIANA | The Louisiana Supreme Court set forth the following factors to establish unjust enrichment: 1) there must be an enrichment, 2) there must be an impoverishment, 3) there must be a connection between the enrichment and resulting impoverishment, 4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment, and 5) there must be no other remedy at law available to plaintiff. *Baker v. Maclay Props. Co.*, 648 So. 2d 888, 896 (La. 1995).<br><br>Under the Louisiana Civil Code, "a person who has been enriched without cause at the expense of another person is bound to compensate that person." La. Civ. Code Ann. art. 2298 (2000). | Yes.<br><br>*Miller v. Loyola Univ. of New Orleans*, 829 So. 2d 1057 (La. Ct. App. 2002). The Louisiana Civil Code provides that enrichment remedy is not available "if the law provides another remedy for the impoverishment or declares another rule." | Yes.<br><br>Absence of justification or cause is an element of unjust enrichment. *Miller*, 829 So. 2d 1057.<br><br>"[C]ause is not in this instance assigned the meaning commonly associated with contracts, but, rather, it means that the enrichment is justified if it is the result of, or finds its explanation in, the terms of a valid juridical act between the impoverishee and the enrichee or between a third party and the enrichee. A valid juridical act with the enrichee is essential to a finding of cause." *Sec. Title Guarantee Corp. of Balt. v. United Gen. Title Ins. Co.*, 935 F. Supp. 816, 822 (E.D. La. 1996) (quoting *Baker v. Maclay Props. Co.*, 648 So. 2d 888, 897 (La. 1995) (quoting *Edmonston v. A-Second Mortgage Co. of Slidell, Inc.*, 289 So. 2d 116, 122 (La. 1974))). | No.<br><br>*Gray v. McCormick*, 663 So. 2d 480, 486 (La. Ct. App. 1995) (holding that third element is satisfied if enrichment and impoverishment are connected "either by direct transfer or indirectly through an intervening party").<br><br>*Gegenheimer v. Cajun Painting, Inc.*, 689 So. 2d 457, 462 (La. Ct. App. 1996). | "[W]here there is a rule of law directed to an issue, an [unjust enrichment] action must not be allowed to defeat the purpose of said rule." *Coastal Envil. Specialists, Inc. v. Chem-Lig Int'l, Inc.*, 818 So. 2d 12, 18 (La. Ct. App. 2001). "Therefore, to the extent that the plaintiffs cannot sue for monetary damages under Louisiana antitrust law, they cannot employ a subsidiary unjust enrichment claim to circumvent this rule." *Aikens v. Microsoft Corp.*, 159 Fed. Appx. 471, 476 (4th Cir. 2005). |

17

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| MAINE | "To sustain a claim for unjust enrichment, [plaintiff] must show that (1) it conferred a benefit on [defendant], (2) [defendant] had an appreciation or knowledge of the benefit, and (3) the benefit was under such circumstances to make it inequitable for [defendant] to retain the benefit without payment of its value." *Me. Farmers Exch., Inc. v. Farm Credit of Me., Inc.*, 789 A.2d 85, 88 (Me. 2002) | Yes.<br><br>"'Unjust enrichment describes recovery for the value of the benefit retained when there is no contractual relationship, but when, on the grounds of fairness and justice, the law compels performance of a legal and moral duty to pay.' The existence of a contractual relationship . . . precludes . . . recovery under an unjust enrichment theory.'" *Lynch v. Oulette*, 670 A.2d 948, 950 (Me. 1996) (quoting *A.F.A.B., Inc. v. Town of Old Orchard Beach*, 639 A.2d 103, 105 n.3 (Me. 1994) and citing *Top of the Track Assocs. v. Lewiston Raceways, Inc.*, 654 A.2d 1293, 1296 (Me. 1995)). | Yes.<br><br>"Damages in unjust enrichment are measured by the value of what was inequitably retained. In *quantum meruit*, by contrast, the damages are not measured by the benefit realized and retained by the defendant, but rather are based on the value of the services provided by the plaintiff." *Paffhausen v. Balano*, 708 A.2d 269, 271 (Me. 1998) (emphasis in original). | No.<br><br>"Lack of privity of contract and failure to perfect a lien do not bar an action for unjust enrichment." *A.F.A.B. Inc.*, 610 A.2d at 749. | |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| MARYLAND | "In Maryland, to sustain an unjust enrichment claim, a plaintiff must establish (1) that he or she conferred a benefit upon the defendant, (2) that the defendant appreciated or had knowledge of the benefit, and (3) that the defendant accepted or retained the benefit under 'such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.'" *Fischer Org., Inc. v. Landry's Seafood Rests., Inc.*, 792 A.2d 349, 356 (Md. 2002) (citations omitted). | Yes.<br><br>The general rule is that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter on which the quasi-contractual claim rests. *County Comm'rs of Caroline County v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600 (Md. 2000) (citing *Mass Transit Admin. v. Granite Constr. Co.*, 471 A.2d 1121, 1126 (Md. Ct. Spec. App. 1984)).<br><br>"Though there are some instances wherein lack of an adequate remedy need not be shown to maintain a cause of action for unjust enrichment, the general principle adhered to in Maryland is that a plaintiff must demonstrate the lack of an adequate legal remedy before seeking an equitable remedy." *State v. Philip Morris, Inc*, No. 96122017, CL211487, 1997 WL 540913 (Md. Cir. Ct. May 21, 1997). | Yes.<br><br>"A person is unjustly enriched if the circumstances of the receipt of the benefit are such as between the two that to retain it would be unjust. ('The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor.')" *Hamilton & Spiegel, Inc. v Bd. of Educ.*, 195 A.2d 710 (Md. 1963) (quoting Restatement of Restitution § 1). | Probably.<br><br>*United States v. Schlesinger*, 88 F. Supp. 2d 431 (D. Md. 2000) (finding plaintiffs failed to establish a claim under theories of breach of contract or unjust enrichment, absent privity). | |

19

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| MASSACHUSETTS | Restitution is an equitable remedy by which a person who has been unjustly enriched at the expense of another is required to repay the injured party.<br><br>It has also been recognized as a possible remedy to the breach of a quasi contract—"an obligation created by law for reasons of justice without any expression of assent and sometimes even against a clear expression of dissent" – or an implied contract—"a contract implied in fact found to exist from the conduct and relations of the parties." *Keller v. O'Brien*, 683 N.E.2d 1026, 1029 (1997) (citations and quotations omitted).<br><br>Thus, it appears that unjust enrichment is not a separate theory of recovery in Massachusetts, but merely an alternative remedy. | Yes. (Contract)<br><br>"The law will not imply a contract where there is an existing express contract covering the same subject matter." *Zarum v. Brass Mill Materials Corp.*, 134 N.E.2d 141 (1956).<br><br>But "[i]n cases where a defendant breaches a contract, the plaintiff may recover in restitution the value of services rendered." *Keller*, 683 N.E.2d at 1030 n.12 (1997) (quoting *LiDonn, Inc. v. Hart*, 246 N.E.2d 446 (1969)). | Yes.<br><br>"Massachusetts has recognized restitution as a remedy for unjust enrichment caused by the breach of a duty, a violation of trust, bad faith or fraud." *Keller*, 683 N.E.2d at 1030.<br><br>"[D]efendant will be deprived of the enrichment only if its retention is regarded as unjust." *Keller*, 683 N.E.2d at 1030 n.8 (1997) (quoting 1 G. Palmer, *Restitution* § 1.7, at 41 (1978)). | No.<br><br>"[O]n this appeal, the [plaintiff] relies solely on unjust enrichment, a doctrine that does not require any contractual or fiduciary relationship between the parties." *Greenwald v. Chase Manhattan Mortgage Corp.*, 241 F.3d 76, 78 (1st Cir. 2001) (citing *Flower v. Suburban Land Co.*, 123 N.E.2d 218, 221 1954)). | |

