IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., and NOVOPHARM, LTD., | ) ) ) | **REDACTED PUBLIC VERSION** |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 02-1512 (SLR) |
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTÉ, and LABORATOIRES FOURNIER S.A., | ) ) ) ) | CONSOLIDATED |
| Counterclaim Defendants. | ) ) | |
| IMPAX LABORATORIES, INC., | ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 03-120 (SLR) |
| ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTÉ, and LABORATOIRES FOURNIER S.A., | ) ) ) ) | CONSOLIDATED |
| Counterclaim Defendants. | ) ) | |
| IN RE TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) ) | C.A. No. 05-340 (SLR) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) | CONSOLIDATED |
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) ) | C.A. No. 05-360 (SLR) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) | CONSOLIDATED |

**DEFENDANTS' MOTION FOR PERMISSION TO FILE A MOTION
FOR SUMMARY JUDGMENT ON PLAINTIFFS' STATE LAW CLAIMS**

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Mary B. Graham (#2256)<br>James W. Parrett, Jr. (#4292)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>302.658.9200<br>jparrett@mnat.com | RICHARDS, LAYTON & FINGER<br>Frederick L. Cottrell, III (#2555)<br>Anne Shea Gaza (#4093)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>302.651.7700<br>gaza@rlf.com |
| OF COUNSEL: | OF COUNSEL: |
| William F. Cavanaugh, Jr.<br>Thomas W. Pippert<br>Rosanne E. Felicello<br>PATTERSON, BELKNAP, WEBB & TYLER LLP<br>1133 Avenue of the Americas<br>New York, NY 10036-6710 | William Baer<br>James L. Cooper<br>Anne P. Davis<br>ARNOLD & PORTER LLP<br>555 Twelfth Street, N.W.<br>Washington, DC 20004 |
| *Attorneys for Abbott Laboratories* | Timothy Bickham<br>STEPTOE & JOHNSON LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, DC 20036-1795 |
| | *Attorneys for Fournier Industrie et Santè<br>and Laboratoires Fournier S.A.* |

Dated: April 18, 2008
Redacted Filing Date: April 25, 2008

Defendants respectfully request permission to file a motion for summary judgment that is dispositive of the state-law claims asserted by the purported class of end payor plaintiffs (the "Indirect Purchasers"),[1] PacifiCare Health Systems, Inc. ("PacifiCare"),[2] Teva Pharmaceuticals USA, Inc. ("Teva"), and Impax Laboratories, Inc. ("Impax"). The Court did not address these claims at the April 3, 2008 scheduling conference when it ruled which summary judgment motions would be allowed.

Although plaintiffs tend to characterize this as an antitrust case, the reality is that, in addition to their antitrust claims, certain plaintiffs have filed an assortment of state tort claims. For example, the Indirect Purchasers seek nationwide certification of consumer fraud and unjust enrichment claims under the laws of each state.

The problems with certifying such classes are addressed in the class certification briefing. The Court need not reach the myriad of individual state law legal issues presented by the Indirect Purchasers Class if class certification is denied, as defendants maintain it should be. But there are also serious legal impediments to many of these claims under various state laws which are ripe for adjudication on summary judgment grounds. Whether these issues are deferred until after the Court issues a ruling on class certification, or whether a briefing schedule

---

[1] The purported class of end payor plaintiffs is made up of individual consumer plaintiffs and third-party payors, and others who are similarly situated. The named individual consumer plaintiffs represent seven states and the named third-party payors include Allied Services Division Welfare Fund, Sheetmetal Workers International Association Local Union 28, Painters' District Council No. 30 Health and Welfare Fund, Pennsylvania Employees Benefit Trust Fund, Philadelphia Federation of Teachers Health and Welfare Fund, and Vista Healthplan, Inc.

[2] PacifiCare is a third-party payor that asserts violations of various states' unfair competition or unfair or deceptive acts or practices statutes as well as unjust enrichment claims. PacifiCare is an end payor plaintiff that has opted out of participating in the purported class action.

is set prior to that decision, defendants submit that these issues are amenable to summary judgment and should be decided prior to trial.

