**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION ) ) ) ) THIS DOCUMENT RELATES TO: ) PACIFICARE HEALTH SYSTEMS, INC. ) C.A. No. 05-591 ) | C.A. No. 05-360 (SLR) CONSOLIDATED |

**PACIFICARE'S OPPOSITION TO THE DEFENDANTS'
MOTION FOR PERMISSION TO FILE A MOTION FOR
SUMMARY JUDGMENT ON PLAINTIFFS' STATE LAW CLAIMS**

Pacificare Health Systems, Inc. opposes the defendants' motions for leave to file summary judgment motions not authorized by the Court's instructions at the April 3, 2008 status conference. In addition to the arguments set forth in the Indirect Purchaser Plaintiffs' Memorandum in Opposition to Defendants' Motion for Leave to File Summary Judgment Motion on Plaintiffs' State Law Claims,[1] Pacificare also files this separate response to emphasize that the various state consumer protection law issues that the defendants wish to raise via additional summary judgment motions turn on fact issues that are closely related to Pacificare's and the other plaintiffs' state and federal antitrust claims. The Court has already stated that these issues should be resolved at trial rather than summary judgment.

**ARGUMENT**

**A.    The Court Specified Two Issues for Summary Judgment and This Is Not One of Them.**

The Order the Court issued memorializing its rulings from the April 3, 2008 status conference makes clear that "[t]he parties may file summary judgment motions related to two

---

[1]    The Indirect Purchasers' Opposition was filed in *In re Tricor Indirect Purchaser Antitrust Litigation*, C.A. No. 05-360 (SJR) (Consolidated).

issues: market definition and the propriety of the patent litigations." Order, Apr. 3, 2008, at 2. During the status conference, the Court explained that it based this limitation on (1) the Court's previous negative experiences with broad summary judgment practice in large antitrust cases like this one, Tr. (Ex. 1) at 8; and (2) the Court's concern to conserve limited judicial resources. Ex. 1 at 7.

The defendants, contrary to the Court's instructions, have now asked to file two more summary judgment motions. Like the "antitrust injury" issue—which has been addressed separately[2]—the state law matters cited by the defendants are not among the "few issues" that the Court determined would be an appropriate use of limited judicial resources before the trial stage. Ex. 1 at 7:19-7:21. The defendants' motion should be denied.

**B.    Pacificare's State Law Claims Depend on Disputed Facts That Will Be Tried to the Jury on the Antitrust Claims.**

In addition to the patent issues on which the Court is permitting summary judgment briefing, Pacificare alleges that Abbott and Fournier violated state consumer protection statutes by using their market power to intentionally shift the fenofibrate market from dosages and/or formulations in which Defendants confronted generic competition to dosages and formulations in which they did not. Pacificare's First Amended Complaint ¶192 [Docket No. 35]. Pacificare also alleges that Abbott and Fournier were unjustly enriched by their anticompetitive conduct. Unjust enrichment similarly depends on the allegation that defendants have benefitted from the monopoly on their sales of TriCor resulting from the unlawful and inequitable acts alleged in this complaint—that is, the same anticompetitive scheme at the center of the case—and seeks disgorgement of the defendants' inequitably obtained profits. *Id.* at ¶¶ 202, 202-209.

---

[2]    Pacificare joined the Direct and Indirect Purchaser Plaintiffs' Opposition to Motion for Leave to File a Motion for Summary Judgment on Antitrust Injury, filed in *In re Tricor Direct Purchaser Antitrust Litigation*, C.A. No. 05-340 (SLR) (Consolidated) and *In re Tricor Indirect Purchaser Antitrust Litigation*, C.A. No. 05-360 (SLR) (Consolidated).

151990                                          2

In other words, the defendants' overall anticompetitive scheme—the same scheme that forms the basis for all the antitrust allegations in this case—is a basis for Pacificare's state law claims. The issues involved in these claims include whether Abbott and Fournier intentionally used their market power to shift the market and shut out the generics and whether the defendants' conduct constituted fraud or deception within the meaning of various state statutes. At the hearing on April 3, the Court stated that it would entertain summary judgment motions concerning certain specific preliminary issues. The Court made clear that it would not entertain summary judgment motions on the overall lawfulness of the defendants' conduct. Ex. 1 at 8:7-8:23.

The Court has stated that these issues will be tried to the jury in relation to the plaintiffs' antitrust claims. It would be counterproductive, needlessly repetitive and inappropriate to decide them in advance on a motion for summary judgment relating to Pacificare's other state law claims.

## CONCLUSION

For the foregoing reasons, the reasons set out in the Indirect Purchaser Plaintiffs' Memorandum in Opposition to Defendants' Motion for Leave to File Summary Judgment Motion on Plaintiffs' State Law Claims, and the reasons set out in the Direct and Indirect Purchaser Plaintiffs' Opposition to Motion for Leave to File a Motion for Summary Judgment on Antitrust Injury, Pacificare respectfully requests that the Court reject Abbott and Fournier's attempt to alter the Court's previous explicit limitation of the scope of summary judgment practice in this case. Both motions for leave to file additional summary judgment motions should be denied.

Respectfully submitted,

MURPHY & LANDON

/s/ Jonathan L. Parshall_____
Jonathan L. Parshall
1011 Centre Road, Suite 210
Wilmington, Delaware 19805
Telephone: 302-472-8100
Telecopy: 302-472-8135

William Christopher Carmody
John W. Turner
Shawn J. Rabin
Garrick B. Pursley
SUSMAN GODFREY L.L.P.
901 Main Street, Suite 5100
Dallas, Texas 75202
Telephone: 214-754-1900
Telecopy: 214-754-1933

Mark D. Fischer
Mark S. Sandmann
Jeffrey C. Swann
RAWLINGS & ASSOCIATES
One Eden Parkway
LaGrange, Kentucky. 40031-1800
Telephone: 502-814-2157
Telecopy: 502-584-8580

Kendall Zylstra
Faruqi & Faruqi, LLP
369 Lexington Avenue
10th Floor
New York, New York 10017-6531

**ATTORNEYS FOR PACIFICARE HEALTH SYSTEMS, INC.**

## **CERTIFICATE OF SERVICE**

This is to certify that on this the 2nd day of May 2008, I electronically filed Pacificare's Opposition to the Defendants' Motion for Permission to File a Motion for Summary Judgment on Plaintiffs' State Law Claims with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to all counsel of record.

                                            MURPHY & LANDON

                                            /s/ Jonathan L. Parshall
                                            Jonathan L. Parshall (No. 3247)
                                            1011 Centre Road, Suite 210
                                            Wilmington, Delaware 19805
                                            Telephone: 302-472-8100
                                            Fax: (302) 472-8135
                                            e-mail: jonp@msllaw.com