# EXHIBIT 1

1

```
1              IN THE UNITED STATES DISTRICT COURT
               IN AND FOR THE DISTRICT OF DELAWARE
2                          - - -
       TEVA PHARMACEUTICALS  USA,   :   CIVIL ACTION
3      INC.,and TEVA                :
       PHARMACEUTICAL INDUSTRIES,   :
4      LTD.,                        :
           Counterclaim Plaintiffs  :
5              v.                   :
                                    :
6      ABBOTT LABORATORIES,         :
       FOURNIER INDUSTRIE ET        :
7      SANTE, and LABORATOIRES      :
       FOURNIER S.A.,               :
8          Counterclaim Defendants. :   NO. 02-1512 (SLR)
       --------------------------   :   (Consolidated)
9      IMPAX LABORATORIES, INC.,    :
           Counterclaim Plaintiff   :   CIVIL ACTION
10                                  :
           vs.                      :
11                                  :
       ABBOTT LABORATORIES,         :
12     FOURNIER INDUSTRIE ET        :
       SANTE, and LABORATOIRES      :
13     FOURNIER S.A.,               :   NO. 03-120 (SLR)
           Counterclaim Defendants. :   (Consolidated)
14     --------------------------   :
       IN RE TRICOR DIRECT          :   CIVIL ACTION
15     PURCHASER ANTITRUST          :   NO. 05-340 (SLR)
       LITIGATION                   :   (Consolidated)
16     --------------------------   :
       IN RE TRICOR INDIRECT        :   CIVIL ACTION
17     PURCHASER ANTITRUST          :   NO. 05-360
       LITIGATION                   :   (Consolidated)
18
                                    - - -
19                                  Wilmington, Delaware
                                    Thursday, April 3, 2008
20                                  10:07 o'clock, a.m.
                                    - - -
21
       BEFORE:  HONORABLE SUE L. ROBINSON, U.S.D.C.J.
22
                                    - - -
23

24                                  Valerie J. Gunning
                                    Official Court Reporter
25
```

2

1  APPEARANCES:

2

3      YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
       BY:  JOSY W. INGERSOLL ESQ.
4

5          -and-

6

7      GOODWIN PROCTER LLP
         BY:  CHRISTOPHER T. HOLDING, ESQ.
8          (Boston, Massachusetts)

9      Counsel for Teva Pharmaceuticals USA, Inc.
       and Teva Pharmaceuticaal Industries Ltd.
10

11

12     MORRIS, NICHOLS, ARSHT & TUNNELL
       BY:  MARY B. GRAHAM, ESQ.
13

14         -and-

15

16     MARY B. GRAHAM, ESQ.
         BY:  PATTERSON BELKNAP WEBB & TYLER LLP.
17         WILLIAM F. CAVANAUGH, JR., ESQ.
           CHAD J. PETERMAN, ESQ. and.
18         ROSEANNE FELICELLO, ESQ.
           (New York, New York)
19

20     Counsel for Abbott Laboratories

21

22

23

24

25

---

3

1  APPEARANCES (Continued):

2

3      RICHARDS, LAYTON & FINGER.
       BY:  FREDERICK L. COTTRELL, ESQ. and.
4      ANNE SHEA GAZA, ESQ.

5          -and-

6

7      ARNOLD & PORTER LLP
       BY:  WILLIAM BAER, ESQ. and
8          JAMES COOPER, ESQ.
           (Washington, D.C.)
9

10         -and-

11

12     STEPTOE & JOHNSON
       BY:  TIMOTHY BICKHAM, ESQ.
13         (Washington, D.C.)

14     Counsel for Fournier Industrie et Sante,
       and Laboratoires Fournier S.A.
15

16

17     MORRIS JAMES LLP
       BY:  MARY B. MATTERER, ESQ.
18

19         -and-

20

21     KEKER & VAN NEST LLP
       BY:  ROBERT VAN NEST, ESQ.,
22         ASIM BHANSALI, ESQ. and
           C. KYLE MUSGROVE, ESQ.
23         (San Francisco, California)

24     Counsel for Impax Laboratories, Inc.

25

---

4

1  APPEARANCES (Continued):

2

3      CHIMICLES & TIKELLIS LLP
       BY:  A. ZACHARY NAYLOR, ESQ.
4

5          -and-

6

7      J. THOMPSON & ASSOCIATES PLC
       BY:  JASON THOMPSON, ESQ.
8          (Southfield, Michigan)

9          -and-

10

11     HAGENS BERMAN SOBOL SHAPIRO LLP
       BY:  DAVID S. NALVEN, ESQ.
12         (Cambridge, Massachusetts)

13     Counsel for End Payor Plaintiff Class

14

15

16     ROSENTHAL, MONHAIT & GODDESS, P.A.
       BY:  JEFFREY S. GODDESS, ESQ.

17

18         -and-

19

20     GARWIN, GERSTEIN & FISHER
       BY:  BARRY S. TAUS, ESQ. and
           ADAM STEINFELD, ESQ.
21         (New York, New York)

