## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) |
| | C.A. No. 05-360 (SLR) (consolidated) |
| THIS DOCUMENT RELATES TO: C.A. NOS. 05-360; 05-365; 05-390; 05-394; 05-426; 05-450; 05-467; 05-475; 05-482; 05-516 AND 05-695 | ) ) ) ) ) ) |

## INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT MOTION ON PLAINTIFFS' STATE LAW CLAIMS

**Chimicles & Tikellis, LLP**
Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4439)
P.O. Box 1035
One Rodney Square
Wilmington, DE 19899
Tel: 302-656-2500
Fax: 302-656-9053

Attorneys for the End-Payor Class

Date: May 2, 2008

ADDITIONAL COUNSEL ON SIGNATURE PAGE

## I.    INTRODUCTION

Indirect Purchaser Plaintiffs hereby oppose Defendants' Motion for Permission to File a

Motion for Summary Judgment on Plaintiffs' State Law Claims (D.I. 377 ).[1]  Despite the Court's

ruling at the Rule 16 conference that motions for summary judgment would be allowed on only

two limited issues, and the logic of the Court's ruling – that additional motions will burden the

Court but not streamline the proceedings, and may well be futile – Defendants move to file

precisely the kind of motions the Court sought to avoid.  The Court properly limited summary

judgment and will not benefit from additional filings.  Accordingly, Defendants' motion should

be denied.

## II.    ARGUMENT

### A.    Defendants' Motion is Improper and Untimely

Defendants argued for summary judgment briefing on product improvement, but failed to

raise their desire to file a motion as to the state law claims either in the Joint Status Report to the

Court submitted prior to the Rule 16 Conference, or at the Conference itself.  By failing to raise

this issue at the Conference, Defendants prevented the Court from addressing their request within

the overall mix of issues presented at the Conference, thus defeating the essential purpose of the

Rule 16 Conference and the parties' preparation for it.

Moreover, because the Court has already ruled on the scope of summary judgment

briefing, Defendants' motion, while not so labeled, is in truth a motion for reargument which,

---

[1] Indirect Purchaser Plaintiffs respond only to the arguments directed at the claims set forth in their complaints, not the arguments directed to the state law claims of the generic competitor plaintiffs.

under law, is "sparingly granted" in order to "correct manifest errors of law or fact." D. Del. LR

7.1.5 (effective June 30, 2007); *see Samuel v. Carroll*, 505 F. Supp. 2d 256, 261 (D. Del. 2007)

(Robinson, J.) (motion for reconsideration is "not properly grounded on a request that a court

rethink a decision already made.").

### B.    Summary Judgment on State Law Issues Will Not Streamline the Trial

Defendants' motion on state law issues will not result in greater judicial efficiency

because it seeks only *partial* summary judgment, going only to certain claims of certain class

members in certain states. Defendants are not challenging the state antitrust claims, which this

Court has already indicated are to be read as identical to the federal claims.[2]  As described in

previous briefs,[3] the elements of the Indirect Purchasers' antitrust claims are remarkably similar

to those required to prove their state consumer protection and unjust enrichment claims.

Therefore, it will not simplify the issues to be presented as part of the scheduled liability trial.

Moreover, whether the trial proceeds on the law of 50 states or 44 states or some other number of

states, Plaintiffs will have to prove the same elements on liability to the jury. The only

differences in proof will come at the damages stage, when Plaintiffs' expert must know whether

to include TriCor purchases in specific states in order to provide his total calculation to the jury.

Summary judgment briefing should not be entertained where the motion, even if granted,

---

[2]  This Court and others have recognized that the antitrust laws of all of the indirect purchaser
states follow (except as to indirect purchaser standing) the standards of the federal statutes.
*Abbott Laboratories v. Teva Pharmaceuticals USA, Inc.*, 432 F. Supp. 2d 408, 433 (D. Del.
2006); *see also Vista Healthplan, Inc. v. Warner Holdings Company III, Ltd.*, 246 F.R.D. 349,
359 (D.D.C. 2007); *In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 275 (D. Mass. 2004).

