IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) ) ) | C.A. No. 05-360 (SLR) (consolidated) |
| THIS DOCUMENT RELATES TO: C.A. NOS. 05-360; 05-365; 05-390; 05-394; 05-426; 05-450; 05-467; 05-475; 05-482; 05-516 AND 05-695 | ) ) ) ) ) | **REDACTED PUBLIC VERSION** |

**SUPPLEMENTAL BRIEF IN SUPPORT OF END-PAYOR PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**Chimicles & Tikellis, LLP**
Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4439)
P.O. Box 1035
One Rodney Square
Wilmington, DE 19899
Tel: 302-656-2500
Fax: 302-656-9053

Attorneys for the End-Payor Class

Date: May 1, 2008

ADDITIONAL COUNSEL ON SIGNATURE PAGE



# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

A. Plaintiffs Rely Upon Standard Economic Modeling to Demonstrate Class-Wide Impact and Calculate Aggregate Damages .......... 2

1. This case alleges antitrust injuries in the form of overcharges paid as a result of foreclosed generic competition .......... 4

2. The volume of fenofibrate sales in the "but for" world is a disputed issue of fact for the jury .......... 6

3. The price of TriCor in the "but for" world is a disputed issue of fact for the jury .......... 7

4. Dr. King has calculated damages on class-wide basis using standard economic methodologies .......... 8

B. Plaintiffs' Unjust Enrichment Claims Focus on Predominant Common Questions .......... 8

C. Trial of this action on a class-wide basis is manageable .......... 9

CONCLUSION .......... 10

**TABLE OF AUTHORITIES**

*In re Abbott Laboratories Norvir Anti-Trust Litig.*, No. C 04-1511 CW, 2007 WL 1689899 (N.D. Cal. June 11, 2007) ........ 8

*Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.*, No. 99cv741, 2006 WL 3371690 (D.N.J. Nov. 17, 2006) ........ 8

*In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1101 (N.D. Cal. 2007) ........ 9

*Howard Hess Dental Laboratories, Inc. v. Dentsply Intern., Inc.*, 424 F.3d 363 (3d Cir. 2005) ........ 4

*In re Intel Corp. Microprocessor Antitrust Litig.*, 496 F. Supp. 2d 404 (D. Del. 2007) ........ 9

*Kerrigan v. Philadelphia Board of Election*, No. 07-687, 2008 WL 706688 (E.D. Pa. Mar. 13, 2008) ........ 1

*In re Live Concert Antitrust Litig.*, 247 F.R.D. 98 (C.D. Cal. 2007) ........ 6

*Meijer, Inc. v. Warner-Chilcott Holdings Co. III, Ltd.*, 246 F.R.D. 293 (D.D.C. 2007) ........ 3-5

*New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, No. 05-11148PBS, 2008 WL 723774 (D. Mass. Mar. 19, 2008) ........ 8

*In re New Motor Vehicles Canadian Export Antitrust Litig.*, No. 07-2257, 2008 WL 820922 (1st Cir. Mar. 28, 2008) ........ 1,3-5

*In re OSB Antitrust Litig.*, C.A. No. 06-826, 2007 WL 2253418 (E.D. Pa. Aug. 3, 2007) ........ 3,9

*Powers v. Lycoming Engines*, 245 F.R.D. 226 (E.D. Pa. 2007) ........ 9

*In re Pressure Sensitive Labelstock Antitrust Litig.*, MDL No. 1556, 2007 WL 4150666 (M.D. Pa. Nov. 19, 2007) ........ 2,4

*In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 148 F.3d 283 (3d Cir. 1998) ........ 8

*In re St. Jude Med., Inc.*, No. 06-3860, 2008 WL 942274 (8th Cir. April 9, 2008) ........ 9

*Slapikas v. First American Title Ins. Co.*, No. 06-84, 2008 WL 793919 (W.D. Pa. Mar. 24, 2008) ........ 1-2

*Vista Healthplan, Inc. v. Warner Holdings Company III, Ltd.*,
246 F.R.D. 349 (D.D.C. 2007) ........ 5,8-9

*In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004) ........ 8

**INTRODUCTION**

Defendants' supplemental memorandum in opposition to class certification [D.I. 375] says nothing new.

