**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION <br><br> THIS DOCUMENT RELATES TO: C.A. NOS. 05-360; 05-365; 05-390; 05-394; 05-426; 05-450; 05-467; 05-475; 05-482; 05-516 AND 05-695 | C.A. No. 05-360 (SLR) (consolidated) |
| STATE OF FLORIDA, et al. <br><br> Plaintiffs, <br><br> v. <br><br> ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE, and LABORATOIRES FOURNIER, S.A., <br><br> Defendants. | C.A. No. 08-155 (SLR) |

**INDIRECT PURCHASER PLAINTIFFS' RESPONSE IN SUPPORT OF
PLAINTIFF STATES' MOTION TO CONSOLIDATE**

Indirect Purchaser Plaintiffs hereby support the motion to consolidate the TriCor antitrust

actions brought by the Attorneys General, C.A. No. 08-155 (SLR) (the "AG Actions"), with the

actions brought by private plaintiffs. Consolidation of the AG Actions with the private actions

will allow for the efficient adjudication of all indirect purchaser claims in a single proceeding.

Government actions are commonly consolidated with private actions in pharmaceutical antitrust

cases to preserve judicial resources and assure that the positions of all claimants are considered

together. Given that the Attorneys General have represented they are ready to proceed, allowing

the AG Actions to go to trial alongside the private actions on November 3, 2008 is warranted.[1]

---

[1] Indirect Purchase Plaintiffs support consolidation, however, only if it would not result in a postponement of the November 3, 2008 trial date set by the Court. Indirect Purchaser Plaintiffs commenced this action in June 2005 and believe it is in the interest of all parties and in the interest of justice to maintain that date.

### A.    Consolidation of the Attorneys General Claims Will Assure that All Indirect Purchaser Claims Proceed Together

The Attorneys General act as each state's lawyer in safeguarding the institutional interests of the state itself.  Here, the Attorneys General seek recovery of overcharges to the states' Medicaid and other health care programs.  Indirect Purchaser Plaintiffs do not include the state Medicaid agencies and other state health care programs within their proposed class definition. The antitrust injury suffered by these public entities is similar to the injury suffered by employee benefit funds, not-for-profit health care companies, commercial insurers, and other private third-party payors, all of which are within the Indirect Purchaser Class.  Consequently, adjudicating these claims and those of private third-party payors in a single proceeding will allow the Court to avoid inconsistent rulings and promote judicial economy.

The Attorneys' General *parens patraie* claims, while analytically distinct from the claims asserted in the Indirect Purchaser cases on behalf of consumers, rest on the same underlying misconduct.  Both public and private remedies augment each other.  As the Attorneys General note, some states afford claims and remedies to Attorneys General acting in their *parens patraie* capacity that are unavailable in actions by private plaintiffs.  Consolidated prosecution of public and private claims enhances the effectiveness of representation of consumers, while minimizing duplication of effort and expense, and assures that all potential consumer claims will be addressed together.

### B.    The Attorneys General Are Ready to Proceed

Although the Attorneys General filed their complaints only recently, they are not new to the case.  Indirect Purchaser Plaintiffs understand that the Attorneys General have monitored these proceedings from the beginning, reviewing discovery documents, deposition transcripts, expert reports, and pleadings.  We understand that the Attorneys General are prepared to rely on

the factual record developed in this case by private counsel and do not seek additional discovery. In addition, to assure that their entry would not delay the proceedings, the Attorneys General requested, and we agreed, to permit the Attorneys General to rely on the Indirect Purchaser Plaintiffs' liability experts, avoiding the need for additional expert reports and depositions. Accordingly, the Attorneys General can prosecute their case alongside the private actions without delaying the proceedings.

### C.    Consolidation of Public and Private Actions is Common in Antitrust Pharmaceutical Cases

In pharmaceutical antitrust litigation, public and private actions have traditionally proceeded side-by-side, notwithstanding the differences between *parens patraie* and class action suits. The Attorneys General have identified many of these cases in their submission. For instance, in *In re Lorazepam and Clorazepate Antitrust Litigation*, MDL No. 1290, C.A. No. 99-01082 (TFH) (D.D.C.), the Attorneys General and the Federal Trade Commission ("FTC") collaborated with indirect purchaser plaintiffs to prosecute claims that Mylan Laboratories implemented unlawful and anticompetitive price increases for two prescription anti-anxiety drugs. Similarly, certain Attorneys General worked with a nationwide class of private claimants to prosecute claims that Bristol-Myers Squibb engaged in monopolistic and anticompetitive conduct in marketing BuSpar. *In re Buspirone Antitrust Litigation,* MDL No. 1413; C.A. No. 01-civ-01413 (JGK) (S.D.N.Y.).

Courts generally have preferred this approach. The recent decision in *Federal Trade Commission v. Cephalon, Inc.,* C.A. No. 08-0244 (JDB) (D.D.C.) (April 28, 2008), is instructive. *Cephalon* is a case, much like this one, in which private plaintiffs and public prosecutors brought separate antirust actions to challenge pharmaceutical manufacturer conduct that resulted in suppression of generic competition. Private plaintiffs commenced their action in the Eastern

District of Pennsylvania in 2006, and the FTC commenced its action in the District Court for the District of Columbia in 2008. Cephalon moved to transfer the FTC action to the Eastern District of Pennsylvania, and the Court granted the motion. Among other things, the Court stressed the "efficiencies associated with having one district judge decide these cases," *id.* at 8, "a 'compelling public interest in avoiding duplicative proceedings,'" *id.* at 14, and "avoid[ing] subjecting a defendant to the grave risk of inconsistent judgments deriving from the same conduct." *Id.* (citations omitted). Notably, although consolidation was expressly not at issue in the Court's decision, *see id.* 18-21, the FTC argued vigorously that Cephalon's objective in seeking transfer was to effect consolidation. The decision makes no mention of any possible prejudice to the defendant of combining the governmental prosecution with the private actions. Indeed, given that it was the defendant that sought transfer, there does not appear to have been any concern of prejudice.

The approach traditionally taken by courts facing common public and private antitrust actions, particularly in the area of pharmaceutical antitrust litigation, is to have the cases proceed together, and the Court should do so here.

## Conclusion

For the foregoing reasons, Indirect Purchaser Plaintiffs respectfully support the

Attorneys' General Motion to Consolidate.

**CHIMICLES & TIKELLIS LLP**

Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4439)
P.O. Box 1035
One Rodney Square
Wilmington, DE 19899
Tel: 302-656-2500
Fax: 302-656-9053

*Liaison Counsel for Indirect Purchaser Plaintiffs*

**LABATON SUCHAROW LLP**

Bernard Persky
Christopher J. McDonald
140 Broadway
New York, NY 10005

**SPECTOR ROSEMAN & KODROFF, P.C.**

Jeffrey L. Kodroff
Theodore M. Lieverman
1818 Market Street, Suite 2500
Philadelphia, PA 19103

**CAFFERTY FAUCHER LLP**

Bryan L. Clobes
1717 Arch Street
Suite 3610
Philadelphia, PA 19103
     -and-
Patrick E. Cafferty
101 N. Main Street, Suite 450
Ann Arbor, MI 48101

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Thomas M. Sobol
David S. Nalven
One Main Street, 4th Floor
Cambridge, MA 02142
     -and-
Steve W. Berman
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

*Interim Co-Lead Counsel for Indirect Purchaser Plaintiffs*

Dated: May 9, 2008