IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES, LTD., <br><br>    Counterclaim Plaintiffs, <br><br>v. <br><br>ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE and LABORATOIRES FOURNIER S.A., <br><br>    Counterclaim Defendants. | ) ) ) ) ) ) ) ) ) Civ. No. 02-1512-SLR ) (Consolidated) ) ) ) ) ) ) ) |
| IMPAX LABORATORIES, INC., <br><br>    Counterclaim Plaintiff, <br><br>v. <br><br>ABBOTT LABORATORIES, FOURNIER INDUSTRIE ET SANTE and LABORATOIRES FOURNIER S.A., <br><br>    Counterclaim Defendants. | ) ) ) ) ) ) ) Civ. No. 03-120-SLR ) (Consolidated) ) ) ) ) ) ) ) |
| IN RE TRICOR DIRECT PURCHASER ANTITRUST LITIGATION | ) Civ. No. 05-340-SLR ) (Consolidated) ) |
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | ) Civ. No. 05-360-SLR ) (Consolidated) ) |

**O R D E R**

At Wilmington this 18th day of August, 2008, consistent with the memorandum opinion and order issued this same date;

IT IS ORDERED that:

1. The direct purchaser plaintiffs' motion for class certification (Civ. No. 05-340, D.I. 106) is granted.

2. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the Direct Purchaser Class ("DP Class") is defined as follows:

> All persons or entities in the United States who purchased TRICOR® in any form directly from any of the defendants at any time during the period April 9, 2002 through the present. Excluded from the DP Class are defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.

3. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the court determines that the class-wide claims and issues of the DP Class are as follows:

   a. Whether the conduct challenged by the DP Class as an "anticompetitive" scheme in the amended complaint (Civ. No. 05-340, D.I. 29) violated Sections 1 or 2 of the Sherman Act, 15 U.S.C. §§ 1, 2;

   b. Whether defendants' challenged conduct caused antitrust injury-in-fact to the DP Class, in the nature of overcharges;

   c. The quantum of overcharge damages, if any, owed to the DP Class in the aggregate under Section 4 of the Clayton Act, 15 U.S.C. § 4.

4. Louisiana Wholesale Drug Co., Inc., Rochester Drug Co-Operative, Inc., and Meijer, Inc. and Meijer Distribution, Inc. are hereby appointed representatives of the DP Class.

5. Pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g), the following firms are

hereby appointed as counsel to the DP Class ("DP Class Counsel"):

    a. Liaison Counsel: Rosenthal, Monhait & Goddes, P.A..

    b. Lead Counsel: Garwin Gerstein & Fisher, LLP.

    c. Executive Committee members: Berger & Montague, P.C., Odom & Des Roches, LLP, The Smith Foote Law Firm, LLP, and Kaplan Fox & Kilsheimer, LLP.

6. By **August 25, 2008**, DP Class Counsel shall file with the court a motion seeking approval of a form and manner of notice that complies with Fed. R. Civ. P. 23(c)(2)(B).

7. The indirect purchaser plaintiffs' motion for class certification (Civ. No. 05-360, D.I. 116) is granted in part and denied in part.

8. Pursuant to Fed. R. Civ. P. 23(b)(2), the court certifies an Indirect Purchaser Class ("IP Class") defined as:

> All persons or entities throughout the United States and its territories who purchased, paid for and/or reimbursed for fenofibrate products, including TRICOR® tablets and TRICOR® capsules, intended for consumption by themselves, their families, or their members, employees, plan participants and beneficiaries or insureds during the period April 9, 2002 through such time in the future as the effects of defendants' illegal conduct, as alleged, have ceased. Excluded from the IP Class are all defendants and their respective subsidiaries and affiliates, all government entities (except for government-funded employee benefit funds), and all persons or entities that purchased fenofibrate products: (1) for purposes of resale, or (2) directly from any of the defendants.

9. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the court determines that the class-wide claims and issues of the IP Class are as follows:

    a. Whether the conduct challenged by the IP Class as an "anticompetitive" scheme in the complaint (Civ. No. 05-360, D.I. 24) violated Section 2 of the Sherman Act, 15 U.S.C. § 2;

      b. Whether defendants' challenged conduct caused antitrust injury-in-fact to the IP Class, in the nature of overcharges;

      c. Whether, if at all, the IP Class is entitled to injunctive relief under 15 U.S.C. § 26.

    10. The court certifies the following as representatives of the IP Class: Cindy Cronin, Diana Kim, Sandra Krone, Alberto Litter, Neil and Helena Perlmutter, Elaine M. Pullman, Lula Ramsey, Charles M. Shain, Hector Valdes, Richard G. Wilde, Allied Services Division Welfare Fund, Sheet Metal Workers International Association Local Union 28, Painters' District Council No. 30 Health and Welfare Fund, Pennsylvania Employees Benefit Trust Fund, Philadelphia Federation of Teachers Health and Welfare Fund, and Vista Healthplan, Inc.

    11. The IP Class' motion for the appointment of counsel (Civ. No. 05-360, D.I. 107) is granted ("IP Class Counsel").

    12. By **August 25, 2008**, IP Class Counsel shall file with the court a motion seeking approval of a form and manner of notice that complies with Fed. R. Civ. P. 23(c)(2)(B).

                                                                         _____
                                                                        United States District Judge