
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

|  |  |
|---|---|
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION | C.A. No. 05-360 (SLR) (consolidated) |

THIS DOCUMENT RELATES TO:
PAINTERS' DISTRICT COUNCIL NO.30
HEALTH AND WELFARE FUND and
RICHARD G. WILDE, C.A. No. 05-360 (SLR)

VISTA HEALTH PLAN, INC. and ROSS LOVE,
C.A. No. 05-365 (SJR)

PENNSYLVANIA EMPLOYEES BENEFIT
TRUST FUND, C.A. No. 05-390 (SLR)

ALLIED SERVICES DIVISION WELFARE
FUND and HECTOR VALDES,
C.A. No. 05-394 (SLR)

DIANA KIM, C.A. No. 05-426 (SLR)

ELAINE M. PULLMAN, NEIL PERLMUTTER,
HELENA PURLMUTTER and LULA RAMSEY,
C.A. No. 05-450 (SLR)

PHILADELPHIA FEDERATION OF TEACHERS
HEALTH AND WELFARE FUND,
C.A. No. 05-467 (SLR)

CINDY CRONIN, C.A. No. 05 482 (SLR)

CHARLES SHAIN and SANDRA KRONE,
C.A. No. 05-475 (SLR)

LOCAL 28 SHEET METAL WORKERS,
C.A. No. 05-516 (SLR)

ALBERTO LITTER, C.A. No. 05-695 (SLR)

**INDIRECT PURCHASER CLASS PLAINTIFFS' BRIEF IN
SUPPORT OF THEIR MOTION FOR APPROVAL OF PROPOSED NOTICE PLAN**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

STANDARDS FOR FED. R. CIV. P. 23(b)(2) NOTICE ........................................... 1

PROPOSED NOTICE PLAN ....................................................................................... 2

THE PROPOSED PLAN OF NOTICE SHOULD BE APPROVED ........................... 4

    A.    The Court Should Approve the Form of the Proposed Notice. ............ 4

    B.    The Court Should Approve the Proposed Manner of
        Distribution. ............................................................................................. 5

CONCLUSION ............................................................................................................. 8

## TABLE OF AUTHORITIES

**CASES**                                                                     **PAGES**

*Bryan v. Werner,*                                                                    1
516 F.3d 233 (3d Cir. 1975)

*In re Cardizem CD Antitrust Litig.,*                                                 6
218 F.R.D. 508 (E.D. Mich. 2003)

*Ebbert v. Nassau County,*                                                            1
2007 WL 2295581 (E.D.N.Y. Aug. 9, 2007)

*First State Orthopaedics v. Concentra, Inc.,*                                        4
534 F. Supp. 2d 500 (E.D. Pa. 2007)

*Grunewald v. Kasperbauer,*                                                           4
235 F.R.D. 599 (E.D. Pa. 2006)

*Grunin v. International House of Pancakes,*                                          5
513 F.2d 114 (8th Cir. 1975)

*In re J.P. Morgan Chase Cash Balance Litig.,*                                       5, 7
242 F.R.D. 265 (S.D.N.Y. 2007)

*Lightfoot v. District of Columbia,*                                                  1
233 F.R.D. 28 (D.C.D. 2006)

*In re Lupron Marketing and Sales Practices Litig.*                                   3
345 F. Supp. 2d 135 (D. Mass. 2004)

*In re Lupron Marketing and Sales Practices Litig.,*                                  3
228 F.R.D. 75 (D. Mass. 2005)

*Mirfasihi v. Fleet Mortgage Corp.,*                                                  6
356 F.3d 781 (7th Cir. 2004)

*Newton-Nations v. Rogers,*                                                          5, 7
316 F. Supp. 2d 883 (D. Ariz. 2004)

*Nichols v. Smithkline Beecham Corp.,*                                               3, 6
2005 WL 950616 (E.D. Pa. April 22, 2005)

*In re Nissan Motor Corp. Antitrust Litig.,*                                          5
552 F.2d 1088 (5th Cir. 1977)

*In re Relafen Antitrust Litig.,*
231 F.R.D. 52 (D. Mass. 2004) ..................................................... 3

