IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION ) ) ) | C.A. No. 05-360 (SLR) |
| ) ) | CONSOLIDATED |
| THIS DOCUMENT RELATES TO: ALL ACTIONS ) ) | |

**DEFENDANTS' OPPOSITION TO INDIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR APPROVAL OF PROPOSED NOTICE PLAN**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mgraham@mnat.com
jparrett@mnat.com

OF COUNSEL:

William F. Cavanaugh, Jr.
Thomas W. Pippert
Chad J. Peterman
Alexis Deise
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000

*Attorneys for Defendant Abbott Laboratories*

RICHARDS, LAYTON & FINGER, P.A.
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

OF COUNSEL:

William Baer
James L. Cooper
Anne P. Davis
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, DC 20004
(202) 942-5000

Timothy C. Bickham
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
(202) 429-5517

*Attorneys for Fournier Industrie Et Santé and Laboratoires Fournier, S.A.*

Dated: August 28, 2008

**INTRODUCTION**

Abbott Laboratories, Fournier Industrie Et Santé, and Laboratoires Fournier, S.A. (collectively "Defendants") submit this Opposition To Indirect Purchaser Class Plaintiffs' Motion For Approval Of Proposed Notice Plan to bring to the Court's attention deficiencies in the Indirect Purchaser Class Plaintiffs' proposal. In its August 18, 2008 Order, the Court required Class Plaintiffs to propose a notice plan that complies with Fed. R. Civ. P. 23(c)(2)(B). For the reasons set forth below, Class Plaintiffs' proposal falls short of this requirement.

In addition, Defendants object to Class Plaintiffs' proposal to issue a press release as a means of providing notice to the Class. Such a plan is not tailored to reach absent Class Members, may mislead Class Members, and could prejudice Defendants.

Finally, should the Court decide to permit notice that complies with Fed. R. Civ. P. 23(c)(2)(A), as Class Plaintiffs suggest, rather than notice that meets the standards in Fed. R. Civ. P. 23(c)(2)(B), Defendants have proposed changes to the language in the Class Plaintiffs' proposed notice to make it clearer, more accurate, and more even-handed in describing the pending case.

**I.      INDIRECT PURCHASER CLASS PLAINTIFFS' NOTICE PLAN DOES NOT MEET THE REQUIREMENTS IN RULE 23(c)(2)(B)**

The Court ordered Indirect Purchaser Class Counsel to file a motion seeking approval of a form and manner of notice that complies with Fed. R. Civ. P. 23(c)(2)(B). Aug. 18, 2008 Order (D.I. No. 436) ¶ 12. Class Counsel's proposal, however, does not meet the requirements set forth in Fed. R. Civ. P. 23(c)(2)(B). Class Plaintiffs concede as much by ignoring the Court's order and submitting a notice plan that they claim satisfies the requirements for a class certified under Rule 23(b)(2). *See* Indirect Purchaser Class Pls.' Brief in Support of

Their Mot. For Approval of Proposed Notice Plan (D.I. No. 433) at 1 (hereinafter "IP Class Pls.' Br.").

Although Class Plaintiffs claim that their proposed notice plan satisfies the "heightened" notice requirements of Rule 23(c)(2)(B),[1] Class Plaintiffs' plan falls short of a full Rule 23(c)(2)(B) notice because, among other deficiencies, it does not provide potential class members a mechanism for requesting exclusion, nor does it provide a time period for them to do so. Fed. R. Civ. P. 23(c)(2)(B)(v-vi).

Furthermore, Class Plaintiffs' plan to provide notice to consumer members of the class through the issuance of a press release is inadequate for notice subject to the requirements of Rule 23(c)(2)(B). Indeed, Class Plaintiffs acknowledge that their own proposal fails to provide class members the notice necessary to allow them to request exclusion from the case and that a more extensive media publication program is required in order to meet due process requirements. *See* IP Class Pls.' Br. at 7; *see also e.g., In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 252 (D. Del. 2002) (describing notice plan for indirect purchaser class that satisfies due process requirements). Because Class Plaintiffs' proposed notice plan does not comply with the requirements of Rule 23(c)(2)(B), Class Plaintiffs' motion should be denied.

