IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE TRICOR INDIRECT PURCHASER ANTITRUST LITIGATION ) ) ) | C.A. No. 05-360 (SLR) (consolidated) |
| THIS DOCUMENT RELATES TO: ) PAINTERS' DISTRICT COUNCIL NO.30 ) HEALTH AND WELFARE FUND and ) RICHARD G. WILDE, C.A. No. 05-360 (SLR) ) ) VISTA HEALTH PLAN, INC. and ROSS LOVE, ) C.A. No. 05-365 (SJR) ) ) PENNSYLVANIA EMPLOYEES BENEFIT ) TRUST FUND, C.A. No. 05-390 (SLR) ) ) ALLIED SERVICES DIVISION WELFARE ) FUND and HECTOR VALDES, ) C.A. No. 05-394 (SLR) ) ) DIANA KIM, C.A. No. 05-426 (SLR) ) ) ELAINE M. PULLMAN, NEIL PERLMUTTER, ) HELENA PURLMUTTER and LULA RAMSEY, ) C.A. No. 05-450 (SLR) ) ) PHILADELPHIA FEDERATION OF TEACHERS ) HEALTH AND WELFARE FUND, ) C.A. No. 05-467 (SLR) ) ) CINDY CRONIN, C.A. No. 05 482 (SLR) ) ) CHARLES SHAIN and SANDRA KRONE, ) C.A. No. 05-475 (SLR) ) ) LOCAL 28 SHEET METAL WORKERS, ) C.A. No. 05-516 (SLR) ) ) <u>ALBERTO LITTER, C.A. No. 05-695 (SLR)</u> ) | |

**INDIRECT PURCHASER CLASS PLAINTIFFS' REPLY BRIEF IN SUPPORT
OF THEIR MOTION FOR APPROVAL OF PROPOSED NOTICE PLAN**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| TABLE OF AUTHORITIES | | | ii |
| I. | INTRODUCTION | | 1 |
| II. | ARGUMENT | | 1 |
| | A. | The Court Should Approve the Manner of Distribution of Notice. | 1 |
| | B. | The Court Should Approve the Form of Notice. | 2 |
| III. | CONCLUSION | | 5 |

## TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGES**

*Hohider v. United Parcel Service, Inc.*,                                                                4
243 F.R.D. 147 (W.D. Pa. 2007)

*Wetzel v. Liberty Mutual Ins. Co.*,                                                                     3
508 F.2d 239 (3d Cir. 1975)

*W.P. v. Poritz*, 931 F. Supp. 1187 (D.N.J. 1996)                                                        3

**RULES AND STATUTES**

Fed R. Civ. P. 23(b)(2)                                                                           1, 2, 3, 4

Fed. R. Civ. P. 23(b)(3)                                                                                 2

Fed. R. Civ. P. 23(c)(2)(A)                                                                              2

Fed. R. Civ. P. 23(c)(2)(B)                                                                              3

I.  **INTRODUCTION**

Defendants' Opposition to Indirect Class Plaintiffs' ("IP Plaintiffs") Motion for Approval of Class Notice [D.I. 436] seeks to inject into the IP Plaintiffs' proposed notice program the time-consuming requirements of nationwide publication notice and class member exclusion mechanisms. Defendants' obvious motive is to disrupt IP Plaintiffs' trial preparation and make it impossible for the IP Plaintiffs to go to trial on November 3, 2008. The notice burdens Defendants seek to impose, however, do not apply to the injunctive relief class certified by the Court. Accordingly, Defendants' objections to the manner of notice are without merit. As to the form of notice, IP Plaintiffs' proposed notice was drafted in consultation with Katherine Kinsella of Kinsella/Novak Communications Ltd., a leading expert on providing effective and understandable notice to consumer class members. The proposed language is neutral and plain, and satisfies Fed R. Civ. P. 23(b)(2) requirements. Defendants have not consulted with a recognized expert who says otherwise.

II.  **ARGUMENT**

   A.  **The Court Should Approve the Manner of Distribution of Notice.**

Defendants argue that nationwide publication notice in *Parade Magazine, AARP Magazine* and major newspapers around the country is required by the Court's class certification order. In preparation for the class certification hearing on May 9, 2008, IP Plaintiffs' Counsel consulted proposed notice administrator Complete Claim Solutions, Inc. ("CCS"), and thereafter with additional firms specializing in class action notice, and had prepared a publication plan that included magazines and the newspaper supplements *Parade* and *USA Weekend*, which are placed

in hundreds of Sunday newspapers. As discussed with the Court at the hearing, however, these publications require that space be reserved long in advance of publication. Thus, in response to the Court's inquiry concerning the lead time needed prior to trial to implement a publication notice program for the injunctive relief and damages claims on which certification was sought, IP Plaintiffs' counsel stated:

> The publication notice requires some period of time, usually measured about a month or so, before the actual notice goes out, so that we can, if you will, pull the trigger on the buy for the advertisements and that kind of thing, and then an additional 60 days after then. . . . So from the class perspective, *if we were to have an order approving the issuance of notice, probably some time on or before August 1st, then we think we would still be in the position for a November class trial.* But, again, all these issues are wholly within the discretion of the Court as to when you would want to issue a ruling and approval of the notice, but, again, just simply by way of information, the timing we'd require for other matters.

