# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Mary B. Graham
302.351.9199
mgraham@mnat.com

September 4, 2008

**VIA ELECTRONIC FILING**

The Honorable Sue L. Robinson
United States District Court - Federal Building
844 North King Street
Wilmington, DE 19801

   Re: *In re TriCor® Antitrust Litigations*
     C.A. Nos. 02-1512, 03-120, 05-340 and 05-360 (SLR)

Dear Judge Robinson:

   I write on behalf of all Defendants to request permission to submit the following in response to Plaintiffs' letter dated 9/2/08 (D.I. Nos. 651 in C.A. 02-1512, 553 in C.A. 03-120, 444 in C.A. 05-340, and 438 in C.A. 05-360).

   Defendants oppose Plaintiffs' request that the Court "not decide" the patent infringement aspects of Defendants' pending summary judgment motion on sham litigation. Plaintiffs' attempt to avoid substantive rulings on their sham litigation allegations based on non-infringement should be rejected. Defendants would have no objection to that request if Plaintiffs were proposing actually to *dismiss* their sham litigation claims based on their non-infringement theories. But that is not what they propose. Instead, Plaintiffs want to keep the door open for these theories, making the limited representation that they "do not *intend* to pursue [sham litigation based on non-infringement], *in their case in chief*."

   What Plaintiffs effectively seek by their request is to deny Defendants the opportunity to secure a ruling that Plaintiffs do not have a sufficient evidentiary basis to take these theories to a jury. At the same time, not only would Plaintiffs thereby evade a dispositive ruling, they further would leave the door open to raise these issues later, at some point at trial, by simply stating their present intentions. This noncommittal approach would not be fair to Defendants or, presumably, the Court. Defendants should be able to know in advance what issues they will face at trial and we assume that the Court would want the ability to narrow through summary judgment, once and for all, the issues suitable for trial and certainly to avoid last-minute issues in the midst of trial as to what evidence may appropriately be allowed at trial, when such issues can readily be determined in advance.

The Honorable Sue L. Robinson
September 4, 2008
Page 2

In that regard, we note that Defendants' motion for summary judgment of no sham litigation and no *Walker Process* violation involves four separate issues: infringement, validity, enforceability, and *Walker Process*. The allegations underlying those claims with respect to infringement can be as readily decided now by the Court as with respect to the other underlying bases given Plaintiffs' failure to meet their heavy burden, and summary judgment on each is therefore appropriate.

I.     SHAM LITIGATION

  A.     Infringement

For Plaintiffs' sham litigation infringement claim to survive summary judgment, Plaintiffs had to present clear and convincing evidence that no reasonable litigant could realistically have expected the patents-in-suit to be found infringed, which they failed to do.

  B.     Validity

Plaintiffs did not oppose (either in briefing or at oral argument) Defendants' motion as it relates to Plaintiffs' sham litigation theory based on validity. Plaintiffs had to present clear and convincing evidence that no reasonable litigant could have realistically expected the patents-in-suit to be found valid. Plaintiffs did not even attempt to meet this burden.

  C.     Enforceability

Plaintiffs had to present clear and convincing evidence that no reasonable litigant would have disputed Teva's and Impax's assertions of inequitable conduct (which itself needed to be proven by clear and convincing evidence). Plaintiffs have not met this exacting burden.

II.    *WALKER PROCESS*

For *Walker Process*, Plaintiffs needed to provide clear and convincing evidence of knowing, willful and deliberate fraud on the PTO. Plaintiffs again failed to meet their burden.

\*     \*     \*

Plaintiffs attempt to mask their proposal under the guise of the need to deal with "trial constraints." Their proposal, however, has nothing to do with trial constraints. Notably, Plaintiffs' proposed pretrial order still identifies 48 witnesses (24 fact, 16 experts, and 8 adverse witnesses) that they intend to call live at trial and 25 witnesses whose deposition testimony they intend to present.

Unless Plaintiffs dismiss their sham litigation claim based on non-infringement with prejudice, Defendants respectfully ask this Court to decide the pending summary judgment motion on this issue as well as the other issues addressed by the pending motion.

The Honorable Sue L. Robinson
September 4, 2008
Page 3

                                      Respectfully,

                                      */s/ Mary B. Graham*

                                      Mary B. Graham (#2256)

MBG/bac

cc:    Clerk of the Court (via hand delivery)
        All Counsel of Record (via e-mail)

2475961