**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
**TEL: (302) 888-6500**
**FAX: (302) 658-8111**
http://www.prickett.com

Writer's Direct Dial:
(302)888-6521
Writer's Telecopy Number::
(302)888-6554
Writer's E-Mail Address:
EMMcgeever@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

September 10, 2008

VIA EFILING

The Honorable Sue L. Robinson
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124
Lockbox 31
Wilmington, DE 19801

> RE:   **_TriCor Antitrust Litigation (02-1512) (03-120) (05-340 consolidated)_**
>        **_(05-360 consolidated)_**

Dear Judge Robinson:

    We are writing to briefly respond to certain statements in Defendants' letter dated September 4, 2008. In our letter of September 2, 2008, Plaintiffs informed the Court that, in an effort to streamline their case for trial, they would not be presenting evidence concerning certain aspects of their sham litigation allegations -- specifically, whether Defendants had a basis to claim that Teva and Impax actually infringed any of the patents at issue. As a result of this decision, Plaintiffs informed Defendants that they will not be calling at trial multiple experts who have opined on this subject. Plaintiffs, therefore, advised the Court that it need not expend any further effort to address these issues in connection with Defendants' pending motion for summary judgment.

    Defendants now contend that Plaintiffs must "dismiss" their "sham litigation claims." That is neither appropriate, nor possible. None of the Plaintiffs has asserted an independent sham litigation claim that was limited to allegations of a baseless infringement claim. Rather, (a) all Plaintiffs assert claims challenging an overarching scheme to monopolize and/or restrain trade that includes conduct (including "product switching" conduct) that goes well beyond allegations of infringement; and (b) Teva, which has asserted an independent claim of sham litigation, continues to assert that claim based on allegations of inequitable conduct and fraud on the patent office. Accordingly, Plaintiffs' decision not to present evidence on the question of noninfringement is not tantamount to dropping any "claim," and should not be treated as such.

    Furthermore, Plaintiffs have reserved their right to present evidence concerning noninfringement at trial only if necessary to rebut affirmative evidence of infringement presented

19638.1\379570v1

by Defendants. Such rebuttal evidence will be limited to the question of whether or not Teva's or Impax's product actually infringed the patents at issue; Plaintiffs will under no circumstances, even on rebuttal, seek to present evidence that Defendants' infringement theories were shams.

In short, Plaintiffs will only present evidence of noninfringement if Defendants themselves choose to raise this issue. Should Defendants choose to do so, they will not be prejudiced by Plaintiffs' responsive evidence.

Respectfully,

/s/ Elizabeth M. McGeever

Elizabeth M. McGeever
(Bar I.D. #2057)

EMM:ls

cc:    Clerk of the Court (By Hand)
(via email):
       Mary Graham, Esq.
       Frederick L. Cottrell, III, Esq.
       Josy Ingersoll, Esq.
       Mary Materer, Esq.
       Zachary Naylor, Esq.
       Jonathan Parshall, Esq.
       Jeffrey Goddess, Esq.

19638.1\379570v1