IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| TRICOR INDIRECT PURCHASER ) | |
| ANTITRUST LITIGATION ) | Civ. No. 05-360-SLR |
| ) | (Consolidated)[1] |

**MEMORANDUM ORDER**

At Wilmington this 28th day of October, 2009, having conducted a fairness hearing on the objections filed in connection with the proposed settlement of the above captioned consolidated cases, including the issue of attorney fees and costs; and based upon the record made in said hearing, as well as on the papers submitted;

IT IS ORDERED that the indirect purchaser class plaintiffs' motion for final settlement approval (D.I. 522) is granted, and the objections filed in connection therewith are denied for the reasons that follow:

1. **Consumer objections.** Consumers Christopher Batman, Monte Freeman and M. Zabezensky filed objections to the proposed settlement, complaining about the adequacy of the notice given and of the proposed allocation formula. As explained in open court, the notice sent to the consumer group explains that payment will be made, on a pro rata basis, to those consumers who either file a claim or who are otherwise "identified by the Claims Administrator based on available purchase data." (D.I. 506, ex. A at ex. 2 ¶ 9) In this regard, in order to determine an equitable pro rata distribution

---

[1]The consolidated cases include Civ. Nos. 05-360, 05-365, 05-390, 05-394, 05-426, 05-450, 05-467, 05-475, 05-482, 05-516, 05-591 and 05-695.

among the class, class counsel has agreed (after negotiations with the States) to acquire data on cash-only purchases by consumers to add to the pool of 2.7 million consumers whose purchases were covered by insurance.[2] Therefore, it is not necessary to file a claim to share in the settlement fund,[3] although those consumers who have filed claims have not left to chance their pro rata distribution. All consumers identified through this process will receive a pro rata distribution, so long as their claim is for ten dollars ($10.00) or more.[4]

2. **Objection by the States of Arkansas, California, Florida, Iowa, Kansas, Maryland, Nevada, South Carolina, Texas and Washington, as well as the Commonwealth of Pennsylvania** ("the States"). The States presented three objections (D.I. 519),[5] characterized as "public policy" arguments. With respect to the "muzzle" provision in the settlement agreement (D.I. 505, ex. 1 ¶ 30), the court is satisfied that class counsel has shared all relevant requests for information to date, and that the States may address the court in the future with any specific requests. Likewise, the release language objected to by the States (*id.* at 13(c)) is intended to do no more

---

[2] The court understands that the identification of cash-only purchasers should include those Medicare Part D participants who "hit" the "donut hole." (*See* D.I. 543 at 9-10, 35-36; D.I. 526, ex. A (objection of M. Zabezensky))

[3] Under these guidelines, the claims procedure is far less burdensome for consumers, addressing in part Mr. Batman's objection. (D.I. 528)

[4] Class counsel and the States have agreed that a $10.00 minimal claim is a reasonable accommodation between complete distributive justice and the costs associated with de minimus distributions. (D.I. 543 at 29-33)

[5] As noted, pursuant to negotiations between the States and class counsel, the consumer claims procedure has been modified to increase the number of potential recipients, thus resolving some of the States' original objections. (D.I. 541)

2

and no less than release the claims that class members have or may have, and will not be enforced to release the States' parens patriae claims.

3. Finally, with respect to the notice given to members of the third-party payor ("TPP")[6] class, the court finds that the States do not have standing to assert such an objection, as the States failed to identify any current members of the TPP class represented by the States. Even if the States had standing to object, the court concludes that the notice given to the TPP class was adequate, despite the fact that the settlement numbers agreed to by defendants and the settling health plans ("SHPs")[7] were confidential. More specifically, members of the TPP class were informed that they could file their own claims or, if they were an ASO customer of a SHP, they could pay the fees associated with having the SHP file the claim. They were also informed of the $32 million made available to members of the TPP class through the stipulation of settlement at issue. Finally, class members were informed that they may be sharing their settlement pool pro rata with the SHPs. (D.I. 506, ex. A at ex. 2 ¶ 9; D.I. 526, ex. B attachments) The court concludes that the TPPs had adequate information to determine whether or not to opt out and, therefore, the notice was adequate.

4. **Objection by Managed Care Advisory Group, LLC** ("MCAG"). MCAG, a contracted agent for approximately 30 TPP class members, filed an objection about the adequacy of the notice provided to members of the TPP class. Aside from the obvious

---

[6]TPPs are the end payors who are at risk for the expense of the drug. TPPs can be large private insurers or small self-insured employers. Some large TPPs also perform "administrative service only" functions for smaller TPPs (called "ASOs"), which services can include the filing of claims.

[7]The SHPs represent 75% of the covered lives of all health insurance.

standing issue, its objection is without merit. As described above, the court has concluded that notice to the TPP class was adequate. The fact that the notice did not disclose and compare all of the possible fees that these class members may have to pay, depending on whether MCAG or the SHPs filed claims on their behalf, is of no moment to the fairness of the settlement or adequacy of the notice, especially in light of the fact that these TPPs had such information through their SHP notice or had the opportunity to request same.

IT IS FURTHER ORDERED that indirect purchaser class plaintiffs' motion for award of attorney fees and costs and for incentive awards for the class representatives (D.I. 515) is granted, and the objections filed in connection therewith (D.I. 526 exs. C and D; D.I. 528) are denied, as the court concludes that the fee request is fair and reasonable, based upon the risks assumed, the benefits achieved, and a comparison to other, similar litigation. Significantly, fee awards of 30% or more is not an atypical award in similar litigation and represents a multiplier of less than 1.5, a figure well below the effective multipliers approved by courts in similar cases. (*See, e.g.,* D.I. 516 at 17-19, 24-25) **However, having concluded that a one-third fee is not unreasonable in this case, I also conclude that counsel may not come back to the settlement fund for any further fees incurred as a result of administration of the settlement, as proposed in the notice.** (*See* D.I. 506, ex. A at ex. 2 ¶ 18)

IT IS FURTHER ORDERED that the proposed order and final judgment approving settlement, awarding attorney fees and expenses, awarding representative plaintiff incentive awards, approving plan of allocation, and ordering dismissal as to all

defendants shall be separately entered.

_____
United States District Judge