20

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| MICHIGAN | "The elements of a claim for unjust enrichment are: (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant. In such instances, the law operates to imply a contract in order to prevent unjust enrichment." *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993) (citing *Dumas v. Auto Club Ins. Ass'n*, 473 N.W.2d 652 (Mich. 1991)). | Yes. "[A] contract will be implied only if there is no express contract covering the same subject matter." *Barber*, 509 N.W.2d 791. | Yes. "Even where a person has received a benefit from another, he is liable to pay therefor only if the circumstances of his receipt or retention are such that, as between the two persons, it is unjust for him to retain it. The mere fact that a person benefits another is not of itself sufficient to require the other to make restitution therefor." *Kammer Asphalt Paving Co. v. E. China Twp. Sch.*, 504 N.W.2d 635 (1993) (quoting Restatement on Restitution, § 1, cmt. c). | No. "The right to bring this action for money exists whenever a person, natural or artificial, has in his or its possession money which in equity and good conscience belongs to the plaintiff, and neither express promise nor privity between the parties is essential." *Mich. Educ. Employees Mut. Ins. Co. v. Morris*, 596 N.W.2d 142 (1999) (quoting *Hoyt v. Paw Paw Grape Juice Co.*, 123 N.W. 529 (1909)). | *Jackson v. Wal-Mart Stores*, No. 258498, 2005 WL 3191394 (Mich. Ct. App. Nov. 29, 2005) (finding that resolution of a claim of unjust enrichment depends on "highly individualized" queries, and thus is the denial of class certification was proper). |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or-barred |
|---|---|---|---|---|---|
| MINNESOTA | "To establish an unjust enrichment claim, the claimant must show that the defendant has knowingly received or obtained something of value for which the defendant in equity and good conscience should pay." *ServiceMaster of St. Cloud v. GAB Bus. Servs.*, 544 N.W.2d 302, 306 (Minn. 1996) (quotation omitted). | Yes.<br><br>"Relief under the theory of unjust enrichment is not available where there is an adequate legal remedy or where statutory standards for recovery are set by the legislature." *Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*, 493 N.W.2d 137 (Minn. Ct. App. 1992). | Yes.<br><br>A claim of unjust enrichment requires proof that plaintiff conferred benefits unknowingly or unwillingly. *See Holmes v. Torguson*, 41 F.3d 1251, 1256 (8th Cir. 1994).<br><br>"Unjust enrichment claims do not lie simply because one party benefits from the efforts or obligations of others, but instead it must be shown that a party was unjustly enriched in the sense that the term "unjustly" could mean illegally or unlawfully.'" *ServiceMaster*, 544 N.W.2d 302 (quoting *First Nat'l Bank of St. Paul v. Ramier*, 311 N.W.2d 502 (Minn. 1981)). | No.<br><br>"The Minnesota Supreme Court has recognized the theory of quasi contract for many years. A quasi contract is sometimes called a contract implied in law. However, Quasi contracts are not, [however,] contracts at all, for neither promise nor privity, real or imagined, is necessary." *Marking v. Marking*, 366 N.W.2d 386 (Minn. Ct. App. 1985) (citations and quotations omitted). | Class actions rejected.<br><br>*In re Baycol Prods. Litig.*, 218 F.R.D. 197 (D. Minn. 2003) (rejecting a class action based on a claim of unjust enrichment because individual issues predominate as the whether class members were injured); *In re Old Kent Mortgage Co. Yield Premium Spread Litig.*, 191 F.R.D. 155, 164 (D. Minn. 2000) (same). |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| MISSISSIPPI | The doctrine of unjust enrichment or recovery in quasi-contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another, the courts imposing a duty to refund the money or the use value of the property to the person to whom in good conscience it sought to belong. *Omnibank of Mantee v. United S. Bank*, 607 So. 2d 76, 92 (Miss. 1992). | Yes. "Unjust enrichment only applies to situations where there is no legal contract." *Powell v. Campbell*, 912 So. 2d 978, 982 (Miss. 2005). *But see Union Nat'l Life Ins. Co. v. Crosby*, 870 So. 2d 1175, 1181 (Miss. 2004) (in dicta, stating that unjust enrichment is available as a remedy for breach of contract). | Yes. "What is important . . . to remember is our law accepts no value condemning pursuit of wealth, so long as it be done within legal parameters. There is nothing inherently unjust about enrichment." *Omnibank*, 607 So. 2d at 92. | Probably. *Redd v. L & A Contracting Co.*, 151 So. 2d 205, 209 (Miss. 1963) (finding that unjust enrichment recovery only allowed where services were rendered under the reasonable expectation that they would be paid for by person such to be charged and that defendant knew the services were being provided with that expectation). *See also Owens Corning v. R.J. Reynolds Tobacco Co.*, 868 So. 2d 331 (Miss. 2004) (class action claims, including unjust enrichment, denied where there was no showing of direct injury to plaintiff, barring finding of proximate cause). | |
| MISSOURI | A claim for unjust enrichment has three elements: a benefit conferred by a plaintiff on a defendant; the defendant's appreciation of the fact of the benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable. *Mays-Maune & Assocs., Inc. v. Werner Bros., Inc.*, 139 S.W.3d 201, 205 (Mo. Ct. App. 2004). | No. *Webcon Group, Inc. v. S.M. Props., L.P.*, 1 S.W.3d 538 (Mo. Ct. App. 1999) (finding it would be unjust for defendants to retain the benefit of plaintiff's work and not pay for it; holding that equitable principles could be invoked in spite of an adequate remedy at law). | Yes. "[M]ere receipt of benefits is not enough to prevail in a claim of unjust enrichment when there is no showing that it would be unjust for a party to retain the benefit received." *Am. Standard Ins. Co. of Wis. v. Bracht*, 103 S.W.3d 281, 292 (Mo. Ct. App. 2003). | Probably. *Mays-Maune*, 139 S.W.3d 201 (disallowing unjust enrichment claims against parties with which plaintiff had no direct contractual relationship). | |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| MONTANA | Unjust enrichment is an equitable doctrine wherein the plaintiff must show some element of misconduct or fault on the part of defendant, or that the defendant somehow took advantage of the plaintiff. *Brown v. Thornton*, 432 P.2d 386, 390 (Mont. 1967). | "The theory of unjust enrichment and restitution is brought into play when no contract between the parties exists and the court implies a contract in law." *Maxted v. Barrett*, 643 P.2d 1161, 1164 (Mont. 1982). | For a contract to be implied at law on the basis of unjust enrichment the plaintiff must show some element of misconduct or fault of some sort on the part of the defendant, or that he was in some way taken advantage of. *See Butler v. Peters*, 205 P. 247 (Mont. 1922); 17 C.J.S. *Contracts* § 6. | Probably not.\n\n*Valley County v. Thomas*, 97 P.2d 345 (Mont. 1939) (holding that municipality was entitled to recover licensing fees erroneously paid to different municipality, notwithstanding lack of privity between two municipalities). | |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| NEBRASKA | "The issue of unjust enrichment is a question of fact. Where benefits have been received and retained under circumstances that it would be inequitable and unconscionable to permit the party receiving them to avoid payment therefor, the law requires the recipient to pay the reasonable value of the services." *Tracy v. Tracy*, 581 N.W.2d 96, 101 (Neb. Ct. App. 1998). | Importantly, for the resolution of the present case, we note that the doctrine of unjust enrichment is recognized only in the absence of an agreement between the parties. *See Washa v. Miller*, 546 N.W.2d 813 (Neb. 1996). | Yes.<br><br>"The most significant element of the doctrine of unjust enrichment is whether the enrichment of the defendant is unjust. Although unjust enrichment may arise from fraud or several other predicates, the element of fraud or tortious conduct on the part of a defendant is not necessary in an action for unjust enrichment." *Kisicki v. Mid-America Fin. Inv. Corp.*, No. A-01-708, 2002 WL 31654490, (Neb. Ct. App. Nov. 26, 2002). | Mixed.<br><br>"'For a quasi-contract neither promise nor privity, real or imagined, is necessary. . . . The duty, which thus forms the foundation of a quasi-contractual obligation, is frequently based on the doctrine of unjust enrichment.' The doctrine of quasi-contracts has been supplanted in modern times by the doctrines of 'unjust enrichment' and 'restitution,' but, in essence, is the same." *Stabler Heating & Air Conditioning v. Jensen*, 326 N.W.2d 182 (Neb. 1982) (citing 66 Am. Jur. 2d *Restitution and Implied Contracts* § 2 (1973)).<br><br>*But see*<br><br>"'The mere fact that a third person benefits from a contract between two other persons does not make such third person liable in quasi contract, unjust enrichment, or restitution.'" *Haggard Drilling, Inc. v. Greene*, 236 N.W.2d 841, 846 (Neb. 1975) (citing 66 Am. Jur. 2d *Restitution and Implied Contracts* § 2). | |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| NEVADA | "'This court has observed that the essential elements of unjust enrichment are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit.'" *Topaz Mut. Co., Inc. v. Marsh,* 839 P.2d 606, 613 (Nev. 1992). | Yes.<br><br>"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *LeasePartners Corp. v. Robert L. Brooks Trust Dated Nov. 12 1975,* 942 P.2d 182 (Nev. 1997) (citing 66 Am. Jur. 2d *Restitution* § 6 (1973)). | Probably.<br><br>Unjust enrichment occurs when ever a person has and retains a benefit which in equity and good conscience belongs to another." *Unionamerica Mortgage & Equity Trust v. McDonald,* 626 P.2d 1272, 1273-74 (Nev. 1981) (citing *L & A Drywall, Inc. v. Whitmore Constr. Co., Inc.,* 608 P.2d 626 (Utah 1980)). | Probably not.<br><br>In an action for money had and received, "'[t]here need be no privity between the parties, or any promise to pay, other than that which results or is implied from one man's having another's money, which he has no right conscientiously to retain. . . . When the fact is proved that he has the money, if he cannot show a legal or equitable ground for retaining it the law creates the privity and the promise." *Smart v. Valencia,* 261 P. 655, 657 (Nev. 1927) (quoting *Brand & Co. v. Williams,* 13 N.W. 42 (Minn. 1882) (citations omitted)). | |