There is no law of the case that limits the Court's ability to dispose of these claims as a matter of law on summary judgment. The Indirect Purchasers' and PacifiCare's claims for unjust enrichment were not addressed in defendants' motion to dismiss; those claims have never been considered by the Court. Unlike in the context of motions to dismiss, the Indirect Purchasers and PacifiCare cannot rely on their mere allegations of fraud to successfully oppose a motion for *summary judgment* in defendants' favor on their unfair competition and consumer fraud claims. Undisputed facts that have been developed through discovery show that there was no fraud, and defendants should be permitted to make that argument in the summary judgment context.

Judge Jordan's decision on defendants' motion to dismiss essentially invited a motion for summary judgment as to Teva and Impax's tortious interference claims. The Court noted that defendants had cited cases "where courts granted **summary judgment** because of a failure to prove the existence of [specific relationships that had been disrupted]." *Abbott Labs. v. Teva Pharms. USA, Inc.*, 432 F. Supp. 2d 408, 433 (D. Del. 2006) (emphasis added). The Court refused to dismiss the claims at the motion to dismiss stage, finding that plaintiffs' allegations were sufficient to state a claim, but did not disparage the legal authority that would allow for dismissal of these claims pursuant to a motion for summary judgment. *Id.*

### I.  UNJUST ENRICHMENT

As outlined in defendants' memorandum of law in opposition to class certification, a number of states that bar indirect purchasers from recovering damages for antitrust liability also prohibit, as a matter of law, indirect purchasers from recovering damages pursuant to a claim of unjust enrichment. *See* Defendants Answering Brief in Opposition to

Brief in Support of Indirect Purchaser Plaintiffs' Motion for Class Certification, D.I. 211 in C.A. No. 05-360 ("Opp. Indirect. Class Cert."), at 24-25. Thus, unjust enrichment claims made by indirect purchasers in those states should be dismissed as a matter of law, regardless of the facts. In addition, in many states, the undisputed facts support summary judgment in defendants' favor. For example, a number of states do not allow recovery pursuant to a theory of unjust enrichment where there is an adequate remedy at law. Opp. Indirect. Class Cert. at 23 & Appendix B (D.I. 213 in C.A. No. 05-360).

In certain states privity or direct dealing must be shown in order to recover under a theory of unjust enrichment. Opp. Indirect. Class Cert. at 26 & Appendix B. Thus, unjust enrichment claims made by indirect purchasers in those states should be dismissed as a matter of law. Indeed, Indirect Purchasers *themselves acknowledge* that some of their claims are susceptible to dismissal on this ground and that summary judgment is an appropriate vehicle for the court to address these issues. Reply Mem. In Support of End-Payor Plaintiffs' Motion for Class Certification at 16 (D.I. 250 in C.A. No. 05-360) ("Indirect Purchasers' Class Cert. Reply") (By definition, the Indirect Purchasers did not purchase any of the drugs from Defendants, and are not in privity with them. To the extent any state consumer act requires privity, those state claims should be addressed on a motion for summary judgment . . .").[3]

In their Complaint, the indirect purchaser plaintiffs assert that by "improperly withdrawing the reference code in the NDDF for TriCor® capsules in order to impose barriers to entry for generic manufacturers seeking to compete in the Relevant Market," defendants were unjustly enriched. However, the undisputed facts developed through discovery show that there

---

[3]   The Indirect Purchasers similarly acknowledge that any failure on their part to comply with pre-suit demand requirements of certain states should appropriately be addressed at the summary judgment stage. *Id.*

was nothing improper about the defendants' withdrawal of the reference code in the NDDF for TriCor® capsules after defendants stopped marketing the tablets.  Indeed, Teva's own witness and documents acknowledge that Teva similarly notified the pricing services when it discontinued a product.  *See* Transcript of Deposition of Gene Cioschi ("Cioschi Dep."), ▮

▮ Therefore, the Indirect Purchasers and PacifiCare cannot state a claim for unjust enrichment on the basis of defendants' withdrawal of the reference code in NDDF.

## II.    UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES

A number of state consumer protection laws limit standing to sue to "consumers," i.e. those who purchase goods for personal use. Opp. Indirect. Class Cert., at 19-20 & Appendix A (D.I. 212 in C.A. No. 05-360).  In those states, the third-party payor plaintiffs do not have a claim under the state consumer protection laws and their claims should be dismissed as a matter of law.  Here, again, the Indirect Purchasers have acknowledged that the question of whether purchasing entities have standing to sue "is a question of law that should be decided on a motion for partial summary judgment, not an issue to be tried to the jury." Indirect Purchasers' Class Cert. Reply at 15.