22         -and-

23

24

25

---

5

1  APPEARANCES (Continued):

2

3      BERGEN & MONTAGUE, P.C.
       BY:  PETER KOHN, ESQ.
4          ERIC CRAMER, ESQ.
           (Philadelphia, Pennsylvania)
5

6      Counsel for Direct Purchaser

7

8      PRICKETT JONES & ELLIOTT, P.A.
       BY:  ELIZABETH M. McGEEVER, ESQ.
9

10         -and-

11

12     HANGLEY APONCHIK SEGAL & PUDLIN
       BY:  JOSEPH T. LUKENS, ESQ.
13         (Philadelphia, Pennsylvania)

14

15     Counsel for Walgreen Co., Eckerd
       Corporation, The Kroger Co., Maxi Drug,
16     Inc. D/b/a Brooks Pharmacy, Albertson's,
       Inc., Safeway, Inc. And Hy-Vee, Inc.,
17     CVS Pharmacy, Inc. Rite Aid Corporation,
       Rite Aid Headquarters Corp. and American
18     Sales Company, Inc.

19

20     MURPHY & LANDON
21     BY:  FRANCIS J. MURPHY, JR., ESQ.

22         -and-

23

24

25

6

1   APPEARANCES (Continued):

2

3       RAWLINGS & ASSOCIATES, P.L.L.C.
        BY:  MARK SANDMAN, ESQ.
4           (Louisville, Kentucky)

5

            -and-
6

7       FARUQI & FARUQI LLP
        BY:  KENDALL S. ZYLSTRA, ESQ. and
8           (New York, New York)

9

        Counsel for Pacificare Health Systems
10

11          - - -

12

13

14

15

16

17

18

19

20

21

22

23

24

25

---

7

1           P R O C E E D I N G S

2

3       (Proceedings commenced in the courtroom,

4   beginning at 10:07 a.m.)

5

6       THE COURT:  Good morning, everyone.

7           (Counsel respond, "Good morning, your Honor.")

8       THE COURT:  I found your status letter very

9   helpful and have some thoughts about how we're going to

10  proceed.

11          Let me just explain to you that not only have

12  all the district judges taken on additional caseloads, but

13  that I have one of my two law clerks out on pregnancy,

14  maternity leave, so to deal with the case of this complexity

15  is certainly a challenge.

16          But it seems to me that a few things are

17  apparent.  Number one, I do not have the resources to deal

18  with full-blown summary judgment practice, but there are a

19  few issues that, from your summary, seems to me to be an

20  appropriate use of my limited judicial resources to define

21  before we get to a trial stage.

22          And that is defining the relevant market and the

23  propriety of the patent litigations, inequitable conduct,

24  which is really a bench issue.  And those are three issues

25  that I would pick out for trying to resolve at an earlier

---

8

1   stage.

2           Class certification, certainly, is something

3   that I will attend to and put on my list of motions that

4   we'll try to get to just as soon as possible, because I

5   think that does need to be resolved sooner rather than

6   later.

7           Although the defendants say that the material

8   facts are not really in dispute, I have never found that

9   necessarily to be the case with antitrust litigation, and I

10  have tried my summary fashion in another antitrust case, and

11  instead of a concise statement of facts, you all gave me

12  papers that are probably this high (indicating).  Therefore,

13  I have concluded, once again, that there's no easy way to

14  deal with lawyers in complex litigation.  It's virtually

15  impossible.  You can't help yourselves.  You file more paper

16  than I can deal with in a helpful fashion.

17          So we're not going to even try that here.  But

18  it seems to me as though, if we get a few of the preliminary

19  issues out, that some of these other issues, the nature of

20  the product improvements, whether everyone received a

21  benefit, et cetera, I think those are absolutely fact --

22  that those are issues of fact that should be resolved by the

23  ultimate trier of fact, not by me on summary judgment.

24          So those are my preliminary thoughts.  You all

25  came here at some expense and trouble, so I certainly don't

---

9

1   want to deny you the benefit of earning your money, and if

2   you care to, all of you, make statements to supplement

3   your status report or to offer any further helpful

4   suggestions, and eventually we'll have to talk about a

5   schedule, I would certainly appreciate that and give you

6   that opportunity.

7           Give me one minute while I turn on my computer

8   to get my schedule up, and then whoever wants to start out

9   in this long line of folks can certainly do so.

10          MS. MATTERER:  Good morning, your Honor.  I'm

11  Mary Matterer, on behalf of Impax Laboratories, and I would

12  like to introduce Robert Van Nest from the law firm of Keker

13  & Van Nest, and Asim Bhansali, and also Kyle Musgrove, from

14  Kenyon & Kenyon, representing Impax.

15          THE COURT:  All right.  Thank you very much.

16          MR. VAN NEST:  Good morning, your Honor.  Bob

17  Van Nest, from Keker & Van Nest.

18          We appreciate your comments and your approach

19  sounds very sensible.  We understand, all of us, the

20  constraints on your Honor's resources, especially with only

21  one clerk.

22          And I'm going to talk really for both of the

23  competitor plaintiffs, but I will touch on some issues

24  that are common to all of us, because everyone on the

25  plaintiffs' side has been coordinating carefully as we've