[3]  *See* Brief in Support of Indirect Purchaser Plaintiffs' Motion for Class Certification, filed May
8, 2006, D.I. 117, at 30-36; and Reply Memorandum in Support of End-Payor Plaintiffs' Motion
for Class Certification, filed Oct. 4, 2006, D.I. 250, Attachment A, at 2-9.

will not affect the presentation of evidence at trial. *See Taylor v. Rederi A/S Volo,* 374 F.2d 545, 549 (3d Cir. 1967) (partial summary judgment denied where granting the motion would not expedite the litigation since "[the] part of [the] action … ripe for summary judgment … is intertwined with another claim that must be tried."); *See Remediation Constructors, Inc. v. United States,* 68 Fed. Cl. 162, 166 (Fed. Cl. 2005) ("a piecemeal approach to resolving this action is not an efficient use of judicial resources"); *State of New York v. Amfar Asphalt Corp.,* No. 83 Civ. 2598, 1986 WL 27582, at *2 (E.D.N.Y. 1986) (noting district court's discretion to deny summary judgment in antitrust case may be exercised when "the issues raised in the motion are closely meshed with issues to be tried and summary disposition of these issues would not materially expedite the proceedings").

Defendants' proposed summary judgment motion has the added defect of requiring lengthy motion practice at a time when the parties should be getting ready for trial. The resources of the parties and the Court should not be exhausted by briefing on issues that may not now, or ever, need to be decided.

### C.    Summary Judgment Practice will be Futile Because Defendants' Argument is Meritless

Defendants' request to brief summary judgment on state law claims should be denied because the argument for summary judgment is without merit and the exercise will be futile. Defendants purport to argue, on the one hand, that the unjust enrichment claims must be dismissed if there is an adequate remedy at law (Def. br. at 3), but then argue, on the other hand, that the claims must be dismissed where there is no remedy at law because the state law or courts do not recognize standing for indirect purchasers (Def. br. at 2-3). They cannot have it both ways.

Claims for unjust enrichment "'are universally recognized causes of action that are materially the same throughout the United States.'" *In re Terazosin*, 220 F.R.D. 672, 697 n.40 (S.D. Fla. 2004) ("*Hytrin*") (quoting *Singer v. AT&T Corp.*, 185 F.R.D. 681, 692 (S.D. Fla. 1998)). These claims are commonly asserted in indirect purchaser pharmaceutical antitrust litigation and permitted to proceed. *See In re Abbott Laboratories Norvir Antitrust Litig.*, C.A. No. 04-1511, 2007 WL 1689899, at *9 (N.D. Cal. June 11, 2007); ("[T]he variations among some States' unjust enrichment laws *do not significantly alter the central issue or the manner of proof*.") (emphasis added); *Vista Healthplan, Inc. v. Warner Holdings*, 246 F.R.D. at 359 (certifying pharmaceutical settlement class including unjust enrichment claims).

The absence of an indirect purchaser statute in a particular state does not affect the availability of a claim for unjust enrichment to consumers in that state. Courts and scholars have long recognized unjust enrichment as an independent basis of liability under state common law, available not to enforce other areas of the law, but to enforce the law of unjust enrichment, which is the source of its own obligations and provides its own remedy. *See* Draft Restatement (Third) of Restitution and Unjust Enrichment § 1, 2000 WL 815334 (March 31, 2000) (discussion draft of the American Law Institute). Comment (b) of the Draft states:

> [A] misconception is that restitution is essentially a remedy, available in certain circumstances to enforce obligations derived from torts, contracts, and other topics of substantive law. On the contrary, restitution (meaning the law of unjust or unjustified enrichment) is itself a source of obligations, analogous in this respect to tort or contract. A liability in restitution is enforced by restitution's own characteristic remedies, just as a liability in contract is enforced by what we think of as contract remedies. The identification of unjust enrichment as an independent basis of substantive liability in common-law legal systems was the central achievement of the first Restatement of Restitution.