What Defendants seek to disparage as Plaintiffs' "theory" – "that Defendants prevented generic competitors from diverting some percentage of TriCor sales to presumably lower priced, AB-rated generics" – is well-documented in Defendants' own documents, and is consistent with the body of generic suppression antitrust cases that precede this one. Government studies, academic literature, and the generic suppression antitrust cases all confirm that generics typically take 90% of sales from the brand within a year of entry, and typically cost up to 80% less than the brand when there are multiple generic competitors on the market. Because of the enormous savings that consumers and third-party payors can achieve through generic substitution, in every state, pharmacists are permitted or required to automatically substitute generics for the brand name product unless the doctor has ordered otherwise.

In the face of overwhelming precedent to support Plaintiffs' approach to class certification and liability, Defendants grasp for such inapposite cases as *In re New Motor Vehicles Canadian Export Antitrust Litig.*, No. 07-2257, 2008 WL 820922, at *20 (1st Cir. Mar. 28, 2008), for the unremarkable proposition that a Court may consider the parties' completed expert reports for purposes of class certification. Regardless of what the Court looks to, however, the law remains that "it is not necessary for the plaintiffs to establish the merits of their case at the class certification stage." *Kerrigan v. Philadelphia Board of Election*, No. 07-687, 2008 WL 706688, at *1 (E.D. Pa. Mar. 13, 2008) (citation omitted); *see Slapikas v. First*

*American Title Ins. Co.*, No. 06-84, 2008 WL 793919, at *7 (W.D. Pa. Mar. 24, 2008) ("Indeed, the class certification inquiry cannot evolve into a 'preliminary inquiry into the merits.'") (citation omitted). Moreover, the Plaintiffs' expert's merits reports are entirely consistent with and validate the reports submitted for class certification purposes. *See* Pl. Mem. 15-17.[1] Defendants' merits experts' creation of a "but for" world different from the one set out by Plaintiffs' expert, while unsurprising, creates nothing more than "a classic 'battle of the experts,' which need not and will not be resolved at the class certification stage." *In re Pressure Sensitive Labelstock Antitrust Litig.*, MDL No. 1556, 2007 WL 4150666, at *16 (M.D. Pa. Nov. 19, 2007); Pl. Mem. 27-28; Pl. Reply 6 n.7.

The evidence developed and cases decided since Plaintiffs' last submission, set forth below, ratify Plaintiffs' stated position that antitrust injury and impact in this case can be proven on a class-wide basis using standard economic methodologies that have been accepted by other courts that have formed the basis for the certification of litigation classes and/or exemplar classes in generic suppression antitrust cases. According, Plaintiffs' proposed class should be certified.

## ARGUMENT

### A. Plaintiffs Rely Upon Standard Economic Modeling to Demonstrate Class-Wide Impact and Calculate Aggregate Damages.

In their memoranda and declarations of Dr. Charles King III, an expert economist, End-Payor Plaintiffs showed that [redacted]

[1] References in this Brief are to Brief in Support of Indirect Purchaser Plaintiffs' Motion for Class Certification ("Pl. Mem.") [D.I. 117; May 8, 2006]; Reply Memorandum in Support of End-Payor Plaintiffs' Motion for Class Certification ("Pl. Reply") [D.I. 250; Oct. 4, 2006]; Declaration of Dr. Charles King III dated May 5, 2006 ("King Class Decl.") [McDonald Decl., D.I. 118, Ex. 1] and Reply Declaration of Dr. Charles King III dated Oct. 3, 2006 ("King Class Reply Decl.") [McDonald Reply Decl., D.I. 253, Ex. 49].