*In re Remeron Antitrust Litig.,*
2005 WL 2230314 (D.N.J. Sept. 13, 2005) ................................... 3,7

*In re Terazosin Hydrochloride Antitrust Litig.,*
2005 WL 2451960 (S.D. Fla. July 8, 2005) ................................... 3, 6

*Vista Health Plan, Inc. v. Warner Holdings Company III, Inc.,*
246 F.R.D. 349 (D.D.C. 2007) ...................................................... 3

*VistaHealth Plan, Inc. v. Bristol-Myers Squibb Co.,*
266 F. Supp. 2d 44 (D.D.C. 2003) ................................................ 3, 6, 7

*In re Warfarin Sodium Antitrust Litig.,*
212 F.R.D. 231 (D. Del. 2002) ..................................................... *Passim*

*Wachtel v. Guardian Life Ins. Co.,*
453 F.3d 179 (3d Cir. 2006) ......................................................... 2, 5

## OTHER AUTHORITIES

Wright, Miller & Kane, *Federal Practice & Procedure* 3d §1786 (2005) ....... 1

## RULES AND STATUTES

15 U.S.C. § 77z-1(a)(3)(A)(I) ........................................................ 6

42 U.S.C. § 1320d-2 ...................................................................... 7

45 C.F.R. § 160.103 (2004) ............................................................ 7

Fed. R. Civ. P. 23(b)(2) .................................................................. 1, 2, 4, 5

Fed. R. Civ. P. 23(b)(3) .................................................................. 2, 4, 5

Fed. R. Civ. P. 23(c)(2)(A) ............................................................. 2, 6

Fed. R. Civ. P. 23(c)(2)(B) ............................................................. 2, 5, 6

On August 18, 2008, the Court certified an Indirect Purchaser Class ("IP Class"), pursuant to Fed. R. Civ. P. 23(b)(2), that included consumers and third-party payors that purchased or paid for fenofibrate products, including TriCor, granted the IP Class motion for appointment of counsel ("IP Class Counsel"), and directed IP Class Counsel to file with the Court a motion seeking approval of a form and manner of notice that complies with Fed. R. Civ. P. 23(b)(2).  Aug. 18, 2008 Order [D.I. 430] ¶¶ 8-12.  The IP Class Plaintiffs, by IP Class Counsel, hereby submit their proposed plan for providing notice to the IP Class certified by the Court.

## STANDARDS FOR FED. R. CIV. P. 23(b)(2) NOTICE

Under Fed. R. Civ. P. 23(b)(2), the Court has discretion as to whether notice should be directed to class members and, if the Court opts for notice, the form and manner of such notice. Class members are not provided an opportunity by the rule to exclude themselves from the action.  *See Bryan v. Werner,* 516 F.3d 233, 239 n. 10 (3d Cir. 1975); *see also Ebbert v. Nassau County,* No. 05-CV-5445, 2007 WL 2295581, at *5 (E.D.N.Y. Aug. 9, 2007) ("When a claim for injunctive relief is certified as a class action pursuant to Rule 23(b)(2), notice to the class is discretionary"); *Lightfoot v. District of Columbia,* 233 F.R.D. 28 (D.C.D. 2006) (class members are generally not permitted to opt out of the class and pursue relief independently when the class is certified on the ground that the relief sought would apply to the class as a whole).  Because class members do not have the alternative of bringing a separate suit, notice under Fed. R. Civ. P. 23(b)(2) serves only to allow those members the opportunity to decide if they want to intervene or to monitor the representation of their rights.  WRIGHT, MILLER & KANE, *Federal Practice & Procedure* 3d at §1786 (2005).

1

When notice is provided under Fed. R. Civ. P. 23(b)(2), it need not be the "best notice practicable under the circumstances" as required for a Fed. R. Civ. P. 23(b)(3) class by Fed. R. Civ. P. 23(c)(2)(B), but only "appropriate" notice. Fed. R. Civ. P. 23(c)(2)(A) ("the court may direct appropriate notice to the class"). The form of notice proposed by IP Class Plaintiffs is similar to notices in a number of recent opt-out settlements of pharmaceutical antitrust class actions. *See, e.g., In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 244, 252-53 (D. Del. 2002). Similarly, the proposed manner of notice should satisfy the "appropriate" notice standard. *See Wachtel v. Guardian Life Ins. Co.*, 453 F.3d 179, 185 (3d Cir. 2006) (distinguishing the mandatory nature of notice under Fed. R. Civ. P. 23(b)(3) with the permissive standard under Fed. R. Civ. P. 23(b)(2)). The proposed manner of notice meets that standard. Accordingly, the IP Class Plaintiffs' motion for the proposed plan should be granted.