II. **PLAINTIFFS' PROPOSAL TO ISSUE A PRESS RELEASE IS NOT AN APPROPRIATE MEANS OF PROVIDING NOTICE TO ABSENT CLASS MEMBERS**

Regardless of whether the Court decides to approve a notice plan in accordance with Rule 23(c)(2)(A) rather than notice that meets the requirements of Rule 23(c)(2)(B), the Court should reject Class Plaintiffs' proposed "press release" notice. Such a scattershot approach is not calculated to reach members of the Class. Rather than communicating to

---

[1] *See* IP Class Pls.' Br. at 2.

members of the Class with a clear, balanced, and uniform description of the case and the fact they will be bound by the judgment, Class Plaintiffs' plan is calculated to reach only journalists who, rather than publishing it, could use it as the basis for media stories and editorializing. In fact, it is possible that no news organization would publish the press release in the form the Court approves.

Moreover, notice "must contain objective, neutral" language advising absent class members of the nature of the case and their rights. *Macarz v. Transworld Sys. Inc.*, 201 F.R.D. 54, 57 (D. Conn. 2001); *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. 601, 607 (W.D. Wis. 2006); *Kinsley v. Network Assocs., Inc.,* 77 F. Supp. 2d 1111, 1114 (N.D. Cal. 1999). Plaintiffs' press release falls short of this standard. Indeed, rather than informing the absent Class Members of the pending action, Class Plaintiffs' press release will only encourage the press to publish news stories that may misinform absent Class Members and potentially prejudice Defendants. For example, Class Plaintiffs' headline for the proposed press release, "Class Action Lawsuit May Benefit Purchasers of Drugs Containing Fenofibrate," inappropriately stresses that Class Members may benefit from the action. *See* IP Class Pls.' Br. Ex. B.

Instead of Class Plaintiffs' proposed press release notice, the Court should require Class Counsel to issue an adequate publication notice in widely read publications. This approach is consistent with publication notice in other class actions involving indirect purchasers of pharmaceutical products. *See* IP Class Pls.' Br. at 7 (noting the publication notice employed in *In re Warfarin Sodium Antitrust Litigation.*, 212 F.R.D. 231 (D. Del. 2002)). Attached as Exhibit A to Defendants' brief is a list of widely read, general-interest publications through which Defendants propose Class Counsel should disseminate the approved notice. Defendants' proposal is more likely to reach absent consumer class members.

### III. THE COURT SHOULD CHANGE THE PROPOSED NOTICE TO MAKE IT CLEARER, MORE ACCURATE, AND MORE BALANCED

In addition to Defendants' objections to Class Plaintiffs' plan to issue a "press release," Defendants object to the language in Class Plaintiffs' proposed notice documents. Should the Court decide to approve a notice plan in accordance with Rule 23(c)(2)(A) rather than a notice that meets the requirements of Rule 23(c)(2)(B), Defendants submit proposed changes to the notice documents filed by Class Plaintiffs to make these communications clearer, more accurate, and more even-handed in describing the case. Exhibits B and C to this brief show Defendants' proposed changes to these documents in "red line" form.

First, Defendants object to express references to the purchasers of any drugs other than TriCor in the notice, particularly because Class Plaintiffs' proposed notice refers to a possible damages recovery. *See, e.g.,* IP Class Pls.' Br. Ex. A ("If you Paid for the Drugs TriCor, Lofibra, Antara, Triglide or generic versions . . . ."); IP Class Pls.' Br. Ex. B ("The United States District Court for the District of Delaware certified a class action lawsuit concerning individuals and entities . . . that paid for some or all of the purchase price of drugs containing fenofibrate. Fenofibrate is found in the brand-name drugs TriCor, Lofibra, Antara and Triglide, as well as generic versions of these drugs."). Class Plaintiffs' experts have not included purchasers of Triglide, Antara, Lofibra, and generic fenofibrate in their damages models. All of their models are limited to TriCor purchases – whether framed as TriCor overcharge damages or unjust enrichment. Discovery is closed in this case, and there will not be a damages case presented for Antara, Triglide, Lofibra, and generic fenofibrate purchasers (assuming the Court certifies in the future a damages class of Indirect Purchasers). It would cause excessive confusion for purchasers of these products to be led to believe that they may have an opportunity to collect damages in the future.