Class Certification Hearing Tr. 5/9/08 at 76 (emphasis added).

When the Court certified the IP Plaintiffs' proposed injunctive relief class, but stayed the proposed request for certification of a damages class, Aug. 18, 2008 Mem Order [D.I. 428], the Court eliminated the need for publication required for a damages class pursuant to Rule 23(b)(3). IP Plaintiffs therefore proposed an appropriate notice program for a Rule 23(b)(2) class in order to accomplish notice prior to the November 3, 2008 trial.

The notice that program IP Plaintiffs propose is appropriate notice under Fed. R. Civ. P. 23(c)(2)(A) for a Rule 23(b)(2) class. If the notice program is to include nationwide publication it cannot reasonably be implemented in time for a November 3, 2008 trial.

### B. The Court Should Approve the Form of Notice.

Defendants attack IP Plaintiffs' proposed form of notice because it "does not provide potential class members a mechanism for requesting exclusion, nor does it provide a time period

for them to do so. Fed. R. Civ. P. 23(c)(2)(B) (v-vi)." Def. Opp. Brief [D.I. 436] at 2. Defendants, however, again ignore that the Court has certified the IP Class pursuant to Rule 23(b)(2) *for injunctive relief only.*

A Rule 23(b)(2) requires a finding that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole." A Rule 23(b)(2) class does not require opt-out rights because Defendants' conduct cannot be enjoined as it applies to some class members, but not others. *See Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 248 (3d Cir. 1975) ("Any resultant unfairness to members of the class [who could not opt-out of a (b)(2) class] was thought to be outweighed by the purposes behind class actions: eliminating the possibility of repetitious litigation and providing small claimants with means of obtaining redress for claims too small to justify individual litigation.") (footnote omitted).

Accordingly, IP Plaintiffs understand the Court's certification and notice order, Aug. 18, 2008 Order [D.I. 430] ¶ 12, to seek notice containing the Rule 23(c)(2)(B) *to the extent applicable* to a Rule 23(b)(2) class. *See W.P. v. Poritz*, 931 F. Supp. 1187, 1193 n. 2 (D.N.J. 1996) ("The possible, although unlikely, desire for some individuals to opt out cannot alone support the decision to require notice because in a 23(b)(2) action, members of the class do not have the right to opt out.") (citations omitted). We do not understand the Court to seek a rewriting Rule 23(b)(2) to require exclusion rights.

Defendants also oppose references to the purchasers of fenofibrate drugs other than TriCor in the notice. Def. Opp. Brief [D.I. 436] at 4. However, the certified class includes those "who purchased, paid for and/or reimbursed for fenofibrate products, including TRICOR®

tablets and TRICOR® capsules ..." Aug. 18, 2008 Order [D.I. 430] ¶ 8. Therefore, the notice should identify the brand-names of the other "fenofibrate products." *See also Hohider v. United Parcel Service, Inc.*, 243 F.R.D. 147, 211 (W.D. Pa. 2007) ("While it is clear that a class definition must be sufficient to allow a court to determine the scope of the class and the propriety of class certification, and care should be taken to define a class in objective terms capable of ascertaining membership at some relevant stage, with respect to Rule 23(b)(2) class seeking predominantly injunctive or declaratory relief, ascertaining the precise membership of the class is of less moment at the certification and liability stage where the class is seeking broad declaratory or injunctive relief.") (citation omitted).

Defendants' contention that IP Plaintiffs' damages report does not include other branded and generic fenofibrate products, Def. Opp. Brief [D.I. 436] at 4, is inapposite. The class has been certified for injunctive relief only and the precise measure of damages is not at issue today.

With respect to the specific edits to the proposed notice that Defendants' have proposed, IP Plaintiffs respectfully submit that the language they provided in the first instance is appropriate.

## III. CONCLUSION

For the reasons stated, IP Plaintiffs respectfully submit that the Court should approve the proposed notice plan.

Dated: September 2, 2008

**CHIMICLES & TIKELLIS LLP**

*/s/ A. Zachary Naylor*
Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4439)
P.O. Box 1035
One Rodney Square

4

        Wilmington, DE 19899
        Tel: 302-656-2500
        Fax: 302-656-9053
        *Liaison Counsel for Indirect*
        *Purchaser Class Plaintiffs*

| **LABATON SUCHAROW LLP** | **SPECTOR ROSEMAN & KODROFF, P.C.** |
|---|---|
| Bernard Persky | Jeffrey L. Kodroff |
| Christopher J. McDonald | Theodore M. Lieverman |
| 140 Broadway | 1818 Market Street, Suite 2500 |
| New York, NY 10005 | Philadelphia, PA 19103 |
| **CAFFERTY FAUCHER LLP** | **HAGENS BERMAN SOBOL SHAPIRO LLP** |
| Bryan L. Clobes | Thomas M. Sobol |
| 1717 Arch Street | David S. Nalven |
| Suite 3610 | One Main Street, 4th Floor |
| Philadelphia, PA 19103 | Cambridge, MA 02142 |
|   -and- |   -and- |
| Patrick E. Cafferty | Steve W. Berman |
| 101 N. Main Street, Suite 450 | 1301 Fifth Avenue, Suite 2900 |
| Ann Arbor, MI 48101 | Seattle, WA 98101 |

*Counsel for Indirect Purchaser Class Plaintiffs*