26

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| NEW HAMPSHIRE | The doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity. While it is said that a defendant is liable if "equity and good conscience" requires, this does not mean that a moral duty meets the demands of equity. There must be some specific legal principle or situation which equity has established or recognized to bring a case within the scope of the doctrine. *Am. Univ. v. Forbes*, 183 A. 860 (N.H. 1936). | Yes.<br><br>Where there is a valid express contract between the parties, however, the law will not imply a quasi-contract. *Tentindo v. Locke Lake Colony Ass'n*, 419 A.2d 1097 (N.H. 1980). | Probably not.<br><br>Constructive fraud is a device for preventing the unjust enrichment of one person at the expense of another even though no intentional wrongdoing may be involved. *Stevens v. Stevens*, 82 A.2d 418 (N.H. 1951); *Cotton v. Stevens*, 107 A. 602 (N.H. 1919).<br><br>But "[t]o be entitled to restitution, there must not only be unjust enrichment, but also the person sought to be charged must have wrongfully secured a benefit, or passively received one which it would be unconscionable to retain." *In re Haller*, 839 A.2d 18 (N.H. 2003) (quoting 66 Am. Jur. 2d *Restitution and Implied Contracts* § 10 (2001)). | No.<br><br>"Plaintiffs contend that although they did not confer a benefit on the defendants, they are liable because they 'took the benefit' from plaintiffs without their knowledge or consent. At this stage, plaintiffs have sufficiently alleged that the defendants have profited or enriched [themselves] at the expense of [plaintiffs]." *Rice v. Wal-Mart Stores, Inc.*, No. Civ. 02-390-B, 2003 WL 22240349 (D.N.H. Sept. 30, 2003) (citing *Cohen v. Frank Developers, Inc.*, 389 A.2d 933 (N.H. 1978)). | "Plaintiffs have not cited, nor has this court found, any New Hampshire law cases that support plaintiffs' contention that profits gained by defendants as a result of their alleged violations of the Lanham Act and New Hampshire's law against unfair competition constitute the unjust receipt and retention of a 'benefit' for which restitution is required. The court finds and rules that the circumstances of this case do not warrant a remedy under the doctrine of unjust enrichment. Instead, plaintiffs' recovery of the profits allegedly gained by defendants must come, if at all, through the claims brought by plaintiffs under the federal and state laws allegedly violated by defendants." *Pacamor Bearings, Inc. v. Minebea Co. Ltd.*, 892 F. Supp. 347 (D.N.H. 1995). |