In certain states, defendants must be shown to have engaged in "actual deception" that resulted in consumers being misled to be liable under the consumer protection law.  Opp. Indirect. Class Cert. at 20-21 & Appendix A.  The undisputed facts do not support a finding that

defendants made any misrepresentations that caused harm to the plaintiffs. Defendants' conduct in adding new products to the market and removing other products from the market is not a misrepresentation. The information that defendants provided to NDDF, that an old formulation had been discontinued, was accurate, and thus as a matter of law cannot be a misrepresentation.

Some states require plaintiffs to demonstrate reliance in order to prevail on their consumer protection claims. The undisputed facts do not support a finding that the plaintiffs relied on any statements made by the defendants. Indeed, the named plaintiffs have testified at their depositions

Further, as discussed above, Teva's own witness and documents support a finding

Thus, Indirect Purchasers and PacifiCare's allegations of fraud based on this fact are insufficient to defeat summary judgment.

The plaintiffs also allege that certain patents were obtained through fraud. This issue will be addressed in the memorandum of law in support of defendants' motion for summary judgment on the issue of the propriety of the patent litigation, but it should also result in the dismissal of the state law fraud claims.

### III.   TORTIOUS INTERFERENCE CLAIMS

Teva and Impax allege defendants' conduct amounted to tortious interference with their "prospective economic advantage" or "valid business expectancy" with unidentified customers and "various purchasers." Impax Counterclaims, D.I. 289 in C.A. No. 03-120, at ¶¶ 172-74; Teva Counterclaims, D.I. 360 in C.A. No. 02-1512, at ¶¶ 361-68. Plaintiffs can marshal no facts that support such a theory of liability. The absence of facts indicating specific, actual or potential contracts is fatal to their claim. *See, e.g. Lucent Info. Mgmt. v. Lucent Techs.*, 5 F. Supp. 2d 238, 243 (D. Del. 1998) (granting summary judgment where plaintiff made "the

- 5 -

broad claim that participants are 'potential' customers, but [did] not cite any actual contract, or even contract discussions, with any of these parties"). Even if Teva or Impax were able to identify a purchaser whose contract or potential contract was disrupted by defendants' alleged conduct and defendants submit they cannot, their claims for tortious interference would be limited to that purchaser.

## CONCLUSION

Defendants respectfully request permission to file a motion for summary judgment on plaintiffs' state law claims, as allowed by Rule 56.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER |
|---|---|
| */s/ James W. Parrett, Jr.* | */s/ Anne Shea Gaza* |
| Mary B. Graham (#2256) <br> James W. Parrett, Jr. (#4292) <br> 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE 19899 <br> 302.658.9200 <br> jparrett@mnat.com | Frederick L. Cottrell, III (#2555) <br> Anne Shea Gaza (#4093) <br> One Rodney Square <br> 920 N. King Street <br> Wilmington, DE 19801 <br> 302.651.7700 <br> gaza@rlf.com |
| OF COUNSEL: | OF COUNSEL: |
| William F. Cavanaugh, Jr. <br> Thomas W. Pippert <br> Rosanne E. Felicello <br> PATTERSON, BELKNAP, WEBB & TYLER LLP <br> 1133 Avenue of the Americas <br> New York, NY 10036-6710 | William Baer <br> James L. Cooper <br> Anne P. Davis <br> ARNOLD & PORTER LLP <br> 555 Twelfth Street, N.W. <br> Washington, DC 20004 |
| *Attorneys for Abbott Laboratories* | Timothy Bickham <br> STEPTOE & JOHNSON LLP <br> 1330 Connecticut Avenue, N.W. <br> Washington, DC 20036-1795 |
| | *Attorneys for Fournier Industrie et Santè and Laboratoires Fournier S.A.* |

Dated: April 18, 2008
2297639

## **RULE 7.1.1 CERTIFICATION**

I hereby certify that counsel for defendants have raised the subject of the foregoing motion with counsel for the plaintiffs, and that the parties have not been able to reach agreement on the issues raised in the motion

Dated: April 18, 2008

*/s/ James W. Parrett, Jr.*
James W. Parrett, Jr. (#4292)

2299041