This Court certified a nationwide settlement class of indirect purchasers of a brand name drug, which included unjust enrichment claims from all states, and was upheld on appeal. *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231 (D. Del. 2002), *aff'd*, 391 F.3d 516, 529-30 (3d Cir. 2004). Accordingly, the claims afford Plaintiffs an independent basis on which to recover, irrespective of the success of Plaintiffs' antitrust claims. *See In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 618, 669 (E.D. Mich. 2000), *aff'd on other grounds*, 332 F.3d 896 (6th Cir. 2003) (rejecting defendants' position that "the success of Plaintiffs' common law unjust enrichment claims necessarily depend upon the success of their statutory claims [because] courts often award equitable remedies under common law claims for unjust enrichment in circumstances where claims based upon contract or other state law violations prove unsuccessful.") (citations omitted).[4]

Defendants also argue that unjust enrichment requires privity. According to the Restatement, Restitution § 123, "It is immaterial how the money may have come into the defendant's hands, and the fact that it was received from a third person will not affect his liability, if, in equity and good conscience, he is not entitled to hold it against the true owner." As stated by the Third Circuit, "the essence of the doctrine of unjust enrichment is that there is no direct relationship between the parties." *Benefit Trust Life Ins. Co. v. Union Nat'l Bank*, 776 F.2d 1174, 1177 (3d Cir.1985). *See In re Cardizem CD Antitrust Litigation*, 105 F. Supp. 2d at 670-71 (rejecting defendants' privity argument: "Whether or not the benefit is directly conferred

---

[4] *See also D.R. Ward Construction Co. v. Rohm and Haas Co.*, 470 F. Supp. 2d 485, 506 (E.D. Pa. 2006) ("plaintiffs may bring independent unjust enrichment claims" under state law and "the viability of these claims does not hinge upon the success of the state statutory antitrust claims" that plaintiffs also pleaded); Daniel R. Karon, *Undoing the Otherwise Perfect Crime – Applying Unjust Enrichment to Consumer Price-Fixing Claims*, 108 W. Va. L. Rev. 395, 418-

on the defendant is not the critical inquiry; rather, the plaintiff must show that his detriment and the defendant's benefit are related and flow from the challenged conduct.").[5]

As to the consumer protection statutes of different states, Indirect Purchasers' proposed detailed Trial Plan shows that the same proofs that will be offered under state consumer protection statutes will be offered to prove violation of state antitrust laws.[6]  Once again, the only material difference of proof will come at the damages stage, when Plaintiffs' expert must know whether to include TriCor purchases from specific states in order to provide a total calculation to the jury.  Such burdensome motion practice is not necessary for the trial of liability in this case.

---

422 (2005).

[5] *See also In re Lorazepam & Clorazepate Antitrust Litig*, 295 F. Supp. 2d 30, 51 D.D.C. 2003) (upholding unjust enrichment claims of indirect purchaser plaintiffs who did not confer direct benefit on defendant pharmaceutical company); *Commonwealth v. TAP Pharmaceutical Products, Inc.*, 885 A.2d 1127, 1137-38 (Pa. Commw. 2005) (upholding unjust enrichment claim where benefit was not conferred directly from plaintiff purchaser to defendant pharmaceutical company).

[6] *See* Brief in Support of Indirect Purchaser Plaintiffs' Motion for Class Certification, filed May 8, 2006, D.I. 117, McDonald Decl., Ex. 48, Tab C.

## III.    CONCLUSION

For the reasons set forth herein and in prior submission, Plaintiffs' respectfully request that Defendants' Motion for Permission to File a Motion for Summary Judgment on Plaintiffs' State Law Claims be denied.

**CHIMICLES & TIKELLIS LLP**

Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4439)
P.O. Box 1035
One Rodney Square
Wilmington, DE 19899
Tel: 302-656-2500
Fax: 302-656-9053

*Liaison Counsel for End-Payor Plaintiffs*

**LABATON SUCHAROW LLP**
Bernard Persky
Christopher J. McDonald
140 Broadway
New York, NY 10005

**CAFFERTY FAUCHER LLP**
Bryan L. Clobes
1717 Arch Street
Suite 3610
Philadelphia, PA 19103
-and-
Patrick E. Cafferty
101 N. Main Street, Suite 450
Ann Arbor, MI 48101

**SPECTOR, ROSEMAN & KODROFF, P.C.**
Jeffrey L. Kodroff
Theodore M. Lieverman
1818 Market Street, Suite 2500
Philadelphia, PA 19103

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Thomas M. Sobol
David S. Nalven
One Main Street, 4th Floor
Cambridge, MA 02142
-and-
Steve W. Berman
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

*Interim Co-Lead Counsel for End-Payor Plaintiffs*

Dated: May 2, 2008