[redacted]

[redacted] *See, e.g.*, King Reply Decl. ¶ 18 n. 60. These methodologies, even when undertaken before the completion of discovery, are well-understood and widely accepted. *See* Pl. Mem. 16 & n.30 (and citations therein); *Meijer, Inc. v. Warner-Chilcott Holdings Co. III, Ltd.*, 246 F.R.D. 293, 307 (D.D.C. 2007) (citing cases). In his expert declarations, Dr. King proposed [redacted] *See* King Class Decl. ¶ 67; King Class Reply Decl. ¶¶ 17-23, 33-34; Pl. Reply 5-6; *see also In re OSB Antitrust Litig.*, C.A. No. 06-826, 2007 WL 2253418 at *12 (E.D. Pa. Aug. 3, 2007) (class certification appropriate despite anecdotal examples of exceptions).

With the completion of merits discovery, Dr. King has now applied Defendants' documents and data to his analysis in a manner entirely consistent with his class declarations. In particular, Dr. King has presented expert declarations and surrebuttals concerning the relevant product market[2] and calculation of damages on a class-wide basis.[3]

Defendants' supplemental memorandum [D.I. 375] continues to maintain that establishing the "but for" world requires strict proof of imagined individual issues. Def. Supp. 3-

---

[2] Declaration of Charles King III Concerning Liability and Product Market Definition, dated Dec. 15, 2006 ("King Liability Decl.") (McDonald Supp. Decl., Ex. 72); and Surrebuttal of Charles King III Concerning Liability and Product Market Definition, dated Oct. 5, 2007 ("King Liability Surrebuttal") (McDonald Supp. Decl., Ex. 73).

[3] Declaration of Charles King III Concerning Damages, dated Dec. 15, 2006 ("King Damages Decl.") (Gaza Decl. Ex. 8); Supplemental Declaration of Charles King III Concerning Damages, dated May 1, 2007 (McDonald Supp. Decl., Ex. 74); and Surrebuttal of Charles King III Concerning Damages, dated Oct. 5, 2007 ("King Damages Surrebuttal") (Gaza Decl., Ex. 9).

[redacted]

7. Defendants are wrong. Pl. Reply 6-8. If the jury agrees with Plaintiffs' well-settled approach for proving that they paid inflated prices, common issues predominate. *See, e.g., Pressure Sensitive Labelstock*, 2007 WL 4150666, at *19 ("[Plaintiffs' expert's] economic analysis is a plausible method of showing class-wide impact, and his approach is grounded in evidence of record.").[4] Plaintiffs need make only a threshold showing that the element of impact will predominantly involve generalized issues of proof, rather than questions which are particular to each member of the plaintiff class. Pl. Mem. 25-28.[5] "It suffices at this point that there is a factual basis for [Plaintiffs' expert's] analysis," *Pressure Sensitive Labelstock*, 2007 WL 4150666, at *16.

**1. This case alleges antitrust injuries in the form of overcharges paid as a result of foreclosed generic competition.**

Plaintiffs' burden at trial is to demonstrate that they incurred antitrust injuries by paying too much for fenofibrate. *See* Pl. Reply 4-11; *see also Pressure Sensitive Labelstock*, 2007 WL 4150666, at *18 ("The question here ... is not whether the class members could have obtained a better price by buying some alternative product. The question here is whether the class members purchased PSL from Defendants at artificially-inflated prices."). Plaintiffs need not (either individually or on a class-wide basis) prove what dyslipidema therapy (if any) they hypothetically might have experienced in a parallel universe free of Defendants' unlawful conduct. Pl. Reply 6-8. "[A] number of courts have found the predominance requirement satisfied (and certified

---

[4] *Accord New Motor Vehicles*, 2008 WL 820922, at *20; *Meijer, Inc. v. Warner-Chilcott.*, 246 F.R.D. at 299 n.4

[5] *Accord New Motor Vehicles*, 2008 WL 820922, at *20; *Meijer, Inc. v. Warner-Chilcott*, 246 F.R.D. at 308.

classes) in class actions alleging antitrust injury in the form of overcharges resulting from delayed entry of a generic or lower-priced drug." *Meijer, Inc. v. Warner-Chilcott*, 246 F.R.D. at 307 (citing cases);[6] *see* Pl. Mem. at 16 & n.30 (and citations therein).[7] Nothing in the record developed after briefing was completed supports Defendants' continued effort to saddle Plaintiffs with the burden of proving more.