## PROPOSED NOTICE PLAN

**Form of Notice**. The IP Class Plaintiffs have submitted to the Court a form of proposed notice that includes all of the applicable information specified in Fed. R. Civ. P. 23(c)(2)(B) for the heightened notice required for a Rule 23(b)(3) class, to wit:

i.   the nature of the action;

ii.  the definition of the class certified;

iii. the class claims, issues, or defenses;

iv.  (that a class member may enter an appearance through an attorney if the member so desires;

v.   that the court will exclude from the class any member who requests exclusion;

vi.  the time and manner for requesting exclusion; and

vii. the binding effect of a class judgment on members.

2

The proposed form of notice is annexed as Exhibit A to the Proposed Order submitted herewith.

**Manner of Notice**.  Class Counsel have retained Complete Claim Solutions, Inc.

("CCS"), a firm specializing in class action notice and administration.  *See* Declaration of

Thomas R. Glenn ("Glenn Decl.").  CCS has significant experience in providing class notice in

pharmaceutical antitrust litigation, including a major pharmaceutical case previously before this

Court.  *See In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 244, 252-53 (D. Del. 2002)

(approving CCS notice plan), *aff'd*, 391 F.3d 516, 536-37 (3d Cir. 2004).[1]  IP Class Plaintiffs

respectfully request designation of CCS as Notice Administrator.  As set forth in the Glenn

Decl., CCS has suggested a number of options for providing notice to the IP Class prior the

scheduled November 3, 2008 trial, including the following:

*Notice on the World Wide Web.*  CCS will develop a TriCor page on its website

(www.completeclaimsolutions.com/tricor) for IP Class members to learn about the litigation.

The webpage will be referenced in the written notice and a press release.  The webpage will

provide access to the proposed notice and any important updates on the progress of the litigation.

CCS can also employ strategic search engine placement and ranking within the most common

and popular search engines to ensure optimum exposure and heavy traffic.  Glenn Decl. ¶ 3(a).

---

[1] Other CCS cases include: *Vista Health Plan, Inc. v. Warner Holdings Company III, Inc.*, 246 F.R.D. 349, 356 (D.D.C. 2007) (approving of CCS and notice plan); *In re Remeron Antitrust Litig.*, No. Civ. 02-2007 FSH, Civ. 04-5126 FSH, 2005 WL 2230314, at *5 (D.N.J. Sept. 13, 2005) (same); *Nichols v. Smithkline Beecham Corp.*, (Paxil) No. Civ.A.00-6222, 2005 WL 950616 , at *10 (E.D. Pa. April 22, 2005) (same); *In re Terazosin Hydrochloride Antitrust Litig.*, No. 99MDL1317, 2005 WL 2451960, at *1 (S.D. Fla. July 8, 2005) (same); *In re Lupron Marketing and Sales Practices Litig.*, 228 F.R.D. 75, 84-85 (D. Mass. 2005) (same); *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 63-64 (D. Mass. 2004) (same); *In re Lupron Marketing and Sales Practices Litig.* 345 F. Supp. 2d 135 (D. Mass. 2004) (same); *VistaHealth Plan, Inc. v. Bristol-Myers Squibb Co.*, 266 F. Supp. 2d 44, 45-46 (D.D.C. 2003) (same).

*Toll-free telephone number*.  CCS can provide and staff a toll-free hotline number to answer questions from Class members and to respond to requests for copies of the Proposed Notice.  Glenn Decl. ¶ 3(b).

*Press Release.*  CCS and IP Class Counsel will issue a press release to over 4500 media outlets.  The press release will provide a summary of the notice and direct class members to the webpage and the toll-free number for more information. Glenn Decl. ¶ 3(c).  The proposed form of press release is annexed as Exhibit B to the proposed order submitted herewith.