Second, Class Plaintiffs' proposed notice is unbalanced in describing the litigation. While the notice provides information about the Class' claims against the Defendants, it fails to describe Defendants' positions, giving the mistaken impression that the Class' claims are not disputed. Defendants have proposed changes to the notice and the objected to press release (Exhibits B and C to this brief) to give potential Class Members a more accurate and even-handed review of the issues to be tried. *See Macarz v. Transworld Sys. Inc.*, 201 F.R.D. at 57; *Austin v. CUNA Mut. Ins. Soc'y*, 232 F.R.D. at 607; *Kinsley v. Network Assocs., Inc.,* 77 F. Supp. 2d at 1114. Through these proposed changes, Defendants have attempted to harmonize the case descriptions in the proposed class notices for both Direct and Indirect Purchasers to avoid any confusion that may result from inconsistent public statements concerning the case. *See* Defs.' Opp'n To Direct Purchaser Class Pls' Mot. For Approval Of Form And Manner Of Notice Of Pendency of Class Action (CA. No. 05-340-SLR), filed Aug. 28, 2008.

Third, Class Plaintiffs state in their brief that their proposed notice informs potential class members that they will be bound by any judgment of the Court. IP Class Pls.' Br. at 2. This information, however, is not readily apparent in Class Plaintiffs' proposed notice. Accordingly, Defendants have proposed edits (*see* Exhibit B) that make this important information clearer to potential class members who receive the notice.

Fourth, Class Plaintiffs' proposed notice fails to accurately set forth the definition of the Class as provided in the Courts' order. Aug. 18, 2008 Order ¶ 8. Defendants' proposed changes to the notice include the specific language defining the class as ordered by the Court. *See* Exs. B and C.

Finally, Defendants have offered other minor changes to the language in Class Plaintiffs' proposed notice to make the information more easily understood.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiffs' Motion For Approval of Proposed Notice Plan for failing to meet the requirements of Rule 23(c)(2)(B). Furthermore, regardless of whether the Court decides to approve a notice plan that accords with the requirements of Rule 23(c)(2)(A) or one that meets the requirements of Rule 23(c)(2)(B), Defendants respectfully request that the Court reject Class Plaintiffs' proposal to issue a press release, and instead order publication notice in the publications listed in Exhibit A filed herewith. Finally, should the Court approve a notice plan that complies with Rule 23(c)(2)(A) rather than Rule 23(c)(2)(B), Defendants respectfully request that an order directing Indirect Purchaser Class Counsel to provide notice to the Class include the changes set forth in Exhibits B and C filed herewith.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
|---|---|
| */s/ James W. Parrett, Jr.* | */s/ Anne Shea Gaza* |
| Mary B. Graham (#2256) | Frederick L. Cottrell, III (#2555) |
| James W. Parrett, Jr. (#4292) | Anne Shea Gaza (#4093) |
| 1201 North Market Street | One Rodney Square |
| P.O. Box 1347 | P.O. Box 551 |
| Wilmington, DE 19899 | Wilmington, DE 19899 |
| (302) 658-9200 | (302) 651-7700 |
| mgraham@mnat.com | cottrell@rlf.com |
| jparrett@mnat.com | gaza@rlf.com |
| OF COUNSEL: | OF COUNSEL: |
| William F. Cavanaugh, Jr. | William Baer |
| Thomas W. Pippert | James Cooper |
| Chad J. Peterman | Anne P. Davis |
| Alexis Deise | ARNOLD & PORTER LLP |
| PATTERSON, BELKNAP, WEBB & TYLER LLP | 555 12th Street, N.W. |
| 1133 Avenue of the Americas | Washington, DC 20004 |
| New York, NY 10036-6710 | (202) 942-5000 |
| (212) 336-2000 | |

*Attorneys for Defendant Abbott Laboratories*

Timothy C. Bickham
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC  20036-1795
(202) 429-5517

*Attorneys for Fournier Industrie Et Santé and Laboratoires Fournier, S.A.*

Dated: August 28, 2008

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 28, 2008, the foregoing was caused to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered participants.