27

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| NEW JERSEY | Unjust enrichment is not an independent theory of liability; rather, it is an element of quasi-contractual liability. *Nat'l Amusements, Inc. v. N.J. Tpk. Auth.*, 619 A.2d 262 (N.J. Super. Ct. Law Div. 1992), *aff'd*, 645 A.2d 1194 (N.J. Super. Ct. App. Div.). "A party who confers a benefit upon another party outside the framework of an express contractual relationship may seek recovery for unjust enrichment on the basis of a quasi-contractual obligation." *Winslow v. Corporate Express, Inc.*, 834 A.2d 1037, 1046 (N.J. Super. Ct. App. Div. 2003). | Yes.<br><br>"Indeed, the Court of Appeals has made it clear that a plaintiff may not bring a claim under a quasi-contract theory of liability (such as quantum meruit or unjust enrichment) when the plaintiff and defendant are parties to an express and valid agreement concerning the identical subject matter as plaintiff's claim." *Alvatar Bus. Connection, Inc. v. Uni-Marts, Inc.*, Civ. Action No. 04-1866 (JBS), 2006 WL 1843136 (D.N.J. June 30, 2006) (citing *Suburban Transfer Serv., Inc v. Beech Holdings, Inc*, 716 F.2d 222, 226-27 (3d Cir. 1983)). | Probably.<br><br>*Desiderio v. D'Ambrosio*, 463 A.2d 986 (N.J. Super. Ct. Ch. Div. 1983) (granting summary judgment to defendant where "unjust" element was missing). | Yes.<br><br>"The benefit must be conferred by the party seeking reimbursement, not by some third party." *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 496 (D.N.J. 1998).<br><br>Moreover, [the plaintiff] must have "expected remuneration from the defendant at the time it performed or conferred a benefit on defendant." *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519 (N.J. 1994). | Denying class certification, for unjust enrichment claims, holding that plaintiffs have not established either the typicality of these claims or that common issues of fact and law will predominate over individual issues. *Stephenson v. Bell Atl. Corp.*, 177 F.R.D. 279 (D.N.J. 1997). |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| NEW MEXICO | "The New Mexico Supreme Court has recognized that the terms unjust enrichment, quasi contract and contract-implied-in-law are interchangeably used to describe that class of implied obligations where, on the basis of justice and equity, the law will impose a contractual relationship between two parties regardless of their [lack of] assent thereto.... the New Mexico high court has further said that in such cases the simple but comprehensive question is whether the circumstances are such that equitably [the defendant] should restore to [the plaintiff] what [he] has received." *Ag Servs. of Am., Inc. v. Nielsen*, 231 F.3d 726, 733 (10th Cir. 2000). | Yes.<br><br>"The presence of a contract bars a claim for unjust enrichment." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091 (10th Cir. 2005) (applying New Mexico law). | Yes.<br><br>"To prevail on a claim for unjust enrichment, 'one must show that: (1) another has been knowingly benefited at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust.'" *Credit Inst. v. Veterinary Nutrition Corp.*, 62 P.3d 339 (N.M. Ct. App. 2002) (quoting *Ontiveros Insulation Co., Inc. v. Sanchez*, 3 P.3d 695 (N.M. Ct. App. 2000)). | No.<br><br>*Tom Growney Equip., Inc. v. Ansley*, 888 P.2d 992, 994 (N.M. Ct. App. 1994) (finding no privity required to recover on a theory of unjust enrichment. | |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| NEW YORK | The criteria for recovery under a theory of unjust enrichment are: "(1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Joan Hansen & Co., Inc. v. Everlast World's Boxing*, 744 N.Y.S.2d 384, 389 (N.Y. App. Div. 2002).<br><br>The elements have also been stated as (1) defendant was enriched, (2) at plaintiff's expense, and (3) "it is against equity and good conscience to permit . . . defendant to retain what is sought to be recovered." *Clark v. Daby*, 751 N.Y.S.2d 622, 623 (N.Y. App. Div. 2002). | Yes.<br><br>Plaintiff may not maintain an action for unjust enrichment where an express contract covers the same subject matter. *Chadirjian v. Kanian*, 506 N.Y.S.2d 880, 882 (N.Y. App. Div. 1986). | Mixed.<br><br>"Unjust enrichment, however, does not require the performance of any wrongful act by the one enriched." *Ptachewich v. Ptachewich*, 465 N.Y.S.2d 277, 278 (N.Y. App. Div. 1983).<br><br>"Innocent parties may frequently be unjustly enriched." *Simonds v. Simonds*, 380 N.E.2d 189, 194 (1978).<br><br>But – "Notably, it is the plaintiff's burden to 'demonstrate that services were performed *for the latter's*] unjust enrichment . . . and the mere fact that the *defendant* resulting in [the plaintiff's activities bestowed a benefit on the defendant is insufficient to establish a cause of action for unjust enrichment." *Clark*, 751 N.Y.S.2d at 623 (emphasis in original citations omitted). | Mixed.<br><br>*Metro. Elec. Mfg. Co. v. Herbert Constr. Co., Inc.*, 583 N.Y.S.2d 497, 498 (N.Y. App. Div. 1992) (sub-subcontractor was not in privity with general contractor or property owner and therefore could not recover against them on a theory of unjust enrichment); *Redtail Leasing, Inc. v. Bellezza*, No. 95 Civ. 5191, 1997 WL 603496, at *8 (S.D.N.Y. Sept. 30, 1997) (under New York law, "an unjust enrichment claim . . . requires some type of direct dealing or actual, substantive relationship with a defendant"). | |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| NORTH CAROLINA | "Unjust enrichment has been described as: the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor. It is a general principle underlying various legal doctrines and remedies, that one person should not be permitted unjustly to enrich himself [or herself] at the expense of another." *Watson Elec. Constr. Co. v. Summit Cos.*, 587 S.E.2d 87 (N.C. Ct. App. 2003). | Yes.<br><br>"Only in the absence of an express agreement of the parties will courts impose a quasi contract or a contract implied in law in order to prevent an unjust enrichment." *Whitfield v. Gilchrist*, 497 S.E.2d 412 (N.C. 1998). | "[T]he mere fact that one party was enriched, even at the expense of the other, does not bring the doctrine of unjust enrichment into play. There must be some added ingredients to invoke the unjust enrichment doctrine." *Watson Elec.*, 587 S.E.2d at 92. | Yes.<br><br>"In order to establish a claim for unjust enrichment, a party must have conferred a benefit on the other party [and] the defendant must have consciously accepted the benefit." *Booe v. Shadrick*, 369 S.E.2d 554, 556 (1988).<br><br>The Court of Appeals of North Carolina has held that a plaintiff must show that he conferred a benefit directly on a defendant to meet his burden. *See Effler v. Pyles*, 380 S.E.2d 149, 152 (N.C. Ct. App. 1989). | |
| NORTH DAKOTA | To recover under a theory of unjust enrichment one must prove five elements (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of a justification for the enrichment and impoverishment; and (5) an absence of a remedy provided by law. *Zuger v. N.D. Ins. Guar. Ass'n*, 494 N.W.2d 135, 138 (N.D. 1992). | Yes.<br><br>The equitable remedy of unjust enrichment is only available if there is no remedy provided by law "which is equally adjusted to rendering complete justice." *Estate of Hill v. Pijan*, 492 N.W.2d 288, 295 (N.D. 1992). | Yes.<br><br>"The essential element in recovering under a theory of unjust enrichment is the receipt of a benefit by the defendant from the plaintiff which would be unequitable to retain without paying for its value." *Zuger*, 494 N.W.2d at 138. | Maybe.<br><br>"A third party who derives a benefit from an agreement between others has not necessarily been unjustly enriched." *Zuger*, 494 N.W.2d at 138 (citing *Home Ins. of Dickinson v. Speldrich*, 436 N.W.2d 1 (N.D. 1989)). | |