Moreover, Dr. King has concluded  *see* King Liability Surrebuttal ¶¶ 5-37,[8] but, at any rate, resolution of this issue is

---

[6] *See also Vista Healthplan, Inc. v. Warner Holdings Company III, Ltd.*, 246 F.R.D. 349, 359 (D.D.C. 2007) (same).

[7] Defendants assert that *New Motor Vehicles* "held that plaintiffs' expert could not account for how the market would have changed in the 'but for' world" and that this decision "confirm[s] Defendants' arguments". Def. Supp. at 9 (citing, *New Motor Vehicles*, 2008 WL 820922, at *18). This is wrong. The alleged antitrust violation there involved a conspiracy among automobile manufacturers to restrict cross-border trade in a wide variety of new motor vehicles from Canada. This allegedly enabled the automobile manufacturer defendants to price to market and block arbitrage opportunities when currency exchange rates were favorable. Plaintiffs alleged that, as a result, prices for certain models were artificially inflated in the U.S. The problem with plaintiffs' theory of impact was that their expert's report prepared at the class certification stage suggested economic formulas "in a purely conclusory manner." *New Motor Vehicles*, 2008 WL 820922, at *18. The First Circuit did *not* hold that the certification of state-wide damages classes was erroneous, but instead *vacated certification* so that the issue could be reconsidered on the more complete record that had been developed through the close of discovery. *Id.*, 2008 WL 820922, at *20.

[8] *See* Class Motion [D.I. 116] ¶ 1; Def. Supp. 1 n.1.

irrelevant to class certification. *See* Pl. Reply 7-8; *In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 131 (C.D. Cal. 2007) ("[T]he Court is not concerned with the *outcome* of the analysis — how the market is defined is to be determined by the jury.") (emphasis in original; footnote omitted).

**2. The volume of fenofibrate sales in the "but for" world is a disputed issue of fact for the jury.**

Defendants state that [redacted] Def. Supp. 5. Defendants confuse confirmation with their contention. As Dr. King has explained, [redacted] Defendants recognized [redacted]

Ms. Guerin-Calvert's [redacted] King Damages Surrebuttal ¶¶ 6-18. Ms. Guerin-Calvert [redacted]

---

[redacted] *See* King Class Decl. ¶ 30 & n.67; McDonald Decl. [D.I. 118], Ex. 3.

[redacted]

[redacted] *Id.* ¶¶ 19-23. [redacted] *Id.* ¶¶ 24-26. At best this is a dispute between experts that does not bear on class certification.

**3. The price of TriCor in the "but for" world is a disputed issue of fact for the jury.**

Defendants' contention that prices for branded TriCor would not have been lower in the "but for" world, Def. Supp. 3-4, is also a fact for the jury. *See* King Damages Surrebuttal ¶¶ 68-69. Defendants' claim [redacted] *See* King Damages Surrebuttal ¶ 56 (citing Abbott documents). [redacted] *See, e.g.*, King Damages Surrebuttal ¶ 26 n. 46. The point is that whatever would have happened to fenofibrate prices is a class-wide issue.

[redacted]

**4. Dr. King has calculated damages on class-wide basis using standard economic methodologies.**

Ms. Guerin-Calvert [redacted] *See, e.g.*, Guerin-Calvert Report, Ex. 1, 6, A-3. [redacted] *See* King Class Decl. ¶¶ 44-48. The disputes on impact and damages revolve around questions of fact. Once those issues are resolved by the jury, calculation of aggregate damages under any scenario is an exercise in arithmetic. *See New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, No. 05-11148PBS, 2008 WL 723774, at *8 (D. Mass. Mar. 19, 2008); *Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.*, No. 99cv741, 2006 WL 3371690, at *9 (D.N.J. Nov. 17, 2006).