*Direct mail notice to third-party payors*.  In the course of administering previous pharmaceutical class action settlements, CCS has developed a proprietary database of approximately 42,500 third-party payors ("TPPs"), enabling it to provide direct mail notice to most all TPP Class members.  Glenn Decl. ¶ 3(d).  CCS can mail the proposed notice to all TPPs and recordkeepers in CCS's database.

As addressed further below, IP Class Counsel recommend that the Court approve a plan of notice that encompasses all of the elements noted above.

## THE PROPOSED PLAN OF NOTICE SHOULD BE APPROVED

In form and manner, the pr`oposed notice complies with the "appropriateness" standard of Fed. R. Civ. P. 23(b)(2).

### A.    The Court Should Approve the Form of the Proposed Notice.

The form of notice proposed by IP Class Plaintiffs satisfies the heightened notice required for a Rule 23(b)(3) opt-out class.  *See First State Orthopaedics v. Concentra, Inc.*, 534 F. Supp. 2d 500, 514-15 (E.D. Pa. 2007); *Grunewald v. Kasperbauer*, 235 F.R.D. 599, 609 (E.D. Pa. 2006).  The proposed notice provides, in plain English, all of the information required for a Rule 23(b)(3) class notice. /Novak Communications Ltd., a leading expert on providing effective

and understandable notice to consumer class  The notice was drafted and formatted in

consultation with Kathy Kinsella of Kinsella members.  In addition, the proposed notice includes

contact information, a toll-free number, and a webpage address where Class members can direct

questions or obtain more information.  The form of notice proposed satisfies Fed. R. Civ. P.

23(b)(2) requirements.  *Cf. Warfarin Sodium*, 212 F.R.D. at 253 ("[c]lass members are not

expected to rely upon the notice as a complete source of settlement information.") (citation

omitted).

### B.    The Court Should Approve the Proposed Manner of Distribution.

Because the IP Class has been certified pursuant to Rule 23(b)(2) and IP Class members

may not exclude themselves, the costly and time-consuming program that would be required for

an opt-out class is not required.  *Grunin v. International House of Pancakes*, 513 F.2d 114, 121

(8th Cir. 1975) ("mechanics of the notice process are left to the discretion of the court subject

only to the broad 'reasonableness' standards imposed by due process"); *In re Nissan Motor

Corp. Antitrust Litig.*, 552 F.2d 1088, 1099 (5th Cir. 1977) ("In every case, reasonableness is a

function of anticipated results, costs, and amount involved").  In fact, the Court has the discretion

to dispense with notice altogether.[2]  Thus, when notice is provided to a Rule 23(b)(2) class, it

need only be "appropriate" notice, not "best notice practicable under the circumstances" as

required for a Rule 23(b)(3) class by Rule 23(c)(2)(B).  *See Wachtel*, 453 F.3d at 185 ("Rule

23(c)(2) indicates that for any class certified under Rule 23(b)(1) or (2), "the court may direct

---

[2] *See, e.g., In re J.P. Morgan Chase Cash Balance Litig.*, 242 F.R.D. 265, 277-78 (S.D.N.Y. 2007) ("Given the potential number of plaintiffs in the proposed class and the financial burden to the representative plaintiffs, the Court will not require notice to absent class members at this stage of the litigation."); *Newton-Nations v. Rogers*, 316 F. Supp. 2d 883, 890 (D. Ariz. 2004) ("The court may decide not to direct notice [to a (b)(2) class] after balancing the risk that notice costs may deter the pursuit of class relief against the benefits of notice.").

appropriate notice to the class," FED. R. CIV. P. 23(c)(2)(A), and that for any class certified under Rule 23(b)(3), "the court must direct to class members the best notice practicable under the circumstances." FED. R. CIV. P. 23(c)(2)(B)).

The proposed notice plan includes a webpage at which the Proposed Notice will be posted. The webpage can also include pleadings, orders, and a toll-free hot line number. *See Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 786 (7th Cir. 2004) ("The World Wide Web is an increasingly important method of communication, and, of particular pertinence here, an increasingly important substitute for newspapers."). Copies of the proposed notice will be sent by first class mail to any IP Class member who so requests. *See Warfarin Sodium*, 391 F.3d at 536-37 ("[W]e note that consumers in this case who contacted the administrator or visited the website could request a copy of the notice by direct mail.").