In addition, the undersigned hereby certifies that true and correct copies of the foregoing were caused to be served via electronic mail on August 28, 2008 upon the following parties:

| | |
|---|---|
| REPRESENTING DIRECT PURCHASER CLASS PLAINTIFFS (LOUISIANA WHOLESALE, ROCHESTER DRUG, MEIJER)<br><br>(C.A. 05-340) | Jeffrey S. Goddess<br>**jgoddess@rmgglaw.com**<br>Bruce E. Gerstein<br>**bgerstein@garwingerstein.com**<br>Barry S. Taus<br>**btaus@garwingerstein.com**<br>Adam M. Steinfeld<br>**asteinfeld@garwingerstein.com**<br>Daniel Berger<br>**danberger@bm.net**<br>Eric L. Cramer<br>**ecramer@bm.net**<br>Peter Kohn<br>**pkohn@bm.net**<br>Linda P. Nussbaum<br>**lnussbaum@kaplanfox.com**<br>Stuart Des Roches<br>**stuart@odrlaw.com** |
| REPRESENTING WALGREEN, ECKERD, KROGER, MAXI<br><br>(C.A. 05-340) | Elizabeth M. McGeever<br>**emmcgeever@prickett.com**<br>Scott E. Perwin<br>**sperwin@kennynachwalter.com** |
| REPRESENTING CVS, RITE AID<br><br>(C.A. 05-340) | Elizabeth M. McGeever<br>**emmcgeever@prickett.com**<br>Joseph T. Lukens<br>**jlukens@hangley.com**<br>Steve D. Shadowen<br>**sshadowen@hangley.com** |

- 2 -

| | |
|---|---|
| REPRESENTING AMERICAN SALES COMPANY INC.<br><br>(C.A. 05-340) | Elizabeth M. McGeever<br>**emmcgeever@prickett.com**<br>Scott E. Perwin<br>**sperwin@kennynachwalter.com** |
| REPRESENTING INDIRECT PURCHASER CLASS PLAINTIFFS<br><br>(C.A. 05-360) | A. Zachary Naylor<br>Pamela S. Tikellis<br>Thomas M. Sobol<br>Patrick E. Cafferty<br>Jeffrey L. Kodroff<br>Bernard J. Persky<br>Mike Gottsch<br>Brian Clobes<br>Michael Tarringer<br>Tim Fraser<br>David Nalven<br>Greg Matthews<br>Christopher McDonald<br>Kellie Safar<br>Theodore M. Lieverman<br>Pat Howard<br>**tricor@chimicles.com** |
| REPRESENTING PACIFICARE<br><br>(C.A. 05-360) | Jonathan L. Parshall<br>**jonp@msllaw.com**<br>William Christopher Carmody<br>**bcarmody@susmangodfrey.com**<br>Shawn Rabin<br>**srabin@susmangodfrey.com**<br>Justin Nelson<br>**jnelson@susmangodfrey.com**<br>Ken Zylstra<br>**kzylstra@faruqilaw.com**<br>Mark Sandman<br>**mms@rawlingsandassociates.com**<br>Jeffrey Swann<br>**js5@rawlingsandassociates.com** |
| REPRESENTING TEVA PHARMACEUTICALS<br><br>(C.A. 02-1512) | Josy W. Ingersoll<br>Karen E. Keller<br>Bruce M. Gagala<br>Christopher T. Holding<br>Ken Cohen<br>Elaine Blais<br>**tricor@ycst.com** |

- 3 -

| | |
|---|---|
| REPRESENTING IMPAX LABORATORIES | Mary Matterer |
| | **mmatterer@morrisjames.com** |
| (C.A. 03-120) | Asim Bhansali |
| | **abhansali@kvn.com** |
| REPRESENTING FOURNIER | Frederick L. Cottrell, III |
| | Anne Shea Gaza |
| (ALL CASES) | William Baer |
| | James Cooper |
| | Anne P. Davis |
| | Timothy C. Bickham |
| | **tricor@rlf.com** |

*/s/ James W. Parrett, Jr.*

_____
Jams W. Parrett, Jr. (#4292)

520842