31

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| OHIO | The elements of unjust enrichment or quasi-contract are: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298 (Ohio 1984). | Yes.<br><br>"Generally, where damages are available for breach of contract or in tort, the party cannot also invoke the equitable remedy for unjust enrichment. Rather, if no remedy is available in contract or tort, then the equitable remedy in unjust enrichment may be afforded to prevent injustice" *Saraf v. Maranda Homes, Inc. of Ohio*, No. 02AP-461, 2002 WL 31750249, at *2 (Ohio Ct. App. Dec. 10, 2002). | Yes.<br><br>"A restitution claim is designed to force the defendant to disgorge benefits that it has wrongfully or unjustly obtained." *Johnson v. Microsoft Corp.*, 802 N.E.2d 712, 719 (Ohio Ct. App. 2003). | Yes.<br><br>*Johnson v. Microsoft Corp.*, 834 N.E.2d 791 (Ohio 2005) (requiring benefit conferred directly between parties).<br><br>*Village of Indian Hill v. Atkins*, 93 N.E.2d 22 (Ohio 1950) (privity is not required. However, plaintiff must directly benefit defendant in order to recover). | "The rule of law is that an indirect purchaser cannot assert a common-law claim for restitution and unjust enrichment against a defendant without establishing that a benefit had been conferred upon that defendant by the purchaser." *Johnson*, 834 N.E.2d at 799 (holding that where there was no economic transaction between plaintiff and defendant, plaintiff could not establish that defendant retained any unjust benefit). |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| OKLAHOMA | Recovery, based on unjust enrichment depends upon a showing that Appellees have money in their hands that, in equity and good conscience, they ought not be allowed to retain. *French Energy, Inc. v. Alexander*, 818 P.2d 1234 (Okla. 1991). | Yes.<br><br>Oklahoma law provides that courts are not to invoke their equitable jurisdiction when an adequate legal remedy is available. *Hydro Turf, Inc. v. Int'l Fid. Ins. Co.*, 91 P. 3d 667, 673 (Okla. Civ. App. 2004)<br><br>"Where the plaintiff has an adequate remedy at law, the court will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment." *Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028, 1035 (Okla. 2007).<br><br>But the court has the power to provide equitable relief even where a contract covers the matter. *French Energy*, 818 P.2d at 1238 (rescinding the contract and ordering appellants money to be refunded where one party made a mistake and it is possible to return the parties to their original position). | Probably.<br><br>Recovery, based on unjust enrichment depends upon a showing that appellees have money in their hands that, in equity and good conscience, they ought not be allowed to retain. *French Energy*, 818 P.2d 1234. | Probably not.<br><br>"For a quasi contract neither promise nor privity, real or imagined, is necessary. . . . The duty, which thus forms the foundation of a quasi-contractual obligation, is frequently based on the doctrine of unjust enrichment." *Berry v. Barbour*, 279 P.2d 335, 338 (Okla. 1955) (citing 12 Am. Jur. 502, § 6). | |

33

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| OREGON | To state a claim of unjust enrichment, plaintiff must show "a benefit conferred, awareness by the recipient that a benefit has been received and, under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it." *Edward D. Jones & Co. v. Mishler*, 983 P.2d 1086, 1101 (Or. Ct. App. 1999). | A claim for unjust enrichment is only viable where there is no contract addressing the same subject matter. *Mastec N. Am., Inc. v. Coos County*, Slip op., No. 04-278-AA, 2006 WL 176653 (D. Or. Jan. 24, 2006). | Yes. The elements of the quasi-contractual claim of unjust enrichment are a benefit conferred, awareness by the recipient that a benefit has been received and, under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it. *Summer Oaks Ltd. P'ship v. McGinley*, 55 P.3d 1100, 1104 (Or. Ct. App. 2002). | No. However, privity of the contractual type need not exist between the parties. Either express or implied privity will suffice. The equitable principle that one who possesses money which *et equo et bono* belongs to another should return it, in the absence of a contract modifying the general liability, implies the promise to return which, in turn, supplies the privity. *Smith v. Rubel*, 13 P.2d 1078, 1080 (Or. 1932). | |
| PENNSYLVANIA | "Unjust enrichment is a quasi-contractual doctrine based in equity which requires the plaintiff to establish the following: (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Pennsylvania v. BASF Corp.*, CONTROL NO. No. 3127, CONTROL NO. 120186, 2001 WL 1807788, at *14 (Pa. Com. Pl. Mar. 15, 2001).<br><br>"Unjust enrichment is essentially an equitable doctrine." *Schenck v. K.E. David, Ltd.*, 666 A.2d 327, 328 (Pa. Super. Ct. 1995). | Yes. *Wilson Area School Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006) (holding that claim for unjust enrichment not available where the parties relationship is founded upon a written agreement). | Yes. "The most significant element of the unjust enrichment doctrine is whether the enrichment of the defendant is unjust; the doctrine does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff." *Stutzle v. RhonePaulenc S.A.*, No. 002768OCT, 2003 WL 22250424, at *1 (Pa. Com. Pl. Sept. 26, 2003). | Mixed. *Stutzle*, 2003 WL 22250424 (finding that unjust enrichment claims belong to direct purchasers, not indirect purchasers). *But see Gee v. Eberle*, 420 A.2d 1050, 1060 (Pa. Super. Ct. 1980) ("[T]he essence of the unjust enrichment doctrine is that there is no direct relationship between the parties."). | Mixed. *Stutzle*, 2003 WL 22250424, at *2 (to "allow plaintiffs to use a claim for unjust enrichment as a means for collecting damages which are not allowable by Pennsylvania's antitrust law, is not a proper use of the claim and can only lead to mischief"). *Powers v. Lycoming Engines* Civil Action Nos. 06-2993, 06-4228, 2007 WL 2702705, at *3 (E.D. Pa. Sept. 12, 2007) (holding that indirect purchaser's unjust enrichment claim survives a motion to dismiss). |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| RHODE ISLAND | "To recover under a claim for unjust enrichment, a plaintiff is required to prove three elements: (1) a benefit must be conferred upon the defendant by the plaintiff, (2) there must be appreciation by the defendant of such benefit, and (3) there must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof." *Narragansett Elec. Co. v. Carbone*, 898 A.2d 87, 99 (R.I. 2006).<br><br>Under Rhode Island law, unjust enrichment is not simply a remedy in contract and tort but can stand alone as a cause of action in its own right. *Toupin v. Laverdiere*, 729 A.2d 1286 (R.I. 1999); *Dellagrotta v. Dellagrotta*, 873 A.2d 101, 113 (R.I. 2005). | Yes<br><br>Recovery for unjust enrichment may not be available where there is an express contract. *Horizon Props. LLC v. Indian Corner Homes, LLC*, No. W.C. 00-351, 2004 WL 254582, at *4 n.3 (R.I. Super. Ct. Jan. 27, 2004).<br><br>*Hasbro, Inc. v. Mikohn Gaming Corp.*, 491 F. Supp. 2d 256, 263 (D. R.I. 2007) (applying Rhode Island law and stating that "unjust enrichment, like other quasi-contractual remedies, is a vehicle for equitable recovery where no rights on an enforceable contract exist" (citing *Café La France, Inc. v. Schneider Sec., Inc.*, 281 F. Supp. 2d 361, 375 (D. R.I. 2003) (holding that under Rhode Island law, unjust enrichment is available only "in the absence of an enforceable contract"))). | Yes.<br><br>This Court has said that "[t]he most significant requirement is that the enrichment to the defendant be unjust." *R & B Elec. Co. v. Amco Constr. Co., Inc.*, 471 A.2d 1351, 1356 (R.I. 1984). | No.<br><br>*R & B Elec.*, 471 A.2d at 1355 (finding that privity is not required for an unjust enrichment claim). | |