**B. Plaintiffs' Unjust Enrichment Claims Focus on Predominant Common Questions.**

Recent unjust enrichment decisions in pharmaceutical cases have confirmed, as this Court has previously held,[12] that such claims are amenable to nationwide or multistate certification. *In re Abbott Laboratories Norvir Anti-Trust Litig.*, No. C 04-1511 CW, 2007 WL 1689899, at *9 (N.D. Cal. June 11, 2007) ("[T]he variations among some States' unjust enrichment laws *do not significantly alter the central issue or the manner of proof.*") (emphasis added); *Vista Healthplan, Inc. v. Warner Holdings*, 246 F.R.D. at 359 (certifying pharmaceutical settlement

[12] *See* Pl. Mem. 30-32 (citing, *inter alia*, *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004)(upholding this Court's certification of nationwide settlement class for unjust enrichment claims, among others)); Pl. Reply 11-13.

class of including unjust enrichment claims: "the existence of minor differences in state law does not preclude the certification of nationwide classes."). *See also Powers v. Lycoming Engines*, 245 F.R.D. 226, 231 (E.D. Pa. 2007) ("Although there are numerous permutations of the elements of the cause of action in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the defendant was *unjustly* enriched.") (emphasis in original).[13]

**C. Trial of this action on a class-wide basis is manageable.**

Defendants assert that trial on a class-wide basis would be unmanageable. Def. Mem. 37-39. In its April 3, 2008 order [D.I. 372], the Court scheduled a trial of all related cases "to the same jury on all issues related to liability." This approach is consistent with the trial plan proposed by Plaintiffs, *see* Pl. Reply 2 n.2 & Attachment A, and strongly demonstrates that trial of this case on a class-wide basis is manageable. *See also In re OSB Antitrust Litig.*, C.A. No. 06-826, 2007 WL 2253418 at *14 (E.D. Pa. Aug. 3, 2007) (numerous state law claims did not render class action unmanagable).

The cases Defendants cite to challenge manageability are inapposite. Citation to *In re St. Jude Med., Inc.*, No. 06-3860, 2008 WL 942274 (8th Cir. April 9, 2008), Def. Supp. 10 n.23, a products liability case, in particular, is misplaced, because the scheme allege here does not depend upon individual reliance on specific representations by Defendants.

---

[13]The computer industry cases cited by Defendants are inapposite. In *In re Intel Corp. Microprocessor Antitrust Litig.*, 496 F. Supp. 2d 404, 421 (D. Del. 2007), unjust enrichment claims were dismissed, but the allegedly overpriced microprocessors had been integrated into the consumer product purchased (computers) and plaintiffs failed to allege that they failed to receive the benefit of their bargain. *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1101, 1029 (N.D. Cal. 2007) addressed and denied a motion to dismiss indirect purchasers' nationwide unjust enrichment claims. Class certification concerns were not at issue.

## CONCLUSION

For the reasons set forth herein and in prior submission, Plaintiffs' respectfully request that the Court certify a class of End-Payors.

**CHIMICLES & TIKELLIS LLP**

Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4439)
P.O. Box 1035
One Rodney Square
Wilmington, DE 19899
Tel: 302-656-2500
Fax: 302-656-9053

***Liaison Counsel for End-Payor Plaintiffs***

**LABATON SUCHAROW LLP**
Bernard Persky
Christopher J. McDonald
140 Broadway
New York, NY 10005

**SPECTOR, ROSEMAN & KODROFF, P.C.**
Jeffrey L. Kodroff
Theodore M. Lieverman
1818 Market Street, Suite 2500
Philadelphia, PA 19103

**CAFFERTY FAUCHER LLP**
Bryan L. Clobes
1717 Arch Street
Suite 3610
Philadelphia, PA 19103
-and-
Patrick E. Cafferty
101 N. Main Street, Suite 450
Ann Arbor, MI 48101

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Thomas M. Sobol
David S. Nalven
One Main Street, 4th Floor
Cambridge, MA 02142
-and-
Steve W. Berman
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

***Interim Co-Lead Counsel for End-Payor Plaintiffs***

Dated: May 1, 2008