The proposed notice plan also includes issuing a press release to more than 4500 media outlets. Glenn Decl. ¶ 3(c). Publicity through such free media will direct interested persons to the webpage. The business wire is a widely recognized method of dissemination notice. In fact, Congress has required dissemination of notice of the filing securities fraud class actions over the business-oriented newswire services. *See* 15 U.S.C. § 77z-1(a)(3)(A)(I).

Finally, the proposed notice plan also includes direct mail notice to approximately 42,500 third-party payors. This assures that the vast majority of third-party payor class members will receive direct notice of the Court's order. *Cf. Warfarin Sodium,* 212 F.R.D. at 252-53 (approving similar plan to mail notice to TPPs); *VistaHealth Plan, Inc. v. Bristol-Myers Squibb Co.*, 266 F. Supp. 2d at 45 (same), *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 526 (E.D. Mich. 2003) (same); *Relafen,* 231 F.R.D. at 64 (same); *Terazosin Hydrochloride,* 2005 WL

6

2451960, at *2 (same); *Nichols*, 2005 WL 950616 , at *10 (same); *Vista Health Plan, Inc. v. Warner Holdings Company III, Inc.*, 246 F.R.D. at 356 (same).[3]

The proposed plan to notify IP Class members of certification of the claim for injunctive relief is appropriate for the circumstances and should be approved. IP Class Counsel respectfully submit that, given the fact that individual damage claims have not yet been certified and IP Class members do not currently have opt-out rights, incurring the expense associated with publication of the proposed notice in a newspapers and/or magazines is unnecessary and unwarranted. *See, e.g., In re J.P. Morgan Chase Cash Balance Litig.*, 242 F.R.D. 265, 277-78 (S.D.N.Y. 2007); *Newton-Nations v. Rogers*, 316 F. Supp. 2d 883, 890 (D. Ariz. 2004). If further litigation results in an IP Class being certified pursuant to Rule 23(b)(3), either for purposes of litigation or settlement, CCS and IP Class Counsel will proposed a more extensive media publication program similar to the one employed in *Warfarin Sodium. See also* Tr. Hearing, May 9, 2008, at 76.

---

[3]    Because neither Plaintiffs nor Defendants have access to confidential medical information that would enable them to provide direct mail notice to consumers of fenofibrate products, direct notice to consumers is impractical at this time. *See Warfarin Sodium*, 391 F.3d at 536-37. *See also Remeron*, 2005 WL 2230314, at *15 n.4 ("The privacy of consumers who purchase prescription medication is protected under the provisions of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Public Law 104-91.42 U.S.C. § 1320d-2. HIPAA protects 'protected health information' from disclosure. 'Protected health information' means individually identifiable health information that is maintained and/or transmitted in any form or medium. 45 C.F.R. § 160.103 (2004)").

## CONCLUSION

For the reasons stated, IP Plaintiffs respectfully submit that the Court should approve the proposed notice plan.

Dated: August 25, 2008

**CHIMICLES & TIKELLIS LLP**

Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4439)
P.O. Box 1035
One Rodney Square
Wilmington, DE 19899
Tel: 302-656-2500
Fax: 302-656-9053
*IP Class Liaison Counsel*

**LABATON SUCHAROW LLP**
Bernard Persky
Christopher J. McDonald
140 Broadway
New York, NY 10005

**CAFFERTY FAUCHER LLP**
Bryan L. Clobes
1717 Arch Street
Suite 3610
Philadelphia, PA 19103
 -and-
Patrick E. Cafferty
101 N. Main Street, Suite 450
Ann Arbor, MI 48101

**SPECTOR ROSEMAN & KODROFF, P.C.**
Jeffrey L. Kodroff
Theodore M. Lieverman
1818 Market Street, Suite 2500
Philadelphia, PA 19103

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Thomas M. Sobol
David S. Nalven
One Main Street, 4th Floor
Cambridge, MA 02142
 -and-
Steve W. Berman
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

*IP Class Counsel*

8