35

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| SOUTH CAROLINA | "To prevail on this theory, a plaintiff must establish the following three elements: (1) a benefit conferred by plaintiff upon the defendant; (2) realization of that benefit by the defendant; and (3) retention of the benefit by the defendant under circumstances that make it inequitable for her to retain it without paying its value." *QHG of Lake City, Inc. v. McCutcheon,* 600 S.E.2d 105 (S.C. Ct. App. 2004).<br><br>*Pitts v. Jackson Nat'l Life Ins. Co.,* 574 S.E.2d 502 (S.C. Ct. App. 2002) (finding that unjust enrichment is an equitable remedy). | Yes.<br><br>"Unjust enrichment is an equitable doctrine, akin to restitution, which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff... Where a plaintiff has an adequate remedy at law, equitable relief is not normally in order." *Barrett v. Miller,* 321 S.E.2d 198, 199 (S.C. Ct. App. 1984). | Yes.<br><br>"Restitution is a remedy designed to prevent unjust enrichment." *Stanley Smith & Sons v. Limestone College,* 322 S.E.2d 474, 478 n.1 (S.C. Ct. App. 1984). To recover on a theory of restitution, the plaintiff must show (1) that he conferred a non-gratuitous benefit on the defendant; (2) that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value. *Niggel Assoc., Inc. v. Polo's of N. Myrtle Beach, Inc.,* 374 S.E.2d 507, 532 (S.C. Ct. App. 1988); *Sanner v. Pub. Serv. Auth. of S.C.,* 581 S.E.2d 161, 168 (S.C. 2003). | Yes.<br><br>Unjust enrichment is only available where defendant owes a duty to plaintiff. *In re Microsoft Corp. Antitrust Litig.,* 401 F. Supp. 2d 461, 464 (D. Md. 2005); *see Pitts v. Jackson Nat'l Life Ins. Co.,* 574 S.E.2d 505, 512 (S.C. Ct. App. 2002) (disallowing plaintiffs unjust enrichment claim because plaintiff had "failed to establish any duty to disclose or other cause of action that would allow recovery for unjust enrichment"). | *In re Microsoft,* 401 F. Supp. 2d 461 (applying South Carolina law and finding that the specific bar on indirect purchasers for antitrust liability also prohibits indirect purchasers unjust enrichment claims) (citing *Nat'l Adver. Co. v. Mount Pleasant Bd. of Adjustment,* 440 S.E.2d 875 (1994) ("Where conflicting provisions exist, the last in point of time or order of arrangement prevails. ... Specific laws prevail over general laws.")). |
| SOUTH DAKOTA | "Unjust enrichment occurs when one confers a benefit upon another who accepts or acquiesces in that benefit, making it inequitable to retain that benefit without paying." *Parker v. W. Dakota Insurors, Inc.,* 605 N.W.2d 181, 187 (S.D. 2000). | Yes.<br><br>*Holzworth v. Roth,* 101 N.W.2d 393, 395 (1960) ("[W]here the action is based on an implied contract [t]he absence of an adequate remedy at law is necessary to confer equitable jurisdiction."); *see also Burch v. Bricker,* 724 N.W.2d 604, 609-10 (S.D. 2006). | Probably.<br><br>"Enrichment is unjust if it is a result of money paid by mistake." *Juttelstad v. Juttelstad,* 587 N.W.2d 447, 452 (S.D. 1998) (quoting *Talley v. Talley,* 566 N.W.2d 846, 853 (S.D. 1997) (citation omitted)). | Probably.<br><br>*Sherman v. Meyer,* 312 N.W.2d 373, 374 (S.D. 1981) (holding that in the absence of privity or a statutory remedy, subcontractor had no personal claim against property owner for work performed and materials furnished). | |

36

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| TENNESSEE | The elements of an unjust enrichment claim are: 1) "[a] benefit conferred upon the defendant by the plaintiff"; 2) "appreciation by the defendant of such benefit"; and 3) "acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Paschall's, Inc. v. Dozer*, 407 S.W.2d 150, 154 (Tenn. 1966).<br><br>The plaintiff must further demonstrate that he or she has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract. *Paschall's*, 407 S.W.2d at 155; *Whitehaven Cmty. Baptist Church*, 973 S.W.2d 592, 596 (Tenn. 1998).<br><br>Except, plaintiff is excused from the requirement of exhausting all remedies against the parties with whom plaintiff is in privity if plaintiff can show that doing so would be futile. *Freeman Indus., LLC. v. Eastman Chem. Co.*, 172 S.W.3d 512, 515 (Tenn. 2005). | Yes.<br><br>"[T]he equitable remedy of unjust enrichment cannot be imposed where, as in this case, a valid contract exists on the same subject matter." *Duke v. Browning-Ferris Indus. of Tenn., Inc.*, No. W2005-00146-COA-R3-CV, 2006 WL [491547], at \*10 (Tenn. Ct. App. May 31, 2006). | Yes.<br><br>The most significant requirement of an unjust enrichment claim is that the benefit to the defendant be unjust. *Paschall's*, 407 S.W.2d at 155. | Mixed law.<br><br>Privity is not required. *See Paschall's*, 407 S.W.2d at 154. But, plaintiff must establish satisfaction of the first prong of the claim, i.e. a benefit conferred on defendant by plaintiff.<br><br>*Greene v. F. Hoffman-Laroche, Ltd. (In re Vitamins Antitrust Litig.)*, Nos. MISC NO. 99-197, MDL 1285, 2001 WL 849928 (D.D.C. Apr. 11, 2001) (applying Tennessee law, and dismissing unjust enrichment claims of indirect purchasers because of lack of direct dealing). The vitality of *In re Vitamins* is called into question by *Freeman Industries LLC v. Eastman Chemical Co.*, 172 S.W.3d 512, 515 (Tenn. 2005). In the latter case, the court said the plaintiff is not required to establish that defendants received a direct benefit to recover for unjust enrichment. *Id.* | Indirect purchaser action rejected.<br><br>*In re Vitamins Antitrust Litig.*, 2001 WL 849928 (applying Tennessee law, and dismissing unjust enrichment claims of indirect purchasers because of lack of direct dealing). |

37

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| TEXAS | No independent cause of action of unjust enrichment is recognized. *Sw. Bell Tel. Co. v. Mktg. on Hold, Inc.*, 170 S.W.3d 814, 827-28 (Tex. App. 2005) ("[U]njust enrichment is not a distinct independent cause of action, but a theory of recovery."). To be entitled to restitution under a theory of unjust enrichment, the plaintiff must show the party sought to be charged had wrongfully secured a benefit or had passively received one which would be unconscionable for that party to retain. *Villarreal v. Grant Geophysical, Inc.*, 136 S.W.3d 265, 270 (Tex. App. 2004). "To recover under the doctrine of quantum meruit, a party must establish: (i) valuable services and/or materials were furnished, (ii) to the party sought to be charged, (iii) which were accepted by the party sought to be charged, and (iv) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). | Mixed law. Like other equitable claims and defenses, an adequate legal remedy may render equitable claims of unjust enrichment and equitable defenses of voluntary-payment unavailable. *See, e.g., Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (holding unjust enrichment inapplicable when parties have express contract covering the subject matter of the parties' dispute); *Bexar Bldg. & Loan Ass'n v. Robinson*, 14 S.W. 227, 228 (Tex. 1890) (holding usury statute prevented voluntary-payment defense). "A claim for unjust enrichment may be had where overpayment was made under a valid contract." *See Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467, 469 (Tex. 1998). | Yes. A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *See Pope v. Garrett*, 211 S.W.2d 559, 560, 562 (Tex. 1948); *Austin v. Duval*, 735 S.W.2d 647, 649 (Tex. App. 1987) ("Plaintiff cannot recover merely because it might appear expedient or generally fair that some recompense be afforded for an unfortunate loss." (citing 58 C.J.S. *Money Received* § 41 (1948))). *But see* Recovery under unjust enrichment is not dependent on the existence of a wrong. *Bransom v. Standard Hardware, Inc.*, 874 S.W.2d 919, 927 (Tex. App. 1994); *Johnson v. MHSB Enters., L.L.C.*, No. 03-04-00153-CV, 2004 WL 2247411, at *3 (Tex. App. Oct. 7, 2004). | Probably. "To recover in quantum meruit, the plaintiff must show that his efforts were undertaken for the person sought to be charged; it is not enough to merely show that his efforts benefited the defendant." *Economy Forms Corp. v. Williams Bros. Constr. Co.*, 754 S.W.2d 451 (Tex. App. 1988). | In *National Western Life Ins. Co. v. Rowe*, 164 S.W.3d 389 (Tex. 2005), the Texas Supreme Court recently reversed a trial court class certification order in a case that included an unjust enrichment count. The reason offered by the Rowe Court, in part, in reversing the class certification order was the absence of any meaningful explanation of how the court would try damages. *Id.* at 392. The Supreme Court concluded that "[t]he trial court did not perform the rigorous analysis required by *Southwestern Refining Co. v. Bernal*, 22 S.W.3d 425 (Tex. 2000) to determine whether class action requirements have been met in this case." *Id.* In *Union Pacific Resources Group, Inc. v. Hankins*, 111 S.W.3d 69 (Tex. 2003), and in *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675 (Tex. 2002), the Texas Supreme Court also reversed orders certifying classes where the claims included counts for unjust enrichment. In *Hankins*, the Court concluded that a lack of commonality existed when, under the facts of that case, the damages recoverable were not subject to generalized proof. 111 S.W.3d at 74. |

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| UTAH | "Utah law... recognizes the remedy of unjust enrichment. A party may prevail on an unjust enrichment theory by proving three elements: (1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." *Jeffs v. Stubbs*, 970 P.2d 1234, 1248 (Utah 1998). | Yes. "'The doctrine [of unjust enrichment] is designed to provide an equitable remedy where one does not exist at law. In other words, if a legal remedy is available, such as breach of an express contract, the law will not imply the equitable remedy of unjust enrichment.'" *Five F, L.L.C. v. Heritage Sav. Bank*, 81 P.3d 105, 109 (Utah Ct. App. 2003) (quoting *Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1193 (Utah 1996)) | Yes. "In order to prevail on a claim for unjust enrichment, there must be the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value." *Desert Miriah, Inc. v. B & L Auto, Inc.*, 12 P.3d 580, 582 (Utah 2000) (citations and quotation marks omitted). | No. *Commercial Fixtures & Furnishings, Inc. v. Adams*, 564 P.2d 773, 774-775 (Utah 1977) (finding no privity required to maintain a claim of unjust enrichment). *But Baugh v. Darley*, 184 P.2d 335, 338 (Utah 1947) (holding that generally unjust enrichment will be found only where plaintiff confers a benefit directly on defendant). | |
| VERMONT | "When a person receives money to which another person in justice and good conscience is entitled, the law creates an implied promise to repay the money to avoid unjust enrichment." *Winey v. William E. Dailey, Inc.*, 636 A.2d 744 (Vt. 1993). | No clear law. *See Ray Reilly's Tire Mart, Inc. v. F.P. Elnicki, Inc.*, 537 A.2d 994 (Vt. 1987) (trial court dismissed unjust enrichment claim based on existence of express contract between the parties; Supreme Court affirmed dismissal on grounds that enrichment was not unjust, because defendant had paid for it). | Yes. "Unjust enrichment applies if 'in light of the totality of the circumstances, equity and good conscience demand' that the benefited party return that which was given." *Gallipo v. City of Rutland*, 882 A.2d 1177, 1191 (Vt. 2005) (internal citation omitted). "The most significant requirement for recovery on a quasi-contract is that the enrichment to the defendant be unjust." *Ray Reilly's Tire Mart, Inc. v. F.P. Elnick, Inc.*, 537 A.2d 994, 995 (Vt. 1987). | Possibly (case below cites Iowa case requiring privity). "Where an owner has fulfilled its financial obligation to a general contractor, a subcontractor cannot rely on the owner to satisfy the relationship between the subcontractor and the general." *DJ Painting, Inc. v. Baraw Enters., Inc.*, 776 A.2d 413, 418 (Vt. 2001) (citations omitted); *see Morrisville Lumber Co., Inc. v. Okcuoglu*, 531 A.2d 882 (Vt. 1987) (denying a claim of unjust enrichment where defendants did not directly deal with the plaintiffs). | |

39

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| VIRGINIA | "In Virginia, three elements are required to establish a quasi-contract and unjust enrichment: 1) a benefit conferred on the defendant by the plaintiff, 2) appreciation or knowledge of the benefit by the defendant, and 3) retention of that benefit by the defendant in circumstances which would make it inequitable for the defendant to retain the benefit without reimbursing the plaintiff for the value received." *Singer v. Dungan,* At Law No. 107888, 1992 WL 884986 (Va. Cir. Ct. Oct. 28, 1992). | Probably. *Nossen v. Hoy,* 750 F. Supp. 740, 744-745 (E.D. Va. 1990) (finding no quasi-contract claim where plaintiffs can assert a remedy at law). *Wright v. Cangemo,* In Ch. No. 15084, 1993 WL 946172, at *1 (Va. Cir. Ct. July 20, 1993) (same). *But see City of Norfolk v. Norfolk County,* 91 S.E. 820, 821 (Va. 1917) (finding recovery for unjust enrichment, known in Virginia as action of "for money had and received," where there is an express contract, an implied contract in fact and an implied contract in law with no privity in fact). | Yes. "The 'unjust' in 'unjust enrichment' refers to the lack of the plaintiff having a remedy at law for any wrong perpetrated on him by the defendant." *Nossen,* 720 F. Supp. at 744-745. | Mixed. *City of Norfolk v. Norfolk County,* 120 Va. 356, 91 S.E. 820, 821 (1917) (no privity in fact required for recovery). *John C. Holland Enters., Inc. v. J.P. Mascaro & Sons, Inc.* 653 F. Supp. 1242, *1246 (E.D. Va. 1987) (unjust enrichment action cannot be maintained without privity); *Ellsworth Assocs., Inc. v. United States,* 917 F. Supp. 841, 849 (D.D.C. 1996) (relying on *Holland* to hold that under Virginia law, claim for unjust enrichment requires direct relationship between the parties). | |

40

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| WASHINGTON | Three elements must be established in order to sustain a claim based on unjust enrichment: A benefit conferred on it in a situation where the party conferring the benefit has no adequate remedy at law. *Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 991 P.2d 1126 (Wash. 2000). | Yes. Unjust enrichment is a remedy that prevents a party from retaining a benefit conferred upon the defendant by the plaintiff, an appreciation or knowledge by the defendant of the benefit; and the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value. *Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 810 P.2d 12, 18 (Wash. Ct. App. 1991) (quotation omitted). | Yes. "First, the enrichment of the defendant must be unjust; and second, the plaintiff cannot be a mere volunteer. Recovery in quasi contract is based on the prevention of unjust enrichment." *Lynch v. Deaconess Med. Ctr.*, 776 P.2d 681, 683 (Wash. 1989). *Bailie Commc'ns*, 810 P.2d at 18. | No. *Mill & Logging Supply Co. v. W. Tenino Lumber Co.*, 265 P.2d 807, 813 (Wash. 1954) (finding lack of privity to be "not fatal to appellant's attempt to state a current action in quasi-contract"). | |
| WEST VIRGINIA | "[T]o be entitled to equitable relief for unjust enrichment, a party must show that a payee received money to which the party was not entitled and that the payment was the result of a mistake" *Absure, Inc. v. Huffman*, 584 S.E.2d 507, 510 (W. Va. 2003). "[A] suit seeking monetary recovery under a theory of unjust enrichment is an action at law and therefore, can be tried before a jury." *Realmark Devs., Inc. v. Ranson*, 588 S.E.2d 150,153 -154 (W. Va. 2003). | "The West Virginia courts have strayed from the principle that unjust enrichment claims cannot be maintained when there is an express contract in only a few instances." *Res-Care, Inc. v. Mountain State Blue Cross & Blue Shield, Inc.*, No. Civ. A. 3:03CV-338-S, 2005 WL 2291193 (W.D. Ky. Sept. 19, 2005). If an express contract covers the same subject matter, there can be no recovery under a theory of implied contract. *Marshall v. Elmo Greer & Sons, Inc.*, 456 S.E.2d 554 (W. Va. 1995). | Probably. Equity will provide relief where "the payment was the result of a mistake for which equity will give relief is defined as some unintentional act, omission or error arising from unconsciousness, ignorance, forgetfulness, imposition or misplaced confidences." *Absure, Inc. v. Huffman*, 584 S.E.2d 507, 510 (W. Va. 2003). | No. Recovery of damages based upon the theories of quasi contract or unjust enrichment does not necessitate a finding of privity of contract between the parties. *Dunlap v. Hinkle*, 173 W.Va. 423, 427 n..2, 317 S.E.2d 508, 512 (W. Va. 1984). | |

41

| JURISDICTION | Elements of an Unjust Enrichment Claim | Absence of a legal remedy or contract required | Additional indicia of unjustness required. | Privity/ direct dealing required | Indirect purchaser claims or class actions limited, rejected, or barred |
|---|---|---|---|---|---|
| WISCONSIN | "The pertinent law controlling an unjust enrichment claim requires proof of three elements: (1) a benefit that has been conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of the benefit; and (3) acceptance and retention by the defendant of the benefit, under circumstances such that it would be inequitable to retain the benefit without payment." *Staver v. Milwaukee County*, 712 N.W.2d 387, 393 (Wis. Ct. App. 2006). | Yes. The doctrine of unjust enrichment applies only in the absence of a contract. *Cont'l Cas. Co. v. Wis. Patents Comp. Fund*, 473 N.W.2d 584 (Wis. Ct. App. 1991). "Unjust enrichment is not a mechanism for supplementing that which a purchaser perceives as inadequate contractual remedies." *Ball v. Sony Elecs., Inc.*, No. 05-C-307-S, 2005 WL 2406145, at *6 (W.D. Wis. Sept. 28, 2005). | Yes. "The question is whether the complaint alleges facts sufficient to establish, either expressly or by inference, the third requirement: that the benefit was accepted or retained under such circumstances as to make retention of the benefit... without payment therefor, inequitable. It is not enough to establish that a benefit was conferred and retained; the retention must be inequitable." *Puttkammer v. Minth*, 266 N.W.2d 361, 363 (Wis. 1978). | No. "[P]rivity is not necessary for recovery on a theory of unjust enrichment." *Puttkammer*, 266 N.W.2d at 366. | |
| WYOMING | "One who seeks relief based on unjust enrichment must prove all of the following four elements: (1) Valuable services were rendered, or materials furnished, (2) to the party to be charged, (3) which services or materials were accepted, used and enjoyed by the party to be charged, and (4) that the services or materials were furnished under such circumstances as would reasonably notify the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged. Without such payment, the party would be unjustly enriched." *Nuhome Invs., LLC v. Weller*, 81 P.3d 940, 948 (Wyo. 2003). | Yes. "[T]he unjust enrichment remedy is not available when an express contract exists." *Sowerwine v. Keith*, 997 P.2d 1018, 1021 (Wyo. 2000) (citing 66 Am. Jur. 2d *Restitution and Implied Contracts* § 6 (1973)). | Yes. "The fourth element of an unjust enrichment claim is actually two elements. Not only must the proponent of the theory prove that the circumstances were such that the other party was reasonably notified that the proponent expected to be paid for services rendered or materials furnished, but the proponent must prove that '[w]ithout such payment, the party would be unjustly enriched.'" *Jacoby v. Jacoby*, 100 P.3d 852, 856 (Wyo. 2004) (citations omitted). | Yes. *Boyce v. Freeman*, 39 P.3d 1062, 1066 (Wyo. 2002) (finding that plaintiff must supply a direct benefit to the defendant who must accept the benefit and know that the plaintiff expects compensation for the benefit in order for plaintiffs to state a claim on unjust enrichment). | |

42